**Cocroft, Kimberly X.**

**EXHIBIT**

**43**

| | |
|---|---|
| **From:** | McIntosh, Stephen L. |
| **Sent:** | Monday, March 20, 2023 5:33 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: Exclusion Dates for Judge Cocroft 4E |

Thank you Judge Cocroft. This is news to me as well. I had asked my baliff to move cases from a day that I will not be in and she was told something similar. My bailiff mentioned it to me today when I got back from vacation to explain why the cases had not been moved. I am not aware of how it was decided to make this change.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, March 20, 2023 4:35 PM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** FW: Exclusion Dates for Judge Cocroft 4E

Good afternoon, Ms. Worthington:

I know that you are out of the office until March 27 but I wanted to send this communication for your follow-up once you return.

Ms. Crum forwarded the communication below and the first three PDF documents above that she received from Giuseppe Cespedes on this past Friday. Ms. Crum also shared that, in conversation with Mr. Cespedes, you may have indicated that Assignment may only continue matters until the next business day after the Court's return, unless counsel and defendants sign a continuance entry.

In reviewing Loc. R. 79, I did not see the limitation regarding continuances that you may have conveyed to Mr. Cespedes. And in the countless times I have needed or requested that cases are continued on my docket, my staff and I have never been advised of this caveat. Ms. Crum maintains continuance requests and other ancillary documents for our internal records and this is the first instance in her time of service that she has received this kind of communication. As an example of what we have done and what has been approved historically, I have attached the fourth PDF document, which is a copy of the standard continuance entry that has been processed.

To provide context to this issue, Ms. Crum originally requested continuances for cases set March 21 and March 22. Those continuance requests were submitted on February 6, 2023; however, due to an oversight, they were not processed until Ms. Crum sent a reminder communication on February 27, 2023. Then, on last Tuesday, March 14, Ms. Crum submitted continuance requests for cases set on March 23 and March 24. Finally, on this past Friday at 4:11pm, Ms. Crum was advised on how long a case could be continued, as well as the requirement of an executed continuance and time waiver from counsel. We were also notified that cases scheduled for continuance on April 10 and May 8 would

1

be set for the next business day after the Court's return, unless continuance entries and waivers of time were signed by counsel and defendants.

Because all of this information is new to us, my staff and I would greatly appreciate the opportunity to speak with you upon your return. While we will adhere to whatever processes are universally implemented and necessary to facilitate the filing of continuance entries at the judge's request, we would like to have clarity on what triggers this rule and when it becomes necessary to secure executed time-waived entries from counsel. The form that bailiffs complete requesting a continuance does not indicate that cases will be moved to the next business day following the Court's return. Moreover, if it is the historical practice of the court to move cases to that next business day after a judge returns, then it seems as if the form that bailiffs complete to continue cases is neither helpful nor necessary and that, in every instance, a continuance entry from counsel would be required. Again, this is the first time my staff and I have received the kind of communication that is below and, candidly, we are confused about the genesis of this process.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Sent:** Monday, March 20, 2023 9:55 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** FW: Exclusion Dates for Judge Cocroft 4E



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.4644 | (F) 614.525.4641**
**ShaQuanna_Crum@fccourts.org** | http://www.fccourts.org

**From:** Cespedes, Giuseppe X. <Giuseppe_Cespedes@fccourts.org>
**Sent:** Friday, March 17, 2023 4:11 PM
**To:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Cc:** Ruiz, Pablo E. <Pablo_Ruiz@fccourts.org>
**Subject:** Exclusion Dates for Judge Cocroft 4E

Good afternoon, ShaQuanna!

I received Judge Cocroft's vacation sheets this morning, and since Pablo is out today, I went ahead and blocked off all those dates from the system calendar for both the criminal and civil dockets. Here's a rundown of the dates I blocked off:

- March
  - 3/21 – 3/24 (3/21 and 3/22 were previously blocked off)
- April
  - 4/7 – 4/10
- May
  - 5/5 – 5/8
  - 5/19
- June
  - 6/16 – 6/19

**Please make sure the Staff Attorney moves any civil cases scheduled on these dates.**

I also attached a list of the criminal cases that will need to be moved from each of the following docket dates:

- 3/23
- 4/10
- 5/8

Please note, that if the judge wants there to be a "waiver of time" on the criminal cases, you would need to reach out to counsel on the cases currently set on these dates and request for them to come in and execute a continuance entry so that there is a waiver of time in place.

Our office is only able to execute a Court Unavailable entry to move the attached cases (excluding sentencing hearings), which requires us to set these cases in on the judges "first available" date since there will not be a waiver of time on the entry. For example, we would be required to schedule all the 3/23 cases on 3/27 when the Judge returns, which would result in a heavier docket that day.

If you have any questions, feel free to let us know!

Have a great weekend!



**Giuseppe Cespedes**
Assistant Assignment Commissioner
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3455 | (F) 614.525.4480**
Giuseppe_Cespedes@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Ruiz, Pablo E. |
| **Sent:** | Wednesday, March 29, 2023 4:02 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: Reminder: Daily Docket Sheets |

Thank you for your kind words, Your Honor.

Have a wonderful evening,



**Pablo Ruiz**
Assistant Assignment Commissioner
Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.3456 | (F) 614.525.4480
Pablo_Ruiz@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, March 29, 2023 3:36 PM
**To:** Ruiz, Pablo E. <Pablo_Ruiz@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: Reminder: Daily Docket Sheets

Good afternoon, Mr. Ruiz:

First, thank you so much for your thoughtful reply! No apology is necessary and, as busy as each of us is, I understand that we don't always respond as quickly as we'd like.

My bailiff, Ms. Crum, shared Ms. Worthington's response on this issue but I appreciate you for sending it to me. I intend to follow-up with Ms. Worthington because I do have additional questions regarding what is a process about this effort.

I hope that you are well and please know that my staff and I appreciate the work you do on our behalf!

Best,
Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
Franklin County Common Pleas Court
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



EXHIBIT
44

1

**From:** Ruiz, Pablo E. <Pablo_Ruiz@fccourts.org>
**Sent:** Wednesday, March 29, 2023 2:13 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** FW: Reminder: Daily Docket Sheets

Good afternoon Your Honor,

I want to start off by apologizing for the late response. I had to communicate your questions to my supervisor, Stacy Worthington, as she wanted me and all Asst. Assignment Commissioners to remind our bailiffs about this practice. She sent out an email to all bailiffs thoroughly addressing this topic which I also have chained to this email for your reference. I hope it answers all your questions and concerns.

This is also a new practice for me as I have held this position for a few months and the importance of the daily dockets sheets was not emphasized enough until recently being short-staffed. This is a practice that will help us be more efficient moving forward and I appreciate all your patience and cooperation as we learn.

Please do not hesitate to reach out with any further questions or concerns.

Thank you!



**Pablo Ruiz**
Assistant Assignment Commissioner
Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.3456 | (F) 614.525.3480
Pablo_Ruiz@fccourts.org | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Tuesday, March 28, 2023 6:09 PM
**To:** GEN_Bailiffs <GEN_Bailiffs@fccourts.org>
**Cc:** GEN_Assignment <GEN_Assignment@fccourts.org>
**Subject:** Reminder: Daily Docket Sheets

Good evening,

With the recent staff turnover in the Assignment office, we have been going through former training material and updating it to assist our new staff. In doing so, we discovered that with our assignment staff turnover along with judicial staff turnover there were some bailiffs not providing a copy of their daily docket sheet to the assignment office. Some of this might have been new assignment staff didn't understand the importance of it and perhaps told the bailiff it wasn't necessary. Or perhaps the bailiff just never sent a copy and the new staff didn't know to ask for it. Either way, this information is important to the assignment staff and assists them in keeping up to date with their Judge's criminal dockets.

The Assignment office receives a copy of each defendant criminal case history card along with (1) copy provided to the Judge's chambers. This case history card is the 1st step for them to know the defendant has been arraigned, assigned a judge, and a trial date needs to be scheduled. With this card, they begin to research the defendant's history (in/out jail, if in jail when slated, etc.) This is how they then determine when to set the initial pre-trial and/or trial date. Each Asst. Assignment Commissioner track their assigned judge's defendants up until they are sentenced. Therefore, it is

important that they know if the trial date is continued, if a capias is issued, if the defendant plead and was sentenced. If they don't receive a copy of this daily docket sheet, then they have to audit monthly looking up each of their judge's defendants one by one to determine the stage they are in and make sure all continuances are accounted for and trial dates set.

This audit is no way tied to your monthly Form A report, however an internal checks and balances to make sure trial dates are set timely and continuances entries are filed. If you can either scan or email a copy to them daily or physically drop off a copy if you prefer with the daily drawer pick up.
Please let me know if you have any questions. We appreciate your consideration in this matter.
Thank you, Stacy



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | McIntosh, Stephen L. |
| **Sent:** | Wednesday, April 19, 2023 12:56 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: OUT arraignments today |

Jen already discussed it with me and she is going to have a conversation with Major Raven about assigning a deputy to out arraignments. This has become more of an issue lately since the out magistrates have been handling bond conditions. I will update you after she has talked with him.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, April 19, 2023 12:36 PM
**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** FW: OUT arraignments today

Good afternoon, Judge:

I am forwarding a communication that Magistrate Saken sent to me regarding security concerns during out arraignments. You will note that Magistrate Saken copied Ms. Goodman on the April 17 email below, though I do not know if Ms. Goodman has brought this issue to your attention.

Magistrate Saken shared many of the magistrates have expressed concerns about safety and security during out arraignments and she is willing to discuss those with you at your convenience. I told her that I would forward the communication to you for consideration. I certainly understand her position and concern and don't know if not having a deputy assigned to out arraignments is another issue of available resources.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Saken, Elizabeta P. <Elizabeta_Saken@fccourts.org>
**Sent:** Wednesday, April 19, 2023 12:24 PM



EXHIBIT

45

1

**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** FW: OUT arraignments today

Hi, Judge!

Below is the e-mail that I shared with the other Magistrates and administration following the incident during out arraignments on Monday. Having a deputy present in 3C during out arraignments would be very helpful if/when situations like this arise. It would provide a sense of security and safety that we feel has been lacking lately. As I mentioned, this is now the second time we have had a situation like this during outs, the other having happened only a few weeks ago when Magistrate Watters was presiding over the outs.

Thanks,
Elizabeta



**Elizabeta P. Saken**
Magistrate for Judge Kimberly Cocroft and Judge Andria Noble
**Franklin County Court of Common Pleas, General Division**
345 South High Street | Courtroom 4D | Columbus, OH 43215
(P) 614.525.6286 | (F) 614.525.4641
Elizabeta_Saken@fccourts.org | http://www.fccourts.org

**From:** Saken, Elizabeta P.
**Sent:** Monday, April 17, 2023 4:05 PM
**To:** Browning, Pam B. <Pamela_Browning@fccourts.org>; Watters, Elizabeth J. <Elizabeth_Watters@fccourts.org>; Cordle, Jennifer R. <Jennifer_Cordle@fccourts.org>; Thompson, Myron A. <Myron_Thompson@fccourts.org>; Skeens, Edwin L. <Edwin_Skeens@fccourts.org>; Hunt, Jennifer D. <Jennifer_Hunt@fccourts.org>; Petrucci, Mark C. <Mark_Petrucci@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Subject:** OUT arraignments today

Good afternoon, everyone!

Since we have been asked to report any unusual occurrences in 3C, I wanted to give you this summary:

Today in out arraignments I had the sister of a victim request to speak. This caught both the PD and prosecutor off guard as it did not appear that either one was aware that a victim's family member was present in the courtroom, let alone that one would be asking to speak. The case is 23 CR-1659, an F3 weapons under disability charge, where the only condition requested by the prosecutor was no guns.

I allowed the lady to speak and she informed me that she is the sister of the victim who was allegedly murdered by this defendant. She was quite upset and arguing that someone had been killed yet, here we are, another F3 WUD charge for this defendant. Luckily this was towards the end of arraignments and there were not that many people present because she was very upset and shouting. We decided to hold off on that case and finish with the other arraignments while the actual prosecuting attorney (not intern) looked into the matter. I also quickly pulled up the indictment off of CIO and the only charge listed was a WUD charge.

When the case was recalled the lady did not ask to speak again, but she had made her statement previously and was sitting in the courtroom, waiting to see what happens. The prosecutor informed me that there may be another

2

indictment in the works but this case was based on the F3 indictment, so I proceeded to give the $5K recog bond, with no guns.

The lady was not pleased but seemed somewhat reassured by the prosecutor that there may be something else coming down the pipe.

After arraignments were completed, I had some more time to look into this, including look up the muni court case.  That case shows a murder charge was filed but then dismissed.  Hopefully the prosecutor will sort all of this out BUT my question is, **in the event something more than a recog bond needs to be given to a defendant** who appears for out arraignments, **what is the protocol for handling that in 3C?**

We all know we do not have any deputies there.  Are we to hold the defendant in the courtroom until a deputy shows up?  If so, what's the quickest way to request a deputy on the spot (other than pushing the panic button)?  Do we ask the defendant to go to 2B?  If that is the case, do we just trust that he/she will walk to 2B on their own, knowing they will be getting locked up?  Do we ask that someone accompany them to 2B?  If so, is it the PD or the prosecutor?

A follow-up question: **what is the protocol for victims or victim's family members speaking at arraignments**?  Do they check in with someone in advance?  Does anyone inform the PD's or prosecutor's office – or, better yet, us – that someone will be requesting to speak??

Again, with no deputies in 3C and given how heated things may get (especially with a case like today, where the lady's brother was allegedly murdered by this defendant), we need to have some of these things ironed out to make sure we can address these situations when they arise, especially with both outs and formals now being handled in 3C, yet without a deputy or pre-trial services there to assist.

Thanks,
Elizabeta



**Elizabeta P. Saken**
Magistrate for Judge Kimberly Cocroft and Judge Andria Noble
**Franklin County Court of Common Pleas, General Division**
345 South High Street | Courtroom 4D | Columbus, OH 43215
(P) 614.525.6286 | (F) 614.525.4641
Elizabeta_Saken@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | McIntosh, Stephen L. |
| **Sent:** | Friday, April 28, 2023 8:15 AM |
| **To:** | GEN_Judges |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E. |
| **Subject:** | Use of Visiting Judges and case management |

Judges:

Last week, Jen and I met with Chief Justice Kennedy to further discuss the Visiting Judge program. We also discussed case management issues.

In reference to the Visiting Judge program, while we are not able to utilize Visiting Judges in the manner we did previously, the Chief will approve assigning a Visiting Judge for a specific case when a Judge has multiple cases set on the docket for the same day. We will be making the request indicating the case qualifies for VJ coverage as this scenario results in a "disrupted docket", as described in section 2.01(C) of the *Guidelines for Assignment of Judges*. Further, we will have to reach out to the rest of our sitting Judges to confirm no one is able to hear the case, along with the Judges of Domestic Relations/Juvenile and the Probate Judge.

In addition to this scenario, the other reasons we can request Visiting Judges is for full court recusals, as well as when a sitting Judge has an extended absence due to an illness or reasonable vacation.

If you would like to request a Visiting Judge utilizing one of these justifications, please send an email with the case number, trial date and duration information and the justification to Stacy Worthington. If you have a Visiting Judge preference, you can include this information and Stacy will inquire if that VJ is available; however, it is not guaranteed that particular VJ is available or will be assigned by the Supreme Court (please note, we are <u>not</u> permitted to select or suggest a VJ for full court recusals). Stacy will be maintaining a calendar to verify courtroom and court support staff availability. If no other Judges have requested that particular week(s), she will then fulfill the requirement of inquiring availability of other sitting Judges by sending an email internally, as well as to the other Courts. Assuming there is no availability by other sitting Judges, Stacy will then submit the request to the Supreme Court for approval and assignment of a Visiting Judge and will confirm with you or your staff once approval is provided by the Supreme Court.

Please keep in mind, at least for now, we are still required by the Supreme Court to utilize only the number of VJ hours allotted to us for the year, which equates to 1,267 hours per year. This allocation allows for one VJ for approximately 32 weeks each year. Stacy will work with finance staff to monitor the hours utilized to ensure we stay within the annual allocation. This budgetary limitation will require a continuation of the current internal process whereas each Judge is guaranteed one VJ case per year, and additional cases will be approved based upon first come, first served and budget availability.

The Chief also spent some time inquiring with us as to any case management strategies we have initiated to attempt to improve our case management statistics, to include the percentage of cases overage, as well as our clearance rates (the number of cases filed/the number of cases disposed, in a given year). We shared many of the strategies we have recently discussed, along with the challenges we have been faced with, such as those related to discovery. Further, I advised her I would develop an ad hoc 'Case Management' committee of Judges to further discuss and develop strategies for this issue.

I have asked the following Judges to participate in this ad hoc committee:

- Judge Chris Brown



EXHIBIT

47

1

- Judge Phipps
- Judge Kim Brown
- Judge Aveni

We will be meeting and will bring any proposed operational changes or suggested strategies to Judges' Meetings for discussion by the full Court. If you have any thoughts or suggestions regarding case management please contact me or one of the judges on the committee.

Please let me know if you have any questions. Court Administration will be sending a separate email to your staff indicating the new process for requesting a Visiting Judge.


**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Tuesday, May 23, 2023 11:52 AM |
| **To:** | McIntosh, Stephen L. |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E. |
| **Subject:** | RE: Language Access Coordinator - Interpreter Services |

Thank you, Judge.

I will agree that Mr. Watkins was notified on last Thursday at 4:50pm that he would not have an interpreter on yesterday. But I wasn't made aware of that fact until yesterday and the matter was set for resolution through plea. So I believe that it would be helpful for the judges to know of any issue relating to interpreter services. Additionally, it was my understanding that persons who needed interpreters contacted Ms. Kopel directly; I was not aware that other Court staff were contacted about these requests.

Finally, in order to ensure that we had an interpreter for a matter that is set on May 31, my bailiff had to provide Ms. Vorhies that date on which the interpreter was needed and then verify the interpreter's availability, at which point Ms. Vorhies provided the interpreter with the authorization paperwork. To my knowledge, my staff has never been involved in this part of the process, though we are certainly willing to do whatever is necessary to ensure that we are in compliance with Supt. R. 88 and efficiently managing resources.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Tuesday, May 23, 2023 11:13 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** RE: Language Access Coordinator - Interpreter Services

There has not been a change in procedure. Caroline's responsibilities have been picked up in her absence. We still need sufficient lead time to get interpreters and there is a shortage of Spanish interpreters given the demand. Muni and DRJ have begun to reserve interpreters in block making them unavailable to other courts. We are looking at possibly doing the same.

On your Monday case I know the PD was made aware last week that we did not have an interpreter available for Monday.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B

1



EXHIBIT

48

Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**


**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, May 22, 2023 1:19 PM
**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** Language Access Coordinator - Interpreter Services

Good afternoon, Judge McIntosh:

This week, I have a few cases that require the use of interpreter services, with one of those cases being set today. Earlier today, the prosecutor for that case informed my staff and me that Ms. Kopel is out on an extended leave and that there are no Spanish interpreters. We also learned that there are three persons whom counsel may contact in order to request an interpreter or to ask questions. With a matter we have set for Wednesday, counsel reached out to Ms. Kopel to confirm an interpreter that had been requested previously and received a reply email regarding Ms. Kopel's status and the persons whom counsel should contact. For that case, we have now learned that there will be no Spanish interpreters available this week.

I do not recall receiving a communication regarding the change in procedure regarding how an interpreter is requested, though I could have missed that email. Was anything sent to the judges? Is there an issue with interpreter shortages or is this just an anomalous circumstance this week? Should judges advise counsel to request an interpreter within a certain timeframe?

I would appreciate any additional information you may have.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, June 5, 2023 2:50 PM |
| **To:** | Bedsole, Susan E. |
| **Cc:** | Noble, Andria C. |
| **Subject:** | RE: AV Upgrade Scheduling |

Good afternoon, Ms. Bedsole:

Judge Noble and I have talked and our preference order is outlined below:

| Training Date (Friday before) | Installation Dates | Page/C Brown Preference 1, 2, 3, or 4 | Notes |
|---|---|---|---|
| N/A | May 30 - June 23 | 3A/B | Not available |
| June 23 | June 26 - July 14 | 5E/F | |
| July 21 | July 24 - August 11 | 1 | Place a 1, 2, 3, or 4 in each of the slots or fewer numbers if one or more of the weeks doesn't work for you (e.g., only place a 1 and 2 and leave the other two blank) |
| August 18 | August 21 - September 8 | 2 | |
| September 15 | September 18 - October 6 | 3 | |
| October 13 | October 16 - November 3 | 4 | |
| | | OR | |
| Wait for next round | | | Place X if want to wait |

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Sent:** Thursday, June 1, 2023 12:53 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Noble, Andria C. <Andria_Noble@fccourts.org>
**Subject:** AV Upgrade Scheduling

Judge Cocroft and Judge Noble:



EXHIBIT

49

1

The time has finally arrived to schedule the AV upgrade for each pair of courtrooms. Below are four available slots for scheduling both of your chambers. Please note two things, I am not scheduling all courtrooms at this time so we can assess during this period whether the amount of time it takes to complete a set of courtrooms is accurate. Second, the least selected time slot will be assigned to a pair of Magistrates. We need to upgrade a Magistrate courtroom so we have extra equipment to replace any failures until such time as all courtrooms are upgraded.

Here's how it will work:

- Chambers A/B or E/F move together to 3A/B at your scheduled time. (Magistrates (C/D) will move together also, they will receive a separate email)
  - Who is moving: Judge, bailiff, staff attorney (if you want them to), judicial secretary (Magistrate will only move when their courtroom is being upgraded)
  - A and E chambers will move to 3A, B and F chambers will move to 3B
- On the Friday before you move to 3A or 3B there will be a 1-2 hour training in 3A on the new equipment.
- 3A/B has been fully furnished and all office equipment installed. You will only need to bring with you those items you wish to have in chambers for the three week period.
- When you return to your original chambers, all new computers will have been installed in every office and courtroom and you will have been transitioned from VDI to a physical machine. (You will also be trained on the new setup)

Please show your collective order of preference by placing a 1, 2, 3, or 4 in the time slots below you wish to be considered. If you want to wait until the next round of scheduling, simply place an X in that selection.

| Training Date (Friday before) | Installation Dates | Page/C Brown Preference 1, 2, 3, or 4 | Notes |
|---|---|---|---|
| N/A | May 30 - June 23 | 3A/B | Not available |
| June 23 | June 26 - July 14 | 5E/F | |
| July 21 | July 24 - August 11 | | Place a 1, 2, 3, or 4 in each of the slots or fewer numbers if one or more of the weeks doesn't work for you (e.g., only place a 1 and 2 and leave the other two blank) |
| August 18 | August 21 - September 8 | | |
| September 15 | September 18 - October 6 | | |
| October 13 | October 16 - November 3 | | |
| OR | | | |
| Wait for next round | | | Place X if want to wait |

If possible, please provide your preference by **Monday, June 5. (Only one person needs to send back the response)**

Lastly, as an FYI, every Friday we are having outlets installed in courtrooms for the gallery monitors as part of the upgrade. We are checking each week with chambers to confirm availability on a week-by-week basis.

Let me know if you have any questions. Thanks.



**Susan E. Bedsole**
Deputy Court Director | **Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

Cocroft, Kimberly X.

**EXHIBIT**

**50**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Sunday, June 25, 2023 2:37 PM |
| **To:** | Bedsole, Susan E. |
| **Cc:** | Noble, Andria C.; Crum, ShaQuanna N.; Harris, Daenayia X. |
| **Subject:** | Re: AV Upgrade Schedule |

Ms. Bedsole:

I have an intractable two week wrongful death/medical malpractice trial matter that is scheduled to begin the week of October 16, which is why it was the absolute last option for us regarding the installation process. As such, I am wholly disinclined to manage this trial in a courtroom that is not mine, given the number of people I will need to manage and the anticipated necessity of having unfettered access to my entire staff and our set established and readily-accessible resources

To that end, if it is possible to proceed with Judge Noble's installation at the indicated time, while the new equipment in my courtroom is installed later, then that is my request. I was unclear that the scheduling assignment was based on seniority (I do not believe that was included in the original email). If I had known, then I would have requested the preferences of the three judges who are senior to me so that my suite mate and I could make a more informed decision.

While I appreciate the 1-2 hour training that will precede our temporary assignment, my staff or I would also need to train the lawyers participating in my two-week civil trial, and I doubt they my staff or the lawyers would have the time to give or receive training prior to the October 16 trial date.

Judge KC

On Jun 23, 2023, at 4:21 PM, Bedsole, Susan E. <Susan_Bedsole@fccourts.org> wrote:

Good afternoon:

Thank you for providing your scheduling preferences, it was exciting to see everyone who responded wanted to go first!

Based upon the requested preferences, and seniority, below is the schedule. As I noted in my original email, once we assess installation timelines through these first few courtrooms, a second set of dates will be sent out to schedule the remaining chambers.

| Courtrooms | Judges | Training Date (Friday before) | Installation Dates |
|---|---|---|---|
| 3A/B | N/A | N/A | May 30 - June 23 |
| 5E/F | K Brown/Sperlazza | June 23 | June 26 - July 14 |
| 5A/B | Miller/Holbrook | July 21 | July 24 - August 11 |
| 7E/F | Lynch/Phipps | August 18 | August 21 - September 8 |
| 4A/B | J Brown/McIntosh | September 15 | September 18 - October 6 |

1

| 4E/F | Cocroft/Noble | October 13 | October 16 - November 3 |

For those of you scheduled, you will receive additional information the week before you move.

Have a great weekend!



**Susan E. Bedsole**
Deputy Court Director | **Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

**EXHIBIT**

**51**

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Bedsole, Susan E. |
| **Sent:** | Monday, June 26, 2023 12:31 PM |
| **To:** | Noble, Andria C.; Cocroft, Kimberly X. |
| **Subject:** | RE: Follow-Up on AV Installation Assignment |

Good morning:

I will respond to all emails here.

The courtrooms are required to move in pairs because each set shares an AV closet and disconnecting one, disconnects both courtrooms; therefore, we cannot only move forward with Judge Noble's courtroom. It is not a problem to move you to the next scheduling block, once it has been established.

As to seniority, I did not mention it initially because I never expected all 17 Judges would want to go first! LOL After the results were in, I used it since ties in our Court are always decided by seniority. As to 5E/F, with the departure of Judge K Brown's court reporter, she needed recording equipment in her courtroom immediately; therefore, her courtroom was scheduled first (and Judge Sperlazza had to come along for the ride!). I have not discussed this reason widely as I don't want to cause additional discontent amongst the reporters and it would be helpful if it was not discussed widely. Of course I do understand it will become evident at some point!

As to training attorneys, we will have staff available to assist the attorneys while Judges are located in 3A/B, and can still assist after the move back. We are also scheduling training sessions for the PD, PA, and the bar over the next several weeks.

I hope this has answered your questions. Once the next scheduling block is established, I will send out an email to the remaining Judges to provide their preferences. You will be the senior judge, so your first pick should be the one you get.

Let me know if I missed anything. Thanks.



**Susan E. Bedsole**
Deputy Court Director | Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

**From:** Noble, Andria C. <Andria_Noble@fccourts.org>
**Sent:** Monday, June 26, 2023 10:16 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** Re: Follow-Up on AV Installation Assignment

Good morning,

At this time, I am fine with either moving my date along with Judge Cocroft's or remaining at the current date.

Respectfully,
AN

1

Sent from my iPhone

On Jun 26, 2023, at 9:20 AM, Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org> wrote:

Ms. Bedsole:

As a follow-up to my communication from yesterday, I looked at the original email you sent and it indicated that Chambers 5E/5F were already slotted for June 26 installation. Neither of those judges has more seniority than I do, so I remain confused about how the assignments were made.

Be that as it may, I will await your response regarding my request to defer my installation process and to allow Judge Noble's installation to proceed in October.

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, June 14, 2023 9:07 AM |
| **To:** | McIntosh, Stephen L. |
| **Subject:** | RE: Two Concerns |

Thank you, Judge.

Again, I have continued the majority of cases for tomorrow and have also confirmed coverage for the limited amount of time that I will need a reporter. My entire criminal docket will likely be concluded before 9:30am.

I am also confused regarding the TRO issue. The case number is 23CV-3425 (Family First Childcare Center v. ODJFS). I am holding the hearing by Zoom today at 1:30pm. Counsel for the plaintiff is in Dayton and the plaintiff lives in Cleveland. Judge Young is out this week.

KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Wednesday, June 14, 2023 8:31 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: Two Concerns

I will look into the court reporter coverage issue and get back with you on that issue.

I am a little confused on the TRO issue. Can you send me the case number? Is Judge Young out this week as well?

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, June 13, 2023 4:13 PM
**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** Two Concerns



EXHIBIT

52

1

Good afternoon, Judge:

I know that you are out of the office for the balance this week. However, I wanted to bring two concerns to your attention for informational purposes only.

On this past Friday (June 9) at around noon, my staff attorney received an email from Judge Young's staff attorney, advising her of a TRO matter, which had been assigned to Judge Young's docket on May 12, 2023 (the complaint was for declaratory and injunctive relief but Judge Young's staff was aware of the fact that the plaintiff would be filing a motion for TRO). My staff was advised that Judge Young was out of the office on Friday and that counsel were notified to contact either Judge Page (who was Duty Judge last week) through her staff or my staff to get the issue resolved. We later learned that the TRO was filed on Thursday, June 8 while Judge Young was in the office.

Then, at approximately 2:11pm on June 9, my assistant informed me that she received a call from counsel on the TRO matter. Counsel informed her that Judge Young's staff attorney directed them to contact my staff to schedule a hearing on the TRO. When my staff attorney contacted Judge Page's staff about this, he indicated that it made no sense for Judge Young's staff to contact me about a duty matter that they could have heard last week. While I have scheduled the TRO hearing for tomorrow (consistent with counsel's request), I am concerned by what seems to be an attempt to avoid handling a matter that has already been assigned. I am also concerned by the fact that, despite having received notice of the TRO filing on Thursday, my staff was not notified until noon on Friday, after Judge Young was out of the office when my staff and I had no opportunity to confer with Judge Young and his staff. Instead, an expectation was established that we would resolve the matter and, though I am willing to meet the expectation established without my input, I am concerned by the approach.

Next, I wanted to share another issue that arose regarding court reporter coverage. On March 14, 2023 my reporter requested permission for leave time on June 15, to which I agreed. Her request was made prior to any notice of retirement or resignation by other reporters. Consistent with the protocol, my reporter reached out to other reporters to request coverage assistance, to no avail. On June 1, my reporter sent another communication to all reporters, Ms. Bedsole and me, reiterating her request for coverage assistance. Once again, my reporter received no response from anyone included on the communication. As you know, the protocol permits reporters to request the assistance of administration if they receive no response from other reporters.

As of yesterday, June 12, I had not received any update regarding reporter coverage for Thursday. Because I am Duty Judge this week, the presence of a reporter is necessary in handling extradition hearings, in addition to managing my standard docket. Because I wanted to be able to notify counsel if there might be potential issues of docket management due to a lack of reporter resources, I thought it advisable to reach out directly to Judge Page's reporter, since I knew she would have no docket based on her obligations with this week's Justice Camp. To that end, I sent an email to Judge Page's reporter and included Ms. Bedsole, my reporter and my bailiff on the communication. I advised Judge Page's reporter of my circumstance and stated:

> "If Ms. Bedsole has not given you an assignment for another courtroom, then I would greatly appreciate your assistance. I know that Justice Camp is this week, hence my reaching out to you. We have a very short docket on Thursday and my bailiff, Ms. Crum, can provide details if you are available.

> "If you are not available, then no worries. I just wanted to make the ask. Thank you for your consideration and have a great day!"

Judge Page's reporter responded relatively quickly and indicated that Ms. Bedsole had not made an assignment and that she would be available to assist. Shortly after receiving this email, my bailiff informed me that Ms. Bedsole sent a Teams message:

10:03 AM] Bedsole, Susan E.

Good morning! Ebony has requested coverage on Thursday, June 15. I wanted to confirm you will have the need for a court reporter that day, I know a lot of Judges are attending the judicial conference.

[Yesterday 10:04 AM] Crum, ShaQuanna N.

Yes, we are duty this week, so we will be here.

[Yesterday 10:05 AM] Bedsole, Susan E.

Ah, I hadn't seen the duty schedule yet. Great, thanks so much!

Shortly after this exchange (10:11am), Judge Page's reporter sent an email to me, stating she had just heard from Ms. Bedsole who indicated that she needed Judge Page's reporter to cover Judge Kim Brown for today through Friday. Despite this, Judge Page's reporter indicated that, if she had the ability to assist us both, then she would be willing to do that. I thanked her for her effort and shared that I would attempt to continue what I could since I had not received any other information regarding reporter coverage. Because I have still not received any confirmation of available reporter coverage as of my sending this communication, I continued all but a few of the cases assigned to my docket. For the matters remaining and extradition hearings, I will begin those as early as possible so that Judge Page's reporter can assist and still be available for her assignment to Judge Brown. To that end, counsel for my cases are planning to appear before 9:00am and shortly after 9:00am.

At this point, I don't understand what my reporter and I need to do to get assistance with coverage. We have followed the protocol adopted by the Court. We also followed the additional instruction and guidance you provided in your June 1 communication, which is the reason that I reached out to Judge Page's reporter directly since my reporter had not received any response from other reporters or administration regarding assistance. But even when we attempt to facilitate a resolution using the protocol or through our own efforts, we do not end up with a favorable result. I am sensitive to the reporter shortage and my staff and I have always been ready and willing to offer assistance, even when I have matters pending and have been in session. But I am unclear on how or why one judge's docket is prioritized over another judge's docket, particularly when the staff person who is requesting coverage and has done everything required and in a timely way.

Again, I am not requesting your assistance to facilitate a resolution in either matter; I have already crafted the necessary resolutions. But, as Administrative Judge, I wanted to raise my concerns with you.

KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Thursday, June 1, 2023 1:31 PM |
| **To:** | McIntosh, Stephen L. |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E. |
| **Subject:** | RE: Court Reporter Shortage |

Thank you, Judge. I definitely agree that teamwork and consistent cooperation and support are necessary among all Reporters.

 **Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Thursday, June 1, 2023 11:05 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** RE: Court Reporter Shortage

The way it was envisioned was that the court reporters would work among themselves to secure coverage just as the protocol states. Some follow the protocol. The reality is sometimes there is a lack of communication between the reporters so a reporter takes time off with the expectation that administration will take care of it. We as judges approve time off for our reporter and expect administration to be responsible for coverage when the reporter should be looking first to see if anyone is available. There are times when Susan will send out emails requesting help and receive no response as well. If Ms. Reynolds-Spivey has difficulty finding coverage please let Susan know and she do what she can to secure coverage. Unfortunately the default has been contacting administration. I am just trying to let everyone know that we really need to work together during this time when there will be limited coverage options.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, June 1, 2023 10:37 AM

1


EXHIBIT
53

**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** RE: Court Reporter Shortage

Good morning, Judge:

I have a clarifying question. The Protocol adopted by the Court for Reporters states the following regarding a coverage request:

**Electronic Calendar**
- Give all Assigned and Float Court Reporters access to electronic calendar
- Coverage Requests
    - Court Reporter who needs coverage will send an email to all Court Reporters, advising of coverage needed and requesting assistance with Link to Calendar Entry
    - Request should be made not later than one month before coverage is needed
    - If requested dates are not covered within two weeks before Court Reporter's absence, then Court Reporter who needs coverage will send email to Deputy Director or Director of Human Resources to request assistance with securing coverage
    - Once contacted by email, Deputy Director or Director of Human Resources will email request for coverage and then assist to ensure coverage is secured

When my Assigned Reporter, Ms. Reynolds-Spivey, has followed the Protocol in the past, she has had varying levels of success with securing coverage without assistance from Administration. Additionally, there was a concern recently regarding whether Ms. Reynolds-Spivey provided notice to Administration that she needed coverage assistance. So, is the expectation that Reporters manage this process without administrative intervention? Or will Reporters still be permitted to contact Administration if they get no response to a request for coverage?

Finally, will your communication be sent to the Reporters, Bailiffs and Secretaries? At various points in time, each group is called on to facilitate the coverage process.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Thursday, June 1, 2023 9:49 AM
**To:** GEN_Judges <GEN_Judges@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; GEN_Bailiffs <GEN_Bailiffs@fccourts.org>
**Subject:** Court Reporter Shortage

Good morning:

This week Anne McBrayer (float), Denise Ruef (assigned to Judge Serrott), and Maggie Snyder (assigned to Judge K Brown) left the Court. Replacement reporters are being hired, but there will be a gap. One new reporter starts on

2

Monday; their first week is normally a training week, but she will probably have to go straight into the courtroom. The second new reporter starts in two weeks, and there are three interviews next week.

Given the departures, there is currently no float coverage until all positions are filled and trained.  Therefore, during this time period, it is critical your court reporter follow the court-approved protocols and seek coverage from other assigned reporters prior to requesting time off.  Moreover, it is equally important your reporter offer assistance when they are not needed in your courtroom. We have sufficient reporter resources, but we need to work together to efficiently utilize them.

If you have any questions please contact me. Thank you in advance for your cooperation.


**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Thursday, June 15, 2023 9:20 AM |
| **To:** | Bedsole, Susan E. |
| **Cc:** | McIntosh, Stephen L.; Goodman, Jennifer L. |
| **Subject:** | Court Reporter Coverage |

Ms. Bedsole:

As you know, Ms. Reynolds-Spivey is out of the office on today and she and I attempted on a few separate occasions to confirm the availability of coverage, with the last effort being as recent as this past Monday. When I heard nothing regarding coverage by Tuesday afternoon, I continued my docket, as it would be unfair both to lawyers and litigants to require them to appear when there was no certainty regarding my ability to go on the record. Regrettably, there is a group of cases that could not be continued, as the matter is set for upcoming trial and I need to place offers on the record. Additionally, as Duty Judge, I am required to handle extradition hearings on today. To that end, I coordinated with Judge Page and Kari Haudenschilt to move those few matters before 9:00am, since you assigned Kari to Judge Brown after I communicated with her regarding any confirmed assignment and her availability.

When I arrived in the office today, there was a reporter who was set up in my courtroom. I have never met this reporter and had no idea who she was. Since she set up before she checked in with my Assistant to let her know why she was here, I went into my courtroom and introduced myself. She told me her name (Melissa Fox) and stated that she was assigned to my courtroom. I informed Ms. Fox that I was never notified of her assignment and, because I did not know I would have coverage, I had already continued the majority of my docket and that we would likely be done before 10:00am (provided that inmates arrive or we receive information regarding an estimated time of arrival or reason for delay).

I don't know how or why this event unfolded the way that it has. Ms. Reynolds-Spivey and I have always been vigilant about being communicative regarding the limited occasions for which Ms. Reynolds-Spivey requests coverage and have always demonstrated a level of patience and understanding as reporter resources are managed. But not knowing if or who may be able to provides assistance to me places me in the difficult position of having to figure out a solution for myself or continuing cases already scheduled because the solution I have created is no longer an option.

As I shared with Judge McIntosh, Ms. Reynolds-Spivey and I have followed the protocol adopted unanimously by the judges and we also followed the guidance Judge McIntosh articulated in his June 1 email to craft solutions prior to reaching out to administration. Neither process has worked favorably for us in a consistent way and this is not the first time that I have had to continue my docket because I am uncertain about whether coverage is available.

If there is some new process that has been implemented to confirm coverage, then I would appreciate receiving that information.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



EXHIBIT

54

**Cocroft, Kimberly X.**

**EXHIBIT**

**55**

| | |
|---|---|
| **From:** | Bedsole, Susan E. |
| **Sent:** | Thursday, June 15, 2023 9:52 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | FW: Court Reporter Coverage - Tuesday through Friday |

Good morning:

I was perplexed by your email today as I had sent coverage on Tuesday. Having looked at my below email, I now see my error in that I failed to include yourself and your bailiff on the email. Although not a justification, over the past two weeks I have simply been forwarding previous emails so that I didn't have to reinsert names since it was all the same people, and I simply failed to add your name.  I certainly apologize, again, it was an error on my part. Please know, I may not know who will cover until the day before, but I will always provide coverage. I was actually feeling great this week that I could provide coverage early, as that rarely occurs.....then I do this! ☹

Thanks.



**Susan E. Bedsole**
Deputy Court Director | Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

**From:** Bedsole, Susan E.
**Sent:** Tuesday, June 13, 2023 8:57 AM
**To:** Brown, Jeffrey M. <Jeffrey_Brown@fccourts.org>; Shearn, Candice M. <Candice_Shearn@fccourts.org>; Halfhill, Christina M. <Christina_Halfhill@fccourts.org>; Miller, Andy D.M. <Andy_Miller@fccourts.org>; Phillips, Jason D. <Jason_Phillips@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Hardesty, Lynn E. <Lynn_Hardesty@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; Scott, April R. <April_Scott@fccourts.org>
**Cc:** Cutter, Jill M. <Jill_Cutter@fccourts.org>; Cuff, Daniel R. <Daniel_Cuff@fccourts.org>; Haudenschilt, Kari L. <Kari_Haudenschilt@fccourts.org>; Luchini, Tammy L. <Tammy_Luchini@fccourts.org>; Fox, Melissa S. <Melissa_Fox@fccourts.org>
**Subject:** Court Reporter Coverage - Tuesday through Friday

Good morning:

Below is the coverage for the remainder of the week.  Please IM your respective reporter when you are ready. For the external coverage (Anderson's), I will send them up at 9am.

| Tuesday, June 13 | Assigned Coverage | Wednesday, June 14 | Assigned Coverage | Thursday, June 15 | Assigne |
|---|---|---|---|---|---|
| 4A (J Brown) | Sue (Anderson's) | 4A (J Brown) | Anderson's | 4A (J Brown) | And |
| 5A (Miller) | Dan Cuff | 5A (Miller) | Dan Cuff | 5A (Miller) | Da |
| 5E (K Brown) | Kari Haudenschilt | 5E (K Brown) | Kari Haudenschilt | 5E (K Brown) | Kari Ha |
| 6E (Serrott) | Jill Cutter | 6E (Serrott) | Jill Cutter | 6E (Serrott) | Tamn |
| | | | | 4E (Cocroft) | Mel |

1

Thanks.



**Susan E. Bedsole**
Deputy Court Director | **Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 |  (F) 614.525.4480**
Susan_Bedsole@fccourts.org  |  http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, July 12, 2023 4:11 PM |
| **To:** | Goodman, Jennifer L. |
| **Cc:** | McIntosh, Stephen L. |
| **Subject:** | RE: Carlos Favours  18CR+5264, 19CR-6663 - Request for Immediate Action |

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Sent:** Wednesday, July 12, 2023 4:05 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** RE: Carlos Favours 18CR+5264, 19CR-6663 - Request for Immediate Action

Good afternoon, Judge Cocroft:

My apologies for not responding sooner. After Susanna was on vacation the week after the situation occurred, I was on vacation and then Judge McIntosh. He returned today and he and I are scheduled to meet yet this week to discuss this issue and move forward with setting meetings. I am hopeful we are able to resolve this situation as soon as possible and follow up with both you and Ms. Reynolds-Spivey.

Thank you.



**Jennifer Goodman**
Pronouns: She/Her/Hers
Executive Director
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.4147 | (F) 614.525.4480**
Jennifer_goodman@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, July 12, 2023 3:57 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** FW: Carlos Favours 18CR+5264, 19CR-6663 - Request for Immediate Action



EXHIBIT

56

Ms. Goodman:

I wanted to touch base (post-holiday) to determine whether there has been a conversation with Ms. Jackson about this critically important issue. I have again confirmed with Ms. Reynolds-Spivey that no one has spoken with her.

I would appreciate any update.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org  |  http://www.fccourts.org

**From:** Cocroft, Kimberly X.
**Sent:** Tuesday, June 27, 2023 12:11 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** RE: Carlos Favours 18CR+5264, 19CR-6663 - Request for Immediate Action

Good afternoon:

I was just following up to determine whether there has been a conversation with Ms. Jackson regarding the circumstance below. I checked with Ms. Reynolds-Spivey and she indicated that no one has spoken with her. I would appreciate any update on this matter.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org  |  http://www.fccourts.org

**From:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Sent:** Tuesday, June 6, 2023 3:36 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** Carlos Favours 18CR+5264, 19CR-6663 - Request for Immediate Action
**Importance:** High

Good afternoon, Judge Cocroft:

This morning we learned Susanna is on vacation beginning today through next week. In order to resolve this urgent matter, I reached out to Carla Manahan, Assistant Chief Court Reporter. She was able to access the shared drive and provide Ebony the files required so she can complete the transcript.

As the communication regarding this issue was primarily between Ebony and Susanna, Judge McIntosh and I plan to meet with Susanna upon her return. We hope to gain an understanding as to the circumstances surrounding this specific instance, as well as determine how we can work with her to improve the process and ensure Reporters receive the information they need in order to complete transcripts when the record is taken by a retired Court Reporter.

I requested Ebony confirm with me she has all the files she needs; however, feel free to reach out to me or Judge McIntosh should there be any further issues. Again, thank you for bringing this to our attention.



**Jennifer Goodman**
Pronouns: She/Her/Hers
Executive Director
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.4147 | (F) 614.525.4480**
Jennifer_goodman@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, June 5, 2023 3:33 PM
**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Cc:** Reynolds-Spivey, Ebony M. <Ebony_Reynolds-Spivey@fccourts.org>
**Subject:** FW: Carlos Favours 18CR+5264, 19CR-6663 - Request for Immediate Action
**Importance:** High

Good afternoon:

I am writing to make you aware of a serious circumstance for which I am requesting your attention and intervention. In order to facilitate your understanding of what has transpired, I have forwarded a series of communications below.

Ms. Reynolds-Spivey was contacted by appellate counsel in the above-referenced matters to request a transcript of a hearing that occurred on December 18, 2018. Because this date was around the time that my former Reporter retired and I was using the services of both Ms. Reynolds-Spivey and another Reporter, there was some uncertainty regarding who prepared the original transcript. When Ms. Reynolds-Spivey learned that my former Reporter provided the initial service, she sent a communication to Susanna Jackson, requesting that she provide the file so that the order could be completed. Ms. Jackson did not send the file as requested.

Ms. Reynolds-Spivey attended the retirement party for another Reporter, which my former Reporter also attended. By happenstance, Ms. Reynolds-Spivey learned that Ms. Jackson contacted my former Reporter (who retired in 2018 and is receiving retirement benefits) and asked her to complete the transcript for purposes of appellate review. Ms. Reynolds-Spivey emphasized to my former Reporter that she had requested the file and that my former Reporter would not need to complete this work. Much of this conversation occurred in the presence of Ms. Manahan, who should be able to confirm the accuracy of this information.

When Ms. Reynolds-Spivey informed me of this development, I asked her to send another communication to Ms. Jackson with copy to Ms. Bedsole and to me, recounting the conversation with my former Reporter and requesting the file for a second time. As you can see below, Ms. Jackson once again chose to ignore the request and indicated that my former Reporter would send the file to Ms. Reynolds-Spivey at some point in the future.

The statutory provision regarding the responsibilities of the Chief Reporter (R.C. 2301.18) only articulates that the person serving as chief reporter is the "official reporter" for the Court. While that term is not defined in statute, the judges of this Court adopted and approved specific responsibilities for this position. However, none of those

responsibilities includes withholding transcript information necessary for the timely completion of an appellate transcript or making an assignment of work to a former employee. Moreover, Ms. Jackson's decision not to provide the requested information has a direct impact on the constitutional rights of a defendant whose matters were assigned to my docket. That choice places me in the difficult position of having ultimate responsibility regarding a decision over which I have no input or control. In that regard, you will note that Ms. Jackson chose to remove Ms. Bedsole and me from her second reply to Ms. Reynolds-Spivey, which almost seems to suggest that she does not believe we have a role in this process.

I waited until today to send this communication to you, as I was hopeful that Ms. Jackson would understand the seriousness of this circumstance and send the twice-requested file. As of the time of this communication, it has not been sent. To that end, I am requesting that either one or both of you counsel with Ms. Jackson and require her to send the twice-requested file to Ms. Reynolds-Spivey immediately. I have not copied Ms. Bedsole on this communication because she has attempted to ensure Ms. Jackson's cooperation and compliance on myriad occasions with limited success. Moreover, as the Administrative Judge and Executive Director, I believe that this circumstance requires attention that only you can provide, given your leadership positions with the Court.

If you have any questions about this circumstance, then I am confident that Ms. Reynolds-Spivey would be willing to speak with you.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Jackson, Susanna <Susanna_Jackson@fccourts.org>
**Sent:** Thursday, June 1, 2023 1:05 PM
**To:** Reynolds-Spivey, Ebony M. <Ebony_Reynolds-Spivey@fccourts.org>
**Subject:** Re: Carlos Favours 18CR+5264, 19CR-6663

Celeste told me that she has everything she needs, but I just reached out to her to make sure she doesn't need anything. If she does, I'll send it to her.

Susanna

> On Jun 1, 2023, at 12:58 PM, Jackson, Susanna <Susanna_Jackson@fccourts.org> wrote:
>
> Celeste told me that she has the file and she scopes all her work and then sends it to you.
>
> Susanna

>> On Jun 1, 2023, at 12:55 PM, Reynolds-Spivey, Ebony M. <Ebony_Reynolds-Spivey@fccourts.org> wrote:
>>
>> Good afternoon, Susanna:

4

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Thursday, July 13, 2023 12:35 PM |
| **To:** | Byerly, Andrew T. |
| **Cc:** | McIntosh, Stephen L.; Goodman, Jennifer L.; Bedsole, Susan E.; Harris, Daenayia X. |
| **Subject:** | RE: Unusual Circumstance - IT |

Mr. Byerly:

Thank you for your response. I saw that you were out of the office but your notice did not indicate you were out for the entire week. So I presumed the notice applied just to yesterday; my apologies for the interruption.

My staff and I did not receive any communication regarding a printer server crash last week, though we have had challenges with slow printing and connectivity over the last two weeks. Nonetheless, I have additional questions based on your response:

1) Was the MAC Address number from Ms. Harris' printer retrieved when it was set up in December 2022 or when the connection error was corrected in February 2023?
2) Based on this development, was the connection error corrected in February 2023?
3) If this error relates to printer setup, then why would it have not been detected in December 2022?
4) Is it necessary to physically view the machine in order to ascertain the error in the IP address? Is there no other method for retrieving this information?
5) How does taking a picture of the IP address remedy the concern raised in the text message?
6) To whom are the other GEN printers assigned that may have a similar issue?
7) Did James S., Mr. Spurrier or another member of the IT staff go to the offices of those employees on yesterday?
8) What is the nexus between DRJ and FCCP-GEN technology?
9) How would a DRJ employee become aware of this issue before FCCP-GEN?
10) What does "not labeled standard format" mean?
11) Is there an issue with Ms. Harris' continued use of the printer? Is it compromised in some way?
12) What is the anticipated outcome of gathering this information? How will FCCP-GEN IT staff or my staff know that the issue is resolved?

From my years of service, I can say with confidence that I am not aware of any court employee who has had the independent latitude to make a decision to enter anyone's office, and certainly not the office of any judge's staff, without direction from someone serving in a supervisory or administrative capacity. So I am definitely interested in learning as soon as possible who gave Mr. Spurrier that direction. In my experience with him, he has never done anything like that and I don't think he would, unless he believed he was required to do so.

Regarding the issue of entering Ms. Harris' office without notification, that speaks for itself. So, again, my staff and I would appreciate some notice so that we are not surprised to find someone in one of our offices unexpectedly.

I do not want not, nor do I expect, you to respond while you are out of the office; we all should have the latitude to enjoy uninterrupted time away. My goal was to simply share this circumstance with you as quickly as possible. So I look forward to hearing from you after your return to the office.



EXHIBIT

57



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Byerly, Andrew T. <Andrew_Byerly@fccourts.org>
**Sent:** Wednesday, July 12, 2023 10:37 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Harris, Daenayia X. <Daenayia_Harris@fccourts.org>
**Subject:** Re: Unusual Circumstance - IT

Good evening Judge,

Thank you for communicating the circumstance with me. I'm on vacation this week and not in the office. I'll communicate with the team and get further information tomorrow during regular business hours.

To answer the question as to why Matthew was researching a printer issue. At 12:27pm we received a message concerning 4 printers on our print server. The message came from one of the employees who work for DRJ. He asked that we review four of our printers and their setup. We are hyper sensitive to printers on our print server because one recently caused the server to crash last week. We are actively reviewing printers on our print server. As part of the setup of a printer the MAC Address is needed. This is specific to the device and is normal to retrieve the number from the device during setup. The IP address assigned (in the picture) has too many digits. Something isn't correct about its setup.

At this time I have not communicated with my team on this issue and I would be assuming anything further. I just wanted to communicate with you that I have documentation of an issue with the printer setup and the information shared in your email all aligns. I'll find out who asked Matt to be there.

The bigger issue is staff entering offices without notification. I'll communicate with staff and see what happened with this circumstance and communicate the findings.

As for the laptop, I'll have James (our Network Administrator) or Richard (our System Administrator) contact Ms. Harris and see what is going on with the laptop.

Have a good evening
Thank you,
Andrew

Screenshot from our shared Network Infrastructure Team:

6:25 ⌁

< 8  **Jeff, Richard + 3** >
6 participants

## Chat                                    ## Files

Brian S.



# thank you all!

Today 12:27 PM

Jeff C.



# Print server has four prir
# showing up that are not

3

Sent from my iPhone

On Jul 12, 2023, at 3:46 PM, Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org> wrote:

Mr. Byerly:

I am reaching out to bring an unusual circumstance to your attention for which I would appreciate your insight and explanation.

My staff attorney, Ms. Harris, left her office for lunch and closed her office door upon leaving. When she returned at around 1:10pm, her door was open and Matt Spurrier was in her office. My bailiff and I were in my courtroom, having just completed my morning docket, so we were not even aware of the fact that he was in our suite area.

Ms. Harris recounted to me that Mr. Spurrier appeared startled and said, "I knew you would walk in while I was here." Ms. Harris then asked why he was in her office and he asked if she was having any issues with her printer. She responded that she was not; Ms. Harris has not filed a ticket for assistance regarding her printer. In fact, though Ms. Harris started her employment with me in July 2022, she did not receive a printer (which I believe is provided to all staff attorneys as a matter of course) until December 2022. However, the printer was connected incorrectly and was not operational until February 2023.

Be that as it may, once Ms. Harris indicated that she did not have a printer issue, Mr. Spurrier told her that "somebody was looking at a sheet" and her IP address was wrong. So he was coming to take a picture of the printer's IP address.

Since I am far from an IT expert, I have no idea if taking a picture of a printer is the only way to identify an IP address. My primary concerns, however, are that neither Ms. Harris nor any member of my staff was notified that: 1) there was a concern regarding the accuracy of the printer's IP address; 2) "somebody" (who has never been identified) expressed this concern to the IT Department; and 3) it was necessary to gather this information today while Ms. Harris was not in her office. Moreover, no one has shared with us whether this is a widespread and concerning issue that will necessitate collection of IP address information for other staff attorneys, specifically, and all staff, generally.

I asked my entire staff to confirm that they did not receive a voice mail, email or Teams message regarding a desire or decision to access Ms. Harris' office and they have confirmed that no communication was received. My experience with Mr. Spurrier is that he always exhibits the highest levels of professionalism and concern for my staff and me so that we are able to do our work unimpeded by the consistent technology challenges that have plagued my chambers, of which you and many others are well aware. Mr. Spurrier is always hyper-vigilant about informing us that he will need access to our work spaces before undertaking a repair or gathering information, which is what makes this event so unusual. So I would appreciate you letting me know whether this data collection was at someone else's direction and why this event unfolded as it did.

Moving forward, my staff and I would appreciate receiving the notice we have received historically if there is any work that needs to be done in our space or if there is any information that needs to be gleaned or gathered.

Finally, there is an issue related to the workability of Ms. Harris' laptop – in short, it doesn't. However, I would like to resolve this issue before moving to the laptop.

4

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Tuesday, July 25, 2023 12:52 PM |
| **To:** | Byerly, Andrew T. |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E.; Harris, Daenayia X. |
| **Subject:** | RE: Unusual Circumstance - IT |

Good afternoon, Mr. Byerly:

I wanted to follow up on this issue to determine whether you have any additional information you can share with my staff and me based on the questions below.

Since I sent the communication, Mr. Spurrier has provided IT assistance to us and, as always, has gone above and beyond the call of duty and has provided stellar support. My staff and I have never had or expressed a concern regarding the substance of the work he has done or will do, nor do we have a concern with the specific details of his work. In a word, Mr. Spurrier is always outstanding. Our broad concern, however, is having any employee receive an instruction to go into someone's office, when that person is obviously not present. I am sure that anyone would find it unsettling to return to their office and find someone there without their knowledge.

I am confident that you are busy with overseeing the technology transition for senior members of the Court. However, my staff and I would appreciate any information you can provide to us as soon as possible.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X.
**Sent:** Thursday, July 13, 2023 12:35 PM
**To:** Byerly, Andrew T. <Andrew_Byerly@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Harris, Daenayia X. <Daenayia_Harris@fccourts.org>
**Subject:** RE: Unusual Circumstance - IT

Mr. Byerly:

Thank you for your response. I saw that you were out of the office but your notice did not indicate you were out for the entire week. So I presumed the notice applied just to yesterday; my apologies for the interruption.

My staff and I did not receive any communication regarding a printer server crash last week, though we have had challenges with slow printing and connectivity over the last two weeks. Nonetheless, I have additional questions based on your response:

1) Was the MAC Address number from Ms. Harris' printer retrieved when it was set up in December 2022 or when the connection error was corrected in February 2023?
2) Based on this development, was the connection error corrected in February 2023?
3) If this error relates to printer setup, then why would it have not been detected in December 2022?
4) Is it necessary to physically view the machine in order to ascertain the error in the IP address? Is there no other method for retrieving this information?
5) How does taking a picture of the IP address remedy the concern raised in the text message?
6) To whom are the other GEN printers assigned that may have a similar issue?
7) Did James S., Mr. Spurrier or another member of the IT staff go to the offices of those employees on yesterday?
8) What is the nexus between DRJ and FCCP-GEN technology?
9) How would a DRJ employee become aware of this issue before FCCP-GEN?
10) What does "not labeled standard format" mean?
11) Is there an issue with Ms. Harris' continued use of the printer? Is it compromised in some way?
12) What is the anticipated outcome of gathering this information? How will FCCP-GEN IT staff or my staff know that the issue is resolved?

From my years of service, I can say with confidence that I am not aware of any court employee who has had the independent latitude to make a decision to enter anyone's office, and certainly not the office of any judge's staff, without direction from someone serving in a supervisory or administrative capacity. So I am definitely interested in learning as soon as possible who gave Mr. Spurrier that direction. In my experience with him, he has never done anything like that and I don't think he would, unless he believed he was required to do so.

Regarding the issue of entering Ms. Harris' office without notification, that speaks for itself. So, again, my staff and I would appreciate some notice so that we are not surprised to find someone in one of our offices unexpectedly.

I do not want not, nor do I expect, you to respond while you are out of the office; we all should have the latitude to enjoy uninterrupted time away. My goal was to simply share this circumstance with you as quickly as possible. So I look forward to hearing from you after your return to the office.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Byerly, Andrew T. <Andrew_Byerly@fccourts.org>
**Sent:** Wednesday, July 12, 2023 10:37 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Harris, Daenayia X. <Daenayia_Harris@fccourts.org>
**Subject:** Re: Unusual Circumstance - IT

Good evening Judge,

Thank you for communicating the circumstance with me. I'm on vacation this week and not in the office. I'll communicate with the team and get further information tomorrow during regular business hours.

To answer the question as to why Matthew was researching a printer issue. At 12:27pm we received a message concerning 4 printers on our print server. The message came from one of the employees who work for DRJ. He asked that we review four of our printers and their setup. We are hyper sensitive to printers on our print server because one recently caused the server to crash last week. We are actively reviewing printers on our print server. As part of the setup of a printer the MAC Address is needed. This is specific to the device and is normal to retrieve the number from the device during setup. The IP address assigned (in the picture) has too many digits. Something isn't correct about its setup.

At this time I have not communicated with my team on this issue and I would be assuming anything further. I just wanted to communicate with you that I have documentation of an issue with the printer setup and the information shared in your email all aligns. I'll find out who asked Matt to be there.

The bigger issue is staff entering offices without notification. I'll communicate with staff and see what happened with this circumstance and communicate the findings.

As for the laptop, I'll have James (our Network Administrator) or Richard (our System Administrator) contact Ms. Harris and see what is going on with the laptop.


Have a good evening
Thank you,
Andrew


Screenshot from our shared Network Infrastructure Team:

**6:25** ⬈

‹ 8  **Jeff, Richard + 3** ›
6 participants

## Chat                    ## Files



Brian S.



thank you all!

Today 12:27 PM

Jeff C.



Print server has four prir
showing up that are not

4

Sent from my iPhone

> On Jul 12, 2023, at 3:46 PM, Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org> wrote:

Mr. Byerly:

I am reaching out to bring an unusual circumstance to your attention for which I would appreciate your insight and explanation.

My staff attorney, Ms. Harris, left her office for lunch and closed her office door upon leaving. When she returned at around 1:10pm, her door was open and Matt Spurrier was in her office. My bailiff and I were in my courtroom, having just completed my morning docket, so we were not even aware of the fact that he was in our suite area.

Ms. Harris recounted to me that Mr. Spurrier appeared startled and said, "I knew you would walk in while I was here." Ms. Harris then asked why he was in her office and he asked if she was having any issues with her printer. She responded that she was not; Ms. Harris has not filed a ticket for assistance regarding her printer. In fact, though Ms. Harris started her employment with me in July 2022, she did not receive a printer (which I believe is provided to all staff attorneys as a matter of course) until December 2022. However, the printer was connected incorrectly and was not operational until February 2023.

Be that as it may, once Ms. Harris indicated that she did not have a printer issue, Mr. Spurrier told her that "somebody was looking at a sheet" and her IP address was wrong. So he was coming to take a picture of the printer's IP address.

Since I am far from an IT expert, I have no idea if taking a picture of a printer is the only way to identify an IP address. My primary concerns, however, are that neither Ms. Harris nor any member of my staff was notified that: 1) there was a concern regarding the accuracy of the printer's IP address; 2) "somebody" (who has never been identified) expressed this concern to the IT Department; and 3) it was necessary to gather this information today while Ms. Harris was not in her office. Moreover, no one has shared with us whether this is a widespread and concerning issue that will necessitate collection of IP address information for other staff attorneys, specifically, and all staff, generally.

I asked my entire staff to confirm that they did not receive a voice mail, email or Teams message regarding a desire or decision to access Ms. Harris' office and they have confirmed that no communication was received. My experience with Mr. Spurrier is that he always exhibits the highest levels of professionalism and concern for my staff and me so that we are able to do our work unimpeded by the consistent technology challenges that have plagued my chambers, of which you and many others are well aware. Mr. Spurrier is always hyper-vigilant about informing us that he will need access to our work spaces before undertaking a repair or gathering information, which is what makes this event so unusual. So I would appreciate you letting me know whether this data collection was at someone else's direction and why this event unfolded as it did.

Moving forward, my staff and I would appreciate receiving the notice we have received historically if there is any work that needs to be done in our space or if there is any information that needs to be gleaned or gathered.

Finally, there is an issue related to the workability of Ms. Harris' laptop – in short, it doesn't. However, I would like to resolve this issue before moving to the laptop.

5

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**Cocroft, Kimberly X.**

**EXHIBIT**

58

| | |
|---|---|
| **From:** | Welker, Michael T. |
| **Sent:** | Friday, August 25, 2023 9:11 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: Tyrone L. Carter 23CR-818 |

My apologies Judge I did not mean to disrespect you in any ways. My apologies !!!! I should of came down to your office and spoke to you. I am not good a emails my apologies again!!



**Michael T. Welker**
Probation Officer - Administrative
Franklin Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.6665 (F) 614.525.2052
Michael_Welker@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Friday, August 25, 2023 9:07 AM
**To:** Welker, Michael T. <Michael_Welker@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Harshman, Steven M. <Steven_Harshman@fccourts.org>; Wunderlich, Dan <Dan_Wunderlich@fccourts.org>; Reynolds-Spivey, Ebony M. <Ebony_Reynolds-Spivey@fccourts.org>
**Subject:** RE: Tyrone L. Carter 23CR-818

Mr. Welker:

First, let me say that I am stunned to receive an email where you ask me to "please provide me and the Department the reason why he could be placed on non-reporting". You state that the transfer was made on August 11, yet you waited until 13 days later to raise what, in my opinion, is an unfounded concern. There has never been a day when my door has not been open to both Probation Officers and Managers to discuss whatever issues you speculate may exist, based on a tool which is not always accurate in determining a defendant's success on community control. But rather than call or initiate a face-to-face conversation, you chose to send this communication with a tone that is both confrontational and condescending. To be clear, it is certain that I will never provide an explanation to you or the Department regarding a determination that I am both permitted and required to make as a part of fulfilling my responsibilities as Judge, based on the information that I receive through undertaking a full Crim. R. 11 colloquy, hearing factors in mitigation and aggravation, balancing that information against the factors for felony sentencing and then, using the discretion I am given by law under R.C. 2929.12 and R.C. 2929.13 imposing a sentence that I find satisfies the purposes and principles of felony sentencing . However, instead of you respecting the authority I have by law, you instead decided to ask me to provide you with a detailed recitation of a plea and sentencing hearing so that you and the Department are comfortable with my decision. In case there is any confusion, your comfort is not my concern; following the purposes and principles of felony sentencing (not the ORAS) is my concern. I am sincerely baffled by your decision to even send this kind of communication to me. So, to allay the confusion you have created with this communication, what I will ask is that we set up a meeting with you, Mr. Harshman and CPO Wunderlich so that we can discuss and gain clarity on our respective roles in this process.

In the meantime, if you would like to purchase a copy of the hearing transcript so that <u>you and the Department</u> have an opportunity to read what I said on the record in open court, then I have copied my Reporter.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Welker, Michael T. <Michael_Welker@fccourts.org>
**Sent:** Thursday, August 24, 2023 1:49 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** Tyrone L. Carter 23CR-818
**Importance:** High

Good afternoon Judge.

I am emailing you in regard to a defendant I am currently supervising named Tyrone Carter 23CR-818. He was being supervised by Hugo Salto on a Mental Health caseload. He was transferred to non-reporting supervision on 8-11-2023. While looking at the defendant's community control terms you put an order on his conditions that once the defendant receives a placement in outpatient drug treatment, then move to non-reporting probation. Defendant is currently in outpatient counseling at Maryhaven. My supervisor Steve Harshman was wondering why you made this order when the defendant scored a 33 high on ORAS. Just want to make sure I am meeting the courts' order and this defendant is getting the proper supervision. I understand you made this decision to make the order above, but can you please provide me and the Department the reason why he could be placed on non-reporting. Please and thank you.

Hope your day is going well.



**Michael T. Welker**
Probation Officer · Administrative
**Franklin Common Pleas Court**
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.6665 (F) 614.525.2052
Michael_Welker@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, August 28, 2023 9:45 AM |
| **To:** | Wunderlich, Dan |
| **Cc:** | Crum, ShaQuanna N. |
| **Subject:** | RE: Tyrone L. Carter 23CR-818 |

Good morning, CPO Wunderlich:

Thank you for your communications. I want to touch on a couple of points that you made.

First, unlike the situation you experienced with Judge O'Neil, I am not infuriated. What I stated is that I was, and continue to be, both stunned and baffled by Mr. Welker's choice. Next, I recall when Mr. Welker began his employment with the Court because I gave him the oath of office during my abbreviated tenure as Administrative Judge. Finally, if my memory serves me correctly, Mr. Welker has prior experience in working with either courts or in some capacity within the justice system.

Be that as it may, I would still like to speak with you, Mr. Harshman and Mr. Welker. I am available today at 2:15pm and Ms. Crum will send a calendar invite. I look forward to seeing you then.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Wunderlich, Dan <Dan_Wunderlich@fccourts.org>
**Sent:** Friday, August 25, 2023 11:46 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: Tyrone L. Carter 23CR-818

Hello Again Judge,

I'm so sorry. I have already spoken to Steve Harshman about this and he has assured me that wasn't the spirit of the conversation he had with Mike Welker and Steve has been around long enough to know this was not a proper request and email from Mike. As I said in my previous email we will be discussing this thoroughly today. I like to respect the officers and give professional latitude however this was totally out of bounds and we may need to preview his communications with the court for a while. Also, and I am not trying excuse this action/behavior, Mike is pretty new and this is a good teachable moment.

Not to make light of this but I remember when I was 25 years old and infuriated Judge O'Neil with a rookie mistake. It remains clear in my mind to this day and we ended up have a very good working relationship. I hope Mike can prove himself moving forward.

1

Respectfully,
Dan



**Dan Wunderlich**
**Chief Probation Officer** | Franklin County Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.4419 | (F) 614.525.3685
Dan_Wunderlich@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Friday, August 25, 2023 9:07 AM
**To:** Welker, Michael T. <Michael_Welker@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Harshman, Steven M. <Steven_Harshman@fccourts.org>; Wunderlich, Dan <Dan_Wunderlich@fccourts.org>; Reynolds-Spivey, Ebony M. <Ebony_Reynolds-Spivey@fccourts.org>
**Subject:** RE: Tyrone L. Carter 23CR-818

Mr. Welker:

First, let me say that I am stunned to receive an email where you ask me to "please provide me and the Department the reason why he could be placed on non-reporting". You state that the transfer was made on August 11, yet you waited until 13 days later to raise what, in my opinion, is an unfounded concern. There has never been a day when my door has not been open to both Probation Officers and Managers to discuss whatever issues you speculate may exist, based on a tool which is not always accurate in determining a defendant's success on community control. But rather than call or initiate a face-to-face conversation, you chose to send this communication with a tone that is both confrontational and condescending. To be clear, it is certain that I will never provide an explanation to you or the Department regarding a determination that I am both permitted and required to make as a part of fulfilling my responsibilities as Judge, based on the information that I receive through undertaking a full Crim. R. 11 colloquy, hearing factors in mitigation and aggravation, balancing that information against the factors for felony sentencing and then, using the discretion I am given by law under R.C. 2929.12 and R.C. 2929.13 imposing a sentence that I find satisfies the purposes and principles of felony sentencing . However, instead of you respecting the authority I have by law, you instead decided to ask me to provide you with a detailed recitation of a plea and sentencing hearing so that you and the Department are comfortable with my decision. In case there is any confusion, your comfort is not my concern; following the purposes and principles of felony sentencing (not the ORAS) is my concern.  I am sincerely baffled by your decision to even send this kind of communication to me. So, to allay the confusion you have created with this communication, what I will ask is that we set up a meeting with you, Mr. Harshman and CPO Wunderlich so that we can discuss and gain clarity on our respective roles in this process.

In the meantime, if you would like to purchase a copy of the hearing transcript so that you and the Department have an opportunity to read what I said on the record in open court, then I have copied my Reporter.

2



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Welker, Michael T. <Michael_Welker@fccourts.org>
**Sent:** Thursday, August 24, 2023 1:49 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** Tyrone L. Carter 23CR-818
**Importance:** High

Good afternoon Judge.

I am emailing you in regard to a defendant I am currently supervising named Tyrone Carter 23CR-818. He was being supervised by Hugo Salto on a Mental Health caseload. He was transferred to non-reporting supervision on 8-11-2023. While looking at the defendant's community control terms you put an order on his conditions that once the defendant receives a placement in outpatient drug treatment, then move to non-reporting probation. Defendant is currently in outpatient counseling at Maryhaven. My supervisor Steve Harshman was wondering why you made this order when the defendant scored a 33 high on ORAS. Just want to make sure I am meeting the courts' order and this defendant is getting the proper supervision. I understand you made this decision to make the order above, but can you please provide me and the Department the reason why he could be placed on non-reporting. Please and thank you.

Hope your day is going well.



**Michael T. Welker**
Probation Officer · Administrative
Franklin Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.6665 (F) 614.525.2052
Michael_Welker@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Wunderlich, Dan |
| **Sent:** | Wednesday, August 30, 2023 2:34 PM |
| **To:** | Cocroft, Kimberly X.; Harshman, Steven M.; Welker, Michael T. |
| **Subject:** | RE: Follow-Up and Concluding Thoughts - Tyrone Carter |

Good Afternoon Judge,

Mr. Carter has been transferred to Officer Salto. I contacted Mr. Carter yesterday by phone to inform him of the change and encouraged him to make regular payments and continue with his recommended treatment at Maryhaven. I also spoke with Officer Salto this morning to reiterate that he is on non-reporting probation and to monitor payments and treatment per department guidelines. Should there be any issues you will indeed be notified to determine another update interval or hearing. I apologize if hands-off indicated no monitoring of any sort. Conditions for those on non-reporting are monitored however there is not regular, in-person contact with the client.

I am out of the office today and will return tomorrow morning. I have contacted your bailiff and will be over at 9 for our meeting.

Respectfully,
Dan



**Dan Wunderlich**
**Chief Probation Officer** | Franklin County Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.4419 | (F) 614.525.3685
Dan_Wunderlich@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, August 29, 2023 1:24 PM
**To:** Wunderlich, Dan <Dan_Wunderlich@fccourts.org>; Harshman, Steven M. <Steven_Harshman@fccourts.org>; Welker, Michael T. <Michael_Welker@fccourts.org>
**Subject:** Follow-Up and Concluding Thoughts - Tyrone Carter

Good afternoon:

First, let me thank you again for meeting with me on yesterday.

Next, I took the time to contemplate the sum and substance of yesterday's conversation and there are additional thoughts that I want to share with you.

In reviewing the Judgment Entry, Mr. Carter was placed on community control after pleading to a single count of Forgery, a felony of the fifth degree. Originally, each of you stated that he entered a plea to a third-degree felony, so I want to ensure that each of us has the correct understanding of the charge and felony level.

Additionally, Mr. Harshman referenced that Mr. Carter was "Mental Health", which I presumed was a reference to his placement on the Mental Health caseload; that is incorrect. Mr. Carter was placed on the Risk Reduction Caseload, and I received no recommendation from Mr. Salto to place him on any particularized level of supervision. Additionally, Chief Wunderlich mentioned that nonreporting supervision means that the Department will be "hands off". That is also somewhat incorrect. Mr. Carter was ordered to pay restitution in the amount of $1,489.62, with a minimum payment of $25/month. If he fails to comply with that condition, then I presume that consistent with past practice, the Department will notify me of that failure and inquire about whether I wish to receive an update on his payment history at some determined interval or to set the matter for revocation.

I continue to be concerned about statements regarding the "spirit of the conversation" between Mr. Harshman and Mr. Welker and that the "spirit" was not reflected in the communication I received. However, yesterday's conversation demonstrated that the "spirit", though inartful, inappropriate and unacceptable, was expressed through the original communication – that is, there was a concern about the decision and a desire to get the "back story" (a word used by Mr. Harshman during our conversation). I want to be crystal clear – unless one of you or any Probation Department employee chooses to spend your workday as a spectator in my courtroom as I fulfill my constitutional and statutory responsibilities, then I will never independently provide a back story, because the Court speaks through its entries only. My unwavering position on this point is heightened by the fact that Mr. Welker admitted he has never sent that kind of inquiry to any other judge of this Court and, consequently, I presume that Mr. Harshman has never requested that Mr. Welker obtain a "back story" from any other judge. If, however, there is another judge who was questioned about their decision-making process, then I would be interested to know who, when and what the outcome of that request was. But because it is my continuing belief that this kind of questioning has never occurred with any other judge, I want to reemphasize my expectation that I will never be subject to that kind of inquiry again. I appreciate and work hard to foster a team approach and appreciate the insights that members of the Probation Staff provide. But my willingness (not requirement) to ask for those insights, which is something that most judges have not permitted or requested historically, does not undercut my autonomy. And I am hopeful that no one in the Department will ever lose sight of the fact that I, alone, make every final decision for cases assigned to my docket, without having to gain the approval of or agreement from anyone in the Probation Department.

Finally, while I am duty-bound to move beyond this disrespectful experience and will do so for the good of the Court and the important work we do, I believe it is both necessary and appropriate to make an adjustment to the person who is tasked with providing supervision to Mr. Carter. As such, I will ask Chief Wunderlich to reassign Mr. Carter back to Mr. Salto's caseload. Mr. Carter will continue to be a non-reporting probationer. This may be an unusual request, but it is one upon which I will insist. It is my expectation that the adjustment shall be made by no later than close of business tomorrow and that Mr. Carter shall be notified of the adjustment once it is made.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | McIntosh, Stephen L. |
| **Sent:** | Friday, July 14, 2023 6:03 PM |
| **To:** | GEN_Judges |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E. |
| **Subject:** | Video Arraignment Vote |

Everyone's participation in the video arraignment discussions has made it clear this issue is of importance to the bench. We have had multiple meetings with County Administration, the Sheriff, a visit to the jail, and discussions among ourselves. At the last meeting, there was a question about the current ability for attorneys to appear in person at the jails to attend the arraignment if they wished to do so, as well as meet privately with their client before or during the arraignment. We have confirmed with the Sheriff, attorneys can attend an arraignment in person, as well as meet with their client in a private space before and during their arraignment. Both jails were set up specifically to allow for this. A second issue raised was no easy access to the arraignment room at the Pike. The Sheriff indicated attorneys enter through the south entrance which is located near the chapel, versus through the main entrance. Obviously, no one wanted to go to the jail during COVID but that practice of not going to the jail has continued post COVID restrictions.

I probably will limit discussion to avoid plowing the same ground for the third or fourth time. However, if you have any questions please feel free to ask.

To encourage as much in person presence I have decided that this agenda item will be by ballot vote. If you are attending via Zoom, you will need to make a voice vote. I will have Roxy contact your secretaries the day of the meeting as a reminder and to ensure a quorum.

Please let me know if you have any questions. Have a wonderful weekend.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**



EXHIBIT
60

1

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Saturday, July 15, 2023 1:18 PM |
| **To:** | McIntosh, Stephen L. |
| **Subject:** | Re: Video Arraignment Vote |

Good afternoon, Judge:

I apologize for the interruption to your Saturday but I have two questions.

Why is every vote not by voice, irrespective of location? And will individuals who vote by ballot be identified for purposes of the minutes?

Thank you.

KC

Sent from my iPhone

On Jul 14, 2023, at 6:02 PM, McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org> wrote:

Everyone's participation in the video arraignment discussions has made it clear this issue is of importance to the bench. We have had multiple meetings with County Administration, the Sheriff, a visit to the jail, and discussions among ourselves. At the last meeting, there was a question about the current ability for attorneys to appear in person at the jails to attend the arraignment if they wished to do so, as well as meet privately with their client before or during the arraignment. We have confirmed with the Sheriff, attorneys can attend an arraignment in person, as well as meet with their client in a private space before and during their arraignment. Both jails were set up specifically to allow for this. A second issue raised was no easy access to the arraignment room at the Pike. The Sheriff indicated attorneys enter through the south entrance which is located near the chapel, versus through the main entrance. Obviously, no one wanted to go to the jail during COVID but that practice of not going to the jail has continued post COVID restrictions.

I probably will limit discussion to avoid plowing the same ground for the third or fourth time. However, if you have any questions please feel free to ask.

To encourage as much in person presence I have decided that this agenda item will be by ballot vote. If you are attending via Zoom, you will need to make a voice vote. I will have Roxy contact your secretaries the day of the meeting as a reminder and to ensure a quorum.

1

Please let me know if you have any questions. Have a wonderful weekend.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**EXHIBIT**

62

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, August 30, 2023 5:24 PM |
| **To:** | Worthington, Stacy A. |
| **Cc:** | Harris, Daenayia X.; Crum, ShaQuanna N. |
| **Subject:** | RE: TRO Assignments |

Good afternoon, Ms. Worthington:

Thank you.

I know that this issue arose with Judge Jeff Brown and/or Judge Aveni during my service as Administrative Judge and I do not recall the sum and substance of this information you shared below to explain the process and why either of those judges was continuing to receive TRO assignments.

In my circumstance, counsel in 23CV-2403 confirmed that the case is one in which the TRO was filed originally on the same day as the complaint (April 6) but was rejected by the Clerk without explanation. So, in that instance, the assignment should have gone to whomever was next in line in the "TRO Pool ONLY". Nevertheless, it appears that TRO assignments track the same schedule as Duty Judge Week assignments. To that end, my staff and I will be paying more particularized attention to this process. And I presume that, if an assignment is made from the "TRO Pool ONLY", then I should not receive another TRO (unless I already was assigned the original complaint prior to filing) until late February/early March 2024.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Tuesday, August 29, 2023 10:02 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Harris, Daenayia X. <Daenayia_Harris@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: TRO Assignments

Good morning, Judge,

I am researching the TRO pool draw for this year. The TRO pool works that each judge is assigned a TRO (ie 1 thru 17) and then the draw begins again. You are #8 in the rotation. Please remember this TRO pool ONLY applies at case initiation when the filer files the complaint and a motion for TRO at the same time. Then, the TRO flag is marked in the CMS and the judge assignment is taken from the TRO pool. Having said that, if you have an already existing case and they file a motion for TRO (after case initiation), then that is separate and apart from this.

In reviewing the TRO pool assignment, case #23CV-1745 came in with the complaint and TRO Motion on March 15th and was assigned to you. Once that occurred, you when back to the bottom of the rotation and as of Monday, August 28th

1

you are next in line to receive one. It has taken roughly 5.5 months for you to be at the top of the list. However, in the meantime, you have received (2) TRO motions on cases in which were assigned to you from the normal civil judge assignment pool (23CV-2403 (TRO filed 4-7-2023) and 23CV-3366 (TRO filed 7-21-2023) that might make it seem as though you have received more than normal.

Please let me know if there are any other cases that are not reference above and I can continue to research further. However, in reviewing the TRO report, the CMS has assigned in order of the TRO rotation as it should over the last 6 months.

Please let me know if you have any further questions.
Thank you, Stacy



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, August 28, 2023 3:03 PM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Harris, Daenayia X. <Daenayia_Harris@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** TRO Assignments

Good afternoon, Ms. Worthington:

I have a question regarding TRO's. In the last 2 ½ - 3 months, my staff and I have counted at least five TROs that have been assigned to me. While I will manage whatever I receive, I want to ensure that these matters are being assigned on a rotating basis. It is hard for me to fathom that the Court has had so many TROs in the last 2 ½ to 3 months that I have come up for assignment five times.

I would appreciate any insight you can provide.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**EXHIBIT**

63

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, April 3, 2024 1:55 PM |
| **To:** | Bedsole, Susan E. |
| **Cc:** | Worthington, Stacy A.; Chance, Sharlene I.; Mathews, Angela D. |
| **Subject:** | RE: 24CV2481 |

Director Bedsole:

While I appreciate your effort to explain this circumstance, my frustration is the ever-moving target that exists when my staff and I raise concerns associated with any number of issues including, but not limited to, concerns involving the Clerk's Office. So, to prevent the very circumstance that has now occurred, I was intentional about meeting with Director Worthington to determine how the assignment of TRO cases was managed. During that meeting, my bailiff, assistant and I were advised specifically by Director Worthington that the Case Summary sheet was used to make a determination regarding whether a TRO should be assigned from the random draw process or from the "new TRO" assignment process. It now appears that after I provided a copy of the actual document we were told was used and that is wholly consistent with what Director Worthington shared with us about how TRO assignments are made (and I presume that she received the information from the Clerk's staff), the Clerk has decided to revisit the issue and has now determined that the process of assignment does not involve the Case Summary sheet attached to the pleadings. Consequently, the result is that there was an attempt to leave me with a seventh assigned TRO in 3 months through the Clerk's "random draw" process that does not create any level of parity in the assignment of cases.

The historical underpinnings of how and why the Case Summary document came to exist do not explain why our administrative staff would believe that this document played any role in deciding how TRO cases are managed. Moreover, even assuming that counsel selected the preliminary injunction option (which is not even how the pleading, itself is captioned), what you are now referring to as the "non mandatory summary document" clearly indicated that a TRO was requested. To that end, I am unclear on how anyone would expect me to believe that the information on this "nonmandatory summary document" that was provided, apparently to assist the Clerk's staff in some way both historically and currently, has no value at all. Beyond this, counsel in this matter have called members of my staff repeatedly and requested to schedule a hearing regarding the motion for TRO (even though I was notified that the case would be transferred immediately on March 27), which is what they requested on the Case Summary Sheet.

While I appreciate that the matter has now been reassigned to another member of this Court, I remain concerned about the uncertainty of the assignment process and how the rules of engagement seem to change. Therefore, I am again requesting that the Chair of the Technology Committee be engaged immediately to address this concern to fulfill the statutory mandates of R.C. 2303.26.

Finally, I am requesting that either the Court or the Clerk provide me with any information regarding any other judge of this Court who has been assigned seven TRO motions within a 3-month time span. I have never had this experience in the 15 years I have served as a member of this Court so I would like to know how regular of an occurrence this is. Moreover, when Judge Jeff Brown (and, perhaps, Judge Carl Aveni) made the same assertion in 2022 regarding the number of TRO cases assigned to him, there was an immediate effort to address the issue and to provide relief to him/them. To that end, I believe that the assignment of TRO cases is an issue that needs to be revisited.

As an ancillary matter, my bailiff informed me that a defendant was sent to my courtroom at the direction of Clerk's staff to request a refund on an application to seal record of conviction and/or expungement. My bailiff

1

shared that this defendant asked for her specifically (so I presume he was given her name by someone in the Clerk's Office). This defendant also advised my staff that he was told that I could discuss with him what charges would be sealed, what charges could still show up on records searches and various other questions that should be directed to a lawyer and not the Court. My bailiff advised that neither she nor I could answer those questions and he indicated that he would return to the Clerk's Office and request to speak with a supervisor. As such, I would appreciate a reminder to the Clerk's staff that the Court can never speak with a defendant directly; all communications must be managed through counsel.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200|  (F) 614.525.4641
Kimberly_Cocroft@fccourts.org  |  http://www.fccourts.org

**From:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Sent:** Wednesday, April 3, 2024 10:02 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Seelig, Tammy <tkseelig@franklincountyohio.gov>; Muncy, Samantha S. <ssmuncy@franklincountyohio.gov>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: 24CV2481

Good morning, Judge:

I wanted to follow up after having met with the Clerk's office again.

After reviewing the Civil Case Filing Information Summary document you attached, it became evident this document allowed inconsistencies to be submitted by counsel.

It is important to recognize that what is selected and marked in the efiling system by counsel is the trigger for how a case is drawn. In this case, counsel filed a Complaint and a Motion for Preliminary Injunction, appropriately selecting these options in the efiling system. As I previously noted, this triggered the case to be randomly drawn from the 'regular' pool, which randomly drew your name. Counsel rightfully did not mark the TRO checkbox in the system, as their motion was for a Preliminary Injunction. Had they filed and selected a Motion for TRO contemporaneously with their Complaint and check marked TRO, the judge assignment would have been drawn from the TRO pool. Therefore, this case was correctly randomly assigned out of the regular pool. Even though this case was not drawn from the TRO pool, as noted by Stacy, your name currently is not in the TRO pool until the other Judges have received a case initiation from the TRO pool (meaning a TRO is filed contemporaneously with the complaint).

By way of history, the summary document used to be filed prior to the efiling system being implemented. This was the vehicle by which counsel provided this type of information. The document continued to be used after efiling was implemented as some of the information contained in the document was not contained in the efiling system. However, over the years, almost all of the information contained in the summary document is now an option to

select in the efiling system. As I noted above, what this case did bring to light was the possibility of counsel providing inconsistent information. In this case, when counsel completed the non-mandatory summary document, they did indicate Yes in the TRO question. Presumably, they did so as a TRO was an alternative to their main Motion for Preliminary Injunction. However, this document is not the trigger for determining the pool from which an assignment is made, again, it is the efiling system. The Clerk's office does not refer to the summary document for purposes of determining case assignment.

Based on this discovery, we are working with the Clerk's office to modify (or possibly eliminate) the Civil Case Filing Information Summary document. At the very least, all information that is requested in the efiling system will be removed from the summary document to avoid inconsistencies.

Hopefully, this better explains what occurred in this case. Thanks.



**Susan E. Bedsole**
Deputy Court Director | Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, March 27, 2024 3:59 PM
**To:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Cc:** Seelig, Tammy <tkseelig@franklincountyohio.gov>; Muncy, Samantha S. <ssmuncy@franklincountyohio.gov>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: 24CV2481

Director Bedsole:

I have attached the Civil Case Filing Information Summary for this matter. In reference to the question, "Is a Temporary Restraining Order being requested at this time?", counsel answered "Yes". During my meeting with Director Worthington on this issue, she advised Ms. Crum and me that the Information Summary is what the Clerk's staff uses to assess whether it is a new filing or a refiled action and, therefore, whether it should be placed in the "Random draw" assignment process or the New TRO filing process. Because the information sheet indicates that this is not a refiling and that a TRO was requested at the time of filing, I presume that this should have gone through the New TRO filing process.

Additionally, you referenced that counsel filed this as a Motion for Preliminary Injunction, though the Information Summary indicates that this is an "All Other Civil Cases (Type H)" filing with a request for TRO. The information regarding the Motion for Preliminary Injunction is contained on the first page of the pleading filed. This would seem to suggest that the Clerk's staff is making an assignment designation based on a review of pleadings, which could border on the unauthorized practice of law.

So, if in fact the Information Summary Sheet is used for purposes of assignment, then this 6th TRO assigned to me in the past two months has been assigned to me erroneously. If it remains the Clerk's position that the information provided on the Summary sheet does not indicate clearly that a TRO was requested and, therefore, should have been assigned based on the New TRO process instead of the random draw, then yes - I am requesting that this matter be assigned to another judge.

As an aside, I remain confused by a "random draw" process that continually selects the same judge for assignment of this many TRO motions in such a compressed period of time. To that end, I would request that the Chair of the Court's Technology Committee confer with the Clerk to discuss the randomness of the assignment process and consider an alternative method to ensure parity in the assignment process.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Sent:** Wednesday, March 27, 2024 3:39 PM
**To:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Cc:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Seelig, Tammy <tkseelig@franklincountyohio.gov>; Muncy, Samantha S. <ssmuncy@franklincountyohio.gov>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>
**Subject:** RE: 24CV2481

Good afternoon:

I have reviewed this case with the Clerk's office and determined the following.

Counsel filed the Complaint and Motion simultaneously. Counsel designated the motion as a Motion for Preliminary Injunction and did not checkmark it was a TRO. Motions for Preliminary Injunction do not trigger placement in the TRO pool; therefore, this case was simply randomly assigned out of the 'regular' pool.

I would note, although it appears counsel included an alternative TRO motion within their Motion for Preliminary Injunction, counsel filed the motion as a Motion for Preliminary Injunction, again, they did not checkmark they were filing a TRO.

Based on this review, it appears the case was appropriately assigned, through random draw. Given this, is it still your desire to request a transfer of the case to another Judge? If so, I will seek approval from the AJ.

Thanks.



**Susan E. Bedsole**
**Deputy Court Director | Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

4

**From:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Sent:** Wednesday, March 27, 2024 9:26 AM
**To:** Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Cc:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Seelig, Tammy <tkseelig@franklincountyohio.gov>; Muncy, Samantha S. <ssmuncy@franklincountyohio.gov>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>
**Subject:** FW: 24CV2481

Good Morning, Ms. Bedsole,

I am sending this to you because Director Worthington is out of the office. Judge Cocroft has indicated that she will not be managing this TRO. Based on information provided by Director Worthington in the meeting held on 3/12, Judge Cocroft should be out of rotation for new TRO filings as this is the 6th that she has received this year. Since I have received no response from the Clerk's office, I am requesting that you contact them to ensure that this case is reassigned as quickly as possible.

Thank you,



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.4644 | (F) 614.525.4641
**ShaQuanna_Crum@fccourts.org** | http://www.fccourts.org

**From:** Crum, ShaQuanna N.
**Sent:** Wednesday, March 27, 2024 8:45 AM
**To:** Seelig, Tammy <tkseelig@franklincountyohio.gov>; Muncy, Samantha S. <ssmuncy@franklincountyohio.gov>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** 24CV2481

Good Morning,

In the last 2 ½ - 3 months, 4E has been assigned at least five TROs. A meeting was held with Ms. Worthington on 3/12 to discuss Judge Cocroft's concern regarding TRO assignments. During the meeting, Judge Cocroft was advised that 4E had been removed from the TRO pool for the time being due to a recent TRO assignment.

Yesterday afternoon, 4E was once again assigned a new TRO. I pulled the Case Information Sheet, and I don't see that this has been marked as a refiled case, so I can only assume that it is a new filing. The TRO request was filed at the same time as the complaint. Please advise why this was assigned to 4E.

Thank you,



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.4644 | (F) 614.525.4641**
**ShaQuanna_Crum@fccourts.org** | http://www.fccourts.org

## Cocroft, Kimberly X.

**From:** Cocroft, Kimberly X.
**Sent:** Wednesday, April 10, 2024 2:13 PM
**To:** Worthington, Stacy A.; Mathews, Angela D.
**Cc:** Goodman, Jennifer L.; Bedsole, Susan E.; Chance, Sharlene I.; Brown, Kimberly J.; Brown, Chris M.; Crum, ShaQuanna N.; Seelig, Tammy
**Subject:** RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Thank you, Director Worthington.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Wednesday, April 10, 2024 2:07 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Brown, Chris M. <Chris_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Seelig, Tammy <tkseelig@franklincountyohio.gov>
**Subject:** RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Good afternoon, Judge,

In reviewing #24CV-2865, I believe based on the title of the Motion for Preliminary Injunction accompanying the Civil Complaint, the Clerk should have added a Motion for the TRO document type since the motion is requesting both things simultaneously. I was able to speak with Tammy Seelig briefly and she agreed with my assessment. Their civil manager, Samantha Muncy, is out of the office today therefore she intended to speak with her first thing in the morning to discuss this specific case.

Having said this, the reason that the case did not draw a judge from the TRO judge's pool was because the filer selected the motion for a preliminary injunction with their complaint and the Motion for the TRO was not added hence the reason it drew from the civil judges' pool. I was going to call the Clerk IT department to ask a few questions as to any options for correcting this for this specific case. If not, then I will prepare a transfer entry.

Also, Susan will be responding to your prior email and incorporating the TRO pool assignments that you had requested within her response.
Thank you, Stacy



EXHIBIT

64

1



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529  |  (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, April 10, 2024 9:07 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Mathews, Angela D.
<AngelaMathews@franklincountyohio.gov>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>;
Chance, Sharlene I. <sichance@franklincountyohio.gov>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Brown,
Chris M. <Chris_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction
**Importance:** High

Director Worthington and Chief Deputy Mathews:

In what I can only describe as an unprecedented series of events, I was assigned an 8th TRO on yesterday, with all 8 assignments occurring within the last 3 ½ months. I just addressed the 7th TRO issue last week with Director Bedsole based on the information Director Worthington provided to my staff and me regarding the assignment process. That matter was reassigned to another judge.

Strangely, while Case Information Summary Sheets were used historically by the Clerk up until last week to assist the Clerk's staff in determining how the matter should be filed and, ultimately, assigned, the above-referenced case did not include the Case Summary Sheet which, as a matter of course, would have reflected whether counsel were requesting a TRO. As an initial matter, I would like to know whether there was a Case Summary Sheet received with this filing and, if yes, then I would like to receive a copy of the same. If Case Summary Sheets are no longer being used, then I would appreciate information on when that practice went into effect.

Beyond this, I continue to be baffled by the "randomness" of the Clerk's assignment process that creates an unprecedented number of TRO cases assigned to me in a compressed period. Last week, I requested statistical information from the Clerk and/or the Court to reflect the number of TRO cases that have been filed and the number of judges who have received 7 or more TRO assignments within a 3-month time span. I have yet to receive that documentation. In my 15 years of service, I cannot recall a time during which I have received 7 TRO assignments in one year, let alone in 3 months.

To say that I am concerned about these events would be an understatement. This continuing series of assignments is beginning to feel more like intentional decisions. R.C. 2303.26 clearly delineates the structure of the relationship between the Court and the Clerk. Therefore, I am once again requesting that the Chair of the Court's Technology Committee confer immediately with the Clerk to review the random assignment process including, but not limited to, whether the Clerk's staff review pleadings in making assignment decisions, and to update the assignment process to avoid what are inherently unfair outcomes. I can immediately confirm that the Clerk's staff reviews Court paperwork because, on more than one occasion, plea forms and other documents have been returned to my staff to address clearly ministerial or scrivener errors. In this instance, if the Clerk had reviewed the pleading, then it clearly indicates that the parties were requesting a Temporary Restraining Order.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200|  (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org  |  http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Thursday, April 11, 2024 3:56 PM |
| **To:** | Crum, ShaQuanna N. |
| **Subject:** | RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction |

Thank you for this context, Ms. Crum.

We received 8 TRO's back-to-back but received neither an in-person update or any level of concern regarding the series of TRO cases we received. In fact, we were told that there is nothing that could be done to adjust the system. This is an interesting change in perspective, position, and concern. It is unfortunate but, regrettably, unsurprising.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Sent:** Thursday, April 11, 2024 3:50 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** FW: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Good Afternoon, Judge Cocroft,

I just wanted to give you context behind Ms. Worthington's email below. Ms. Worthington stopped by to inform me that the case was indeed transferred to Judge Serrott. She stated that she had spoken with Judge Serrott this morning to inform him that he would be receiving the case. She also wanted to give him a heads up that he was next in line on the Random TRO list. Ms. Worthington said she was unable to adjust the system, so due to the transfer it was likely he would receive back-to-back TROs. She said she didn't want Judge Serrott to be caught off guard.

Thank you,



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.4644 | (F) 614.525.4641**
ShaQuanna_Crum@fccourts.org | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Thursday, April 11, 2024 12:18 PM
**To:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Cc:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Good afternoon, ShaQuanna,

Per our conversation this morning, I have e-Filed the transfer entry for this case to be assigned to Judge Serrott. Judge Kim Brown has signed the transfer entry and I have reached out to the Clerk's office to approve the filing.

Thank you, Stacy



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**From:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Sent:** Thursday, April 11, 2024 10:34 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Thank you, Ms. Worthington. Do you know who this case will be transferred to? I have spoken with Counsel, and because this is an emergent circumstance they would like to schedule this TRO as soon as possible.

Thank you,



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.4644 | (F) 614.525.4641
ShaQuanna_Crum@fccourts.org | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Wednesday, April 10, 2024 2:07 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Brown, Chris M. <Chris_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Seelig, Tammy

<tkseelig@franklincountyohio.gov>
**Subject:** RE: 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction

Good afternoon, Judge,

In reviewing #24CV-2865, I believe based on the title of the Motion for Preliminary Injunction accompanying the Civil Complaint, the Clerk should have added a Motion for the TRO document type since the motion is requesting both things simultaneously. I was able to speak with Tammy Seelig briefly and she agreed with my assessment. Their civil manager, Samantha Muncy, is out of the office today therefore she intended to speak with her first thing in the morning to discuss this specific case.

Having said this, the reason that the case did not draw a judge from the TRO judge's pool was because the filer selected the motion for a preliminary injunction with their complaint and the Motion for the TRO was not added hence the reason it drew from the civil judges' pool. I was going to call the Clerk IT department to ask a few questions as to any options for correcting this for this specific case. If not, then I will prepare a transfer entry.

Also, Susan will be responding to your prior email and incorporating the TRO pool assignments that you had requested within her response.
Thank you, Stacy



**Stacy Worthington**
Director of Court Support Services
Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, April 10, 2024 9:07 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Mathews, Angela D. <AngelaMathews@franklincountyohio.gov>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Chance, Sharlene I. <sichance@franklincountyohio.gov>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Brown, Chris M. <Chris_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** 24CV-2865 - Motion for Temporary Restraining Order and Preliminary Injunction
**Importance:** High

Director Worthington and Chief Deputy Mathews:

In what I can only describe as an unprecedented series of events, I was assigned an 8th TRO on yesterday, with all 8 assignments occurring within the last 3 ½ months. I just addressed the 7th TRO issue last week with Director Bedsole based on the information Director Worthington provided to my staff and me regarding the assignment process. That matter was reassigned to another judge.

Strangely, while Case Information Summary Sheets were used historically by the Clerk up until last week to assist the Clerk's staff in determining how the matter should be filed and, ultimately, assigned, the above-referenced case did not include the Case Summary Sheet which, as a matter of course, would have reflected whether counsel were requesting a TRO. As an initial matter, I would like to know whether there was a Case Summary Sheet

3

received with this filing and, if yes, then I would like to receive a copy of the same. If Case Summary Sheets are no longer being used, then I would appreciate information on when that practice went into effect.

Beyond this, I continue to be baffled by the "randomness" of the Clerk's assignment process that creates an unprecedented number of TRO cases assigned to me in a compressed period. Last week, I requested statistical information from the Clerk and/or the Court to reflect the number of TRO cases that have been filed and the number of judges who have received 7 or more TRO assignments within a 3-month time span. I have yet to receive that documentation. In my 15 years of service, I cannot recall a time during which I have received 7 TRO assignments in one year, let alone in 3 months.

To say that I am concerned about these events would be an understatement. This continuing series of assignments is beginning to feel more like intentional decisions. R.C. 2303.26 clearly delineates the structure of the relationship between the Court and the Clerk. Therefore, I am once again requesting that the Chair of the Court's Technology Committee confer immediately with the Clerk to review the random assignment process including, but not limited to, whether the Clerk's staff review pleadings in making assignment decisions, and to update the assignment process to avoid what are inherently unfair outcomes. I can immediately confirm that the Clerk's staff reviews Court paperwork because, on more than one occasion, plea forms and other documents have been returned to my staff to address clearly ministerial or scrivener errors. In this instance, if the Clerk had reviewed the pleading, then it clearly indicates that the parties were requesting a Temporary Restraining Order.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**EXHIBIT**

65

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, September 27, 2023 9:58 AM |
| **To:** | McIntosh, Stephen L. |
| **Subject:** | RE: Ad Hoc Committee - Update |

Thank you, Judge. If there is an apology, then I may reconsider. But, at this point, that my not be enough. I will continue to be thoughtful and prayerful.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Wednesday, September 27, 2023 9:55 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: Ad Hoc Committee - Update

I will respect your decision. However, you had and have so much to offer. Your voice on this issue in particular is one that needs to be heard. Unfortunately, there has developed within our court a "click" of judges that routinely discuss issues among themselves and come to meetings with an agenda. I have the utmost respect for you as a person and as a judge and always appreciate the thoughts and opinions you share at meetings. Your absence from this committee will be felt.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, September 26, 2023 6:15 PM
**To:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Subject:** Ad Hoc Committee - Update

Good evening, Judge:

As I shared with you when you asked me to serve, if I ever felt as if there was an abrasive position that was taken or hostile rhetoric that was used, then I would respectfully exit from service. Based on today's meeting and the tone and tenor of comments from the other committee members, I am going to remove myself from participating.

1

To have one judge state to our county justice partners that I was intentionally disregarded as the Court attempted to work through this issue initially is both disrespectful and unacceptable and is a clear indication that the "unity" that has been discussed consistently is an illusion. Moreover, to have another judge state that there have already been preliminary conversations with other judges regarding what has been discussed over the last two days and about which I, as a committee member, was not made aware until today's meeting (because everyone knew where I stood) is dismissive, at best, particularly given the fact that I have witnessed an attempt to persuade an individual to support a certain position. Perhaps, if I had been approached sincerely about my position and those with opposing viewpoints even considered me worthy of a thoughtful conversation, then I may have been persuaded. But for judges, who seemed to suggest that they "control" the thoughts and positions of other judges, to be summarily dismissive and then to vocalize the behavior and decision publicly is beyond what I will tolerate. My service as a judge of this court is no less important, necessary, and valued than any other judge who serves. What transpired today was both embarrassing and uncalled for and I will not subject myself to that behavior for the good of the Court and at the sacrifice of my own well-being and professional integrity.

I appreciate the opportunity to serve.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, October 25, 2023 1:30 PM |
| **To:** | Brown, Chris M. |
| **Subject:** | RE: Today's meeting |

Good afternoon, Judge Brown:

Thank you for your email. Having to manage intentional disrespect is increasingly exhausting.

At some point, we can have a conversation; but I just need a moment to catch my breath from everything that has transpired.

Be well.

KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Brown, Chris M. <Chris_Brown@fccourts.org>
**Sent:** Tuesday, October 24, 2023 10:51 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** Today's meeting

Judge Cocroft,

I just wanted to say I appreciated your comments at today's meeting. I know it was difficult for you, because I know the backstory behind your remarks. You walked a tight line between being respectful while being righteously upset at how you were treated by certain members of the ad hoc committee. I thought you did a great job expressing your experience to everyone at the meeting.

You don't need my approval, but I just want you to know I saw you, I understood the context, and I admire your courage for speaking about your experience. You shouldn't be put in that position, but I thought you did a great job in handling it and expressing yourself.

Take care, let's chat soon.

**Judge Chris Brown (he/him/his)**
**Franklin County Common Pleas Court**
**General Division**
**345 S. High St., Courtroom 3F**
**Columbus, Ohio 4315**

1


EXHIBIT
67

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Friday, September 22, 2023 12:27 PM |
| **To:** | Neubig, Rebecca L. |
| **Cc:** | Koller, Jacqueline A.; Crum, ShaQuanna N. |
| **Subject:** | Follow Up |

Good afternoon, Ladies:

I'd like to talk with you on Monday as a follow-up to Paige Clark. If you'd work with ShaQuanna to find a time, then I would appreciate that.

Thank you.

Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



EXHIBIT

68

1

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Tuesday, November 14, 2023 12:00 PM |
| **To:** | Davis, Cameo E. |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E. |
| **Subject:** | RE: Issue 2 |

Ms. Davis:

I have a few questions about the communication you sent on behalf of Administrative Judge McIntosh:

1. To whom was this communication sent?
2. Was this policy position vetted by the Personnel Committee? Or was it a position that Administrative Judge McIntosh took on behalf of the Court, consistent with the language of Supt. R. 4, which this Court adopted in its Local Rules?
3. Issue 2 does not go into effect until 30 days after the election and, even then, there are legislative modifications that are likely to be made. Would it have been more prudent for the Court to wait before sending out a policy position, since we don't know what the final form of the legislation and accompanying rules will be?



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Sent:** Tuesday, November 14, 2023 11:20 AM
**Subject:** Issue 2

Please see the below email on behalf of Administrative Judge Stephen L. McIntosh:

Good morning,

On Tuesday, November 7, 2023, Issue 2 was passed by Ohio voters to legalize adult-use (and purchase) of recreational marijuana.

Issue 2 included the following language as well:

- An employer does not have to permit or accommodate an employee's use, possession, or distribution of cannabis at the workplace, or tolerate an employee's impairment from the drug, even if caused by lawful off-duty use of cannabis;

1


EXHIBIT
69

- An employer is permitted to refuse to hire, discharge, discipline, or otherwise take an adverse employment action against an individual because of that individual's use, possession, or distribution of cannabis in the workplace;

- An employer is permitted to establish and enforce a drug testing policy, drug-free workplace policy, and/or zero-tolerance drug policy; and

- If an employer discharges an employee from employment due to cannabis use in violation of company policy, the employee will be considered to have been discharged for just cause.

Remember that any drug, even if legal, that impairs an employee's ability to safely perform their job or that places others in danger during work hours is against policy. Please review the Court's policy by using this link  Court Policies and Procedures - HR- Drug Free Workplace.

Should you have any questions please speak with your supervisor or human resources.



**Cameo Davis**
Pronouns: She/Her/Hers
Director of Human Resources and Training
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.5312 | (F) 614.525.8903**
Cameo_Davis@fccourts.org | http://www.fccourts.org

2

EXHIBIT

69

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, November 15, 2023 12:55 PM |
| **To:** | McIntosh, Stephen L. |
| **Cc:** | Goodman, Jennifer L.; Bedsole, Susan E.; Phipps, Karen Held; Page, Jaiza N. |
| **Subject:** | RE: Issue 2 Memo to staff |

Judge McIntosh:

Thank you.

I have no issue with the Administrative Judge of this Court making an executive decision and requesting that a communication is sent, consistent with the authority contemplated under our Local Rules or Rule of Superintendence 4. And I'm grateful to know that your purview is acknowledged and respected by our administrative team in that regard.

The genesis of my concern lies with connecting an already-existing policy to what is an unsettled outcome of an election. I don't know if employees had approached supervisors or members of administration about the ability to engage in the use of recreational marijuana while employed with the Court, and that was the basis for the communication. Beyond the potential use by employees, it seems that the Court, at some point, would also need to consider the potential use of recreational marijuana by probationers who do not have a medical marijuana card and for whom urine screens are required. I foresee a challenge with verifying that any use would be consistent with the parameters outlined on the Issue 2 ballot or imposed eventually by the legislature.

Finally, because I presumed a policy matter might be vetted by the Personnel Committee, I did share my communication with Judge Phipps and Judge Page, as Chair and Co-Chair, respectively.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Sent:** Wednesday, November 15, 2023 12:36 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** Issue 2 Memo to staff

Judge Cocroft I asked Cameo to send an email to all employees reminding them of the court's drug-free work policy which was adopted by the court September 18, 2018. I did not wish to wait until Issue Two was to officially go into effect. I wanted our staff to know that currently it does not change court policy and Issue Two included some language regarding employer rights in the workplace. Obviously, we as a court can change our current policy after vetting it through personnel and a vote of the judges. It makes sense to begin that process once we see the legislation.

1

I would be happy to answer any other questions that you may have.

**Judge Stephen L. McIntosh**
**Administrative Judge**
**Franklin County Court of Common Pleas**
345 South High Street, 4B
Columbus, Ohio 43215
**(614) 525-3550 (O)**
**(614) 525-3868 (F)**

**Cocroft, Kimberly X.**

EXHIBIT

70

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Tuesday, December 19, 2023 9:36 PM |
| **To:** | Neubig, Rebecca L. |
| **Cc:** | Koller, Jacqueline A.; Crum, ShaQuanna N.; McCall, Tamara L.; Wunderlich, Dan |
| **Subject:** | Paige L. Clark |

Ms. Neubig:

I wanted to touch base with you regarding the above-referenced defendant. My staff informed me that, this morning, you called myriad times and sent a Teams message regarding signing the transport order. Candidly, I don't know why it would be necessary for you to follow-up in such a repetitive way, unless you believed that my staff would not give me the message or that I should sign the entry more quickly. And while I am under no obligation to give you insight into my schedule, I will do so for the limited purpose of this communication.

On December 18, I received a call from                    while managing my morning docket,

Today (December 19), I took                         arrived at the courthouse by 9am.

I am hopeful this narrative provides context regarding my extensive obligations. As I shared with you previously when you questioned my authority to make a decision regarding a revocation proceeding, I am beyond capable of and diligent in the management of my workload. We both know that Ms. Clark has already had myriad opportunities to take advantage of the assistance that I, as Judge, have attempted to offer. And she has yet to take full advantage of those opportunities. Though there was an intake interview scheduled for today, it is not something to which Ms. Clark is entitled; it is another exercise of my discretion as Judge.

To be clear, I will not be rushed into doing anything associated with the management of my docket but, in truth, my ability to sign the entry at 9am given all that I had to manage unexpectedly on yesterday is impressive. So, it is my expectation that you recognize when you

contact my staff once, you do not need to follow up with them or with me. This is the second time within just a few months it appears that you are questioning either my ability or authority; both are unacceptable. I trust that this kind of communication from me will not be necessary moving forward.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Tuesday, January 9, 2024 10:56 AM |
| **To:** | Wunderlich, Dan |
| **Subject:** | Re: Paige L. Clark |

Chief Wunderlich:

Candidly, I am disinterested in having another conversation with Ms. Neubig on the topics of respecting boundaries and understanding our respective roles in this process. I just had this same conversation with her and Ms. Koller not even three months ago and, yet, I am having to address a similar circumstance once again.

Additionally, I am unclear about why you are sharing with me that she may be anxiety ridden. Is that to suggest that I don't have the ability to request that she allow me to do the job I was elected to do? Is that to imply that I cannot provide contextual information to an employee who has exceeded yet again her professional boundaries with a judge, when I am unaware of her challenging another judge in the way she has felt comfortable with questioning me? What was your purpose in sharing that? I have been subjected to Ms. Neubig, Ms. Hoffman, Mr. Welker, Mr. Harshman, Mr. Wokas and others in the Probation Department demanding that I explain to them why I have made decisions I am permitted to make as Judge. I have been subjected to having members of the Probation Department review records and other documents I have not asked them to review in order to assess whether a decision I have made has a basis in fact. There are few circumstances that could and have created the level of anxiety, concern, disappointment and frustration that I have been made to endure based on circumstances I have not created. And that anxiety, concern and frustration has been heightened through this communication, which almost feels like an attempt to blame me for a situation that I did not create.

Moreover, I have no challenge with more people being on the distribution list; rather, as I articulated, my concern is the repetitive follow-up to ensure that I have received and responded to her message, when I have no obligation to respond in a timeframe that is best for her and for a defendant who has squandered the numerous opportunities I have given that defendant.

So, rather than having another conversation, since the conversation I just had on this topic was ignored summarily, I would appreciate you emphasizing with her the necessity of respecting my position as Judge and of recognizing that there are very few jurists who are as invested in the success of defendants as I am.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Wunderlich, Dan <Dan_Wunderlich@fccourts.org>
**Sent:** Friday, January 5, 2024 12:28 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: Paige L. Clark

Hi Judge,

I didn't reply to all on this, however wanted to reach out. I spoke with Ms. Neubig before the holiday and she is very apologetic and still remains anxiety ridden. I explained that your courtroom is very efficient and there was no need to make several calls once she sent the initial Teams message. I did invite her to put more people on the distribution for efficiency sake. I could give you her explanation but don't want to give the appearance of excuses.

Upon your return and when you have a few minutes, would you mind if we came over? I have found Ms. Neubig to be a hardworking, diligent officer who genuinely cares about the well-being and success of those she supervises. She has volunteered to take on extra duties and also assists with coordination in conjunction with the CATCH court. If it's not appropriate, I certainly understand.

Thank you and I hope you had a wonderful holiday!



**Dan Wunderlich**
**Chief Probation Officer** | Franklin County Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.4419 | (F) 614.525.3685
Dan_Wunderlich@fccourts.org  |  http://www.fccourts.org

---

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, December 19, 2023 9:36 PM
**To:** Neubig, Rebecca L. <Rebecca_Neubig@fccourts.org>
**Cc:** Koller, Jacqueline A. <jackie_koller@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; McCall, Tamara L. <Tamara_McCall@fccourts.org>; Wunderlich, Dan <Dan_Wunderlich@fccourts.org>
**Subject:** Paige L. Clark

Ms. Neubig:

I wanted to touch base with you regarding the above-referenced defendant. My staff informed me that, this morning, you called myriad times and sent a Teams message regarding signing the transport order. Candidly, I don't know why it would be necessary for you to follow-up in such a repetitive way, unless you believed that my staff would not give me the message or that I should sign the entry more quickly. And while I am under no obligation to give you insight into my schedule, I will do so for the limited purpose of this communication.

On December 18, I received