| | |
|---|---|
| **From:** | Pesterfield, Walt J. |
| **Sent:** | Tuesday, June 14, 2022 4:02 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | S.W.O.T Assignment |
| **Attachments:** | Leadership Team Meeting-Essay Questions.docx; SWOT-SELF.docx; Company SWOT .pdf |

Good afternoon Judge Cocroft,

As requested, I have attached the S.W.O.T documents as well as the list of questions. Thank you for scheduling this meeting and assigned SWOT analysis. I am hopeful that this can facilitate some positive change and help improve the cohesion and trust within the Executive Team as well as the FCCP as a whole.

Thank you,

Walt



**Walt J. Pesterfield**
Chief Probation Officer
Franklin Common Pleas Court
369 South High Street | 5th Floor | Columbus, OH 43215-4554
(P) 614.525.7367| (F) 614.525.3685
Walt_Pesterfield@fccourts.org | http://www.fccourts.org



EXHIBIT

72

1

## STRENGTHS

Team Building

_____

Listening/Collaboration
_____

Optimistic
_____

Inclusive with Staff input
_____

Working w/other departments & partners
_____

## WEAKNESSES

Impatient with slow changes
_____

Follow through with small task
_____

Frustration w/old ineffective leadership
Style
_____

New technical systems
_____

_____

# SWOT
## Analysis
### SELF

## OPPORTUNITIES

Improve on new/local systems within our State
_____

Continual Culture Change from old Culture

Improve skills of persuasion with others

Start "Leadership" Training within Department

Increase communication/collaboration w/Judges
_____

## THREATS

Inability to help change
_____

Culture
_____

"Old Way of Business" Mindset

My ability and Frustration with

Superiors and communicating that
_____

appropriately and effectively.
_____

_____

CREATED BY
TemplateLAB

# SWOT ANALYSIS



## STRENGTHS

Executive Staff are experienced and knowledgeable.

Court is financially stable.

Franklin County has an abundance of services and service providers.

## THREATS

Lack of trust between Executive/Deputy Director

Exec. Failure to empower Directors

Culture-Untrusting, negative, corrosive. Listening/Collaboration- Minimal

## OPPORTUNITIES

With change in Leadership Mindset- Great team that can thrive, Exec. & Directors working as valued team.

Exec/Directors- Have great Staff.

## WEAKNESSES

Overall lack of trust with Executives vs Directors

Lack of empowerment from Exec. To Directors

Dysfunctional leadership from Executive(s).

# Leadership Team Meeting

# Judge Cocroft

1. **How do I define the culture of FCCP-Gen?**

   (Executive Team) Restrictive, fosters "status quo" mentality. I.E. Why change things, why do things differently, why look at new or progressive options. Why invest in our employees over what is required by statute. Micromanaging of day to day operation and areas that are very deep in the weeds. Very untrusting within the group of Directors, mistrust based upon past behaviors.

2. **How do I believe that others define the culture of FCCP-Gen?**

   Controlling, untrusting, dismissive, "old school", unconnected, Execs. Have very little faith in Executive Directors as voiced to me by virtually every level in the department and 90% of employees with 2 or more years. <u>Negative</u>, uncaring.

3. **What am I doing that impacts positively the culture of FCCP-Gen?**

   Communicating, transparency, Positive attitude, actions, and communication. Involving employees in solution-oriented activities within the department. Professional standards and empowerment of employees. Leading by example.

4. **What am I doing that negatively impacts the culture of FCCP-Gen?**

   Having frustration with leadership style and trying to support Execs as well as trying to build bridges between Probation Department and Exec(s). Trying, but not successful Yet.

5. **Am I the best Leadership Team member that I can be? If yes, then why? If no, then why?**

   I believe Leadership is a never-ending learning opportunity. We learn from every level of our organization. I believe that I am leading with integrity, progressiveness, inclusion, collaboration, and ethics. However, great leaders continually look to improve and have self-reflection and ask for honest feedback from inner leadership team.

6. **Do I trust my Leadership Team members? If yes, then why? If no, then why?**

   **Executive team:** I trust most members of my leadership team. It is more difficult to trust leaders who are distrustful, negative, look for the worst in subordinates that are in their division. When Leaders (exec) don't have trust/faith in their exec. Team, it erodes the culture of the exec. Leadership team.

**Divisional Leadership Team:** Yes, I have a great team of Manager/Leaders. They all have different skills, talents, and contributions. I trust, empower, and have high expectations to for them to be Leaders. They have embraced our improving culture, attitude, and progressive attitude. They are thriving! Though we have had some difficult decisions to make and uphold, they have embraced the challenge and culture.

7. **Am I the kind of leader that others want to follow? If yes, then why? If no, then why?**

Yes. Through great mentorship, continual learning, and learning from mistakes.

I thrive to utilize "Servant Leadership" with my leadership team. I have challenged my team to utilize this style with staff and develop strong, health, professional relationships with their employees.

Thus far, the feedback from Managers has been that their relationships with staff have improved, and the culture of the department is positive, hopeful, are welcomed!

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Canada, Kimberly |
| **Sent:** | Thursday, June 23, 2022 7:29 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | Leadership Assignment |
| **Attachments:** | SWOT Anaysis Responses KCanada.docx |

Hi Judge Cocroft,

Please find my leadership assignment. I was having some computer problems here on my laptop so I hope its readable.

If you have any issues please let me know and I can send it again at work tomorrow. Thank you have a great evening. Kimberly



**Kimberly Canada**
Director of Finance
Franklin County Common Pleas Court – General Division
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.7651 | (F) 614.525.4480
Kimberly_Canada@fccourts.org | http://www.fccourts.org

## Self-Inventory Analysis

### Strength

I am loyal, honest, fair, a business professional, funny, I believe in professional advancement for self and others, I am open to change, open to new opportunities, I like working with all types of people, committees, projects and the community. I have the courage to try new things, I have a strong-minded person and I am strong willed.

### Weaknesses

I don't always speak up for myself, I work tirelessly to avoid mistakes simply out of fear of losing my job or acceptance by leadership; I care way to much on how other think of me, I have lacked the courage to leave this job to try new opportunities. I don't trust people specifically my colleagues.

### Opportunities

Education and training; leaving the court for better job advancement, participating on committees outside of the court beyond a financial capacity, turning my strengths into advancement opportunities

### Threats

Fear, lack of support, to many years on the same job, lack of opportunities in franklin county

## Organization/Team Analysis

### Strength

Professionalism, solid organization, completes excellent work, everyone on the team are subject matter experts, forward thinkers, strong writers, we operate as a team/organization, we make sure all work produced from the executive level is of the highest quality

### Weaknesses

Lack of trust, leadership managed by fear, team members talking about each other instead of going to the person they have issue with, directors tend to be afforded little latitude in the decision making process; some things are micromanaged, at times this team does not foster an environment for inclusion, professional relationships with judges and other county professionals

### Opportunities

Education and training; assigned parking at the courthouse, help with advancement opportunities in jobs, developing professional relationships around the county

### Threats

Fear, lack of support for directors, diversity and inclusion issues, trust amongst colleagues

1. **How do you define the culture of FCCP-Gen?**
One word disappointing. The court is task with a tremendous responsibility of administering justice while protecting and servicing the community. While on the most part those tasks are executed admirably, the culture is another story. There is a lack of trust in the court environment amongst staff, there are clicks, personal judgements, racism, bias's that unfortunately no amount of training is going to change some individuals. This culture is full of fear, anger, bullying and the list goes on. Many people will say the culture has gotten better, in my opinion, it depends on the circumstance. I see people that speak up against injustices in this court become labeled as difficult people, there are people here that wants those type of staff to be quiet. May times when individuals go against the grain (sort of speak) they find themselves in a negative work environment or forced out of the court. Such behavior creates a since of fear that results in silence. None of us really know what a person is going through in their personal lives so the work environment should not add stress to their lives. I find the separation between how the judicial staff is treated, probation staff, and everyone else contributes to a difficult culture because some people are micromanaged and other are given the latitude to be professionals. Freedom of expression has always been encouraging as long as that individual stays within the parameters of what is considered non-confrontational or steers away from the uncomfortable side of diversity and inclusion. I overheard a person in leadership say once that what happened to George Floyd was unfortunate but why should I feel bad about it. It's not my fault what happened to him. Yes, there are bad people in this world but... and the conversation went on to talk about entitlement and how they don't feel as though they are entitled. That the court does a lot for diversity and inclusion. The conversation was with three people on the leadership team. There was another conversation about entitlement and this leadership person has a real issue with the mere mention of it. It does not escape me that all people in this court should be supported and recognized fairly. It has been my experience that as a woman of color, I have been marginalized, excluded, called names, talked about terribly and the list goes on. Now, while I may not experience all of these things daily as I once did, the fact of the matter is a lot of the behavior still exist; it's just managed differently.

2. **How do I believe that others define the culture of FCCP-Gen?**
Some say it's a working progress and that its better than it once was. I say the more vocal a person is, places them in a situation to be quiet about their dislikes or become participants in their own demise. We all say this is the best court in the state; however, when you listen to some staff, there are some issues here that need to be addressed surrounding culture differences, giving staff opportunities to advance based on their skills, longevity and not on "I like you today". Many understand there will always be personality conflicts, differences, etc. but the petty superficial bias's that continue to govern the courts' culture instead of allowing people to be who they are needs to stop.

3. **What am I doing that impacts positively the culture of FCCP-Gen?**
   Talking to people, being friendly, trying to show myself to be available whenever I can. Creating an environment in my department for everyone to be heard, respected, and valued. Sharing job opportunities that comes my way or providing training opportunities. Encouraging education, certifications, or finishing their degrees. I share my work experiences with staff, the successes and shortcomings. I address negative behavior. I encourage teamwork within my department. We as a department celebrate birthday and life milestones. I encourage, my staff to share their knowledge with each other so that everyone can thrive in the department. Sometimes, this can be difficult for me because I have colleagues that have created opportunities for my staff to question my authority over the years. There used to be a saying that all we have to do is tell person "x" and they will change what we don't like. I don't see much of this behavior post pandemic.

4. **What am I doing that impacts negatively the culture of FCCP-Gen?**
   Not speaking up for myself. Not standing with my truth but instead quietly standing in opposition while appearing to be in alignment with those that make the rules and decisions.

5. **Am I the best Leadership Team member that I can be? If yes, then why? If no, then why?**
   I would say yes based on what I have observed and taught myself over the years. When I became a part of the leadership team of this court, I was given initially a false sense that I had the support of all the leaders on the executive team. I quickly found out that this was not the case. So, through trial and error I've learned what works for me and my department. I stop being afraid to speak my truth and saying something (when appropriate) when I don't agree. I am a great listener to others, and I hold their confidence (even though they do not do the same for me). I work as a team player, I offer suggestions, I participate when I can, and I support my colleagues whenever possible. I am open to continuous learning because I believe we can all do better.

6. **Do I trust my Leadership Team members? If yes, then why? If no, then why?**
   No. I have watched people lie, manipulate, sabotage, hurt individuals because they have the power to do so. I have been one of those people who has been the outsider on the leadership team. I have been talked about terribly by my colleagues as a leader and my personal business has been spread around like hot topics by individuals, I thought I could trust. I will never be ok with one individual speaking out to other about my husband's cancer battle. It was not their place to tell my business like that and the only reason I said anything to them is because of their position on the leadership team. My personal beliefs require me to forgive but I will never forget the insensitivity and betrayal. My direct supervisor continuously excludes me from financial matters of this court and the same responses are given each time; I did not get a chance to tell you, I have not had time to tell you, it just happened, etc.; but my colleagues who do not have anything to do with these items generally know more about stuff then I do. I find

my supervisor to be discounting and illusionary. She will give a false sense that she is helping you and supporting you but really, it's the opposite.

7. **Am I the kind of leader that others want to follow? If yes, then why? If no, then why?**
In my opinion, it depends on who you ask. In the court some would say yes because I am fair, sensitive to my staff's personal situations, I don't micromanage staff and I am open to best practices or efficiency ideals. In the past, staff has said I can be harsh when I am being direct, that deadlines can be unrealistic at time when I am not willing to adjust them, and I am not always friendly to those I don't like; never rude just cold. I say, I am the kind of leader that other would want to follow because I come in here everyday with the mindset to do my best work no matter how I feel that day. I look past the hash behavior I have experienced here and continue to promote my staff (and other) to be their best selves every day.

| | |
|---|---|
| **From:** | Bedsole, Susan E. |
| **Sent:** | Wednesday, June 15, 2022 2:42 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | SWOT - Answer |
| **Attachments:** | Bedsole - Org SWOT and Answers to Questions.pdf |

Judge:

Attached is my organization/team SWOT analysis and the answers to the questions.

Thanks!



**Susan E. Bedsole**
Deputy Court Director | Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.3668 | (F) 614.525.4480
Susan_Bedsole@fccourts.org | http://www.fccourts.org

# Organizational/Team SWOT
## Susan Bedsole

### Strengths
Broad expertise
Benefits (for staff) make Court appealable
Fiscally sound
Technology
Streamlined processes and procedures
Established core competencies

### Weaknesses
Unmotivated/selfish employees
Lack of vision/goals
Death by meetings/not focused
Communication
Many team members not confident
Distrust/lack of support
Small matters become crisis
Siloed
Failure to follow core competencies

### Opportunities
Broad-range training
Technology
Declining cases
Long-term staff turnover
Increase diversity
New generation of employees
New directors, new ideas

### Threats
Limited time to meet
Non-progressive culture
Elected official turnover
Long-term staff turnover
No talent to hire
New generation of employees
Creativity/changing direction often stymied

# Susan Bedsole

1. How do I define the culture of FCCP-Gen?
   It's not necessarily a culture where I feel connected to the organization or most of the people. It is not an environment of unity, where we all are working for the greater good of our community. The environment is replete with selfishness and what appears to be the inability to feel or express empathy. For many, it is a job, not a career. So many get lost in the minutia and the overall work is lost. With all that we receive, the question is always 'why not more', which is a sad epitaph for an organization. Thankfully, this doesn't apply to everyone and many people make the drive in each day worth it.

2. How do I believe that others define the culture of FCCP-Gen?
   I believe external people generally view the Court positively. Internal staff are segmented. Most appreciate the culture and thrive. A small percentage, regardless of change, continue to be negative and focus on things that don't deserve focus.

3. What am I doing that impacts positively the culture of FCCP-Gen?
   My mantra is 'assume the positive' and I consistently provide this advice when people are assuming negative intent. I also make certain people understand the 'why' behind the 'what'. This understanding often stops negative thoughts behind a decision that impacts the person.

4. What am I doing that impacts negatively the culture of FCCP-Gen?
   Sometimes I am the person that is expressing negativity, which is not helpful. I try to express frustrations constructively, but there are times I falter.

5. Am I the best Leadership Team member that I can be? If yes, then why? If no, then why?
   I don't think you can ever be the 'best', I think this is always a learning process. For example, today's workforce is very different from the workforce of 30 years ago, so my leadership skills have to morph with the change in employees. I always strive to be a good leader, and believe that most times I am. As I noted above, sometimes I do falter when, essentially, I have had enough, especially when others are not being reasonable. As for our specific Team, I try to be supportive, but it is a struggle sometimes.

6. Do I trust my Leadership Team members? If yes, then why? If no, then why?
   There is both trust and distrust. I trust the Team has the Court's best interest in mind, even if there isn't perfect presentation of the issue. But there is too much pettiness, and this leads to distrust. The siloed nature of each director leads to a feeling of not really being a team. Much of this feeling for the other directors comes from the ED and DD being separated from them so much. Which I have tried to stop, so it's a little better. But this comes at a risk for me.

7. Am I the kind of leader that others want to follow? If yes, then why? If no, then why?
   I believe I am. I have been managing people for 30 years and I still receive text messages on Boss's Day from people I managed 20 years ago. Do I have room for improvement, of course. But my experience has been my advice is often sought, my suggestions often followed, and I am a mentor.

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Worthington, Stacy A. |
| **Sent:** | Friday, June 17, 2022 7:07 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | SWOT Analysis |
| **Attachments:** | Stacy's SWOT Analysis.xlsx.docx; Corporate SWOT Analysis.xlsx.docx |

Good morning, Judge,

Attached are my individual and corporate SWOT analysis. I will see you on June 27th.
Thank you, Stacy



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

# Stacy's SWOT Analysis

## Strengths

- Knowledgeable of court business processes

- Expertise with e-Filing and Court Forms applications.

- Good relationships with staff

- Dedicated worker

- Good at training New Judges/Staff of business processes

## Weaknesses

- Honest to a fault (struggle as a leader when told not to provide the complete truth to staff)

- Need improvement with excel

- Finding more availability for support staff meetings

## Opportunities

- Allowed to join Judge's Criminal Committee

- New Access to Justice Committee member

- Rolling out new CMS

## Threats

- Constant competition amongst executive team for recognition/validation

- Has been less opportunity to be at the table with Judges

- Rolling out new CMS

# Corporate SWOT Analysis

| Strengths | Weaknesses |
|---|---|
| <ul><li>Diverse Bench</li><li>Dedicated and Knowledgeable Staff</li><li>Technically advance in workflow processes (ie e-Filing, Court Forms, Video Arraignments)</li></ul> | <ul><li>Lack of united front between Judges and Administration</li><li>Lack of professional support at times from Judges toward Management</li><li>Staff with expertise in specific areas are not always brought to the table prior to decision making</li></ul> |
| **Opportunities** | **Threats** |
| <ul><li>New Administrative Judge (new philosophy)</li><li>New philosophy can improve staff morale</li><li>Access to Justice Committee (new initiatives for the community we serve)</li></ul> | <ul><li>Staff turnover (large amount of staff able to retire)</li><li>Loss of historical knowledge due to staff turnover/retirements</li><li>Change in political climate (less passes for sitting Judges running for re-election)</li></ul> |

| | |
|---|---|
| **From:** | Davis, Cameo E. |
| **Sent:** | Friday, June 17, 2022 9:19 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | SWOT Analysis |
| **Attachments:** | Corporate SWOT Analysis 06.17.22.docx |

Good morning, Judge.

I wanted to send this to you timely, and as I am out of the office next week, today is the day!

Have a great holiday weekend!



**Cameo Davis**
Pronouns: She/Her/Hers
Director of Human Resources and Training
Franklin County Common Pleas Court
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.5312 | (F) 614.525.8903
Cameo_Davis@fccourts.org | http://www.fccourts.org

# Court (Corporate) Analysis – Cameo Davis

| Strengths | Weaknesses |
|---|---|
| Employee Tenure<br>Economic stability<br>Respected Bench<br>Compensation<br>Benefits<br>Turnover – low | Leadership morale<br>    Unsupported allegations are not<br>    managed<br>Employee morale<br>    Flexibility – lack thereof<br>    Time off – expected to be justified, not<br>    able to completely unwind, must stay on<br>    guard<br>Work culture<br>    Micromanagement<br>    Civility – lack thereof<br>Employee Development<br>    Succession planning – no plan<br>    Training – not supported<br>    Networking – not supported<br>    Diversity – a challenge<br>Compliance<br>    Policies<br>    Timekeeping |
| **Opportunities** | **Threats** |
| Pandemic – demonstrated alternative work<br>schedules are possible<br>Social Media | Business continuity<br>Media coverage<br>Financial liability<br>Economic Shift<br>Social Justice |

### Additional Questions

1. **How do I define the culture of FCCP-Gen?**
   - Employee friendly - even in economically difficult times, the Court works to avoid reduction in staff. During the pandemic the Court balanced safety with pay and paid staff 100% while working 75% of the time. The Court is mindful of employee privacy. The Court strives to not overstep with employees.
   - Fair - the Court has adopted and implemented practices to ensure compensation and raises are equitable to all employees.
   - Rigid – Leaders are not flexible in management of employees.
   - Fearful- Within the leadership circle it is not safe to offer ideas and risk failure, it is better to keep tried and true techniques.
   - Political - meaning a group of employees can influence the Court.

- Irrational - meaning that policies can be suggested to the Court, but not adopted to please a group of employees.

2. **How do I believe that others define the culture of FCCP-Gen?**
   - People want to work here; they view the Court as prestigious and typically they are willing to invest in a lifelong career.

3. **What am I doing that impacts positively the culture of FCCP-Gen?**
   - Work to accomplish the mission of HR daily, recruiting, hiring, engaging employees, promoting ideas, mentoring, problem solving, willing to stand up to questionable conduct that impacts me personally.
   - Lead by example – I am dependable, reliable, and work to interact with all in a respectful manner.

4. **What am I doing that negatively impacts the culture of FCCP-Gen?**
   - I have had difficulty finding anyone that will participate in a succession plan in HR. That seems to indicate that it is not a culture that they believe that they want to thrive in, likely due to me sharing difficulties.
   - At times it appears that I am unable to influence others in a positive way (meaning once there is a mindset, I cannot find a way to overcome it.)
   - I allow others to see/hear when aspects of a negative culture are impacting me.

5. **Am I the best Leadership Team member that I can be? If yes, then why? If no, then why?**
   - I do provide support and encouragement to team members, but I also will participate in commiseration and I should not do that. I also witness others that are treated in a manner that is not respectful and I do not intervene, honestly.

6. **Do I trust my Leadership Team members? If yes, then why? If no, then why?**
   - At times, I do. Some of them, I would like to think are friends, but I have been warned by many that this is simply not true.
   - Successes are not celebrated, and failures are painful and public. Depending upon the day, I could be targeted in front of my peers. That is frustrating, humiliating and demoralizing.
   - Each of us are micromanaged, examined, questioned, not given the benefit of the doubt.

7. **Am I the kind of leader that others want to follow? If yes, then why? If no, then why?**
   - I would like to think yes, as I work hard to build relationships. I work hard to be present, reliable, available, and accountable.
   - However, the fact that I am unable to change/influence the culture in which I work is not the impact of a leader. Instead, I have work arounds to navigate the culture to attain a desirable outcome. That does not appear to be leadership behavior.
   - The fact that I have not been able to identify my successor appears to demonstrate that my employees do not want to be a leader on this team.

| | |
|---|---|
| **From:** | Goodman, Jennifer L. |
| **Sent:** | Tuesday, June 21, 2022 3:24 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | Leadership Meeting - Responses |
| **Attachments:** | SWOT Personal and Organization Analysis - JGoodman.pdf; Leadership Mtg - Question Responses - JG.pdf |

Good Afternoon Judge Cocroft:
I have attached responses to the questions you provided; as well as, a personal and organizational SWOT analysis. If there are any responses you would like for me to elaborate upon, please let me know. I am looking forward to our meeting next week. Thank you. Jen



## Jennifer Goodman
Pronouns: She/Her/Hers
Executive Director
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.4147 | (F) 614.525.4480**
Jennifer_goodman@fccourts.org | http://www.fccourts.org

## SWOT Analysis – Personal & Organizational – JGoodman

### SWOT Analysis – Personal

Strengths:
- Responsible; Loyal; Problem solver; Good listener; Team player; Financially responsible; Effective leadership of change management; Empathetic; Patient; Kind; and, Honest.

Weaknesses:
- Strive for perfection; Sense of urgency to complete tasks or solve problems; Desire for information to be received positively; and, Struggle with balancing work and life.

Opportunities:
- Further develop leadership qualities; Educate myself further regarding specific court processes in order to better develop solutions and efficiencies in my role; Further develop relationships with Judges and staff to ensure I stay connected to the culture and needs of the Court and staff; and, Continue to work on my work/life balance so when I am here I am presenting the best version of myself.

Threats:
- Maintaining positive and productive relationship with leadership of funders and justice partners; Changing expectations of the Court by the public and justice partners requiring changes to business processes and necessitating on-going change management.

### SWOT Analysis – Organizational

Strengths:
- Effective management of the largest caseload in the State; Effectively utilizing technology to a great extent in a non-traditional environment; Effective, knowledgeable and responsible staff; and, Fiscally prudent.

Weaknesses:
- Being open minded to changes proposed and desired by justice partners; Ability to see what is best for the organization (Court) vs. what may be most desired by one or a few.

Opportunities:
- Further embrace technology; Explore and embrace new practices and processes that provide effective services but in an even more efficient manner.

Threats:
- Limited ability, due to nature of work, to provide some of the desired benefits that are the focus and desire of staff which could result in a loss of the caliber of staff maintained; and, If relationships with justice partners deteriorate those aspects that require partnership could suffer.

<u>**Leadership Meeting – Question Responses - JGoodman**</u>

1. <u>How do I define the culture of FCCP-Gen?</u>

   The culture of the Court is multifaceted. Although efforts have been made to bring the Court and the Probation staff together, this continues to be a challenge which was further complicated by the pandemic. Several efforts, to include gatherings, training sessions and meetings, were successfully coordinated pre-pandemic to bring the staff together, most of which resulted in positive feedback from the staff. In addition, in speaking with newly hired staff, we receive a lot of feedback that the culture in our Court is much more engaging and transparent than where they have come from, which is positive.

   Having said this, there are still improvements to be made. Specific to the Court side of operations, there continues to be a separation between Court Administration and Judges and their personal staff. As issues arise and are resolved, we appear to make progress; however, when new issues arise this separation re-presents itself. Specific to the Probation side of operations, as mentioned above, there continues to be a separation between Court and Probation staff. Much of this is related to the differing requirements of staff to include: hours of work; timing of lunch (one hour vs. one and a half hours); and, varying expectations of work product. Within Probation, we have recognized some improvements in the internal culture through the implementation of several new protocols (i.e., work from home during COVID; remote work ongoing; inclusion of staff in policy and procedure development), further, the Chief PO has worked to engage more with staff of all levels and improved transparency. However, as to be expected, when business need drives a decision that is not received well by some staff, those staff are quick to revert back to old mindsets.

   In summary, I define the culture overall to be improving but believe working to improve the culture will be an ongoing effort based upon the changing work environment.

2. <u>How do I believe that others define the culture of FCCP-Gen?</u>

   Others, defined as other staff, is addressed in question number one.

   Others, defined as those outside of the Court, define the culture of the Court as having higher expectations than in other workplaces. This is somewhat expected based upon the nature of our work; however, my experience has been that other entities and county agencies seem to believe there is an extreme sense of urgency or importance when the Court identifies a problem or a matter that needs addressed, and that the issue should be prioritized over other matters. In some circumstances this is not negative, again due to the nature of our work; however, we have worked in recent years to promote more of a sense of collaboration. This does not mean that requests or issues brought forth by the Court are not important but rather we want others we engage with to find our Court and staff approachable and willing to work with others to resolve issues and build relationships.

3. <u>What am I doing that impacts positively the culture of FCCP-Gen?</u>

My efforts, on a daily basis, are focused upon trying to positively impact the culture of the Court. The daily tasks I address may be specific to a project or resolving an issue but how we come to a resolution always has a level of focus to try to resolve the matter in a manner that positively impacts the culture. Or, at very least, trying to minimize any negative impact to the culture.

Specific actions or efforts I take in an attempt to positively impact the culture include: making myself available to discuss matters with Directors and staff; being open minded to new ideas and thoughts as to how we handle matters and a willingness to explore these ideas. Further, I make an effort to recognize staff and Directors on their accomplishments and attempt to do regular 'check-ins' to see how things are going, generally.

4. <u>What am I doing that impacts negatively the culture of FCCP-Gen?</u>

While my intent is to always impact the culture positively, there are times in which my schedule and a necessity to urgently address matters could be negatively perceived. I feel a need to generally stay informed of most issues, not with the intent of oversight, but in order to be supportive and provide assistance when appropriate. While my intent is simply to be informed about issues, I sense some team members interpret this as a lack of me trusting them to accomplish an issue independently. I regularly stress my intention to support and empower team members; however, due to the overall culture of the Court, including the Judges expectations, there is often a necessity for me to be at least informed. Many Judges have the expectation and assumption that issues are resolved timely and to their desire. If I am at least minimally informed and know the process or status I am able to answer questions and support the efforts of the team members.

From a broader perspective, the leadership of the Court is interpreted as those that make all decisions independently. Unfortunately, the positive accomplishments and decisions are not always focused upon; rather, the focus seems to be on what is perceived as negative. This can vary from issues surrounding disciplinary or staffing matters, of which we cannot discuss, to policy changes and perceptions of support. In the past, I have been more engaged with staff to make better connections; however, during COVID we have had far less opportunities. While this connection does not solve all the issues, it does appear to assist by developing a sense of relationship and better understanding.

5. <u>Am I the best Leadership Team member that I can be? If yes, then why? If no, then why?</u>

While I strive to be the best leadership team member I can be, I am a firm believer there is always room to improve and I make efforts regularly to develop and improve my leadership skills. When I first became a member of the leadership team, I was less experienced and learned many lessons. In my opinion, trusting and supporting team members are some of the most important aspects of being a good leadership team member. Being supportive includes connecting with the team members on a professional and personal level. The professional level connection is easier to accomplish due to the necessity of all of us to work together and accomplish tasks. On a personal level, I make an effort to ask team members about their lives

and families and points of interest. The latter effort is more difficult only because we do not have a lot of time to chat but is obvious that it is appreciated.

As I mentioned previously, leadership development and growth is important to me and is something I take seriously. In the past, I have read leadership books and attended conferences; however, what I have found most effective in developing leadership skills is building relationships and being supportive through listening and embracing other's ideas. While I cannot always support every idea for change, by listening to an issue or the opinions of those on the leadership team, we can often come up with a solution or action that is a compromise or a step in the direction of accomplishing the underlying issue important to the team member. When there is not a way to move forward, taking the time to allow the team member to be heard is still beneficial and allows us to focus on how to manage what is driving the frustration or desire for change. This, too, is helpful and a way in which to be a supportive team member.

6. <u>Do I trust my Leadership Team members? If yes, then why? If no, then why?</u>

For the most part, yes, I do trust my leadership team members. As a leadership team, we often discuss the importance of supporting one another and understanding one another's differing points of view. It is inevitable that we all do not agree on every aspect of the issues we are tasked with addressing as the leadership. It is these times that trust comes into play as we all approach situations from different backgrounds and experiences, both in our professional and personal lives. When team members question each other's perspectives or beliefs in a constructive but understanding manner, we build trust. When team members discount other beliefs because they do not align with their own, trust becomes an issue. For the most part, team members are willing to open their minds to differing points of view but there are times when personal beliefs outweigh this effort and trust is impacted.

I do think there are times when a team member does not trust that the intentions of another team member is coming from a supportive place. I feel it is my responsibility to try to bring the team members together and I attempt to do so by discussing the issue with the team members; however, the only way the team members can genuinely build trust among one another is to do so without my interaction. This is an area that our leadership team could grow in relation to building trust.

7. <u>Am I the kind of leader that others want to follow? If yes, then why? If no, then why?</u>

I believe the efforts I make to be supportive and inclusive are those that help to define me as a leader that others want to follow. Further, staff members here in the Court that I have supervised in other capacities still regularly reach out to me and discuss the time I supervised them in a positive manner. This trait, the same as being a good, supportive leader, is something I feel cannot be assumed; rather, it is something I strive to maintain and improve as situations and staff evolve.



August 2, 2022



EXHIBIT

73

# GROUND RULES

- What happens here or is spoken here – stays here
- Respect is a must
- Listen with the intention to understand, not to respond
- Honesty is a necessity
- Be okay with being uncomfortable
- Discomfort ≠ Disaster
- Believe that the results of this conversation will be positive

# ICEBREAKER

- Tell us about yourself
  - Education? Family? Hobbies? Hometown?
  - What career path brought you to the Court?
  - Why did you decide to work for the Court?
  - What is one personal fact about you that your colleagues don't know?
  - What is one professional character trait that your co-workers may interpret in a negative way?



WHY?

 Because it's necessary

 Because it's important to converse candidly before a crisis

 Because it's crucial for leaders to support leaders

CKX1
CKX2



## AJ OBSERVATIONS

- My first 8 months of service
  - What I've experienced
  - What I've seen
  - What I've attempted to accomplish

**CKX1**     Cocroft, Kimberly X., 6/24/2022

**CKX2**     Cocroft, Kimberly X., 6/24/2022



## Staff

- Expertise
- Tenure
- Knowledge
- Dedication

## Finances

- Fiscally Responsible
- Compensation/Benefits

## The Bench

- Respectability
- Diversity (Query – How does each of us define "Diversity"? In your mind, is that word synonymous with Equity and Inclusivity?)

## Scope and Use of Technology



CORPORATE WEAKNESSES

- Lack of:
  - Support
  - Trust
  - Opportunities for professional growth and participation in decision-making processes**
    - What does this mean?
  - Morale and Motivation
  - Empowerment to do the work hired to do
  - Civility
    - Not what you say but how you say it
    - Watch your mouth
    - Watch your face
  - Communication
  - Selflessness
  - Unity
  - Focus
  - Compliance (Rules, Policies, Core Competencies)**
    - Who is not compliant? New hires? Current EEs? Who has responsibility for ensuring compliance?
  - Openness to change
  - Connection to one another, between Court side and APD side

# CORPORATE OPPORTUNITIES

- New leadership and employees bringing new ideas (precipitated by long-term staff turnover)
- Pandemic practices
- New initiatives to better serve our constituents
- Education and training
- Development of professional relationship with justice and county partners



CKX3

# CORPORATE THREATS

- Time and ability limitations
- Loss of Tenured Staff/Judges
- Volatility of the electoral environment
- Culture
- DEI/Social Justice Issues
- Relationship with justice partners
- Business continuity
- Media coverage
- The economy
- Lack of trust, communication and empowerment

**CKX3**     Cocroft, Kimberly X., 6/24/2022



## SELF/GROUP REFLECTION

- Am I the kind of follower people want to lead?
- Am I the kind of leader people want to follow?
- Am I intentional in identifying the best way to lead?
- What is the purpose of my leadership? (self preservation vs. advancement of the organization)
- What am I afraid of?
- Has my fear caused me to react/respond to my colleagues in a way that doesn't honor who they are to the organization?



**PROPOSALS**

- Clearing and Candid Conversations
- ED or DD meet with each direct report and review Position Description
- Directors fulfill work responsibilities consistent with Position Description
- Regularly scheduled Leadership Team Meetings (No Business Discussions Allowed)
- Embrace working smarter, not harder

## Cocroft, Kimberly X.

Good afternoon Judge Cocroft,

I appreciate your kind words and your willingness to embrace our team. I am open to additional leadership meetings as I learned so much in just that short amount of time about myself and my colleagues. While I am only one voice out of several, I am open to the meetings.

Have a good day! Kimberly



**Kimberly Canada**
Director of Finance
Franklin County Common Pleas Court – General Division
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.7651 | (F) 614.525.4480
Kimberly_Canada@fccourts.org | http://www.fccourts.org

*"I've learned that people will forget what you said, people will forget what you did, but people will never forget how you made them feel" – Maya Angelou*

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, August 3, 2022 3:24 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Canada, Kimberly <Kimberly_Canada@fccourts.org>; Scott, Christopher M. <Christopher_Scott@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Subject:** THANK YOU

Good afternoon, Team:

I had an opportunity to reach out to each of you last night but I wanted to take another moment to thank you for your willingness to participate in our Leadership Team Meeting. I know that it was a new and different experience and there may have been some hesitate and uncertainty related to your participation. But I believe we took an important step in creating an even more dynamic and cohesive leadership unit!

As I shared, I am happy to facilitate these encounters but would certainly encourage the Exec Team to have candid conversations to the extent that each of you is comfortable with doing so. If there is an interest in another encounter, then I would like to talk more intentionally about the theme of increasing interactions with the judiciary. There are both substantive and practical insights that I believe are necessary to share on this topic. So, if this is something that interests you, then please let me know.

**EXHIBIT**

74

Be well!

Best,
Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

**From:** Pesterfield, Walt J.
**Sent:** Wednesday, August 3, 2022 4:40 PM
**To:** Cocroft, Kimberly X.; Goodman, Jennifer L.; Bedsole, Susan E.; Worthington, Stacy A.; Canada, Kimberly; Scott, Christopher M.; Davis, Cameo E.
**Subject:** RE: THANK YOU

Good afternoon Judge Cocroft,

I too want to thank you for facilitating the Leadership Team Meeting yesterday. It was very inciteful and it was interesting learning about one another's background. I believe it would be beneficial to have further conversations in the future.

Thank you very much,

Walt

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, August 3, 2022 3:24 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Canada, Kimberly <Kimberly_Canada@fccourts.org>; Scott, Christopher M. <Christopher_Scott@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Subject:** THANK YOU

Good afternoon, Team:

I had an opportunity to reach out to each of you last night but I wanted to take another moment to thank you for your willingness to participate in our Leadership Team Meeting. I know that it was a new and different experience and there may have been some hesitate and uncertainty related to your participation. But I believe we took an important step in creating an even more dynamic and cohesive leadership unit!

As I shared, I am happy to facilitate these encounters but would certainly encourage the Exec Team to have candid conversations to the extent that each of you is comfortable with doing so. If there is an interest in another encounter, then I would like to talk more intentionally about the theme of increasing interactions with the judiciary. There are both substantive and practical insights that I believe are necessary to share on this topic. So, if this is something that interests you, then please let me know.

Be well!

Best,
Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

---

| | |
|---|---|
| **From:** | Bedsole, Susan E. |
| **Sent:** | Friday, August 5, 2022 11:56 AM |
| **To:** | Goodman, Jennifer L.; Cocroft, Kimberly X.; Pesterfield, Walt J.; Worthington, Stacy A.; Canada, Kimberly; Scott, Christopher M.; Davis, Cameo E. |
| **Subject:** | RE: THANK YOU |

Oops, apparently I didn't actually hit send!

Judge:

I echo the sentiments expressed by others! Thank you for the opportunity and I look forward to further discussions.



**Susan E. Bedsole**
Deputy Court Director | **Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3668 | (F) 614.525.4480**
Susan_Bedsole@fccourts.org | http://www.fccourts.org

**From:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Sent:** Wednesday, August 3, 2022 6:35 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Canada, Kimberly <Kimberly_Canada@fccourts.org>; Scott, Christopher M. <Christopher_Scott@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Subject:** Re: THANK YOU

Good Evening Judge:

I agree that yesterday's meeting was a step in a positive direction and also believe there is value in scheduling additional meetings.

Thank you for coordinating and facilitating the meeting and your willingness to continue to work with our team.

Have a great evening. Jen

Get Outlook for iOS

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, August 3, 2022 3:24 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Canada, Kimberly <Kimberly_Canada@fccourts.org>; Scott, Christopher M. <Christopher_Scott@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Subject:** THANK YOU

Good afternoon, Team:

I had an opportunity to reach out to each of you last night but I wanted to take another moment to thank you for your willingness to participate in our Leadership Team Meeting. I know that it was a new and different experience and there may have been some hesitate and uncertainty related to your participation. But I believe we took an important step in creating an even more dynamic and cohesive leadership unit!

As I shared, I am happy to facilitate these encounters but would certainly encourage the Exec Team to have candid conversations to the extent that each of you is comfortable with doing so. If there is an interest in another encounter, then I would like to talk more intentionally about the theme of increasing interactions with the judiciary. There are both substantive and practical insights that I believe are necessary to share on this topic. So, if this is something that interests you, then please let me know.

Be well!

Best,
Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

| | |
|---|---|
| **From:** | Worthington, Stacy A. |
| **Sent:** | Thursday, August 4, 2022 8:32 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: THANK YOU |

Good morning, Judge,

Thank you for facilitating our meeting on Tuesday. I enjoyed learning more about our team especially our new team members. I am hopeful that we can continue this process.

And, I really appreciate the voice mail you left for me as a follow-up to the meeting.
Thanks again, Stacy



**Stacy Worthington**
Director of Court Support Services
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.2529 | (F) 614.525.4480
Stacy_Worthington@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, August 3, 2022 3:24 PM
**To:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>; Pesterfield, Walt J. <Walt_Pesterfield@fccourts.org>; Canada, Kimberly <Kimberly_Canada@fccourts.org>; Scott, Christopher M. <Christopher_Scott@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Subject:** THANK YOU

Good afternoon, Team:

I had an opportunity to reach out to each of you last night but I wanted to take another moment to thank you for your willingness to participate in our Leadership Team Meeting. I know that it was a new and different experience and there may have been some hesitate and uncertainty related to your participation. But I believe we took an important step in creating an even more dynamic and cohesive leadership unit!

As I shared, I am happy to facilitate these encounters but would certainly encourage the Exec Team to have candid conversations to the extent that each of you is comfortable with doing so. If there is an interest in another encounter, then I would like to talk more intentionally about the theme of increasing interactions with the judiciary. There are both substantive and practical insights that I believe are necessary to share on this topic. So, if this is something that interests you, then please let me know.

Be well!

Best,

Judge KC



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org  |  http://www.fccourts.org

89



**Re: Draft- Discriminatory Harassment Policy**
Patrick E Sheeran    to: Cameo E Davis                                    12/05/2014 04:47 PM
Cc: "DePalma, Denise", Jennifer L Goodman

Dear Cameo,

Thoughts:

1.      Paragraph 2, lines 1-2: "The Court will not tolerate a hostile environment created by co-workers."
First thought: I hope we won't tolerate one created by judges, either. Proposed solution: "The Court will
not tolerate a hostile work environment created or maintained in the workplace." The rest of the
paragraph will remain the same.

2.      Page 2, Section II. Investigation. As written, it is fine. I am concerned about possible frivolous or
completely unfounded allegations. Do we have--I think we should--any policy about such allegations? I
understand not wanting to create a chilling effect on reporting complaints, but I am also deeply concerned
about vindictive employees (over some perceived slight by a supervisor, co-worker, etc.) making a truly
"phony" complaint.

3.      Page 2, Section II, paragraph D. I am concerned about the use of the word "accused' here. I
would substitute language used elsewhere (see Section III): "alleged wrongdoer."  "Accused" implies a
formal accusation, which I don't think a report actually is. It is a complaint by an employee, but prior to an
inquiry, we have no idea whether it is valid or just plain wrong.

4.      Page 2, Section IV, B: I would have it read "All complaints are treated seriously and, unless the
complainant is satisfied with an agreed upon corrective action, shall be thoroughly investigated.

Thanks,

Pat

Pat Sheeran, Administrative Judge
Franklin County Common Pleas Court
345 South High Street, Courtroom 4-A
Columbus, Ohio  43215
614-525-3550  (Telephone)
614-525-3868 (Fax)

---

Cameo E Davis        Hi Judge, Here is a draft, I have included inform...        12/05/2014 03:58:58 PM

| | |
|---|---|
| From: | Cameo E Davis/Common Pleas Court |
| To: | Patrick E Sheeran/Common Pleas Court@Common Pleas Court, |
| Cc: | "DePalma, Denise" <ddepalma@franklincountyohio.gov>, Jennifer L Goodman/Common Pleas Court@Common Pleas Court |
| Date: | 12/05/2014 03:58 PM |
| Subject: | Draft- Discriminatory Harassment Policy |

Hi Judge,

Here is a draft, I have included information based upon the report that included recommendations.  Jen
also had a couple suggestions, so I have included those as well.

[attachment "Discriminatory Harassment 11-14.docx" deleted by Patrick E Sheeran/Common Pleas Court]



**EXHIBIT**

75

7/28 (cont)

In summary,

- behavior reported is/inappropriate however, as was
not harassing in nature directly toward Maggie. vm
Wd consider hostile wking environ. situation. wViolette
case

- concerned about placing any other staff in this
role. Suggest offering JAVS installation to
avoid future liability to the Court.

- need to discuss course of action re: any
further investigative interviews.
To what extent do we want to pursue investigation
of a judge  * important to discuss

EXHIBIT
76

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, January 22, 2024 9:08 AM |
| **To:** | Hummer, Jeanine A. |
| **Subject:** | RE: Meeting |

Good morning, Jeanine:

The 15 minutes will be fine. If you wish to bring Ms. Dean, then that will also be fine.

See you at 11am.

Judge KC

-----Original Message-----
From: Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
Sent: Sunday, January 21, 2024 10:26 AM
To: Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
Subject: Meeting

Judge
I am sorry about the meeting on Monday but I have back to back meetings and would only have a short time 15 minutes to discuss.
I am available all afternoon on Thursday and would be able to provide you the needed attention. I also wanted to check if you would feel comfortable with Theresa Dean my Deputy Director Labor and Employment attending.
Again, my apologies.
Jeanine

Sent from my iPhone
Excuse my typos



EXHIBIT
78

1

**Cocroft, Kimberly X.**



**EXHIBIT**
**80**

| | |
|---|---|
| **From:** | |
| **Sent:** | Monday, February 5, 2024 10:12 AM |
| **To:** | Dean, Theresa M.; Hummer, Jeanine A.; Cocroft, Kimberly X. |
| **Subject:** | RE: Judge Cocroft |

Good morning.

Please accept this correspondence as the formal complaint of Judge Kimberly Cocroft per Section II(F) of the Court's Anti-Harassment Policy, with an effective date of 2/23/16. Judge Cocroft is complaining of the filing of a false, bad faith complaint against her by Jennifer Goodman on or about November 1, 2022, in violation of the Court's personnel policies.

Thankyou for your kind attention.

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Thursday, February 1, 2024 11:30 AM
**To:** Co Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** RE: Judge Cocroft

**[EXTERNAL]**

Judge Brown is aware of the Court's rules and she takes Judge Cocroft's complaint seriously. The judges want the court to be a place where everyone is treated fairly. That said, we wanted to point out a few things.

Judge Brown has requested and authorized that we communicate the following information to Judge Cocroft. Initially, by the rule's own terms, it's not clear it was meant to apply to a complaint from one judge against another (or against the court as a whole). Throughout the text of the rules, when there is an intent to apply to judges or the court usage of the words "judge" or "Court" are used. As you are aware, there are numerous contexts in which an elected official is not deemed to be an employee for purposes of various laws like unemployment and Title VII. Then, even if we read the policy to apply to complaints made by judges, it only says that the information will be reported to the "Administrative Judge in order to initiate an investigation." The rule does not speak to any process. In many cases, this could refer to having HR begin an investigation—obviously that won't happen here. However, it's entirely unclear that

1

the AJ has authority (as set forth in Rule 4.01 of the Rules of Superintendence) to institute an outside investigation of other judges without any notice or discussion with those judges. In other words, Judge Brown, as AJ, does not find a prohibition to having this request reviewed by the Court.

You note that swift action was taken previously, but in that case, although no investigation was initiated, Judge Cocroft was notified of the allegations and there was a judge's meeting, at which Judge Cocroft had legal representation.

We are dealing with a client made up of 17 independently elected officials, which includes your client. Judge Brown is attempting to make this process as efficient as possible as well as being fair to Judge Cocroft's request and the concerns raised. To that end, she would like to approach the court with a recommendation that they contract with an independent investigator (preferably Heather Adams), who can look at the court's policies and procedures as they relate to claims by and against judges, determine if there are deficiencies, identify best practices, and make a recommendation for moving forward in a way that benefits everyone who works at the Court. Again, Judge Brown wants Judge Cocroft to know that her recommendation to the Court to move in this direction is to make clear that Judge Cocroft's concerns are not being dismissed but rather are being heard.

Thank you.

Theresa Dean
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

## Office of G. Gary Tyack
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

ᴦ ⸱ ⸱
**Sent:** Wednesday, January 31, 2024 12:20 PM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Cc:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Re: Judge Cocroft

To follow up, and in addition to my original email, Judge Cocroft reminds me of a situation in 2022.

When a court reporter alleged harassment while Judge Cocroft served as AJ, the reporter didn't want Cocroft (AJ), Goodman (ED) or Bedsole (DD) to investigate. So, Judge Cocroft ordered an outside investigator to be engaged. The full court did not approve it. The investigation was completed without incident.

We thought this was good information to have as practice and precedent while you continue to decide how to proceed. Thanks again.

**Cocroft, Kimberly X.**



**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Thursday, February 8, 2024 10:50 AM
**To:** Cocroft, Kimberly X.
**Cc:** Hummer, Jeanine A.
**Subject:** RE: Follow Up

Judge Cocroft,

Thank you for acknowledging receipt.

Theresa

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Theresa Dean
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, February 8, 2024 9:05 AM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Follow Up

Ms. Dean:

This communication will serve as an acknowledgment of my receipt of your February 7, 2024 email.

Because I just completed a murder trial late yesterday and have several criminal matters that require my undivided attention in the next week, in addition to having to manage my civil docket and other

responsibilities associated with the unexpected departure of my staff attorney, who resigned because, in her words, the treatment she saw me experience was "a lot" for her to manage, I would like to take some time to digest your communication and will respond as my schedule permits.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Wednesday, February 7, 2024 1:16 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Follow Up

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Judge Cocroft,

Thank you for your email. I did speak with Jeanine shortly after your email. I think it is important to share how we have been proceeding under our statutory authority. We represent the Court as an entity and we have represented the judges as individuals on certain types of matters. You brought forward to Jeanine your concerns with how the 2022 matter was handled. Jeanine did share with you then and now that we did our best to advise the Court how to maintain privilege and we were not able to raise that exemption when we received a public records request because of how records were made or distributed.

We did confer with many Judges and court administration regarding the public records request. We also communicated with your attorney,

At this time the Court does not want to bring in special counsel and we are not involved in the substantive review of your complaint.

Our goal throughout this process is to address issues you raised with Jeanine concerning processes and procedures that are needed when a high ranking employee has a complaint about a Judge as well as when a Judge has a complaint about a high-ranking employee. Again, our goal here is to allow you to address through this process where there may be short-comings in the existing policy.

Based on the communication we received from you a            that doesn't fully address your concerns.

We have communicated to Judge Brown and she has engaged Judge McIntosh, as the Presiding Judge, and Judge Phipps, as chair of the Personnel Committee, to assist her with your request. We have communicated to Judge Brown your formal notice of complaint.

2

Judge Brown has requested you provide her with specifics on the complaint against Ms. Goodman, and it is her plan to provide that to the Court for their review and determination as to whether and how to move forward. Judge Brown has indicated you will have an opportunity to be fully heard by the court concerning your complaint.

Please note, any communication by our Office to you or the Court are not public records and are subject to privilege. Emails from one judge to another may be subject to disclosure as public records.

Thank you.

Theresa Dean
she/her/hers
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, February 6, 2024 8:43 AM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** Follow Up

Ms. Dean:

Because you were not present at my first meeting with Ms. Hummer where I advised her of my claims of a hostile work environment, based on race and gender discrimination, I will provide context for you.

At the January 18, 2024 meeting, Ms. Hummer inquired about Ms. Corl's participation in the meeting, and Ms. Corl articulated her role clearly. To that end, a conversation with Ms. Hummer may be helpful to you in understanding her role. But so that my position is clear, Ms. Corl is not representing me as my counsel with respect to claims against the Court.

The more salient question from my perspective, however, is the role that you and Ms. Hummer are playing in this process. In your February 1, 2024 email, you stated, "We are dealing with a client made up of 17 independently elected officials (***). In that regard and as your client, I am unclear on how the decision was made to prioritize the position of one client's desired process for resolution (Administrative Judge Kim Brown) over another client's notification of race and gender-based discrimination. Moreover, Ms. Hummer shared with me at the January 18, 2024 meeting that she provided advice regarding the management of Ms.

Goodman's baseless complaint to Richard Frye, which advice he ignored. Additionally, Ms. Hummer and Mr. Zervas conferred with Ms. Goodman and other members of court administration regarding the public records request associated with Ms. Goodman's baseless complaint before I was ever advised that a public records request involving me had been submitted. Finally, while Ms. Hummer and Mr. Zervas expressed to me that the public records request had to be submitted at a time certain and gave me about an hour notice of the deadline for any statement I would like to have included with the public records request, your office then extended the deadline for submission of public records after Ms. Goodman notified them that she would like to determine if she would submit additional public records (which, as you know, should have been provided in the original records submission and, which to this day, have never been provided by Ms. Goodman or your office).

Based on the foregoing, I am unclear on whether your office has a conflict of interest in providing any advice or representation to Administrative Judge Brown or other members of the Court regarding my current claims because of your involvement in providing advice and counsel at the time that Ms. Goodman submitted her baseless complaint.

Nevertheless, so that my position is clear, please accept this communication as my formal notice, per Section II(F) of the Court's Anti-Harassment Policy with an effective date of 2/23/16, that I am complaining of the filing of a false, bad faith complaint against me by Jennifer Goodman on or about November 1, 2022, in violation of the Court's personnel policies.

Additionally, please accept this communication as my formal notice that the mistreatment I have experienced goes far beyond Ms. Goodman's false and baseless complaint. But through your series of communications, which are laced with a tone that is both dismissive and unnecessarily aggressive, and seemingly intended to intimidate me into submission and compliance with your proposed plan of action, you have made clear that there is no intention to even try to examine the gender and race discrimination and retaliation I have experienced at all levels of the Court. To that end, please be advised that I will take my race and gender-based discrimination complaints elsewhere.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, February 21, 2024 1:33 PM |
| **To:** | Kimberly Cocroft |
| **Subject:** | FW: Follow Up |



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Sent:** Wednesday, February 21, 2024 1:21 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** RE: Follow Up

Judge,
Good afternoon.
I thought it would be appropriate to address your concerns.

I want to be clear the issues you have raised <u>**are important.**</u> I made that clear in our first meeting.
I will reiterate that. I provided a path to allow those issues to be addressed. I understand you do not believe that path will address all your concerns, however, it is a path that may prove helpful to your concerns.

Finally, the FCPO can't force the court or an individual judge to do anything. However, we sincerely recommend that you agree to this first step and allow Heather to look at the court's processes and procedures. This investigation may open the door for your specific concerns to be addressed.

Thank you,
Jeanine

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names, and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney-Client privilege associated with this Opinion/Advice.***

Jeanine Hummer
First Assistant Prosecuting Attorney and Chief Counsel
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215

1



EXHIBIT

82

Phone: 614-525-3269 Cell:614-5950099
Fax: 614-525-6012
jhummer@franklincountyohio.gov

## Office of G. Gary Tyack
**Franklin County Prosecuting Attorney**



Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, February 20, 2024 1:40 PM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Follow Up

Ms. Dean:

First, my apologies for the delay in sending this reply to your communication below. However, I am working diligently to balance the management of my duties with myriad unexpected circumstances created by my ongoing concerns.

Next, while it feels as if our exchanges are becoming circular, I am compelled to respond to some of the inaccuracies in your February 7, 2024 communication.

First, R.C. 309.09 states, "The prosecuting attorney shall be the legal adviser of (***) all other county officers (***) and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties." So, I am confounded by the distinction you've attempted to create regarding when your office represents the Court and when it represents individual judges, because it appears that your office is to serve as the legal adviser of every county officer in all circumstances. In this instance, however, there seems to be an inherent conflict between the positions of two clients whom you are statutorily required to advise. To that end, are you aware of any formal, informal, or advisory opinions from the Ohio Ethics Commission that address this conundrum?

Next, there continues to be some intentional or accidental confusion regarding the sum and substance of the January 18, 2024 meeting with Ms. Hummer. At the onset of the meeting, Ms. Hummer was given notice of my claims, and those of members of my personal staff, of a hostile work environment based on race and/or gender discrimination and was provided with specific examples that included, but were certainly not limited to, the way in which Ms. Goodman's baseless complaint against me was handled by the Court and your office. To represent my clearly articulated position otherwise is erroneous, at best and disingenuous, at worst.

Moreover, I am aware of all communications with                    , as well as all communications sent to your clients - The General Division Judges - regarding both the notification and management of the public records request. More specifically, I am aware that: 1) Mr. Zervas sent a request for documents responsive to the public records request (on which you were copied) to Ms. Goodman and the administrative team first and then to the judges (in consultation with then Administrative Judge McIntosh) before I                    and I were notified of the request; and 2) Colleen O' Donnell, who shared a suite with me at the time this plan unfolded, came in to the office on December 5, 2022 for the sole purpose of meeting with Mr. Zervas and Ms. Hummer regarding the public records request. You have also conceded that your office met with other judges regarding the request.

While I appreciate your representation that: 1) you and your office have no role in my complaint against Ms. Goodman, even though it appears that you continue to provide advice and counsel to Administrative Judge Brown regarding the management of this process, and; 2) Administrative Judge Brown has determined she, Presiding Judge McIntosh and Personnel Committee Chair Phipps will review my complaint against Ms. Goodman, it is imperative to highlight that allegations in Ms. Goodman's baseless complaint and the subsequent measures taken by the Court implicate and involve all three members of this panel. And, as an element of a fair and impartial investigation of my claim, as contemplated by the Court's Anti Harassment Policy, there is a high probability that each of these judges will be required to make statements to ensure a thorough investigation. So, when you said, "At this time the Court does not want to bring in special counsel and we are not involved in the substantive review of your complaint", who made that decision on behalf of "the Court" and on what authority was that decision based? Moreover, what is your office's role in this process, if you are not involved "in the substantive review of [my] complaint"?

Candidly, I am both stunned and disappointed by the creative ways in which my claims of discrimination and a hostile work environment have been managed and discounted. Continuing to relegate my serious concerns to issues involving "processes and procedures that are needed when a high ranking employee has a complaint about a Judge as well as when a Judge has a complaint about a high-ranking employee", as well as your "efforts" to allow me to "address through this process where there may be short-comings in the existing policy" is insulting. This is especially true, given the fact that no one had a problem with the Policy's mandates and processes when I was the subject of Ms. Goodman's baseless complaint, and 15 of the 17 judges of the Court (excluding Judge Page and myself) expressed to Richard Frye, ... , and at least one other judge their intention to vote in favor of my removal as Administrative Judge if I did not resign, based on the text of the Policy and Ms. Goodman's baseless complaint, and without ever speaking to me or conducting an investigation.

Everything that I have shared is known to everyone who had any level of direct or indirect involvement in this debacle since November 2022. The fact that I am being required to recount these events to ensure transparency, accountability, fairness, integrity, and impartiality has been an exhausting experience. Based on the foregoing, I hereby request that Administrative Judge Brown appoint an outside investigator to address my claims against Ms. Goodman. There is both historical precedent for this appointment by an Administrative Judge, as well as authority pursuant to Sup. R. 4.01 (which language was adopted in the Court's Local Rules in 2022). Specifically, that rule states, "An administrative judge of a court (***) *shall do all of the following*: "Be responsible for and exercise control over the administration (***) of the court; (***) Administer personnel policies established by the court (***)".

Consequently, I am hopeful that, consistent with your statutory duty, you will advise Administrative Judge Brown not to subvert my rights and the ends of justice by denying my legitimate request.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**


EXHIBIT

83

| | |
|---|---|
| **From:** | Aveni, Carl A. |
| **Sent:** | Wednesday, February 14, 2024 9:25 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: Lunch? |

I understand, and will respect that boundary. There's an open invitation if you ever decide otherwise at some later point. And whether you ever take me up on it or not, I hope and trust that you see it coming from a position of goodwill.

I still intend to pursue the effort with our colleagues. And I wish you well.



**Judge Carl A. Aveni**
**Franklin County Common Pleas Court**
345 South High Street | 6A | Columbus, OH 43215-4554
**(P) 614.525.6281 | (F) 614.525.6292**
**Carl_Aveni@fccourts.org** | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, February 14, 2024 9:20 AM
**To:** Aveni, Carl A. <Carl_Aveni@fccourts.org>
**Subject:** RE: Lunch?

Judge Aveni:

At this point, I don't think it would be beneficial or healthy for me to accept your offer. I am both mentally exhausted and emotionally drained and do not believe that any private conversation would remedy the dynamic we all know exists.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Aveni, Carl A. <Carl_Aveni@fccourts.org>
**Sent:** Tuesday, February 13, 2024 3:52 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** Lunch?

Judge,
Right before the holidays, we briefly discussed having lunch, and I was hoping you were still up for it. The genesis came from a general comment you made to the group in a judge's meeting to the effect that we are 17 silos, and sometimes a bit clique-ish. I've reflected on that observation ever since, and am hoping to grab lunch and get to know each of my

colleagues a little better, and more personably, as a partial solution that systemic problem. No agenda other than that, except the hope that it occasionally recur from time to time thereafter. You are the first Judge I am reaching out to, as your comment was what got me thinking about this issue. But I intend to try with each Judge on our court.

I know that your time is valuable, and if this isn't a convenient moment, we can try again later. But I think the exercise worthwhile, and hope you see it the same way. One thing I've found for myself in the relatively short time that I've been on the bench is that the job can be isolating, and strengthening the bonds of collegiality can only help me (and perhaps all of us) do the work with a broader view and a greater sense of community.

Thoughts?



**Judge Carl A. Aveni**
**Franklin County Common Pleas Court**
345 South High Street | 6A | Columbus, OH 43215-4554
**(P) 614.525.6281 | (F) 614.525.6292**
**Carl_Aveni@fccourts.org** | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Serrott, Mark A. |
| **Sent:** | Thursday, February 15, 2024 2:05 PM |
| **To:** | Brown, Kimberly J.; Cocroft, Kimberly X.; Harrison, Patti A.; Crum, ShaQuanna N.; Poole, Evan M.; Memsic, Katherine; Sefton, Holly A.; Scott, April R.; Worthington, Stacy A. |
| **Subject:** | RE: Eddie Estepp |

Thank you for the clarification.



**Judge Mark A. Serrott**
**Franklin County Common Pleas Court**
345 South High Street | 6th Floor | Columbus, OH 43215-4554
**(P) 614.525.3660 | (F) 614.525.5298**
Mark_Serrott@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Sent:** Thursday, February 15, 2024 1:52 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; Harrison, Patti A. <Patti_Harrison@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Poole, Evan M. <Evan.Poole@franklincountyohio.gov>; Memsic, Katherine <katherine@sorokalegal.com>; Sefton, Holly A. <hsefton@franklincountyohio.gov>; Scott, April R. <April_Scott@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Subject:** RE: Eddie Estepp

Judge Cocroft and Judge Serrott,

I am fine with the transfer of Judge Cocroft's cases to Judge Serrott. Just a point of clarification, what will happen is since Judge Serrott is having 2 criminal cases transferred in, he will be held out of the next 2 rotations for new criminal cases. So, Judge Serrott would not be transferring any cases to Judge Cocroft. The criminal case transfer process is different than the civil case recusal process where the judges exchange cases.

Stacy Worthington will take care of the transfer today.

If you have any questions or need anything further, please let me know.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org



EXHIBIT
84

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, February 15, 2024 12:12 PM
**To:** Serrott, Mark A. <Mark_Serrott@fccourts.org>; Harrison, Patti A. <Patti_Harrison@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Poole, Evan M. <Evan.Poole@franklincountyohio.gov>; Memsic, Katherine <katherine@sorokalegal.com>; Sefton, Holly A. <hsefton@franklincountyohio.gov>; Scott, April R. <April_Scott@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Subject:** RE: Eddie Estepp

Thank you, Judge Serrott.

I believe that a transfer of case form will be completed that will be signed by Administrative Judge Brown and then provided to either Director Worthington or Ms. Harrison. And I am willing to take any two cases, even if they aren't similar.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

---

**From:** Serrott, Mark A. <Mark_Serrott@fccourts.org>
**Sent:** Thursday, February 15, 2024 12:09 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Harrison, Patti A. <Patti_Harrison@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Poole, Evan M. <Evan.Poole@franklincountyohio.gov>; Memsic, Katherine <katherine@sorokalegal.com>; Sefton, Holly A. <hsefton@franklincountyohio.gov>; Scott, April R. <April_Scott@fccourts.org>; Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Subject:** RE: Eddie Estepp

Thank you for the e-mail. I was certainly not attempting to have the cases transferred to me and certainly was not attempting to interfere with your case or your decision concerning bond or disposition of the cases assigned to you. I will take both cases because I do have some familiarity with Mr. Estepp because he is on probation to me. I appreciate your willingness to take two cases from me and I will give you two similar cases. I am not sure how the paperwork is done to effectuate my transfer of the two cases but am happy to help effectuate the entire transaction. Thank you .



**Judge Mark A. Serrott**
**Franklin County Common Pleas Court**
345 South High Street | 6th Floor | Columbus, OH 43215-4554
**(P)** 614.525.3660 | **(F)** 614.525.5298
Mark_Serrott@fccourts.org | http://www.fccourts.org

---

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, February 15, 2024 11:33 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Harrison, Patti A. <Patti_Harrison@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; Scott, April R. <April_Scott@fccourts.org>; Crum, ShaQuanna N.

<ShaQuanna_Crum@fccourts.org>; Sefton, Holly A. <hsefton@franklincountyohio.gov>; Memsic, Katherine <katherine@sorokalegal.com>; Poole, Evan M. <Evan.Poole@franklincountyohio.gov>
**Subject:** FW: Eddie Estepp

Director Worthington:

I am reaching out regarding the above-referenced defendant who has a case assigned to my docket (24CR-136). Further, as the communications below indicate, Mr. Estepp also has a prior matter pending before Judge Serrott (19CR-3322). Both matters were set today, and it is my understand that Judge Serrott's matter was set for revocation/resentencing. It is my further understanding that counsel in the matter before Judge Serrott conferred with the Court and the Court determined that it would impose a condition of home incarceration, based on Judge Serrott's familiarity with this defendant and his understanding of that matter, based on extensive conversations with Mr. Estepp's Probation Officer and counsel in the matter. As a residual consequence of counsel's discussion with Judge Serrott, there was a companion request to me to place Mr. Estepp on home incarceration in my matter. Because I have no familiarity with this defendant and can only make an assessment based on the charges in the case before me, as well as his current placement on community control and potential violations of the same, I advised counsel that I am unwilling to implement the same condition as Judge Serrott for home incarceration.

While Ms. Harrison's position to Ms. Scott regarding the language of the Loc. R. 31 and whether Mr. Estepp's new case, as well as that of his co-defendant could be transferred, Loc. R. 31B states, "Nothing in this rule shall prevent the transfer of a (***) criminal case from one assigned judge to another. Such transfer shall specify the reason for the transfer and shall be approved by the administrative judge." In this instance, it appears that counsel for Mr. Estepp have already had extensive conversations with Judge Serrott and his staff regarding the procedural posture of the case before him and its impact on the new case before me. Further, it appears that a universal plan of action has been developed to resolve both cases. Since neither my staff nor I have been involved in those discussions and because my position on home incarceration in my case is antithetical to whatever plan has been developed, I believe that notions of judicial efficiency suggest that 24CR-136 should be transferred to Judge Serrott. And, based on Ms. Scott's email to Ms. Harrison on yesterday, that seems to be the position of Judge Serrott and/or his staff. Of course, such transfer would likely necessitate that the matter for Mr. Estepp's co-defendant, Carrie L. Payne (24CR-135) is also transferred to Judge Serrott. And I would be more than willing to accept two of Judge Serrott's current cases so that he is not encumbered by matters not originally assigned to him.

If Judge Serrott agrees ( and it seems that he will) and if Administrative Judge Brown is willing to effectuate the transfer, then that would be my request. There has been a great level of confusion even this morning with members of Mr. Estepp's family who continue to receive conflicting information on whether they should be in my courtroom or in Judge Serrott's. So, eliminating that confusion is also another basis for my request. I have copied all counsel who are involved in these matters, and I am confident that the Estepp counsel can provide more detail and insight about the sum and substance of their conversations and procedural plan.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Sent:** Thursday, February 15, 2024 11:00 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** FW: Eddie Estepp



**ShaQuanna Crum**
Pronouns: She/Her/Hers
Bailiff for the Honorable Judge Kimberly Cocroft
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.4644 | (F) 614.525.4641**
**ShaQuanna_Crum@fccourts.org** | http://www.fccourts.org

**From:** Scott, April R. <April_Scott@fccourts.org>
**Sent:** Wednesday, February 14, 2024 3:22 PM
**To:** Harrison, Patti A. <Patti_Harrison@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Solomon, Lohit <Lohit_Solomon@fccourts.org>
**Subject:** RE: Eddie Estepp

Oh, OK—thanks Patti.
(See below.)



**April Scott**
Bailiff to the Honorable Judge Mark Serrott
**Franklin County Common Pleas Court**
345 South High Street | Sixth Floor | Columbus, OH 43215-4554
**(P) 614.525.5214 (F) 614.525.5298**
April_Scott@fccourts.org | http://www.fccourts.org

**From:** Harrison, Patti A. <Patti_Harrison@fccourts.org>
**Sent:** Wednesday, February 14, 2024 3:19 PM
**To:** Scott, April R. <April_Scott@fccourts.org>
**Subject:** RE: Eddie Estepp

Hi April,

23cr136 Eddie Estepp is a co-defendant with 24cr135 C. Payne which was arraigned first on 1/16/24 and drew Judge Cocroft, 24cr136 was arraigned later on 1/24/24 and followed to 4E. Per local rule, the cases remain in different courtrooms.

4

Thank you,

Patti Harrison
Court Support Services Coordinator
345 S. High Street
Columbus, Ohio 43215
Patti_Harrison@fccourts.org
525-5326

**From:** Scott, April R. <April_Scott@fccourts.org>
**Sent:** Wednesday, February 14, 2024 2:59 PM
**To:** Harrison, Patti A. <Patti_Harrison@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Solomon, Lohit <Lohit_Solomon@fccourts.org>
**Subject:** Eddie Estepp

Hi,
Eddie Estepp has 24CR136 set tomorrow with Judge Cocroft and an arrest hearing set in 19CR3322 with Judge Serrott. The new case will probably need to be transferred to Judge Serrott.
Thanks,



**April Scott**
Bailiff to the Honorable Judge Mark Serrott
**Franklin County Common Pleas Court**
345 South High Street | Sixth Floor | Columbus, OH 43215-4554
**(P)** 614.525.5214 **(F)** 614.525.5298
April_Scott@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

EXHIBIT

85

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, February 26, 2024 1:39 PM |
| **To:** | Brown, Kimberly J. |
| **Cc:** | Goodman, Jennifer L.; Worthington, Stacy A.; Bedsole, Susan E. |
| **Subject:** | RE: Duty Roster List |

Administrative Judge Brown:

As a person who references the Local Rules frequently for myriad situations, I am familiar with the text of the rule. To that end, another facet of the Duty Judge's responsibilities is to handle all garnishment entries received during the Duty Week. However, during my October 2023 service as Duty Judge, I received a stack of garnishments that were left incomplete by the Duty Judge from the preceding week. So, it appears that full compliance with the plain text of the Local Rule is not always accomplished.

But beyond the text of the rule, I am familiar with the historical and practical aspects of serving as Duty Judge. And, again, in my 15 years, I do not recall a time when I have served as Duty Judge during a holiday that I have taken the duty phone to the next judge scheduled to serve at 9:00am on the holiday Monday. But I will engage in that practice moving forward.

Thank you for the update regarding what information is and is not captured, as well as your agreement to raise this point with all the judges.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Sent:** Friday, February 23, 2024 3:19 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Worthington, Stacy A.
<Stacy_Worthington@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** RE: Duty Roster List

Judge Cocroft,

Thank you for your patience as we researched these issues.

With respect to the duty judge local rule, it states that "The responsibilities of the duty judge shall be from 9:00a.m. on Monday to 9:00a.m. the following Monday." The rule does not make any exception for Mondays that happen to be holidays. Accordingly, it has always been my understanding that duty week starts Monday, even if it's a holiday. While I understand your point about the duty phone, the fact that the duty phone may not be physically transferred until Tuesday doesn't change the rule. When duty changes on a holiday, it would be up to the two judges as to how calls on

1

the holiday are handled (i.e. whether the prior duty judge is willing to handle the calls or whether that judge would notify the current duty judge of any calls).

After checking with the Clerk's Office and administration, we have confirmed that no duty judge roster exists as described by the officer. The only duty judge roster/list that is made available includes the same information as the duty judge schedule the judges receive, which does not include phone numbers. We also confirmed that the Clerk's Office does not have all the Judges' private phone numbers and, accordingly, could not have created such list.

Further, we confirmed the protocol if an officer contacts the Clerk's Office in an effort to contact the duty judge. In that situation, the Clerk's Office calls the duty judge phone number and works with the duty judge on how to connect the officer with the duty judge. The Clerk's Office does not give out the duty phone number or the judge's private number. If the Clerk's Office is unable to reach the duty judge via the duty phone, they will reach out to Jen or Susan, who will then reach out to the judge. Neither the Clerk's Office nor administration gives out the duty number or a judge's private number unless directed to do so by the judge. If you would please provide me with the officer's contact information, I would like to reach out and review the protocol with the officer.

Finally, I will remind the judges at next week's meeting that they are not to share other judge's private numbers.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, February 22, 2024 4:28 PM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** Duty Roster List

Director Worthington:

By happenstance, I checked messages on my private cell phone and realized that on Monday (President's Day Holiday), I received a call from a detective with the Columbus Police Department, requesting that I sign a warrant.

Just a few moments ago, I called the officer who left the message on my cell phone and asked how he obtained my private cell number. The officer told me that there is a duty roster list that contains the duty schedule, as well as the private cell numbers of the duty judge for each week. As I shared with Administrative Judge Brown, I have never authorized my private cell to be included and just want to confirm whether such list exists and whether it contains private cell numbers.

If the list exists, then I would greatly appreciate receiving a copy of it and having my private cell removed from the list. If the duty roster list does not exist, then I will have to figure out who provided this officer with my cell number.

Thank you in advance for any information you can provide.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Brown, Kimberly J. |
| **Sent:** | Tuesday, February 20, 2024 11:07 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | Judges Meeting |

Judge Cocroft,

In an effort to address your concerns, I intend to proceed with requesting the policy and procedures review at a Special Judges Meeting. I plan to formally recommend this review for the Judges' consideration. If the investigation uncovers information related to the specifics of your complaint, that information can potentially be addressed within the investigation. You will be permitted to make your own proposal at the Judges' meeting, should you wish to do so. I would like to get to work on scheduling the meeting, so please let me know if you have any bad dates in the next month.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org



EXHIBIT
86

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Brown, Kimberly J. |
| **Sent:** | Friday, March 8, 2024 10:39 AM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | Judges Meeting |

Judge Cocroft,

In follow-up to my email below, I am scheduling a Special Judges Meeting for Wednesday, March 13, from 12:15 to 1:15 in the Judges Conference Room. An invitation to all judges will be sent today.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J.
**Sent:** Tuesday, February 20, 2024 11:07 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Subject:** Judges Meeting

Judge Cocroft,

In an effort to address your concerns, I intend to proceed with requesting the policy and procedures review at a Special Judges Meeting. I plan to formally recommend this review for the Judges' consideration. If the investigation uncovers information related to the specifics of your complaint, that information can potentially be addressed within the investigation. You will be permitted to make your own proposal at the Judges' meeting, should you wish to do so. I would like to get to work on scheduling the meeting, so please let me know if you have any bad dates in the next month.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org



EXHIBIT

87

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, March 11, 2024 2:44 PM |
| **To:** | Brown, Kimberly J. |
| **Cc:** | Hummer, Jeanine A.; Dean, Theresa M. |
| **Subject:** | Follow Up  - March 13 Special Meeting |

Administrative Judge Brown:

Since receiving your February 20, 2024 email, I have attempted to understand the sum and substance of your position and intention. However, since you have now sent a second communication on March 8, 2024, scheduling a Special Judges' Meeting to discuss what you conveyed, I am compelled to respond so that the integrity of my position is preserved.

First, based on the sparse nature of your communication with me since I notified you of my complaint, I am unclear on whether you have conferred with Ms. Hummer and Ms. Dean regarding my concerns. However, I presume you have spoken with both since I have received at least two communications (if not more) from Ms. Dean, articulating your position and that of "the Court". As I shared with counsel, R.C. 309.09 states, "The prosecuting attorney shall be the legal adviser of (***) all other county officers (***) and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties." So, I continue to be confounded by the distinction that persists regarding when the Prosecutor's Office provides advice and counsel to you, as Administrative Judge for the Court, and when it provides advice and counsel to an individual judge like me, as it appears that their office is to serve as the legal adviser of every county officer in all circumstances. In this instance, however, there seems to be an inherent conflict between the positions of two clients that the Prosecutor's Office is statutorily required to advise. To that end, I have requested information regarding any formal, informal, or advisory opinions from the Ohio Ethics Commission that address this conundrum but have received no response thus far. Perhaps you are aware of some opinion that speaks to this issue and will share it with me, as well as with Ms. Dean and Ms. Hummer.

Next, I am uncertain about what will be accomplished through the March 13 Meeting. Your February 20, 2024 communication said that you "intend to proceed with requesting the policy and procedures review" and "to formally recommend this review (* * *)". Further, you stated, "If the investigation uncovers information related to the specifics of your complaint, that information *can potentially* be addressed within the investigation. Based on these statements, I have several questions:

1. Why is it necessary to call a Special Meeting to request a policy and procedures review? In my 15 years of service, I cannot recall an instance for which the Judges were required to vote on whether a policy, which may need to be updated, should be reviewed. In fact, the purpose of the Personnel Committee is to review and to provide recommendations for updates to our policies. And assuming that the Committee is precluded from performing the review based on inherent conflicts, why would the review need to be subject to vote, since maintaining policies that are consistent with and conform to best practices and Ohio law is an obligation that this Court has the responsibility to uphold?

EXHIBIT

88

2. Under what circumstance would the specifics of my complaint _not_ be investigated if information is uncovered? Your use of the phrase "can potentially" seems to suggest the possibility that there may be a situation where my complaint would continue to be ignored.

3. Sup. R. 4.01, which language was adopted in the Court's Local Rules in 2022, gives an Administrative Judge wide latitude while serving in this capacity. Specifically, the rule states, "An administrative judge of a court (***) _shall do all of the following_: Be responsible for and exercise control over the administration (***) of the court; (***) Administer personnel policies established by the court (***)". To that end, is there a reason that you have not independently exercised the authority that is unambiguously delineated in this rule regarding my complaint?

4. I have provided notice of my complaint both to you and to the Prosecutor's Office. I am unaware of any precedent for this Court that has required an individual who filed a complaint to go before the judges to explain why an investigation should take place, to offer a suggestion for how to undertake an investigation and, potentially, to be subject to inquiry regarding the sum and substance of the complaint. Is there a reason that you have determined this to be the best course of action?

Finally, I am unclear about the structure of the Special Meeting. Since you have not spoken with me in person since I notified you of my complaint on January 30, 2024, I have no idea why a request for a vote on your recommendation would require any meeting, much less a 1-hour meeting. Moreover, it is my understanding that you came to my suite last week while I was out of the office to speak with my suite mate. Given the timing of that visit in proximity to your scheduling of the Special Meeting, I presume that the discussion related in some way to the purpose of the Meeting and, potentially, my concerns. I further presume that you have met with all judges in person regarding this meeting. Yet, you have not met with me, and I have no idea about what will be discussed beyond your email statement regarding your intended recommendation, as well as your "offer" that I, as the complaining party, "will be permitted to make [my] own proposal at the Judges' meeting" should I wish to do so. I find this "offer" particularly ironic, given the fact that I was notified through Ms. Dean and Ms. Hummer that, "[a]t this time the Court does not want to bring in special counsel" and that you, as Administrative Judge "would like to approach the court with a recommendation that they contract with an independent investigator (* * *) who can look at the court's policies and procedures as they relate to claims by and against judges, determine if there are deficiencies, identify best practices, and make a recommendation for moving forward in a way that benefits everyone who works at the Court." It appears that your approach puts any consideration of my valid concerns in the precarious position of only possible review, instead of providing what every complainant deserves – a full and fair opportunity to be heard.

While all of this unnecessary uncertainty continues to swirl, my staff and I continue to be subject to what I believe is retaliatory behavior meant to intimidate and harass. As one example, Ms. Goodman came through my conference room last week and into my suite area before announcing that she didn't realize she was on the wrong floor. While I find it impossible to believe that anyone would enter an area directly across from a door with my nameplate prominently displayed without realizing where they were, this story is even more incredulous based on the following: The "wrong floor" statement is the same language that another employee used with my bailiff after an incident that my bailiff and I also believe was intended to intimidate and harass. My bailiff recounted this statement during her investigative interview regarding her own complaint. Such intimidation and harassment are prohibited under the Court's current policies.

As I shared with Ms. Dean and Ms. Hummer, I am both saddened and stunned by the creative ways in which it appears that my complaints have been managed and discounted. Continuing to relegate my serious concerns to issues involving processes and procedures that are needed when a high-ranking employee has a complaint about a Judge as well as when a Judge has a complaint about a high-ranking employee, as well as your "offer" to allow me as the complainant to make my own proposal when the proposal I made has already been rejected summarily, is insulting. This is especially true, given the fact that there was no issue with the Policy's mandates and processes when I was the subject of Ms. Goodman's baseless complaint.

Candidly, this entire process feels like an effort to leave me and my staff who filed complaints with you so disappointed in and exhausted by the process, that we will overlook the treatment we have endured, withdraw our complaints, and move forward as best we can. I want to make clear that is not an option. While we are exhausted by this experience, we remain undeterred, and our spirits are unbroken. I am hopeful that you will rethink your position of requiring me, as a complaining party, to have my legitimate concerns subject to a vote on whether an investigation, or review, or whatever verbiage is easiest to tolerate can begin. As the Administrative Judge, you have the unequivocal authority to request and require it and I continue to be hopeful that you will uphold the ends of justice, the integrity of the investigative process and the Court, and the majesty and aims of the justice system by making the order.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Brown, Kimberly J. |
| **Sent:** | Wednesday, March 13, 2024 11:11 AM |
| **To:** | Cocroft, Kimberly X. |
| **Cc:** | Hummer, Jeanine A.; Dean, Theresa M. |
| **Subject:** | RE: Follow Up  - March 13 Special Meeting |

Judge Cocroft,

Thank you for your email.

First, we have not reached the point where the Court needs to hire independent or special counsel in this matter. The Court and you have received the same advice and recommendation from the prosecutor's office. Specifically, the Court does not have a process in place for handling complaints raised by a judge against other judges or the Court, and the Court should consider a review by an independent investigator into a policy/process for such complaints. As you disagree with the process being followed with respect to your complaints, this policy/procedure review could give you the opportunity to share your concerns. It could also provide a path forward for any future complaints by a judge. The prosecutor's recommendation aligns with our mutual interests in always looking to improve the Court as a whole.

Contrary to your reading of the Court's anti-harassment policy, it remains my position that the Administrative Judge does not have the authority to unilaterally launch an investigation into a judge or the Court as a whole. Again, this is why I am recommending the Court move forward with the policy/procedure review. As for your questions regarding today's special judges meeting and what would be covered, my proposed policy/procedure review has been discussed with you in emails dating back to February 1, 2024. In those emails, you were provided information on what I would be recommending and were informed that you and the other judges would be permitted to discuss your/their position on that recommendation. You were also informed that I intended to call a special judges meeting for that purpose. When you stopped communications on this issue, I emailed you on February 20, 2024, notifying you of my intention to move forward with the special judges meeting. You did not respond to my email, so last week I moved forward with scheduling the meeting. I hope that you will attend.

Next, you and I have met in person a couple of times. I understand your concerns and have provided a path forward for the Court's consideration. I also understand that you disagree with my proposal. I do not believe any additional in person meeting would be beneficial at this time.

Finally, please note that you were invited to provide specifics as to your complaints so that I could provide the information to the judges for review and determination as to whether and how to move forward. You have never provided that information. Should you decide to do so, that process is still open to you.

Again, I believe it's desirable for the Court to move forward with the proposed policy/procedure review. I hope you will be part of that process.

Thank you.



EXHIBIT

89



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

---

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, March 11, 2024 2:44 PM
**To:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Follow Up - March 13 Special Meeting

Administrative Judge Brown:

Since receiving your February 20, 2024 email, I have attempted to understand the sum and substance of your position and intention. However, since you have now sent a second communication on March 8, 2024, scheduling a Special Judges' Meeting to discuss what you conveyed, I am compelled to respond so that the integrity of my position is preserved.

First, based on the sparse nature of your communication with me since I notified you of my complaint, I am unclear on whether you have conferred with Ms. Hummer and Ms. Dean regarding my concerns. However, I presume you have spoken with both since I have received at least two communications (if not more) from Ms. Dean, articulating your position and that of "the Court". As I shared with counsel, R.C. 309.09 states, "The prosecuting attorney shall be the legal adviser of (***) all other county officers (***) and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties." So, I continue to be confounded by the distinction that persists regarding when the Prosecutor's Office provides advice and counsel to you, as Administrative Judge for the Court, and when it provides advice and counsel to an individual judge like me, as it appears that their office is to serve as the legal adviser of every county officer in all circumstances. In this instance, however, there seems to be an inherent conflict between the positions of two clients that the Prosecutor's Office is statutorily required to advise. To that end, I have requested information regarding any formal, informal, or advisory opinions from the Ohio Ethics Commission that address this conundrum but have received no response thus far. Perhaps you are aware of some opinion that speaks to this issue and will share it with me, as well as with Ms. Dean and Ms. Hummer.

Next, I am uncertain about what will be accomplished through the March 13 Meeting. Your February 20, 2024 communication said that you "intend to proceed with requesting the policy and procedures review" and "to formally recommend this review (* * *)". Further, you stated, "If the investigation uncovers information related to the specifics of your complaint, that information _can potentially_ be addressed within the investigation. Based on these statements, I have several questions:

1. Why is it necessary to call a Special Meeting to request a policy and procedures review? In my 15 years of service, I cannot recall an instance for which the Judges were required to vote on whether a policy, which may need to be updated, should be reviewed. In fact, the purpose of the Personnel Committee is to review and to provide recommendations for updates to our policies. And assuming

that the Committee is precluded from performing the review based on inherent conflicts, why would the review need to be subject to vote, since maintaining policies that are consistent with and conform to best practices and Ohio law is an obligation that this Court has the responsibility to uphold?

2. Under what circumstance would the specifics of my complaint *not* be investigated if information is uncovered? Your use of the phrase "can potentially" seems to suggest the possibility that there may be a situation where my complaint would continue to be ignored.

3. Sup. R. 4.01, which language was adopted in the Court's Local Rules in 2022, gives an Administrative Judge wide latitude while serving in this capacity. Specifically, the rule states, "An administrative judge of a court (***) *shall do all of the following*: Be responsible for and exercise control over the administration (***) of the court; (***) Administer personnel policies established by the court (***)". To that end, is there a reason that you have not independently exercised the authority that is unambiguously delineated in this rule regarding my complaint?

4. I have provided notice of my complaint both to you and to the Prosecutor's Office. I am unaware of any precedent for this Court that has required an individual who filed a complaint to go before the judges to explain why an investigation should take place, to offer a suggestion for how to undertake an investigation and, potentially, to be subject to inquiry regarding the sum and substance of the complaint. Is there a reason that you have determined this to be the best course of action?

Finally, I am unclear about the structure of the Special Meeting. Since you have not spoken with me in person since I notified you of my complaint on January 30, 2024, I have no idea why a request for a vote on your recommendation would require any meeting, much less a 1-hour meeting. Moreover, it is my understanding that you came to my suite last week while I was out of the office to speak with my suite mate. Given the timing of that visit in proximity to your scheduling of the Special Meeting, I presume that the discussion related in some way to the purpose of the Meeting and, potentially, my concerns. I further presume that you have met with all judges in person regarding this meeting. Yet, you have not met with me, and I have no idea about what will be discussed beyond your email statement regarding your intended recommendation, as well as your "offer" that I, as the complaining party, "will be permitted to make [my] own proposal at the Judges' meeting" should I wish to do so. I find this "offer" particularly ironic, given the fact that I was notified through Ms. Dean and Ms. Hummer that, "[a]t this time the Court does not want to bring in special counsel" and that you, as Administrative Judge "would like to approach the court with a recommendation that they contract with an independent investigator (* * *) who can look at the court's policies and procedures as they relate to claims by and against judges, determine if there are deficiencies, identify best practices, and make a recommendation for moving forward in a way that benefits everyone who works at the Court." It appears that your approach puts any consideration of my valid concerns in the precarious position of only possible review, instead of providing what every complainant deserves – a full and fair opportunity to be heard.

While all of this unnecessary uncertainty continues to swirl, my staff and I continue to be subject to what I believe is retaliatory behavior meant to intimidate and harass. As one example, Ms. Goodman came through my conference room last week and into my suite area before announcing that she didn't realize she was on the wrong floor. While I find it impossible to believe that anyone would enter an area directly across from a door with my nameplate prominently displayed without realizing where they were, this story is even more incredulous based on the following: The "wrong floor" statement is the same language that

another employee used with my bailiff after an incident that my bailiff and I also believe was intended to intimidate and harass. My bailiff recounted this statement during her investigative interview regarding her own complaint. Such intimidation and harassment are prohibited under the Court's current policies.

As I shared with Ms. Dean and Ms. Hummer, I am both saddened and stunned by the creative ways in which it appears that my complaints have been managed and discounted. Continuing to relegate my serious concerns to issues involving processes and procedures that are needed when a high-ranking employee has a complaint about a Judge as well as when a Judge has a complaint about a high-ranking employee, as well as your "offer" to allow me as the complainant to make my own proposal when the proposal I made has already been rejected summarily, is insulting. This is especially true, given the fact that there was no issue with the Policy's mandates and processes when I was the subject of Ms. Goodman's baseless complaint.

Candidly, this entire process feels like an effort to leave me and my staff who filed complaints with you so disappointed in and exhausted by the process, that we will overlook the treatment we have endured, withdraw our complaints, and move forward as best we can. I want to make clear that is not an option. While we are exhausted by this experience, we remain undeterred, and our spirits are unbroken. I am hopeful that you will rethink your position of requiring me, as a complaining party, to have my legitimate concerns subject to a vote on whether an investigation, or review, or whatever verbiage is easiest to tolerate can begin. As the Administrative Judge, you have the unequivocal authority to request and require it and I continue to be hopeful that you will uphold the ends of justice, the integrity of the investigative process and the Court, and the majesty and aims of the justice system by making the order.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



EXHIBIT

91

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, March 13, 2024 6:38 PM |
| **To:** | Hummer, Jeanine A.; Dean, Theresa M. |
| **Cc:** | Brown, Kimberly J. |
| **Subject:** | Follow-Up - Special Judges' Meeting |

Ms. Hummer and Ms. Dean:

After an opportunity to process the communication I received from Administrative Judge Brown today at 11:11am in response to my March 11, 2024 email, as well as the tone, tenor, and "substance" of today's Special Judges' Meeting, I am once again compelled to respond.

To begin, during my illegitimately abbreviated tenure as Administrative Judge, it would have never occurred to me to tell either a member of the Court with whom I serve, an employee, or any person who notified me of a serious and legitimate concern that "I do not believe any additional in person meeting would be beneficial at this time." Yet today, Administrative Judge Brown, of her own volition or at your direction, committed to a writing this exact position. To be clear, each of you knows that Administrative Judge Brown has had no meeting with me, despite the efforts at today's Meeting to create a different narrative. She was notified of my complaint, consistent with Ms. Hummer's advice and in the presence of Ms. Dean, on January 30, 2024, and that notice took no longer than five minutes. The clearly articulated responsibilities of the Administrative Judge position include the administration of this Court which, on occasion, will necessitate conversations that one may find both awkward and uncomfortable. However, Administrative Judge Brown's decision to engage in even a "thumbnail sketch" conversation with every other judge of this Court but me is reflective of the lack of respect I have been given, not only as a complaining party but as a fellow judge. Even more incredulous than this decision not to have any in person meetings with me "at this time" is what I believe to be an intentional decision by Administrative Judge Brown to start the meeting with a recitation of her limited understanding of this situation without giving me the first opportunity to respond. Fortunately, Ms. Hummer recognized the issue and posed a question that gave me the opportunity to speak. This oversight is even more glaring given Administrative Judge Brown's statement in the email I received just an hour before the meeting that she "hoped I will be part of that process." However, since Administrative Judge Brown has made it clear that conversation with me, beyond a scheduling email, is not "beneficial at this time", I anticipate fully that I will not receive any further communications from her and that, to the extent a matter needs to be discussed or shared with me, it will come from one of you until such time as Administrative Judge Brown decides that a conversation would, in fact, be "beneficial".

Next, I remain confused by the distinction that continues to be created regarding what is permitted under the Anti-Harassment Policy. I have studied it carefully and will remind you that the Policy, itself, already contains a distinction between the process to be followed regarding an "employee who believes he/she has ben subjected to and/or witnessed any form of discriminatory harassment" (Section 1A) and a "person reporting the claimed discriminatory harassment (* * *) to an outside agency" (Section 1D). If the latter occurs, then the current Policy states that "the Court *shall conduct* its inquiry upon learning of the report." To that end, the position that Administrative Judge Brown continues to adopt (again, of her own volition or at your direction) regarding the Court's inability to take any affirmative action to address my complaint and concerns is misplaced. Indeed, if the policy was intended to apply to employees only,

1

then the policy would not have created such a distinction between an "employee" and a "person". Certainly, one could imagine that a "person" (e.g. a family member of a criminal defendant, a lawyer, any litigant, or a judge) may have a grievance that should be addressed immediately, and the policy seems to acknowledge and reflect that basic understanding. I can attest to the use of this Policy in the context of a "person" who has a grievance. Specifically, in 2016, a family member of a criminal defendant assigned to my docket complained to the Administrative Judge about what he viewed as racially discriminatory treatment. Based on the bare assertion, the Administrative Judge launched an investigation immediately and without my knowledge. In fact, he requested a copy of a hearing transcript from my Reporter, and I only learned of the investigation because my Reporter advised me of the request. The grievance was found to be without any merit. I have maintained the communications documenting this incident.

Furthermore, I am intrigued by the decision of Administrative Judge Brown to exercise her authority regarding the administration of the court to call a special meeting, but to assert simultaneously that she has no authority to launch an investigation independently. Like much of this process, the outcomes appear to conflict with one another. I also want to reemphasize the point that there is historical precedent for an Administrative Judge launching an investigation while maintaining the confidentiality of the claims and the person asserting them. During my service as Administrative Judge, we addressed the claims of an employee with an outside investigator to successful conclusion. And, in 2015, the Administrative Judge at the time launched his own investigation of another judge without a vote of the Court. His only question to us was whether we wanted a copy of his final report. As such, I am stunned by the disparate outcomes that I am now being advised are unavoidable necessities.

I also find it ridiculous, at best, and insulting, at worst, that Administrative Judge Brown might believe I would "provide specifics as to your complaints so that I could provide the information to the judges for review and determination as to whether and how to move forward." Again, it is unheard of that any person or employee would be required to preview their complaint to individuals: 1) who, first and foremost, have already committed themselves to not investigating anything; and 2) who may be required potentially to provide statements as a part of an investigation. Administrative Judge Brown almost seemed to suggest in her midday communication today that, because I have chosen not to provide context to her immediately, despite her repeated statements or those of her counsel that there will be no request for investigation or outside counsel, my claims are somehow diminished or less credible.

Finally, if I had not participated in today's "Meeting", then it would have been optimistically impossible for me to believe that my legitimate complaint and concerns would be reduced to "personality differences", a "snowflake" mentality, requests to institute policy language that required judges to "be nice", an unnecessary waste of taxpayer money, an attempt to subvert the authority that each judge has in their "own kingdom", matters that I should refer to the Prosecutor's Office if the issue is a criminal one or to Disciplinary Counsel if the concerns relate to potential violations of the Code of Judicial Conduct, and many other demeaning and diminishing words and phrases by the judges with whom I have served for 15 years. To have my personal and professional integrity questioned and my complaint reduced to frivolity and behavior about which I should "learn how to act like an adult" and just get over, further reflects both the hostile environment and retaliatory position that has been taken. This insulting behavior is compounded by the fact that at least one, if not several, of the judges believed that it was I who requested this Special "Meeting" when nothing could be farther from the truth. And the fact that this was not made clear while these "thumbnail sketch" conversations were taking place is both offensive and unacceptable. Instead of attempting to provide a template of what my complaint *might* be (since I have provided no detail), it would have been more appropriate to notify the Court of the necessity of

addressing an important issue. Now, I have once again been placed in a position of having to defend myself and my complaint with an articulated unwillingness to even take seriously my concerns (as a few judges noted in the "Meeting" that a policies and procedures review is a "bad idea"). Moreover, I have been vilified and belittled by many of the judges who believe what they *think* is my concern is not really a big deal. Beyond this, each of us knows that, similar to an awful game of "Telephone", what was shared in today's "Meeting" has likely been shared throughout the courthouse complex, further diminishing the confidentiality to which I am entitled, irrespective of any decision to investigate or to recommend a policies or procedures review.

Based on the foregoing, I find it necessary to reassert my claims of a hostile work environment, discrimination based on race and gender, and retaliation.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

EXHIBIT

92

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Friday, March 15, 2024 3:40 PM |
| **To:** | Hummer, Jeanine A.; Dean, Theresa M. |
| **Cc:** | Brown, Kimberly J. |
| **Subject:** | RE: Follow-Up - Special Judges' Meeting |

Ms. Hummer:

I appreciate your efforts to put an optimistic spin on a dreadful circumstance. But there is nothing you can say to explain the awful and disrespectful commentary from most of the judges at the "Meeting".

I understand the plan of action precipitated by the vote. However, as I have shared before, I believe it is possible for this organization to walk and to chew gum – that is, there should be the ability to advance more than one plan. And I remain unclear on how and why what transpired was the agreed-upon or recommended plan of action when Sup. R. 4.01 gives an administrative judge the authority to take a different approach, if the person serving has the courage to make what I recognize would be a difficult choice.

Further, I will not be made responsible for ensuring the betterment of the Court to my own detriment. That is not a mandate that is assigned to any other complaining party, and I will not allow this Court or anyone else to assign it to me. To expect that my focus should be what options will be available to a judge in the future when I have been told repeatedly that there is no path toward review and redress for me presently, adds further insult to documented injury. And the unimaginable part is that there are available options to facilitate meaningful review, and the Administrative Judge and the Court have chosen not to exercise any of those options. It is truly shameful.

Candidly, it remains painfully clear to me that my concerns are not being taken seriously by the Court. I continue to receive artful responses that, at the end of the day, convey no action will be taken regarding my complaints. And I remain exhausted from reading the same. To that end, I will take my complaints elsewhere.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Sent:** Friday, March 15, 2024 7:37 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** RE: Follow-Up - Special Judges' Meeting

Judge Cocroft,
Good Morning. Thank you for your email. I do recognize the meeting did not go in the direction that I had hoped. I appreciate the efforts of some of your fellow judges trying to correct the issues of not being personality disputes. At this time, the direction is for our office to review public record issues again if the Court decides to accept the recommendation of the AJ and move forward with the third-party review of the current policies and procedures when a

1

judge has a potential claim. The AJ also plans to review other large courts and determine if such policies and procedures exist. My goal is that we better the Court so that when there are these significant issues, a judge has a process to address them.

Jeanine


***This Opinion/Advice constitutes confidential legal advice that is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency who should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney– Client privilege associated with this Opinion/Advice.***

Jeanine Hummer
First Assistant Prosecuting Attorney and Chief Counsel
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-3269 Cell:614-5950099
Fax: 614-525-6012
jhummer@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Office

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, March 13, 2024 6:38 PM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** Follow-Up - Special Judges' Meeting

Ms. Hummer and Ms. Dean:

After an opportunity to process the communication I received from Administrative Judge Brown today at 11:11am in response to my March 11, 2024 email, as well as the tone, tenor, and "substance" of today's Special Judges' Meeting, I am once again compelled to respond.

To begin, during my illegitimately abbreviated tenure as Administrative Judge, it would have never occurred to me to tell either a member of the Court with whom I serve, an employee, or any person who notified me of a serious and legitimate concern that "I do not believe any additional in person meeting would be beneficial at this time." Yet today, Administrative Judge Brown, of her own volition or at your direction, committed to a writing this exact position. To be clear, each of you knows that Administrative Judge Brown has had no meeting with me, despite the efforts at today's Meeting to create a different narrative. She was notified of my complaint, consistent with Ms. Hummer's advice and in the presence of Ms. Dean, on January 30, 2024, and that notice took no longer than five minutes. The clearly articulated responsibilities of the Administrative Judge position include the administration of this Court which, on occasion, will necessitate conversations that one may find both awkward and uncomfortable. However, Administrative Judge Brown's decision to engage in even a "thumbnail sketch" conversation with every other judge of this Court but me is reflective of the lack of respect I have been given, not only as a complaining party but as a fellow judge. Even more incredulous than this decision not to have any in person meetings with me "at this time" is what I believe to be an intentional decision by Administrative Judge Brown to start the meeting with a recitation of her limited understanding of this situation without giving me the first opportunity to respond. Fortunately, Ms. Hummer recognized the issue and posed a question that gave me the opportunity to speak. This oversight is even more glaring given Administrative Judge Brown's statement in the email I received just an hour before the meeting that she "hoped I will be part of that process." However, since Administrative Judge Brown has made it clear that conversation with me, beyond a scheduling email, is not "beneficial at this time", I anticipate fully that I will not receive any further communications from her and that, to the extent a matter needs to be discussed or shared with me, it will come from one of you until such time as Administrative Judge Brown decides that a conversation would, in fact, be "beneficial".

Next, I remain confused by the distinction that continues to be created regarding what is permitted under the Anti-Harassment Policy. I have studied it carefully and will remind you that the Policy, itself, already contains a distinction between the process to be followed regarding an "employee who believes he/she has ben subjected to and/or witnessed any form of discriminatory harassment" (Section 1A) and a "person reporting the claimed discriminatory harassment (* * *) to an outside agency" (Section 1D). If the latter occurs, then the current Policy states that "the Court *shall conduct* its inquiry upon learning of the report." To that end, the position that Administrative Judge Brown continues to adopt (again, of her own volition or at your direction) regarding the Court's inability to take any affirmative action to address my complaint and concerns is misplaced. Indeed, if the policy was intended to apply to employees only, then the policy would not have created such a distinction between an "employee" and a "person". Certainly, one could imagine that a "person" (e.g. a family member of a criminal defendant, a lawyer, any litigant, or a judge) may have a grievance that should be addressed immediately, and the policy seems to acknowledge and reflect that basic understanding. I can attest to the use of this Policy in the context of a "person" who has a grievance. Specifically, in 2016, a family member of a criminal defendant assigned to my docket complained to the Administrative Judge about what he viewed as racially discriminatory treatment. Based on the bare assertion, the Administrative Judge launched an investigation immediately and without my knowledge. In fact, he requested a copy of a hearing transcript from my Reporter, and I only learned of the investigation because my Reporter advised me of the request. The grievance was found to be without any merit. I have maintained the communications documenting this incident.

3

Furthermore, I am intrigued by the decision of Administrative Judge Brown to exercise her authority regarding the administration of the court to call a special meeting, but to assert simultaneously that she has no authority to launch an investigation independently. Like much of this process, the outcomes appear to conflict with one another. I also want to reemphasize the point that there is historical precedent for an Administrative Judge launching an investigation while maintaining the confidentiality of the claims and the person asserting them. During my service as Administrative Judge, we addressed the claims of an employee with an outside investigator to successful conclusion. And, in 2015, the Administrative Judge at the time launched his own investigation of another judge without a vote of the Court. His only question to us was whether we wanted a copy of his final report. As such, I am stunned by the disparate outcomes that I am now being advised are unavoidable necessities.

I also find it ridiculous, at best, and insulting, at worst, that Administrative Judge Brown might believe I would "provide specifics as to your complaints so that I could provide the information to the judges for review and determination as to whether and how to move forward." Again, it is unheard of that any person or employee would be required to preview their complaint to individuals: 1) who, first and foremost, have already committed themselves to not investigating anything; and 2) who may be required potentially to provide statements as a part of an investigation. Administrative Judge Brown almost seemed to suggest in her midday communication today that, because I have chosen not to provide context to her immediately, despite her repeated statements or those of her counsel that there will be no request for investigation or outside counsel, my claims are somehow diminished or less credible.

Finally, if I had not participated in today's "Meeting", then it would have been optimistically impossible for me to believe that my legitimate complaint and concerns would be reduced to "personality differences", a "snowflake" mentality, requests to institute policy language that required judges to "be nice", an unnecessary waste of taxpayer money, an attempt to subvert the authority that each judge has in their "own kingdom", matters that I should refer to the Prosecutor's Office if the issue is a criminal one or to Disciplinary Counsel if the concerns relate to potential violations of the Code of Judicial Conduct, and many other demeaning and diminishing words and phrases by the judges with whom I have served for 15 years. To have my personal and professional integrity questioned and my complaint reduced to frivolity and behavior about which I should "learn how to act like an adult" and just get over, further reflects both the hostile environment and retaliatory position that has been taken. This insulting behavior is compounded by the fact that at least one, if not several, of the judges believed that it was I who requested this Special "Meeting" when nothing could be farther from the truth. And the fact that this was not made clear while these "thumbnail sketch" conversations were taking place is both offensive and unacceptable. Instead of attempting to provide a template of what my complaint *might* be (since I have provided no detail), it would have been more appropriate to notify the Court of the necessity of addressing an important issue. Now, I have once again been placed in a position of having to defend myself and my complaint with an articulated unwillingness to even take seriously my concerns (as a few judges noted in the "Meeting" that a policies and procedures review is a "bad idea"). Moreover, I have been vilified and belittled by many of the judges who believe what they *think* is my concern is not really a big deal. Beyond this, each of us knows that, similar to an awful game of "Telephone", what was shared in today's "Meeting" has likely been shared throughout the courthouse complex, further diminishing the confidentiality to which I am entitled, irrespective of any decision to investigate or to recommend a policies or procedures review.

Based on the foregoing, I find it necessary to reassert my claims of a hostile work environment, discrimination based on race and gender, and retaliation.



## **Judge Kimberly Cocroft**

Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org