| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, March 18, 2024 1:53 PM |
| **To:** | Hummer, Jeanine A.; Dean, Theresa M. |
| **Subject:** | Preservation Letter |

Counsel:

Please accept this communication as my formal request that you and your office, as well as the Franklin County Court of Common Pleas, General Division, preserve any and all electronically stored information that may contain evidence important and relating to my claims of hostile work environment, discrimination based on race and gender, and retaliation, as well as my claim that the complaint filed by Jennifer Goodman was made in bad faith in violation of the Court's Anti-Harassment Policy and Code of Ethics.

This letter applies to all on-and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for overall operation. This includes but is not limited to: Outlook email; Teams messages and other electronic communications; electrically stored documents; records; images; graphics; recordings; spreadsheets; databases; calendars, system usage logs; telephone longs; deleted files; cache files; user information; and other data. Further, this notice applies to archives; backup tapes, discs; drive (flash, etc.); cartridges; voicemail; and other data. All operating systems, software, applications, hardware, operating manuals, codes, keys, and other support information needed to fully search, use, and access the electronically stored information must also be preserved.

The importance of immediate action cannot be overstated. Electronically stored information is easily corrupted, altered, and deleted in normal daily operations, either unintentionally or intentionally. Even booting a drive, running an application, or reviewing a document can permanently alter evidence. An important method for preserving data in its original state is to have a forensic image (mirror image or clone image) made of pertinent hard drives of both office and home computers used for business and of network servers. This image captures all current data, including the background or metadata about each document. Simply copying data to a CD-ROM or other common backup medium is not adequate. For each captured image file, record and identify the person creating the image and the date of creation. Secure the file to prevent subsequent alteration or corruption and create a chain of custody log. Once the forensic data image file is created, the pertinent computer or other device can be placed back into operation.

This is especially critical because I can confirm that messages between my staff and/or me and Jennifer Goodman, Susan Bedsole, Cameo Davis, Stacy Worthington, and Kimberly Canada (the entire Administrative Leadership Team for the Court) contained in the Teams system have been permanently deleted and continue to be permanently deleted even in conversations as recent as last week.

This preservation letter covers the above items and information between January 3, 2022, to present (March 18, 2024). Further, this communication requests that the above-referenced information is maintained until I submit a request to lift the same.

**EXHIBIT**

93

Current law and the rules of civil and criminal procedure apply to the discovery of electronically stored information, just as they apply to other evidence, and confirm the duty to preserve such information for discovery. The entire Court, including but not limited to Judges and their personal staff, all court employees (either in Court-side or Probation Department operations), agents, affiliated organizations (including your office and any lawyers who have provided legal counsel and advice for the timeframe referenced above) must take all reasonable steps to preserve this information until my claims are resolved. Failure to take the necessary steps to preserve the information addressed in this letter or other pertinent information in the possession or control of the Court and your office may result in further action.

Finally, to properly fulfill the preservation obligation, please stop all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift, or destruction of hardware. Please notify all individuals and affiliated organizations of the need and duty to take the necessary affirmative steps to comply with the duty to preserve evidence.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, March 20, 2024 9:21 AM |
| **To:** | Dean, Theresa M.; Hummer, Jeanine A. |
| **Subject:** | RE: Preservation Letter Follow Up |

Counsel:

The purpose of my communication below was to notify you of my belief that someone was not complying with the hold. There is no logical explanation for my receipt of an updated calendar notice for an event that occurred 473 weeks ago other than the fact that someone was actively reviewing information and sent the update, either by accident or on purpose. If you have another plausible explanation, then I am hopeful that you will share it. But the truth of this circumstance is that, of necessity, calendar updates must be entered by a person with access to the calendar to send the information.

Additionally, when I attempted to sign in to my computer this morning, there were several error messages indicating that the applications were not available. When I attempted to restart my computer, my screens flashed black for more than 1:30 (I created a video) and contained an error message regarding the display and inability to do start functions. After about 2 minutes, the flashing stopped, and I was able to log into my system. My question is has the mirror clone imaging process started? My bailiff had the same issue on yesterday so I wanted to know whether the implementation of the litigation hold and the issues with our systems may be linked.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Tuesday, March 19, 2024 12:10 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** Re: Preservation Letter Follow Up

Judge Cocroft,

We sent a litigation hold out yesterday after we received the preservation notice. We are unaware of any staff or elected officials not following the hold.

Thank you.

Theresa Dean

she/her/hers
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor

1



**EXHIBIT**
94

Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

## Office of G. Gary Tyack
### Franklin County Prosecuting Attorney
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

---

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, March 19, 2024 11:13:31 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Preservation Letter Follow Up

Counsel:

As a follow up to the preservation letter I sent to you on yesterday, I have attached a document I received today that leads me to conclude that a member of the Court's administrative team may be tampering with records and documents.

To provide context, I made a request for specific records that were associated with an issued that arose in or around October 2014. This morning when I arrived to my office, I received the attached updated calendar invitation for an event that occurred **473 weeks ago in 2015**. The Organizer of the meeting on the calendar invitation is listed as Sheila Brown, who has not worked for this Court since February 5, 2022. However, Ms. Brown was Ms. Goodman's Executive Assistant and I presume that Ms. Goodman may still have access to those documents.

It is illogical that I would receive an update for an event that occurred 473 weeks ago, and it is my belief that someone is attempting to alter records that may be associated with my request to the Court's Director of Human Resources. To that end, I am asking you once again to counsel all Court staff regarding my notice of preservation and their responsibility not to alter or to destroy records.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, March 25, 2024 10:17 AM |
| **To:** | Dean, Theresa M.; Hummer, Jeanine A. |
| **Subject:** | RE: Advisory Opinions - Conflict of Interest |

Counsel:

Clearly, I feel differently, hence my communication to you.

The opinions I provided discuss your duties beyond the scope of elected officials who are sued in their official capacities. Further, it appears that you are suggesting that the acts about which I have made claims were made in good faith and in the scope and course of employment. I would hope that is not your position but, at this point, very little surprises me about the way in which this very serious circumstance has been managed.

It seems that your office has ignored completely or overlooked unintentionally the clear directives of these advisory opinions. I believe that your responsibility to provide me with standalone counsel is intractable and is not dictated by R.C. 305.14, particularly given the fact that your office's failure to do so would be a violation of Ohio Rule of Professional Conduct 1.7. Your client's interests are directly adverse to one another and your ability to represent one client (the Court) is demonstrably limited by your responsibilities to me, as your client.

Your continued unwillingness to fulfill your ethical obligations is a further shameful demonstration of the retaliatory treatment to which I continue to be subjected.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Friday, March 22, 2024 11:35 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Advisory Opinions - Conflict of Interest

Judge Cocroft,

The Prosecutor's Office defends County elected officials who are sued in their official capacities, and occasionally when sued in their individual capacities if the conduct alleged is taken in good faith in the course and scope of their employment. We are unaware that the Prosecutor's Office has ever represented an elected official making claims against the County, and we do not believe we have a duty to do so. Therefore, we also do not believe there is any duty to appoint counsel to the individual making the claims in that situation.



**EXHIBIT**

95

Further, even in a situation where there is a conflict of interest and a duty to represent, the Prosecuting Attorney cannot unilaterally appoint outside counsel. The process set forth in R.C. 305.14 applies. The Prosecutor and the Board of Commissioners must apply to the court, and the court may authorize outside counsel.

If you feel differently, we can contact the Supreme Court to determine if such a duty exists.

Thank you.

Theresa Dean
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Friday, March 22, 2024 10:03 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Advisory Opinions - Conflict of Interest

Counsel:

I have attached two Advisory Opinions from the Board of Professional Conduct. The opinions discuss the obligations of a prosecuting attorney's office when a conflict of interest arises based on the statutory obligation to be the legal adviser for all county officers, pursuant to R.C. 309.09. Both opinions analyze Rule 1.7 of the Ohio Rules of Professional Conduct.

In Opinion 09-003, the Board said:

> Under Rule 1.7(a)(2), a conflict of interest exists if there is a substantial risk that the ability of the county prosecuting attorney to consider, recommend, or carry out the representation of one client (a county, its officials, or its entities) will be materially limited by responsibilities to the other. Determination of a material limitation conflict of interest is fact and circumstance specific.

> Second, if there is a conflict of interest, a county prosecuting attorney must determine whether the conflict may be ameliorated under Rule 1.7(b) such that representation of all of the affected clients by the prosecutor's office may be undertaken, or whether such representation is prohibited by Rule 1.7(c) even with client consent.

Under Rule 1.7(b), a county prosecuting attorney may ameliorate a conflict of interest three conditions are met: 1.7(b)(1) requires a determination by a county prosecuting attorney that competent and diligent representation can be provided, such as through different assistant county prosecutors appropriately screened; 1.7(b)(2) requires a county prosecuting attorney to obtain informed consent, confirmed in writing of each affected client; and 1.7(b)(3) requires that the representation is not precluded by 1.7(c).

Representation is improper, even with informed consent of the affected clients under Rule 1.7(c)(1) if the representation is prohibited by law or under Rule 1.7(c)(2) if the representation involves the assertion of a claim by one client against another client represented by the lawyer in the same proceeding. Further, as explained in Comment [38] "[d]ivision (c)(2) does not address all nonconsentable conflicts. Some conflicts are nonconsentable because a lawyer cannot represent both clients competently and diligently or both clients cannot give informed consent. For example, a lawyer may not represent multiple parties to a negotiation whose interest are fundamentally antagonistic, regardless of their consent." [Emphasis added].

Similarly, in Advisory Opinion 2019-09, the syllabus states:

A conflict of interest under Prof.Cond.R. 1.7(a) and arising from the prosecutor office's concurrent representation of the state and another public client, may be ameliorated through specific client assignment of assistant county prosecutors and meaningful and effective screening. The client assignment and screening of assistant county prosecutors is not an option when the prosecutor's office is obligated to represent directly adverse clients in the same proceeding.

These opinions support the position that, in order for your office to be in compliance with Rule 1.7 of the Ohio Rules of Professional Conduct, the appropriate course of action is to provide me with standalone counsel from another assistant prosecuting attorney within your division. This is necessary because each of you represents the interest and position of one client (the Court and/or its Administrative Judge) that is adverse to my interest and position as your client. The opinions also seem to conclude that, if your office is unwilling to provide representation to me, then your office would be conflicted from representing any of your clients in this matter.

Based on the foregoing, I hereby request that your office fulfill its ethical obligation under the Ohio Rules of Professional Conduct and provide with me standalone counsel to represent my interest and position regarding my claims of hostile work environment, discrimination based on race and gender, and retaliation. I further request that you provide in writing an answer to my request for representation by no later than 4:00pm on Monday, March 25, 2024.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**Cocroft, Kimberly X.**

---

**From:**        Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:**        Monday, March 25, 2024 11:50 AM
**To:**           Cocroft, Kimberly X.; Hummer, Jeanine A.
**Subject:**     RE: Advisory Opinions - Conflict of Interest

Judge Cocroft,

We did read those opinions, but none of them concern appointing counsel to someone who is making individual employment claims against the entity to which they were elected. At some point, the Prosecutor's Office may need to appoint special counsel for the Court. However, we do not believe there is any obligation to represent or appoint counsel for an individual judge to bring discrimination or harassment claims against the Court or the Board of Commissioners as the entity responsible for any monetary judgments.

Further, there is absolutely no authority under the law for the Prosecutor's Office to appoint special counsel to a client in a civil matter outside of R.C. 305.14. That is set forth in Opinion 2009-3 at 3 ("A county prosecuting attorney prosecutes and defends all suits and actions which a county officer or board directs or to which it is a party <u>and no county officer may employ any other counsel or attorney at the expense of the county, except as provided for in R.C. 305.14.</u>"). This is of course, separate from the appointment of a special prosecutor in a criminal matter.

Once again, we can reach out to the Board of Professional Conduct or Disciplinary Counsel if you want us to get an opinion on this matter. As we have said repeatedly, we take your concerns seriously, but we are constricted in our authority by our role as legal counsel for the Court.

Thank you.

Theresa Dean
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone:  614-525-7589
Fax:  614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Monday, March 25, 2024 10:17 AM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Advisory Opinions - Conflict of Interest

Counsel:

**EXHIBIT**

**96**

Clearly, I feel differently, hence my communication to you.

The opinions I provided discuss your duties beyond the scope of elected officials who are sued in their official capacities. Further, it appears that you are suggesting that the acts about which I have made claims were made in good faith and in the scope and course of employment. I would hope that is not your position but, at this point, very little surprises me about the way in which this very serious circumstance has been managed.

It seems that your office has ignored completely or overlooked unintentionally the clear directives of these advisory opinions. I believe that your responsibility to provide me with standalone counsel is intractable and is not dictated by R.C. 305.14, particularly given the fact that your office's failure to do so would be a violation of Ohio Rule of Professional Conduct 1.7. Your client's interests are directly adverse to one another and your ability to represent one client (the Court) is demonstrably limited by your responsibilities to me, as your client.

Your continued unwillingness to fulfill your ethical obligations is a further shameful demonstration of the retaliatory treatment to which I continue to be subjected.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Friday, March 22, 2024 11:35 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Advisory Opinions - Conflict of Interest

Judge Cocroft,

The Prosecutor's Office defends County elected officials who are sued in their official capacities, and occasionally when sued in their individual capacities if the conduct alleged is taken in good faith in the course and scope of their employment. We are unaware that the Prosecutor's Office has ever represented an elected official making claims against the County, and we do not believe we have a duty to do so. Therefore, we also do not believe there is any duty to appoint counsel to the individual making the claims in that situation.

Further, even in a situation where there is a conflict of interest and a duty to represent, the Prosecuting Attorney cannot unilaterally appoint outside counsel. The process set forth in R.C. 305.14 applies. The Prosecutor and the Board of Commissioners must apply to the court, and the court may authorize outside counsel.

If you feel differently, we can contact the Supreme Court to determine if such a duty exists.

Thank you.

Theresa Dean
Deputy Director Labor and Employment

Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Friday, March 22, 2024 10:03 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Advisory Opinions - Conflict of Interest

Counsel:

I have attached two Advisory Opinions from the Board of Professional Conduct. The opinions discuss the obligations of a prosecuting attorney's office when a conflict of interest arises based on the statutory obligation to be the legal adviser for all county officers, pursuant to R.C. 309.09. Both opinions analyze Rule 1.7 of the Ohio Rules of Professional Conduct.

In Opinion 09-003, the Board said:

> Under Rule 1.7(a)(2), a conflict of interest exists if there is a substantial risk that the ability of the county prosecuting attorney to consider, recommend, or carry out the representation of one client (a county, its officials, or its entities) will be materially limited by responsibilities to the other. Determination of a material limitation conflict of interest is fact and circumstance specific.

> Second, if there is a conflict of interest, a county prosecuting attorney must determine whether the conflict may be ameliorated under Rule 1.7(b) such that representation of all of the affected clients by the prosecutor's office may be undertaken, or whether such representation is prohibited by Rule 1.7(c) even with client consent.

> Under Rule 1.7(b), a county prosecuting attorney may ameliorate a conflict of interest three conditions are met: 1.7(b)(1) requires a determination by a county prosecuting attorney that competent and diligent representation can be provided, such as through different assistant county prosecutors appropriately screened; 1.7(b)(2) requires a county prosecuting attorney to obtain informed consent, confirmed in writing of each affected client; and 1.7(b)(3) requires that the representation is not precluded by 1.7(c).

> Representation is improper, even with informed consent of the affected clients under Rule 1.7(c)(1) if the representation is prohibited by law or under Rule 1.7(c)(2) if the representation involves the assertion of a claim by one client against another client represented by the lawyer in the same proceeding. Further, as explained in Comment [38] "[d]ivision (c)(2) does not address all

3

nonconsentable conflicts. Some conflicts are nonconsentable because a lawyer cannot represent both clients competently and diligently or both clients cannot give informed consent. For example, a lawyer may not represent multiple parties to a negotiation whose interest are fundamentally antagonistic, regardless of their consent." [Emphasis added].

Similarly, in Advisory Opinion 2019-09, the syllabus states:

> A conflict of interest under Prof.Cond.R. 1.7(a) and arising from the prosecutor office's concurrent representation of the state and another public client, may be ameliorated through specific client assignment of assistant county prosecutors and meaningful and effective screening. The client assignment and screening of assistant county prosecutors is not an option when the prosecutor's office is obligated to represent directly adverse clients in the same proceeding.

These opinions support the position that, in order for your office to be in compliance with Rule 1.7 of the Ohio Rules of Professional Conduct, the appropriate course of action is to provide me with standalone counsel from another assistant prosecuting attorney within your division. This is necessary because each of you represents the interest and position of one client (the Court and/or its Administrative Judge) that is adverse to my interest and position as your client. The opinions also seem to conclude that, if your office is unwilling to provide representation to me, then your office would be conflicted from representing any of your clients in this matter.

Based on the foregoing, I hereby request that your office fulfill its ethical obligation under the Ohio Rules of Professional Conduct and provide with me standalone counsel to represent my interest and position regarding my claims of hostile work environment, discrimination based on race and gender, and retaliation. I further request that you provide in writing an answer to my request for representation by no later than 4:00pm on Monday, March 25, 2024.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, March 25, 2024 1:09 PM |
| **To:** | Dean, Theresa M. |
| **Cc:** | |
| **Subject:** | RE: Employee Investigation |

Thank you for the notification.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Monday, March 25, 2024 1:07 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** ,
**Subject:** Employee Investigation

Judge,

Court employees have made a complaint that is being investigated by a third-party, [                    ] at the request of the administrative judge. You have been identified as a potential witness in the investigation, and the investigator is requesting to interview you on that basis.

I have copied [                    ], who is conducting the investigation. She will be contacting you to set up an interview.

Thank you.

Theresa Dean
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone:  614-525-7589
Fax:  614-525-6012
tdean@franklincountyohio.gov

# Office of G. Gary Tyack
**Franklin County Prosecuting Attorney**



Franklin County Prosecutor's Office

1



*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

| | |
|---|---|
| **From:** | Brown, Kimberly J. |
| **Sent:** | Tuesday, April 16, 2024 2:59 PM |
| **To:** | Cocroft, Kimberly X. |
| **Subject:** | RE: Access to Judicial Documents |

Judge,

Thank you for your response. Just a matter of clarification, my question was simply whether judges objected to permitting access to judges. Your objection to doing so is noted.

Thank you.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, April 16, 2024 1:31 PM
**To:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** Access to Judicial Documents

Administrative Judge Brown:

Please accept this communication as my notice that I do not wish to participate in any courtwide effort that would give the judges, their staffs, or any court employees access to any documents created and/or saved by any past, present of future member of my staff or by me, nor do I give my permission to use the same for any purpose.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



EXHIBIT
98

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Brown, Kimberly J. |
| **Sent:** | Wednesday, April 17, 2024 4:49 PM |
| **To:** | Aveni, Carl A.; Brown, Chris M.; Brown, Jeffrey M.; Cocroft, Kimberly X.; Hawkins, Daniel R.; Holbrook, Michael J.; Lynch, Julie M.; McIntosh, Stephen L.; Miller, Andy D.M.; Munson, Sheryl K.; Noble, Andria C.; Page, Jaiza N.; Phipps, Karen Held; Serrott, Mark A.; Sperlazza, Bill A.; Young, David C. |
| **Subject:** | Judge Access to Courtroom/Chambers Folders |

Judges,

At yesterday's Judges' Meeting, I discussed the possibility of granting judges access to all "Courtroom" folders in the J: Drive. Currently, judges only have access to the "Courtroom" folder on the J: Drive which includes their courtroom. For example, I have access to "Courtroom 5DEF," but cannot access any other "Courtroom" folders. Staff Attorneys and Judicial Secretaries have access to all "Courtroom" folders. This access permits them to search to see if/how other chambers have dealt with, researched, or ruled upon an issue, etc. My staff attorneys have found this access to be extremely helpful and have referred to it as kind of an internal LEXIS. I believe this access would be beneficial to the judges as well. We all occasionally face issues that are new to us, and this access would permit us to search to see if any of our colleagues have dealt with those issues. We did discuss at the meeting the possibility of not changing access to a particular "Courtroom" folder if the judge(s) in that chamber(s) object. Since not everyone could be at the judges' meeting, I indicated I would send this email to get everyone's thoughts on the issue.

In full disclosure, I did receive the following objection via email from a colleague after the meeting "Please accept this communication as my notice that I do not wish to participate in any courtwide effort that would give the judges, their staffs, or any court employees access to any documents created and/or saved by any past, present or future member of my staff or by me, nor do I give my permission to use the same for any purpose." I did clarify with our colleague that the discussion was limited to granting access to judges. However, I don't want to misrepresent that everyone at the meeting was in favor of the proposal. Further, the response/concern raised by our colleague is relevant to the discussion as the concern may be shared by other judges or may influence how other judges view the issue.

Please let me know your thoughts and feel free to reach out with any questions.

Thanks.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org



EXHIBIT
99

1

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, April 17, 2024 11:40 AM |
| **To:** | Dean, Theresa M.; Hummer, Jeanine A.; Zervas, John A. |
| **Subject:** | RE: Preservation Letter Follow Up |

Counsel:

On yesterday, I received an updated calendar invite for an event that occurred 486 weeks ago on December 18, 2014. Once again, the original meeting organizer was Sheila Brown, who served as Executive Assistant to Ms. Goodman but resigned in 2022. And, once again, I will restate my belief that someone is actively reviewing information and sent the update, either by accident or on purpose. If you have another plausible explanation, then I am hopeful that you will share it. But the truth of this circumstance is that, of necessity, calendar updates must be entered by a person with access to the calendar to send the information. Strangely, I submitted a records request for documents that I believe would have been created, managed or finalized around the same time as the event referenced in the updated invite. However, I have not received all the responsive documents relating to my request, nor have I received an update on when those documents will be provided to me.

As I stated previously, I would appreciate counsel reminding the second-floor administrative team that no documents are to be altered or disturbed, consistent with the preservation notice.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Wednesday, March 20, 2024 12:01 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Preservation Letter Follow Up

Judge Cocroft,

We will make sure IT is aware of these concerns.

Thank you.

**Theresa Dean**
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215



**EXHIBIT**

100

Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, March 20, 2024 9:21 AM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Preservation Letter Follow Up

Counsel:

The purpose of my communication below was to notify you of my belief that someone was not complying with the hold. There is no logical explanation for my receipt of an updated calendar notice for an event that occurred 473 weeks ago other than the fact that someone was actively reviewing information and sent the update, either by accident or on purpose. If you have another plausible explanation, then I am hopeful that you will share it. But the truth of this circumstance is that, of necessity, calendar updates must be entered by a person with access to the calendar to send the information.

Additionally, when I attempted to sign in to my computer this morning, there were several error messages indicating that the applications were not available. When I attempted to restart my computer, my screens flashed black for more than 1:30 (I created a video) and contained an error message regarding the display and inability to do start functions. After about 2 minutes, the flashing stopped, and I was able to log into my system. My question is has the mirror clone imaging process started? My bailiff had the same issue on yesterday so I wanted to know whether the implementation of the litigation hold and the issues with our systems may be linked.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Tuesday, March 19, 2024 12:10 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** Re: Preservation Letter Follow Up

Judge Cocroft,

We sent a litigation hold out yesterday after we received the preservation notice. We are unaware of any staff or elected officials not following the hold.

2

Thank you.

Theresa Dean

she/her/hers
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

## Office of G. Gary Tyack
### Franklin County Prosecuting Attorney
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, March 19, 2024 11:13:31 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Preservation Letter Follow Up

Counsel:

As a follow up to the preservation letter I sent to you on yesterday, I have attached a document I received today that leads me to conclude that a member of the Court's administrative team may be tampering with records and documents.

To provide context, I made a request for specific records that were associated with an issued that arose in or around October 2014. This morning when I arrived to my office, I received the attached updated calendar invitation for an event that occurred **473 weeks ago in 2015**. The Organizer of the meeting on the calendar invitation is listed as Sheila Brown, who has not worked for this Court since February 5, 2022. However, Ms. Brown was Ms. Goodman's Executive Assistant and I presume that Ms. Goodman may still have access to those documents.

It is illogical that I would receive an update for an event that occurred 473 weeks ago, and it is my belief that someone is attempting to alter records that may be associated with my request to the Court's Director of Human Resources. To that end, I am asking you once again to counsel all Court staff regarding my notice of preservation and their responsibility not to alter or to destroy records.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, April 24, 2024 5:03 PM |
| **To:** | Brown, Kimberly J. |
| **Cc:** | Hummer, Jeanine A.; Zervas, John A. |
| **Subject:** | RE: Records Requests |

Administrative Judge Brown:

I have no intention of engaging in an unconstructive back and forth. The historical practice of this Court regarding records request and the law are clear, and so is my position. As I articulated earlier today, I will await further communication on this issue from our counsel and anticipate receiving the documents by this Friday, April 26, 2024.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Sent:** Wednesday, April 24, 2024 3:51 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** RE: Records Requests

Judge Cocroft,

Thank you for your response. While you reference my purported denial of your requests, my email stated my intention to review your requests and the Court's obligations to respond. That is still my intention, and I will advise you accordingly.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, April 24, 2024 8:58 AM


**EXHIBIT**
101

1

**To:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** Records Requests

Administrative Judge Brown:

Because you are responsible for confirming the assignment of prospective jurors, you know that I am presiding over a murder trial this week. Hence, my delayed response to you.

First, to facilitate your inquiry regarding the Court's obligation to respond to my records requests, I have copied our legal counsel on this communication.

Next, I am both concerned and confused by your statement that I have "threatened litigation against the Court." I have never articulated any such position to you or to anyone else. I continue to be disappointed by your overt and intentional misrepresentations of my positions on any number of topics to anyone who may be willing to listen. Nevertheless, I presume that the unfounded position you have taken this time regarding "threatened litigation" was in reference to a preservation notice I sent to Ms. Dean and Ms. Hummer, which I also presume was shared with you. What clearly was not shared with you was that a basis of my letter is the documented fact that all the Court's directors have permanently deleted internal Teams messages between them and me, as well as my staff, since at least November 4, 2022. Beyond the destruction of these public records, which should be of greater concern to you than my requests, I have received calendar updates for events that occurred nine years ago. These calendar updates, which I also provided to counsel, were sent after my preservation notice was submitted, and from the account of Ms. Goodman's former Executive Assistant, Sheila Brown, who has not been employed by the Court since February 2022. As such, I can confirm that there has been some effort to either alter or to destroy public records.

But more important than those critical pieces of information is the fact that I remain a duly elected member of this Court, despite the treatment to which I continue to be subjected, and have served in that capacity for the past 15 years. And because I am familiar with the information that judges of this Court are entitled to review, I can state without equivocation that everything I have requested is permissible for me to receive, particularly given the fact that everything I have requested contains my signature, was created at my request, and has been provided to all judges in the past. So to have you, on behalf of the Court (which still includes me) manufacture some new standard for how this information is managed and disseminated is a brazen abuse of your authority as Administrative Judge. Indeed, any member of the public could make the same requests I have made, and I can state without fear of contradiction that neither you nor any employee of the Court (because that is what the Court's directors are - employees) would think to suggest that such a request was interfering with an employee's ability to do their jobs. Indeed, responding to requests for documents both from the public and judges is a part of their jobs.

I am equally confounded by your emphasis on the April 26, 2024 deadline, particularly given the fact that your communication reflects that my first requests were made over a month ago. Further, the strength of your position is undermined by the fact that the Human Resources Director has complied partially with some of the requests. To that end, I would appreciate your providing me with the day or date on which these requests became too cumbersome to be completed. If you do not know the day or date, then I would appreciate your providing an explanation regarding why I was advised by one of the Court's directors (Ms. Bedsole) that my requests were under legal review, when I have confirmed with our counsel, John Zervas, that no such review was either requested or is taking place currently. In fact, both Ms. Hummer and Mr. Zervas have been copied on many of the communications I have sent regarding my submitted requests and neither has every indicated that my requests were improper.

Additionally, the "interruption" that you allege is being created by my requests for copies of documents, recordings and other information to which I am entitled as a judge of this Court are actually job responsibilities

2

associated with the position of Director of Human Resources, which is the only person/position to whom my requests were directed. More specifically, the position description states that the Director of Human Resources has the following duties:

- Investigates all workplace complaints as directed by the Deputy and/or Executive Director.
- Responsible for the investigation process regarding employee wrongdoing.
- Serves as Hearing Officer for disciplinary and corrective action hearings and conducts grievance hearings when necessary.
- Responsible for disciplinary processes and their compliance with applicable employment laws.
- Organizes and conducts training classes for Court Directors, Managers and Supervisors to include policy enforcement, FMLA, and disciplinary documentation.

To that end, the documents I have requested should have been maintained in the ordinary course of the Court's business (as contemplated by employment laws) and, as a member of this Court for the past 15 years, I have the right to review the documents I have requested.

It is astonishing that you would send this kind of communication without first attempting to confirm that you had legal justification to do so. Your tone is both dismissive and woefully misguided and appears to be an attempt to paint me as a "vexatious judge", which is preposterous. It seems that the only kind of messages you have chosen to send to me are: 1) to articulate your belief that it is not beneficial to speak with me in person; 2) to discount my legitimate concerns by attempting to force me to share confidential complaints with all judges so that there can be an assessment of their validity; 3) to confirm your decision to call improperly a Special Judges' Meeting at which you allowed judges to suggest that my concerns were personality differences, a waste of taxpayer money, reflective of my inability to act like an adult, demonstrative of a snowflake mentality, or a request to implement a policy to "be nice"; or 4) to share my position "in full disclosure" with all judges regarding a matter for which you have not shared the position of any other judge. It has become increasingly clear to me that the word "colleague" has no meaning or value for you as relates to my service on this Court and I will both accept your clear position and respond accordingly.

Be that as it may, my position regarding my requests remains unchanged. It is my expectation that, as a member of this Court, I will receive the documents I requested by this Friday, April 26, 2024. Counsel have confirmed that there is no legal review and best business practices would suggest that the documents have been maintained in the ordinary course of business and can be accessed easily. If there is some legitimate legal basis for your denial of these records, then I fully anticipate that I will hear from our counsel regarding the basis for the denial with the understanding that a claimed interruption of work, when fulfilling these requests is part of the employee's job responsibilities, will not be offered again as an excuse.

Finally, I have attached for your reference and review a copy of our Court's Table of Organization, which delineates the structure of the Court and the position of all judges relative to those of the Court's employees.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Sent:** Tuesday, April 23, 2024 4:38 PM

3

**To:** Cocroft, Kimberly X. <<ins>Kimberly_Cocroft@fccourts.org</ins>>
**Subject:** Records Requests

Judge Cocroft,

It is my understanding that you have requested the following records from administration with a deadline of this Friday, April 26:

**1st Request – 3.18.24**
1. *A copy of all documents created and shared with the Judges of the Franklin County Court of Common Pleas, General Division at the May 17, 2022, Judges' Meeting regarding the Court Support Specialist (CSS) Coverage Presentation. The documents discussed and highlighted the allocation of Court resources for employees who were provided leave coverage but did not have leave time available.*

2. *A copy of any and all documents (both electronically stored and hard copies), recordings, investigative notes, Outlook emails, Lotus Notes, Teams messages calendars, interview summaries, and final reports associated with the investigation of Timothy Horton and/or Atiba Jones and conducted by either you and/or former Administrative Judge Patrick Sheeran regarding a complaint(s) filed on or about October 20-21, 2014.*

**2nd Request – 3.27.24**

*As a follow up, I recall former Administrative Judge Sheeran shared with the judges that he had a conversation with Mr. Jones either shortly before or after his investigative report was released. Further, former Judge Sheeran shared that, during this conversation, Mr. Jones indicated his intention to resign. Are there any notes, calendar invites, or recordings of that interaction between former Administrative Judge Sheeran and Mr. Jones?*

**3rd Request – 4.10.24**
*Additionally, I recall that former Administrative Judge Patrick Sheeran conducted interviews with former and then current staff of Timothy Horton. However, those interview notes were not provided to me in the responsive documents. To that end, I am once again requesting all documents, recordings, notes, entries, etc. (not covered by constitutional privacy considerations outlined by Mr. Zervas) relating to the investigation of a complaint filed by Elise Wyant on or about October 20, 2014 and October 21, 2014.*

**4th Request – 4.10.24**
1. *A copy of the Performance Improvement Plan prepared by Human Resources Director Cameo Davis and/or a member of the Human Resources Department for former employee Jill Dunlevy and in reference to Ms. Dunlevy's employment as bailiff for Judge Kimberly Cocroft.*

2. *Copies of leave slips signed by Judge Kimberly Cocroft from January 3, 2022 through November 15, 2022 for all employees for whom Judge Cocroft served as a supervisor and/or for any employees who were supervised by Judge Cocroft in her role as Administrative Judge.*

3. *Copies of applications, interviewing scoring grids, and all accompanying interview notes for every position for which Tamara McCall applied to be employed by the Franklin County Court of Common Pleas, General Division.*

**5th Request – 4.22.24**

1. *Any and all complaints filed against Judges of the Franklin County Court of Common Pleas, General Division, from January 2009 up through and including today's date, as well as any and all complaints filed against Directors of the General Division (Jennifer Goodman, Susan Bedsole, Cameo Davis, Kimberly Canada and Stacy Worthington) for the same period of time. The request is for complaints filed by court employees to include personal staff of all Judges, employees of the Franklin County Adult Probation Department, Court Reporters assigned to judges and any other persons employed by the Court as a salaried employee or as an independent contractor engaged through a memorandum of understanding.*

2. *In reference to the above, any and all investigative notes, recordings, memoranda, calendar invitations and every document and recording created or compiled in reference to the complaints contemplated by the first request in this communication.*

Your requests have become very time consuming and are interfering with the other duties for which administration is responsible. The subject matters of your requests are also concerning given your threatened litigation against the Court. At this time, I have advised administration to hold on any further action on your requests until I have reviewed the Court's obligations, if any, to respond. I will advise you accordingly.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org

## Cocroft, Kimberly X.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Thursday, April 25, 2024 1:53 PM |
| **To:** | Hummer, Jeanine A.; Brown, Kimberly J. |
| **Cc:** | Zervas, John A. |
| **Subject:** | RE: Records Requests |

Thank you, Ms. Hummer.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Sent:** Thursday, April 25, 2024 1:34 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** RE: Records Requests

Judge Cocroft,
Good afternoon.
My understanding is your request for these documents is being processed. We had provided advice that an inventory list be created so that both you and the Court Administration are aware of all the documents in any box.
This is a best practice process that I have always recommended, but it also takes time.
Let me know if you have any other questions.
Jeanine

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Jeanine Hummer
First Assistant Prosecuting Attorney and Chief Counsel
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-3269 Cell:614-5950099
Fax: 614-525-6012
jhummer@franklincountyohio.gov

1



EXHIBIT

102

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, May 6, 2024 3:37 PM |
| **To:** | Hawkins, Daniel R.; Brown, Kimberly J.; Aveni, Carl A.; Brown, Chris M.; Brown, Jeffrey M.; Holbrook, Michael J.; Lynch, Julie M.; McIntosh, Stephen L.; Miller, Andy D.M.; Munson, Sheryl K.; Noble, Andria C.; Page, Jaiza N.; Phipps, Karen Held; Serrott, Mark A.; Sperlazza, Bill A.; Young, David C. |
| **Subject:** | RE: DEI Committee Request |

Good afternoon:

Administrative Judge Brown - I have a question and comment. First, who specifically proposed this compromise? Next, I am unclear on the distinction that this compromise attempts to create with the exclusion of the Court's Seal and the inclusion of "Franklin County Court of Common Pleas – DEI Committee" and would appreciate any insight that you can provide on this point.

Judge Hawkins – As a further point of insight and clarification, what litigation is pending currently in our Court and what litigation is reportedly headed our way that is implicated by this activity?

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Hawkins, Daniel R. <Daniel_Hawkins@fccourts.org>
**Sent:** Monday, May 6, 2024 2:03 PM
**To:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Aveni, Carl A. <Carl_Aveni@fccourts.org>; Brown, Chris M. <Chris_Brown@fccourts.org>; Brown, Jeffrey M. <Jeffrey_Brown@fccourts.org>; Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Holbrook, Michael J. <Michael_Holbrook@fccourts.org>; Lynch, Julie M. <Julie_Lynch@fccourts.org>; McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Miller, Andy D.M. <Andy_Miller@fccourts.org>; Munson, Sheryl K. <Sheryl_Munson@fccourts.org>; Noble, Andria C. <Andria_Noble@fccourts.org>; Page, Jaiza N. <Jaiza_Page@fccourts.org>; Phipps, Karen Held <Karen_Phipps@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; Sperlazza, Bill A. <Bill_Sperlazza@fccourts.org>; Young, David C. <David_Young@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Subject:** RE: DEI Committee Request

Thank you, Judge. Although I anticipate I will be the lone dissenting voice, I just want to be on record as objecting to this. I think it is a bad idea and is setting a terrible precedent. I don't believe noting that this is the "DEI Committee" avoids the appearance of our Court endorsing the parade or Stonewall. It is still the Court's committee, made up of court employees, and involving shirts and activities that are being approved by the Court. I think this is highly inappropriate and unethical, especially given litigation that is pending in our Court and other similar litigation that is reportedly headed our way.

1

**EXHIBIT**
103

This has nothing to do with Pride or Stonewall. If the request was for similar t-shirts to allow employees to take part in the March for Life, I would have the same objection, as it would be wholly inappropriate and I'm certain my colleagues would agree. I would suggest any employee who would like to participate simply wear the generic Franklin County shirts provided by the commissioners.

Should the Court decide to go through with this, I will request similar t-shirts and treatment for employees who wish to participate in other causes or events sponsored by, say, Ohio Right to Life and the Center for Christian Virtue. Or perhaps some upcoming events sponsored by Jewish Columbus, although we may need to give equal voice to those employees who support the pro-Hamas cause.

I appreciate you reaching out to us, but I think the fact that you and court administration have done so is an acknowledgement that this is clearly a controversial decision and want to make sure there is sufficient buy-in from the judges. Again, I believe this is inappropriate and to the extent this Court decides to open this can of worms, I just want to be on record opposing this.

Thank you,
Dan



**Judge Daniel R. Hawkins**
Franklin County Common Pleas Court
345 South High Street | 6th Floor | Columbus, OH 43215-4554
(P) 614.525.6281 | (F) 614.525.6292
Daniel_Hawkins@fccourts.org | http://www.fccourts.org

**From:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Sent:** Monday, May 6, 2024 12:31 PM
**To:** Aveni, Carl A. <Carl_Aveni@fccourts.org>; Brown, Chris M. <Chris_Brown@fccourts.org>; Brown, Jeffrey M. <Jeffrey_Brown@fccourts.org>; Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Hawkins, Daniel R. <Daniel_Hawkins@fccourts.org>; Holbrook, Michael J. <Michael_Holbrook@fccourts.org>; Lynch, Julie M. <Julie_Lynch@fccourts.org>; McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>; Miller, Andy D.M. <Andy_Miller@fccourts.org>; Munson, Sheryl K. <Sheryl_Munson@fccourts.org>; Noble, Andria C. <Andria_Noble@fccourts.org>; Page, Jaiza N. <Jaiza_Page@fccourts.org>; Phipps, Karen Held <Karen_Phipps@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; Sperlazza, Bill A. <Bill_Sperlazza@fccourts.org>; Young, David C. <David_Young@fccourts.org>
**Cc:** Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>
**Subject:** DEI Committee Request

Good afternoon, Judges:

As you are aware, Napoleon and the Administrative Team are working with staff to further develop DEI initiatives throughout the Court and Probation. One of these initiatives is to engage more with the community. The DEI Committee members have expressed an interest in participating in the upcoming Pride parade. The Board of Commissioners will be participating in the parade and have provided approval for our staff to utilize their account, thereby covering the $5 per employee cost to march in the parade. The staff would also like to have t-shirts made, which is customary for those marching in the parade.

In the past, the Court has not permitted sponsorship of an event or entity, nor paid for t-shirts or items that appeared to endorse any entity, in an effort to further the need for the Court to maintain its neutrality and un-biased status. As a

compromise, it has been proposed to have t-shirts that do not contain the Court's seal but indicate "**Franklin County Court of Common Pleas – DEI Committee**" in print. This is an effort to distinguish the Court from the committee, thereby not giving an appearance of the Court endorsing the parade or Stonewall.

I am supportive of this compromise; however, wanted to provide you an opportunity to weigh in on this issue. Please let me know by close of business on Tuesday, May 7, if you would like to discuss this issue with me.

Thank you.



**Judge Kim Brown**
Administrative Judge
**Franklin County Common Pleas Court**
345 South High Street | Courtroom 5E | Columbus, OH 43215-4554
**(P) 614.525.3811 | (F) 614.525.2462**
Kimberly_Brown@fccourts.org | http://www.fccourts.org