## Cocroft, Kimberly X.

**From:** Cocroft, Kimberly X.
**Sent:** Wednesday, May 29, 2024 3:39 PM
**To:** Hummer, Jeanine A.
**Cc:** Zervas, John A.
**Subject:** RE: PRR-1569_Request for Preservation of Records (Dispatch)

Ms. Hummer:

Frustrating does not even begin to articulate appropriately what the past almost three years has been for my staff and me. This is a shameful and exhausting outrage. I cannot even do the work I was elected to do in a consistent and uninterrupted way because I have been compelled to spend an inordinate and unfairly imposed amount of time managing baseless allegations and provable prevarications, as well as a constant barrage of questions, attacks, challenges, follow-up regarding issues not created by my staff or me, insults, records requests, and essentially meaningless opportunities to engage in conversations with persons who have articulated unequivocally that there is no benefit in having an in-person conversation with me.

The goal posts continue to move conveniently, and I am being asked to adjust to a standard that is perpetually evolving. And I am over all of this. I am done with managing and following up on circumstances that were imposed upon me by this Court and others for sport.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Sent:** Wednesday, May 29, 2024 2:30 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** RE: PRR-1569_Request for Preservation of Records (Dispatch)

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney-Client privilege associated with this Opinion/Advice.***

Judge,
Thank you for reaching out.

We do not represent individual employees or elected officials in claims they make against the entity we represent—the Court or the County. For example, if an employee files an action against the County Administration, we would not represent the employee.
I know this is frustrating and again, I am working to produce ways to resolve your concerns.
Jeanine



EXHIBIT

110

1

Jeanine Hummer
First Assistant Prosecuting Attorney and Chief Counsel
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-3269 Cell:614-5950099
Fax: 614-525-6012
jhummer@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, May 29, 2024 1:29 PM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** RE: PRR-1569_Request for Preservation of Records (Dispatch)

Ms. Hummer:

I reviewed this communication again today and have a question regarding the response.

In it, your office states, "ORC 309.09 clearly provides that the prosecuting attorney shall be the legal adviser to all county officers and elected officials." However, when I raised my claims of discrimination based on race and gender, hostile work environment, and retaliation and cited this very provision, along with opinions from the Ohio Ethics Commission, for the proposition that I was entitled to legal representation and standalone counsel from your office, Ms. Dean was emphatic that neither this statutory provision nor the advisory opinions entitled me to the same.

As such, I would appreciate you or someone within your office explaining what appear to be conflicting positions about legal representation from your office.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Sent:** Friday, May 24, 2024 9:20 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Davis, Cameo E. <Cameo_Davis@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** FW: PRR-1569_Request for Preservation of Records (Dispatch)

**\*\*\*This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.\*\*\***

Good morning,

Below is our response to the Dispatch's public records request directed to our office.

Call if you have any questions.

Thank you. John

John Zervas
Assistant Prosecuting Attorney
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7146
Fax: 614-525-6012
jzervas@franklincountyohio.gov

## Office of G. Gary Tyack
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Zervas, John A.
**Sent:** Thursday, May 23, 2024 5:15 PM
**To:** bbruner@dispatch.com
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** FW: PRR-1569_Request for Preservation of Records (Dispatch)

Ms. Bruner,

Our legal review of your request for "… a copy of any and all requests for preservation of records provided to the prosecutor's office by Judge Kimberly Cocroft or her staff between 1/1/2024 and 5/20/2024" has concluded that the requested records are exempt from release under the attorney-client privilege. Any

communication between an elected Franklin County official and the Franklin County Prosecutor's Office is a privileged communication and exempt from release under Ohio law. ORC 309.09 clearly provides that the prosecuting attorney shall be the legal adviser to all county officers and elected officials. I have attached a copy of our office's PR-1 form detailing the basis and legal justification for our response.

Thank you. John

John Zervas
Assistant Prosecuting Attorney
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7146
Fax: 614-525-6012
jzervas@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Prosecutor e-mail <prosecutor@franklincountyohio.gov>
**Sent:** Thursday, May 23, 2024 3:19 PM
**To:** Bruner, Bethany <bbruner@dispatch.com>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Jackson Mowery, Jessica A. <jmowery@franklincountyohio.gov>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** RE: Request

Good afternoon,
We received your records request, and it is currently under legal review.
Once the legal review is complete, we will provide you with a response to that records request.
Thank you,

Melissa Kohler
Executive Assistant
To Prosecuting Attorney G. Gary Tyack
373 S. High Street, 14th Floor
Columbus, OH 43215
Phone: 614-525-6393
Fax: 614-525-6103
mkohler@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**

Franklin County Prosecutor's Office

**From:** Bruner, Bethany <bbruner@dispatch.com>
**Sent:** Thursday, May 23, 2024 3:17 PM
**To:** Prosecutor e-mail <prosecutor@franklincountyohio.gov>
**Subject:** Request

The Dispatch would like to request, in electronic form if possible, a copy of any and all requests for preservation of records provided to the prosecutor's office by Judge Kimberly Cocroft or her staff between 1/1/2024 and 5/20/2024.

Thanks--
Bethany

Bethany Bruner
Reporter, Columbus Dispatch
Phone: 614-469-6051
Email: bbruner@dispatch.com
Follow me on Twitter or Bluesky: @bethany_bruner or on Threads @newsybethany

**Caution**

This email originated from an email address that is outside of the county network. Do not click links or open attachments unless you recognize the sender and know the content is safe.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Monday, June 3, 2024 2:16 PM |
| **To:** | Davis, Cameo E. |
| **Cc:** | Phipps, Karen Held |
| **Subject:** | RE: Potential Personnel Committee Dates |

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Davis, Cameo E. <Cameo_Davis@fccourts.org>
**Sent:** Monday, June 3, 2024 10:07 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Phipps, Karen Held <Karen_Phipps@fccourts.org>
**Subject:** FW: Potential Personnel Committee Dates

Good morning,

Please see the below email and attachments to fulfill your request.

Have a good day.



**Cameo Davis**
Pronouns: She/Her/Hers
Director of Human Resources and Training
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.5312 | (F) 614.525.8903**
**Cameo_Davis@fccourts.org** | http://www.fccourts.org

**From:** Davis, Cameo E.
**Sent:** Tuesday, May 21, 2024 4:09 PM
**To:** Page, Jaiza N. <Jaiza_Page@fccourts.org>; Holbrook, Michael J. <Michael_Holbrook@fccourts.org>; Lynch, Julie M. <Julie_Lynch@fccourts.org>; Miller, Andy D.M. <Andy_Miller@fccourts.org>; Serrott, Mark A. <Mark_Serrott@fccourts.org>; McIntosh, Stephen L. <Stephen_McIntosh@fccourts.org>
**Cc:** Phipps, Karen Held <Karen_Phipps@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Goodman, Jennifer L. <Jennifer_Goodman@fccourts.org>; Bedsole, Susan E. <Susan_Bedsole@fccourts.org>
**Subject:** Potential Personnel Committee Dates



EXHIBIT

111

1

Good afternoon,

Judge Phipps would like to schedule two Personnel Committee meetings. One purpose of the meeting is to review a draft of the Employee Handbook. The plan is to review pages 1-26 in the 1st meeting and pages 27 – 57 in the 2nd meeting.

Another purpose is to review modifications to the Anti-Harassment Policy.

**Meeting 1 options (all at noon):**
- Tuesday, June 4
- Wednesday, June 5
- Tuesday, June 11
- Wednesday, June 12

**Meeting 2 options:**
- Tuesday, July 16
- Wednesday, July 17

Please let me know which dates work well for your schedule for each meeting by May 28, 2024. Lunch will be provided during these meetings.

Please note, the handbook has been modified based on a review by the following:

- RTB (Raising the Bar)
- Executive Team
- Prosecutor's Office

I have attached a draft of the Employee Handbook, which includes sections and subsections that have been organized in alphabetical order. Also attached is the current Anti-Harassment Policy and the modified version. Please be prepared to discuss suggested additions, deletions, and/or modifications at each meeting.

Lastly, the Personnel Committee recently reviewed and recommended approval of the Drug-Free Workplace policy; this policy will be presented to the full Court at an upcoming Judges' meeting.

Have a good day!



**Cameo Davis**
Pronouns: She/Her/Hers
Director of Human Resources and Training
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.5312 | (F) 614.525.8903**
Cameo_Davis@fccourts.org | http://www.fccourts.org




EXHIBIT

112

**Franklin County
Common Pleas Court - General Division**

**Policy:** Anti-Harassment
**Qualifying Employees:** All employees of the Common Pleas Court, including Judges personal staff
**Initially Approved by the Court:** December 10, 2014
**Initial Effective Date:** December 10, 2014
**Date Amended by the Court:** February 18, 2020
**Date Amended Policy Effective:** February 18, 2020, September XX, 2024
**Previous Amendment Dates:** February 23, 2016, February 18, 2020

---

I.   **PURPOSE**

The court prohibits harassment or discrimination by or against all employees, vendors, clients, and visitors. It is the policy of the court to provide a working atmosphere free from discriminatory insult, intimidation, or other forms of harassment. All conduct listed in this section is prohibited. Not only may the conduct be illegal, but such behavior may discredit the court and impair its efficient and effective operation.

The court has a strict policy against any form of unlawful discrimination. This policy prohibits both discrimination based on any protected characteristics, and retaliation against a person who opposes or complains about prohibited conduct or who participates in any way in the complaint, investigation, or reasonable accommodation processes.

II.  **PROHIBITED CONDUCT**

**Discriminatory Harassment**: Discriminatory harassment is any conduct that purposefully or effectively creates an intimidating, hostile, or offensive work environment; substantially and unreasonably interferes with an individual's work performance; or otherwise negatively impacts an individual's employment opportunities due to their membership in a protected class (age, ancestry, color, disability that does not prohibit performance of essential job functions, familial status, gender, gender identify or expression, genetic information, HIV/AIDS status, military status, national origin, pregnancy, race, religion, sex, sexual orientation, protected veterans status, or any other basis that would be in violation of any applicable federal, state, or local law).

Discriminatory harassment encompasses a wide range of behaviors, including but not limited to: epithets, slurs, jokes, pranks, innuendo, comments, written or graphic materials, stereotyping, or any other threatening, hostile, or intimidating acts based on various protected characteristics under the law. Even derogatory remarks between friends may lead to overt acts of unlawful discrimination.

**Sexual Harassment:** Sexual harassment, as defined by both state and federal law, includes unwelcome sexual advances, requests for sexual favors, or any other verbal or physical conduct of a sexual nature that:

- Explicitly or implicitly conditions employment or employment decisions on submission to or rejection of such conduct.
- Unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive work environment.

Additionally, any sexually oriented conduct, whether intended or not, that is unwelcome and creates a hostile, offensive, intimidating, or humiliating work environment may constitute sexual harassment.

**Unbecoming Conduct:** Unbecoming conduct refers to behavior that raises doubts about a person's integrity, honesty, moral judgment, or character. Unbecoming conduct also includes any threatening or intimidating acts.

**Disparate Working Conditions**: Any conduct based on inequitable or disparate factors which affects an employee's working conditions. Working conditions include, but are not limited to, working hours, schedules, breaks, physical environment, safety, and disciplinary processes.

All conduct listed in this section is prohibited. Not only may the conduct be illegal, but such behavior may discredit the court and impair its efficient and effective operation.

## III.   COMPLAINT PROCEDURE

A. Any employee who believes they have experienced or witnessed harassment of any type may report the conduct to their direct supervisor, a manager/director within their chain of command, or the Director of Human Resources.

B. Complaints should be promptly submitted, preferably in writing, following an incident. The facts of the incident or incidents and the names of the individuals involved shall be contained in the complaint.

C. Direct supervisors, managers, or directors who receive complaints shall immediately report any complaints of harassment to the HR Department. The HR Director or their designee will investigate all such claims and take appropriate action. Investigation may include conferring with parties and witnesses named by the employee reporting the harassment. Because of the sensitive nature of such complaints, incidents must be investigated with particular care and should remain, to the extent possible, strictly confidential. Retaliation against individuals who make good faith complaints is strictly prohibited.

D. Employees have the option to approach the person harassing them, but are not required to do so, and may bypass any offending member of management by going directly to HR.

E. If the complaint involves a Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Administrative Judge for whatever action the Court considers appropriate.

F. If the complaint involves the Administrative Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Presiding Judge for whatever action the Court considers appropriate.

## IV. INVESTIGATION

A. Upon receiving a complaint or being informed of a potential policy violation, the supervisor, manager, or director shall notify the Director of Human Resources.

B. The Director of Human Resources will notify the Executive Director, or designee, and the prosecutor's office of the complaint.

C. An investigation will be initiated and will be conducted by either the Director of Human Resources or a designee. The complainant, respondent, and any witnesses will be interviewed during the investigation.

D. Following the investigation, the Director of Human Resources or designee will prepare a written report of the findings. The Director of Human Resources will review the report and make recommendations.

E. The Executive Director or designee will review the report and recommendations, deciding on the appropriate action.

F. If a policy violation is confirmed, appropriate disciplinary action will be recommended, considering factors such as the severity, frequency, and pervasiveness of the conduct, previous complaints, and the quality of

evidence. If the investigation is inconclusive or no policy violation is found, preventive action may be recommended by the Director of Human Resources.

G. The Director of Human Resources will separately meet with the complainant and the respondent to communicate the investigation's findings.

## V.   CONFLICTS

A. Director of Human Resources – if the party or witness to an incident reported under this policy is the Director of Human Resources, the Executive Director shall designate another member of the Executive Team to perform the duties of the Director of Human Resources as required by policy.

B. Executive Director – if the party or witness to an incident reported under this policy is the Executive Director, the Administrative Judge shall perform the duties of the Executive Director as required by policy.

C. Administrative Judge – if the party or witness to an incident reported under this policy is the Administrative Judge, the Presiding Judge shall perform the duties of the Administrative Judge as required by policy.

## VI.   RETALIATION

A. Retaliation against employees who report conduct under this policy or assist in investigations is strictly prohibited.

B. Employees experiencing retaliation should report the conduct following the established reporting structure.

## VII.   TRAINING

A. Anti-Harassment training is required for all employees, bi-annually.

## VIII.   PERSONAL STAFF

A. Personal staff members serve at the discretion of their supervising Judge. The Judge typically decides on hiring, firing, or utilizing the steps outlined in this policy. In serious cases, with notice to the supervising Judge, the Administrative Judge and Personnel Committee may investigate and/or place a personal staff member on paid administrative leave.

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Friday, June 7, 2024 7:06 PM |
| **To:** | Dean, Theresa M. |
| **Cc:** | Zervas, John A.; Hummer, Jeanine A. |
| **Subject:** | RE: Another Concern - Immediate Response Respectfully Requested |

Thank you, Ms. Dean.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Friday, June 7, 2024 3:05 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Another Concern - Immediate Response Respectfully Requested

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Judge Cocroft,

I apologize, I meant to acknowledge receipt yesterday. I've reviewed the policies, and have emailed Jeanine, but we're having trouble connecting while she's on vacation. I intend to at least advising that making these changes now is premature, and I will do that prior to the June 11 meeting.

Thank you.
**Theresa Dean**
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**



EXHIBIT

113

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Thursday, June 6, 2024 10:09 AM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Another Concern - Immediate Response Respectfully Requested

Ms. Dean:

Thank you for your response.

I have attached the anti-harassment policy as adopted in 2014 and the currently proposed changes.

I will not take any position on whether you should attend the meeting, as I am neither a member nor Chair of the committee. To that end, I do not want to be viewed as exceeding my bounds.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Wednesday, June 5, 2024 6:13 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Zervas, John A. <jzervas@franklincountyohio.gov>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Another Concern - Immediate Response Respectfully Requested

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Judge Cocroft,

I apologize for the delay—Jeanine and I were both off today and John left early for a vacation, but he sent me your email before he left. I wanted to respond because I was closest to the policy review.

I did review the handbook at the request of Ms. Davis. It was a limited review, and I did not review the Anti-Harassment policy changes and I was unaware of them. If you send me the proposed policy, I can conduct a review.

If you want our office to attend the Personnel Committee meeting, we can discuss that request with Judge Phipps.

As you know, our Office has at all points advocated an independent review of the anti-harassment policy and a proposal for best practices.

Thank you.

Theresa Dean
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street,  13th Floor
Columbus, OH 43215
Phone:  614-525-7589
Fax:  614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Sent:** Wednesday, June 5, 2024 10:25 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** RE: Another Concern - Immediate Response Respectfully Requested
**Importance:** High

Jeanine and Theresa,

Please see the below email from J Cocroft. Please advise how you want me to respond.

Thank you. John

John Zervas
Assistant Prosecuting Attorney
Civil Division
373 S. High Street,  13th Floor
Columbus, OH 43215
Phone:  614-525-7146
Fax:  614-525-6012
jzervas@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, June 5, 2024 10:17 AM
**To:** Zervas, John A. <jzervas@franklincountyohio.gov>
**Subject:** FW: Another Concern - Immediate Response Respectfully Requested
**Importance:** High

Mr. Zervas:

I just received notification that Ms. Hummer is out of the office until June 17, 2024. So, I am forwarding this message to you so that you or someone in your office can respond.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**From:** Cocroft, Kimberly X.
**Sent:** Wednesday, June 5, 2024 10:15 AM
**To:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** Another Concern - Immediate Response Respectfully Requested
**Importance:** High

Ms. Hummer:

I am reaching out regarding yet another issue that has arisen about which both you and your office should be aware.

On May 31, 2024, I received a Zoom invitation related to a Personnel Committee meeting that is currently scheduled for Tuesday, June 11, 2024. The invitation, sent by Director Davis, had no accompanying information and did not advise of the purpose of the meeting. Consequently, I sent a communication to Director Davis on June 3, 2024, with a copy to Judge Karen Phipps who serves as Chair of the Personnel Committee, and inquired about the purpose of the meeting, as well as any materials related to the meeting. Though I was not selected to serve as a member of this committee after I was forced to resign as Administrative Judge in 2022, I requested to be advised of all meetings so that I can participate as a duly elected member of this Court.

Director Davis provided the materials and the accompanying email sent to committee members. To my surprise and dismay, the purpose of this meeting is to vote on revisions to the Anti-Harassment Policy and one section of the Employee Handbook. Specifically, there is a proposal to do the following in reference to the Anti-Harassment Policy:

- Remove Paragraph II(D) that states, "In the event that the person reporting the claimed discriminatory harassment reports it to an outside agency, the Court shall conduct its inquiry upon learning of the report."
- Remove Paragraph II(F) that states, "Reports or complaints made in bad faith may lead to disciplinary action, up to and including termination."
- Remove Paragraph II(G) that states, "Appropriate corrective action, up to and including termination, will be taken promptly against any employee who is found to have engaged in or ignored discriminatory harassment. The corrective action issued will be proportional to the severity of the conduct. The alleged wrongdoer's employment history and any similar complaints or prior conduct may be taken into consideration."
- Add the following paragraphs that give the Executive Director complete control of and authority over the direction, management, and outcome of harassment claims:

I. **INVESTIGATION**

   A. Upon receiving a complaint or being informed of a potential policy violation, the supervisor, manager, or director shall notify the Director of Human Resources.

4

B. <u>The Director of Human Resources will notify the Executive Director</u>, or designee, and the prosecutor's office of the complaint.

C. An investigation will be initiated and will be conducted by either the Director of Human Resources or a designee. The complainant, respondent, and any witnesses will be interviewed during the investigation.

D. Following the investigation, the Director of Human Resources or designee will prepare a written report of the findings. The Director of Human Resources will review the report and make recommendations.

E. <u>The Executive Director or designee will review the report and recommendations, deciding on the appropriate action</u>.

F. If a policy violation is confirmed, appropriate disciplinary action will be recommended, considering factors such as the severity, frequency, and pervasiveness of the conduct, previous complaints, and the quality of evidence. If the investigation is inconclusive or no policy violation is found, preventive action may be recommended by the Director of Human Resources.

G. The Director of Human Resources will separately meet with the complainant and the respondent to communicate the investigation's findings.

## II. CONFLICTS

A. Director of Human Resources – if the party or witness to an incident reported under this policy is the Director of Human Resources, the Executive Director shall designate another member of the Executive Team to perform the duties of the Director of Human Resources as required by policy.

B. Executive Director – if the party or witness to an incident reported under this policy is the Executive Director, the Administrative Judge shall perform the duties of the Executive Director as required by policy.

C. Administrative Judge – if the party or witness to an incident reported under this policy is the Administrative Judge, the Presiding Judge shall perform the duties of the Administrative Judge as required by policy.

## III. RETALIATION

A. Retaliation against employees who report conduct under this policy or assist in investigations is strictly prohibited.

B. Employees experiencing retaliation should report the conduct following the established reporting structure.

Noticeably absent from these proposed changes, however, is any reference to the circumstance that now confronts this Court – the process and protocol that should be implemented when a judge or any other person makes a claim against another judge or employee (e.g. Executive Director/Court Administrator). Moreover, it appears that the proposed changes eliminate every provision that I have utilized as the bases for my claims of discrimination based on race and gender, hostile work environment, retaliation, and the filing of a bad faith complaint by Ms. Goodman in written communications to Administrative Judge Brown, Ms. Dean, and you. The level of intentionality in both revising this policy after ten years and removing provisions related directly to my claims is obvious, duplicitous, and shameful.

Indeed, the intentionality in attempting to make policy changes now is particularly grievous, as I have filed a Charge with the Equal Employment Opportunity Commission that has been assigned a case number and for which the Court received actual notice on June 1, 2024. As such, eliminating provisions upon which my claims are based is another clear demonstration of continued retaliation. Beyond this, the proposed changes conflict with the position description for the Director of Human Resources. That document clearly delineates the responsibility of that employee to:
- Investigates all workplace complaints (* * *)
- Responsible for the investigation process regarding employee wrongdoing.

- Serves as Hearing Officer for disciplinary and corrective action hearings and conducts grievance hearings when necessary.
- Responsible for disciplinary processes and their compliance with applicable employment laws.

Furthermore, the changes to the Anti-Harassment Policy fail to honor the newly proposed purpose of the same that states, "The court prohibits harassment or discrimination <u>by or against all employees, vendors, clients, and visitors</u> (* * *)", as the substance of the policy does absolutely nothing to address how constituent groups beyond employees may have their claims addressed.

Finally, the policy is in direct contravention to the proposed changes in the Employee Handbook. More concisely, at pages 7 and 8, that document states:

"If the complaint involves a Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Administrative Judge for whatever action the Court considers appropriate".

"If the complaint involves the Administrative Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Presiding Judge for whatever action the Court considers appropriate."

Once again, noticeably absent from these revisions is any reference to complaints against the Executive Director, Deputy Director, and any other person in a "leadership" position for the Court. And, amazingly, while the Anti-Harassment Policy gives full autonomy to the Executive Director to decide corrective action, with absolutely no reference to the judges' involvement or agreement, the Employee Handbook vests authority to the judges who, as you know, could potentially be liable for both the adoption of a discriminatory policy and any claims resulting therefrom.

To add final insult to ongoing injury, Director Davis noted in her May 21, 2024 email communication to Personnel Committee members that the Employee Handbook "has been modified based on review by" the Prosecutor's Office. While your office has made it abundantly clear that it has no legal representation obligation to me in this whole humiliating experience, to know that your office did not advise the Court of these pitfalls, problems and potential liabilities is disappointing.

As a consequence of the disrespect and humiliation to which I continue to be subjected and in my effort to maintain as much of my dignity as possible, I have yet again been placed in the position of having to forego the work I was elected to do to address this Court's continued decision not only to ignore my legitimate claims but to allow both Court Administrators and others to flout that disregard openly. I want to be clear that I will continue to do whatever I believe is appropriate to protect my professional and personal integrity and that of my staff including, but not limited to, cooperating fully in any investigative process undertaken by EEOC. To that end, I am hopeful that you and your office will advise the Court of the legal peril that may exist should it choose to move forward with this policy revision process. While I am completely exhausted by this ongoing behavior, I remain undeterred.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

Cocroft, Kimberly X.

**EXHIBIT**

114

Judge Phipps:

Candidly, the proposed changes to the Anti-Harassment Policy and the Employee Handbook create the same logjam that has existed for employees historically. That is, Directors Davis, Goodman, and Bedsole are inextricably and inexplicably intertwined both in the reporting and corrective action processes. And you are well aware of how employees believe that their concerns are reaching no farther than these Directors' desks based on your assistance to Probation Officers who filed claims of race discrimination in 2020, for which there has never been an investigation or resolution to this day.

Beyond that, the timing of this effort and the edits in each document proposed to achieve this aim are troubling, at best. The irony of removing every provision upon which "a person" (language from the 2014 Anti-Harassment Policy) relied to assert the filing of a bad faith claim by the Court Administrator are legal, visual and public relations disasters waiting to happen, particularly given the fact that an EEOC Charge has been filed and accepted. However, should the Court choose to move forward with the meeting on tomorrow, I will restate my position.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Phipps, Karen Held <Karen_Phipps@fccourts.org>
**Sent:** Monday, June 10, 2024 9:11 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>; Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** RE: Concern Regarding June 11, 2024 Personnel Committee Meeting

Judge:

Thank you for your email. It is the committee's intention to review the first half of the employee handbook. To discuss the changes and revisions. Not to vote on presenting it at this point. There will be a second meeting to review the second half of the employee handbook. Then if needed a third meeting can be scheduled to review the finalized document.
You are more than welcome to attend and give input.

I began talking with Cameo, Jen, and Susan when I first became the chair of the committee. I noticed a need for revisions as employees had difficulties with the chain of command when needing to file a complaint or address

issues. This has been ongoing issue since I took the bench, as certain employees felt a need to ask Judge's to assist them with their complaints.



**Judge Karen Held Phipps**
**Franklin County Common Pleas Court**
345 South High Street | 7th Floor| Columbus, OH 43215-4554
**(P) 614.525.3777 | (F) 614.525.2462**
Karen_Phipps@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Friday, June 7, 2024 7:32 PM
**To:** Phipps, Karen Held <Karen_Phipps@fccourts.org>
**Cc:** Brown, Kimberly J. <Kimberly_Brown@fccourts.org>; Hummer, Jeanine A. <jhummer@franklincountyohio.gov>;
Dean, Theresa M. <tdean@franklincountyohio.gov>
**Subject:** Concern Regarding June 11, 2024 Personnel Committee Meeting

Judge Phipps:

I am reaching out regarding an issue that has arisen about which I believe you, as Chair of the Personnel Committee, should be aware.

On May 31, 2024, I received a Zoom invitation related to a Personnel Committee meeting that is currently scheduled for Tuesday, June 11, 2024. The invitation, sent by Director Davis, had no accompanying information and did not advise of the purpose of the meeting. Consequently, I sent a communication to Director Davis on June 3, 2024, with a copy to you, and inquired about the purpose of the meeting, as well as any materials related to the meeting. Though I was not selected to serve as a member of this committee after my term as Administrative Judge was cut short in 2022, I requested to be advised of all meetings so that I can participate as a duly elected member of this Court.

Director Davis provided the materials and the accompanying email sent to committee members. To my surprise and dismay, the purpose of this meeting is to vote on revisions to the Anti-Harassment Policy and one section of the Employee Handbook. Specifically, there is a proposal to do the following in reference to the Anti-Harassment Policy:

- Remove Paragraph II(D) that states, "In the event that the person reporting the claimed discriminatory harassment reports it to an outside agency, the Court shall conduct its inquiry upon learning of the report."
- Remove Paragraph II(F) that states, "Reports or complaints made in bad faith may lead to disciplinary action, up to and including termination."
- Remove Paragraph II(G) that states, "Appropriate corrective action, up to and including termination, will be taken promptly against any employee who is found to have engaged in or ignored discriminatory harassment. The corrective action issued will be proportional to the severity of the conduct. The alleged wrongdoer's employment history and any similar complaints or prior conduct may be taken into consideration."
- Add the following paragraphs that give the Executive Director complete control of and authority over the direction, management, and outcome of harassment claims:

**I.    INVESTIGATION**

   A. Upon receiving a complaint or being informed of a potential policy violation, the supervisor, manager, or director shall notify the Director of Human Resources.

2

B. The Director of Human Resources will notify the Executive Director, or designee, and the prosecutor's office of the complaint.

C. An investigation will be initiated and will be conducted by either the Director of Human Resources or a designee. The complainant, respondent, and any witnesses will be interviewed during the investigation.

D. Following the investigation, the Director of Human Resources or designee will prepare a written report of the findings. The Director of Human Resources will review the report and make recommendations.

E. The Executive Director or designee will review the report and recommendations, deciding on the appropriate action.

F. If a policy violation is confirmed, appropriate disciplinary action will be recommended, considering factors such as the severity, frequency, and pervasiveness of the conduct, previous complaints, and the quality of evidence. If the investigation is inconclusive or no policy violation is found, preventive action may be recommended by the Director of Human Resources.

G. The Director of Human Resources will separately meet with the complainant and the respondent to communicate the investigation's findings.

## II. CONFLICTS

A. Director of Human Resources – if the party or witness to an incident reported under this policy is the Director of Human Resources, the Executive Director shall designate another member of the Executive Team to perform the duties of the Director of Human Resources as required by policy.

B. Executive Director – if the party or witness to an incident reported under this policy is the Executive Director, the Administrative Judge shall perform the duties of the Executive Director as required by policy.

C. Administrative Judge – if the party or witness to an incident reported under this policy is the Administrative Judge, the Presiding Judge shall perform the duties of the Administrative Judge as required by policy.

## III. RETALIATION

A. Retaliation against employees who report conduct under this policy or assist in investigations is strictly prohibited.

B. Employees experiencing retaliation should report the conduct following the established reporting structure.

You will recall at a Special Judges' Meeting called by Administrative Judge Brown on March 13, 2024, members of the Court were advised that I had asserted various claims including, but not limited to, the filing of a bad faith complaint by Jennifer Goodman. Despite the Court's knowledge of these claims, noticeably absent from these proposed changes is any reference to the circumstance that now confronts this Court – that is, the process and protocol that should be implemented when a judge or any other person makes a claim against another judge or employee (e.g. Executive Director/Court Administrator). Moreover, it appears that the proposed changes eliminate every provision I utilized as the bases for my claims in written communications to Administrative Judge Brown, Ms. Dean, and Ms. Hummer. While you may not have been aware of the import of the language proposed for removal in the Anti-Harassment Policy, whoever proposed these edits was certainly aware. I have spoken with Ms. Dean and no one in her office was asked to review the Anti-Harassment Policy prior to its distribution, though Ms. Dean was asked to review edits for the Employee Handbook. This inconsistent decision regarding what documents should be reviewed by the Court's lawyer leads me to conclude that the edits in the Anti-Harassment Policy were prepared by a member of Court Administration – more specifically, Ms. Davis, Ms. Goodman and/or Ms. Bedsole. And, candidly, the level of intentionality in both revising this policy after ten years and removing provisions related directly to my claims is obvious, duplicitous, and shameful.

Indeed, the intentionality in attempting to make policy changes now is particularly grievous, as I have filed a Charge with the Equal Employment Opportunity Commission for which the Court received actual notice on June 1, 2024. As such, eliminating provisions upon which my claims are based is another clear demonstration of continued retaliation. Beyond this, the proposed changes conflict with the position description for the Director of Human Resources. That document clearly delineates the responsibility of that employee to:

- Investigates all workplace complaints (* * *)
- Responsible for the investigation process regarding employee wrongdoing.
- Serves as Hearing Officer for disciplinary and corrective action hearings and conducts grievance hearings when necessary.
- Responsible for disciplinary processes and their compliance with applicable employment laws.

Furthermore, the changes to the Anti-Harassment Policy fail to honor the newly proposed purpose of the same that states, "The court prohibits harassment or discrimination <u>by or against all employees, vendors, clients, and visitors</u> (* * *)", as the substance of the policy does absolutely nothing to address how constituent groups beyond employees may have their claims addressed.

Finally, the policy is in direct contravention to the proposed changes in the Employee Handbook. More concisely, at pages 7 and 8, that document states:

"If the complaint involves a Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Administrative Judge for whatever action the Court considers appropriate".

"If the complaint involves the Administrative Judge, the Director of Human Resources shall notify the Executive Director who shall report the allegation to the Presiding Judge for whatever action the Court considers appropriate."

Once again, noticeably absent from these revisions is any reference to complaints against the Executive Director, Deputy Director, and any other person in a "leadership" position for the Court. And, amazingly, while the Anti-Harassment Policy gives full autonomy to the Executive Director to decide corrective action, with absolutely no reference to the judges' involvement or agreement, the Employee Handbook vests authority to the judges who, as you know, could potentially be liable for both the adoption of a discriminatory policy and any claims resulting therefrom.

I am hereby requesting that you, as Chair of Personnel, defer consideration of any changes to Court policies and other employment documents. If however, the meeting moves forward as scheduled, then it remains my intention to participate and, if permitted, to restate my concerns.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org



## Judge Kimberly Cocroft

Pronouns: She/Her/Hers

**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
**Kimberly_Cocroft@fccourts.org** | http://www.fccourts.org

**Cocroft, Kimberly X.**

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Wednesday, June 12, 2024 2:42 PM |
| **To:** | Dean, Theresa M.; Zervas, John A. |
| **Cc:** | Hummer, Jeanine A. |
| **Subject:** | RE: Request for Records |

Ms. Dean:

To be clear, the disclaimer that is at the bottom of the most recent communication from Director Davis has not been included in any other production provided to me. So, I have to presume that there was a genesis for the inclusion of this language and my belief is that the genesis was the filing of the Charge with EEOC. I have seen and responded to the disclaimer regarding sexually humiliating information and indicated to Mr. Zervas that I would never disrespect and humiliate any person in the way that I have been disrespected and humiliated. In fact, here is the language that has been in every production I have received:

> In conclusion, documents containing personal identifiers, attorney-client privileged materials and private, sexual, and humiliating information that have been provided to you in your official capacity should not be publicly released. The Prosecutor's Office intends to provide you with the legal opinion regarding how the release of such records could expose the County, the Court, and you to liability.

Thereafter, Mr. Zervas provided me with the legal opinion of which you now speak regarding how the release of such records could expose the County, the Court or me to liability. Again, the new disclaimer language I referenced in today's communication was not included until <u>after</u> I filed a Charge with EEOC. The irony is too blatant to ignore.

Moreover, I am confused by your statement that the Court may need to provide a different analysis based on the foundation of my request. I made the foundation clear when I sent the communications and my right to receive the documents was confirmed by Ms. Hummer. However, if I were to follow your initial position, then it appears that you provided the documents to me as a courtesy because I am a member of the Court, which would make me your client. If I am not considered a client, then it appears that the Court waived privilege to provide documents to a sitting judge, who is a member of the Court but not your office's client. Perhaps I am misunderstanding your point. However, your current request for clarification and statement that your office may take further action based on my response is now the second time where it seems you are intimating that either you or your office will take some position against me. I am confident that was not your intention but having read this kind of communication for a second time is unsettling.

Irrespective of the positions you have now raised, my position is this - the basis of my requests was clear, and it remains unchanged. What has changed, however, are the directives that I am now receiving from Court Administrators. While I appreciate your input and insight, I will await Ms. Hummer's return to the office on Monday, June 17, so that I may discuss this matter with her in person.

Thank you.



1

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Friday, June 14, 2024 11:07 AM |
| **To:** | Dean, Theresa M.; Zervas, John A. |
| **Cc:** | Hummer, Jeanine A. |
| **Subject:** | RE: Request for Records |

Ms. Dean:

The mental gymnastics and fluctuating positions that continue to be taken are disappointing, at best.

And I presume that special counsel has been engaged to assist the Court in defending the EEOC Charge, since this is the first instance where your office has ever referenced the engagement of outside counsel.

As I shared, I will confer with Ms. Hummer.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Thursday, June 13, 2024 3:12 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Request for Records

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Judge Cocroft,

You are our client in your official capacity as a judge, but we (neither the Prosecutor's Office nor special counsel appointed pursuant to R.C. 305.14) cannot represent you in a civil rights action against the court, which would be in your individual capacity.



EXHIBIT
116

1

Similarly, you are entitled to different information in your official capacity as a judge than you are in your personal capacity as a member of the public.

We at all times have treated you as a client when we understand you are acting in your official capacity.

Thank you.

Theresa Dean
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

**Office of G. Gary Tyack**
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, June 12, 2024 2:42 PM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Request for Records

Ms. Dean:

To be clear, the disclaimer that is at the bottom of the most recent communication from Director Davis has not been included in any other production provided to me. So, I have to presume that there was a genesis for the inclusion of this language and my belief is that the genesis was the filing of the Charge with EEOC. I have seen and responded to the disclaimer regarding sexually humiliating information and indicated to Mr. Zervas that I would never disrespect and humiliate any person in the way that I have been disrespected and humiliated. In fact, here is the language that has been in every production I have received:

> In conclusion, documents containing personal identifiers, attorney-client privileged materials and private, sexual, and humiliating information that have been provided to you in your official capacity should not be publicly released. The Prosecutor's Office intends to provide you with the legal opinion regarding how the release of such records could expose the County, the Court, and you to liability.

Thereafter, Mr. Zervas provided me with the legal opinion of which you now speak regarding how the release of such records could expose the County, the Court or me to liability. Again, the new disclaimer language I referenced in today's communication was not included until after I filed a Charge with EEOC. The irony is too blatant to ignore.

Moreover, I am confused by your statement that the Court may need to provide a different analysis based on the foundation of my request. I made the foundation clear when I sent the communications and my right to receive the documents was confirmed by Ms. Hummer. However, if I were to follow your initial position, then it appears that

| | |
|---|---|
| **From:** | Cocroft, Kimberly X. |
| **Sent:** | Friday, June 14, 2024 12:19 PM |
| **To:** | Hummer, Jeanine A. |
| **Subject:** | RE: Request for Records |

Ms. Hummer:

In anticipation of our conversation on Monday and in reference to the information Ms. Dean has provided below, I would appreciate your explaining whether the Directors of the Court (Goodman, Bedsole, Davis, Canada, and Worthington) are your clients. Since it was Director Davis who modified the notice language in her communication dated June 11, 2024 so that it was different from every other communication regarding records I received prior to that date, I have to presume that the advice to do so came from someone in your office. To that end, I think it is important for me to understand how the client lines are drawn by your office since Ms. Dean's definition of when I am and am not your client continues to change, as well. More specifically, in her February 7, 2024 communication, Ms. Dean wrote, "We represent the Court as an entity (* * *)." Today is the first time that I have ever been advised by anyone in your office that it represents me. So, I am hopeful you can appreciate my confusion.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Dean, Theresa M. <tdean@franklincountyohio.gov>
**Sent:** Thursday, June 13, 2024 3:12 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Request for Records

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

***This Opinion/Advice constitutes confidential legal advice which is protected by the Attorney-Client privilege and is not a public record. Do not cut, copy, paste, forward or disclose this Opinion /Advice, and do not save this Opinion/Advice in a public or shared file, folder, or location. If there are specific individuals within your department or agency that should receive this Opinion/Advice, please contact me to provide their names and I will send this Opinion/Advice to those individuals directly. This will help ensure we maintain the Attorney – Client privilege associated with this Opinion/Advice.***

Judge Cocroft,



EXHIBIT

117

You are our client in your official capacity as a judge, but we (neither the Prosecutor's Office nor special counsel appointed pursuant to R.C. 305.14) cannot represent you in a civil rights action against the court, which would be in your individual capacity.

Similarly, you are entitled to different information in your official capacity as a judge than you are in your personal capacity as a member of the public.

We at all times have treated you as a client when we understand you are acting in your official capacity.

Thank you.

Theresa Dean
she/her
Deputy Director Labor and Employment
Civil Division
373 S. High Street, 13th Floor
Columbus, OH 43215
Phone: 614-525-7589
Fax: 614-525-6012
tdean@franklincountyohio.gov

## Office of G. Gary Tyack
**Franklin County Prosecuting Attorney**
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, June 12, 2024 2:42 PM
**To:** Dean, Theresa M. <tdean@franklincountyohio.gov>; Zervas, John A. <jzervas@franklincountyohio.gov>
**Cc:** Hummer, Jeanine A. <jhummer@franklincountyohio.gov>
**Subject:** RE: Request for Records

Ms. Dean:

To be clear, the disclaimer that is at the bottom of the most recent communication from Director Davis has not been included in any other production provided to me. So, I have to presume that there was a genesis for the inclusion of this language and my belief is that the genesis was the filing of the Charge with EEOC. I have seen and responded to the disclaimer regarding sexually humiliating information and indicated to Mr. Zervas that I would never disrespect and humiliate any person in the way that I have been disrespected and humiliated. In fact, here is the language that has been in every production I have received:

> In conclusion, documents containing personal identifiers, attorney-client privileged materials and private, sexual, and humiliating information that have been provided to you in your official capacity should not be publicly released. The Prosecutor's Office intends to provide you with the legal opinion regarding how the release of such records could expose the County, the Court, and you to liability.

Thereafter, Mr. Zervas provided me with the legal opinion of which you now speak regarding how the release of such records could expose the County, the Court or me to liability. Again, the new disclaimer language I referenced in today's communication was not included until after I filed a Charge with EEOC. The irony is too blatant to ignore.

**EXHIBIT**

118

**From:** Cocroft, Kimberly X.
**Sent:** Thursday, July 18, 2024 4:30 PM
**To:** Worthington, Stacy A.
**Cc:** Crum, ShaQuanna N.; Brown, Kimberly J.
**Subject:** RE: Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

Director Worthington:

Thank you for this email.

Based on this recitation, my circumstance sounds like it should have been an exception in the same way that you notified Judge Serrott of the transfer of a TRO case from my docket to his.

Be that as it may and consistent with my original request, I would appreciate your providing me with information on those circumstances that create an exception to the Court's normal process.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
Franklin County Common Pleas Court
345 South High Street | 4th Floor | Columbus, OH 43215-4554
(P) 614.525.7200| (F) 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Thursday, July 18, 2024 11:24 AM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** RE: Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

Good morning, Judge,

The attached Notice of Transfer memo you provided from Ms. Harrison is what she creates after researching the arraignment list and attempting to transfer cases based on Local Rule 31.03. As indicates on the second page, there are only (3) reason codes that apply to the notice of transfer criminal case transfer form provided by Ms. Harrison

1. Active Probation Case
2. Pending case (s)
3. Administrative Judge Determination

Judge Recusal entries are not included in that process because they are generated from chambers at any time post judge assignment and provided to me. Assignment does not take part in the recusal process for either criminal or civil. They do not have to prepare any transfer entries as is reference below in those past email correspondences example because the actual recusal entry filed is what the clerk uses to transfer the case. Assignment receives a copy of the criminal case history card generated from FCJS along with chambers.

The example email below and a judge recusal have different workflows.

The criminal recusal entry being filed and FCJS producing a criminal case history card notifying chambers of receiving a case is and has been the process. Some bailiffs might not choose to keep the case history cards after they add that information into their excel spreadsheet, however they ALL receive the case history cards. This is the process as to how chambers are notified of receiving both criminal and civil cases.

I am sorry that the attorneys showed up on July 16th to your courtroom unexpectantly. I believe that had the clerk stricken the date as normally occurs that probably would not have happened. My speculation is that 7B chambers looked up the case when they appeared in front of them and that is when they said Judge Cocroft was assigned and they then took it upon themselves to go to your courtroom even though it was not schedule yet in your courtroom.

Having said that, I will try my best to get a criminal recusal filed timelier. I do believe the holiday certainly factored into the delay for this specific example.

Thank you, Stacy



**Stacy Worthington, CCE**
(She/Her/Hers)
**Director of Court Support Services**

Franklin County Court of Common Pleas - General Division
345 S. High St., 2nd Floor, Columbus, OH 43215
Phone 614.525.2529  Fax 614.525.4480
www.fccourts.org



**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Wednesday, July 17, 2024 10:02 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Brown, Kimberly J. <Kimberly_Brown@fccourts.org>
**Subject:** RE: Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

Director Worthington:

Thank you for this response.

While I appreciate your thorough explanation of the process by which this case was assigned to me, I am still unclear on why my staff and I were not notified proactively of the transfer. To expect that we would have any method by which we would know that a request for recusal was signed two weeks ago, that the case was assigned to me 11 days ago and would appear on my docket yesterday seems unreasonable. Moreover, the statement that a criminal case history card was produced and placed in my mail drawer on the same day the matter was set for a trial date seems to suggest that Ms. Crum should have anticipated or discerned that a process that began two weeks ago would yield this result. Historically, Ms. Crum has received a courtesy email from Ms. Harrison, the bailiff of the transferring judge, or a Court Support Specialist to notify us of a transfer. I have attached a copy of a bailiff memo Ms. Crum received from Ms. Harrison on July 11, 2024 regarding transferred cases, as well as the full text of an electronic communication from Ms. Halfhill to Ms. Crum regarding transferred cases.

Additionally, I am unclear on how or why my staff and I were not notified when the assignment was made on July 5 but, instead, were expected to await the FCJS criminal case history card to notify us of the assignment. It is my understanding that many bailiffs do not use the cards in the way it is being proposed that we should have used the card in this instance. However, even if we did use the card in that way, Ms. Crum did not know of its existence until after counsel inquired yesterday morning, which is the same day the card was submitted to us.

To be clear, my issue is not setting the matter based on my schedule. My concern is not knowing that the case has been assigned to my docket and having counsel appear to inquire about whether I am prepared to discuss and manage the case. In that regard, having Ms. Crum provide a date or getting a date from Assignment is inconsequential if I don't know that the case exists and is assigned to me.

Finally, I am also unclear on how or why your notification to Judge Serrott regarding the transfer of a TRO case is an exception to whatever the normal process is. To that end, I would appreciate any information that would my assist my staff and me in understanding when, how and for whom these exceptions are made.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

---

**From:** Harrison, Patti A. <Patti_Harrison@fccourts.org>
**Sent:** Thursday, June 9, 2022 8:25 AM
**To:** Cespedes, Giuseppe X. <Giuseppe_Cespedes@fccourts.org>; Halfhill, Christina M. <Christina_Halfhill@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: Entry of Transfer 22 CR 2329/22 CR 2330/22CR2048

Good Morning,

I filed the transfers yesterday, waiting on the clerk to process.

Thank you,

Patti Harrison
Court Support Services Coordinator
345 S. High Street
Columbus, Ohio 43215
Patti_Harrison@fccourts.org
525-5326

**From:** Cespedes, Giuseppe X. <Giuseppe_Cespedes@fccourts.org>
**Sent:** Thursday, June 9, 2022 8:11 AM
**To:** Halfhill, Christina M. <Christina_Halfhill@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>; Harrison, Patti A. <Patti_Harrison@fccourts.org>
**Subject:** RE: Entry of Transfer 22 CR 2329/22 CR 2330/22CR2048

Good morning,

I will process these transfers below. Also, I will need to state a reason for the transfer on the transfer entry. What is the reason for the transfer? (i.e. consolidated, refiling, joined, co-defendant, etc.).

Thank you,



**Giuseppe Cespedes**
Assistant Assignment Commissioner
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
**(P) 614.525.3455 | (F) 614.525.4480**
Giuseppe_Cespedes@fccourts.org | http://www.fccourts.org

**From:** Halfhill, Christina M. <Christina_Halfhill@fccourts.org>
**Sent:** Wednesday, June 8, 2022 2:50 PM
**To:** Cespedes, Giuseppe X. <Giuseppe_Cespedes@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** FW: Entry of Transfer 22 CR 2329/22 CR 2330/22CR2048

Good afternoon,

Please transfer the following cases from Judge Cocroft to Judge Serrott:

22CR-2048  Sonny Wiseman
22CR-2329 Sonny Wiseman
22CR-2330 Lacey Wiseman

**Approved by Judge Cocroft and Judge Cain (covering for Judge Serrott)

Thank you
Christina



**Christina M. Halfhill**
Court Support Specialist
**Franklin County Common Pleas Court**
345 South High Street | 2nd Floor | Columbus, OH 43215-4554
(P) 614.525.3970 | (F) 614.525.4480
Christina_Halfhill@fccourts.org | http://www.fccourts.org

**From:** David Walsh <dwalsh@franklincountyohio.gov>
**Sent:** Wednesday, June 8, 2022 11:00 AM
**To:** Halfhill, Christina M. <Christina_Halfhill@fccourts.org>
**Subject:** Re: Entry of Transfer 22 CR 2329/22 CR 2330

No both need to be transferred

On Wed, Jun 8, 2022 at 10:46 Halfhill, Christina M. <Christina_Halfhill@fccourts.org> wrote:

Are you leaving his co-defendant, the wife, with Cocroft?

**From:** Walsh, David A. <dwalsh@franklincountyohio.gov>
**Sent:** Wednesday, June 8, 2022 10:30 AM
**To:** Halfhill, Christina M. <Christina_Halfhill@fccourts.org>
**Subject:** Entry of Transfer 22 CR 2329/22 CR 2330

Good morning,

This is just to confirm request to have cases 22 CR 2329 and 22 CR 2330 transferred from Judge Cocroft to Judge Serrott. Defendants have pending cases 21 CR 3436 and 22 CR 2048 pending. Please let me know if you need anything additional.

Thanks,

David

David Walsh
Assistant Prosecuting Attorney
Criminal Division - Economic Crime Unit
373 S. High Street, 15th Floor
Columbus, OH 43215
Phone: 614-525-3474
Fax: 614-525-6660
dwalsh@franklincountyohio.gov

## Office of G. Gary Tyack
### Franklin County Prosecuting Attorney
Franklin County Prosecutor's Facebook
Franklin County Prosecutor's Office

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.*

**From:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Sent:** Tuesday, July 16, 2024 4:40 PM
**To:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** RE: Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

Good afternoon, Judge,

Per Judge Munson' chambers they brought down the judge criminal recusal entry at the end of the day on July 2nd and placed it into my mailbox. With the court closed July 3rd and 4th you were not drawn as the replacement judge until July 5th. Once you were drawn as the replacement judge the entry was then place in the Administrative Judge's drawer for signature and requested for it be returned to me. The following week it was returned to me with the AJ's signature, I e-Filed the judge recusal entry on July 12th. Once the Clerk approved the entry on July 15th, then a criminal case history card was produced from FCJS the following day (ie July 16th) and that was then placed in your Judge's drawer on the 2nd floor by Assignment so that the bailiff is notified of the judge transfer.

Regarding your historical point of reference to the TRO process example, the reason I commented on notifying Judge Serrott of the TRO transfer that time was because that was an exception and not the normal process. This specific criminal judge recusal process is the normal court process and the steps the court took were not done differently.

As it relates to the 7/16/24 trial date in front of Judge Munson today, when the case was transferred by the Clerk's office, the 7/16/2024 date in front of 7B should have been stricken and was not. I have notified the Clerk's office of this error.

Assignment received the criminal case history card today along with your bailiff's copy that was placed in your drawer on the 2nd floor, and they will set it for trial based on your schedule. If you would prefer to have Ms. Crum provide them a specific trial date for this case, then that would be fine as well. Just let me know which you prefer.

Thank you, Stacy



**Stacy Worthington, CCE**
(She/Her/Hers)
**Director of Court Support Services**

Franklin County Court of Common Pleas -
General Division
345 S. High St., 2nd Floor, Columbus, OH 43215
Phone 614.525.2529  Fax 614.525.4480
www.fccourts.org



**From:** Cocroft, Kimberly X. <Kimberly_Cocroft@fccourts.org>
**Sent:** Tuesday, July 16, 2024 11:50 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>

Director Worthington:

This morning, Attorney Stephen Wolfe came to my chambers to speak with Ms. Crum about the above-referenced case. Specifically, he wanted to know if we were aware that this matter had been transferred from the docket of Judge Munson to my docket. As we understand the facts, the charge involved is Murder and the decedent is a graduate of The RISE Docket. Mr. Wolfe advised Ms. Crum that the matter was set originally set before Judge Munson for today and asked if we had notice and were prepared to confer with counsel. We were not aware of the transfer, as neither Judge Munson, her staff or Assignment communicated with us. Moreover, the case was not listed on my daily docket sheet.

After Mr. Wolfe's visit, Ms. Crum did research and learned that Judge Munson filed the recusal request on July 2, 2024 and it was transferred to my docket on last Friday, July 12, 2024. As a historical point of reference, I know and recall that when I received a flurry of TRO cases and one was transferred to Judge Serrott, you stopped by my chambers to inform Ms. Crum that you were going to speak with Judge Serrott immediately regarding the transfer, so that he would not be shocked by the fact that he may receive two consecutive TRO assignments.

Because so many guidelines and protocols have changed in recent history from what has been my experience during my tenure, I do not know if I was supposed to receive notice of this transfer from your or a member of the team you supervise or if it should have been placed on my daily docket. However, since the transfer did not occur until 10 days after it was requested and the daily docket sheets had already been distributed for this week, I presume that someone would have advised us of this case, since counsel were aware that the matter was set for today. Whatever the case may be, I wanted to bring this matter to your attention so that I have an opportunity to be as prepared as possible for cases that are set on and/or transferred to my docket.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X.
**Sent:** Tuesday, July 16, 2024 1:26 PM
**To:** Brown, Kimberly J.
**Subject:** FW: Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

EXHIBIT

119

Administrative Judge Brown:

I wanted to forward a communication I sent to Director Worthington to keep you advised of this concern.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P)** 614.525.7200| **(F)** 614.525.4641
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org

**From:** Cocroft, Kimberly X.
**Sent:** Tuesday, July 16, 2024 11:50 AM
**To:** Worthington, Stacy A. <Stacy_Worthington@fccourts.org>
**Cc:** Crum, ShaQuanna N. <ShaQuanna_Crum@fccourts.org>
**Subject:** Transferred Case (24CR-2899) - State of Ohio v. Brian Sias

Director Worthington:

This morning, Attorney Stephen Wolfe came to my chambers to speak with Ms. Crum about the above-referenced case. Specifically, he wanted to know if we were aware that this matter had been transferred from the docket of Judge Munson to my docket. As we understand the facts, the charge involved is Murder and the decedent is a graduate of The RISE Docket. Mr. Wolfe advised Ms. Crum that the matter was set originally set before Judge Munson for today and asked if we had notice and were prepared to confer with counsel. We were not aware of the transfer, as neither Judge Munson, her staff or Assignment communicated with us. Moreover, the case was not listed on my daily docket sheet.

After Mr. Wolfe's visit, Ms. Crum did research and learned that Judge Munson filed the recusal request on July 2, 2024 and it was transferred to my docket on last Friday, July 12, 2024. As a historical point of reference, I know and recall that when I received a flurry of TRO cases and one was transferred to Judge Serrott, you stopped by my chambers to inform Ms. Crum that you were going to speak with Judge Serrott immediately regarding the transfer, so that he would not be shocked by the fact that he may receive two consecutive TRO assignments.

Because so many guidelines and protocols have changed in recent history from what has been my experience during my tenure, I do not know if I was supposed to receive notice of this transfer from your or a member of the team you supervise or if it should have been placed on my daily docket. However, since the transfer did not occur until 10 days after it was requested and the daily docket sheets had already been distributed for this week, I presume that someone would have advised us of this case, since counsel were aware that the matter was set for

today. Whatever the case may be, I wanted to bring this matter to your attention so that I have an opportunity to be as prepared as possible for cases that are set on and/or transferred to my docket.

Thank you.



**Judge Kimberly Cocroft**
Pronouns: She/Her/Hers
**Franklin County Common Pleas Court**
345 South High Street | 4th Floor | Columbus, OH 43215-4554
**(P) 614.525.7200| (F) 614.525.4641**
Kimberly_Cocroft@fccourts.org | http://www.fccourts.org