# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

KIMBERLY COCROFT,    :
            :
    Plaintiff,    :  Case No. 2:24-cv-4208
            :
   vs.       :  Judge Newman
            :
FRANKLIN COUNTY, OHIO, et. al., :  Magistrate Judge Gentry
            :
    Defendants.   :


### DEFENDANTS FRANKLIN COUNTY, OHIO, JEANINE HUMMER AND THERESA DEAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. 12)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................ iii

MEMORANDUM IN SUPPORT ................................................................................ 3

I.      STRUCTURE OF THIS MOTION ................................................................... 4

II.     LAW AND ARGUMENT ................................................................................ 4

        A.      PLAINTIFF'S TITLE VII CLAIM (COUNT ONE) FAILS AS A MATTER OF LAW ............ 4

        B.      PLAINTIFF'S 42 U.S.C. § 1981 CLAIM (COUNT TWO) FAILS AS A MATTER OF LAW ........................................................................................................ 5

        C.      PLAINTIFF FAILS TO STATE A COGNIZABLE § 1983 CLAIM AGAINST DEFENDANTS FRANKLIN COUNTY, JEANINE HUMMER AND THERESA DEAN ............ 7

            1.     Claims Barred by the Statute of Limitations ................................. 7

            2.     Plaintiff's *Monell* Claim Against Franklin County, Ohio Fails as a Matter of Law ........................................................................ 7

            3.     Defendants Jeanine Hummer and Theresa Dean are Entitled to Qualified Immunity ................................................................... 10

        D.      DEFENDANTS ARE ENTITLED TO THE DISMISSAL OF PLAINTIFF'S RACKETEERING CLAIM (COUNT FOUR) ............................................................ 14

            1.     Plaintiff Has Failed to Plead a Violation of § 1962. ..................... 15

            2.     Plaintiff Has Failed to Plead an Injury to her Business or Property Within the Meaning of the RICO Statute. ................................... 20

            3.     Plaintiff Has Failed to Plead Proximate Causation Within the Meaning of the RICO Statute ................................................... 21

        E.      DEFENDANTS ARE ENTITLED TO THE DISMISSAL OF PLAINTIFF'S STATE LAW DISCRIMINATION AND RETALIATION CLAIMS (COUNT FIVE) ................................. 23

            1.     Plaintiff Fails to Allege That She Either (1) Obtained a Right-to Sue Letter from the Ohio Civil Rights Commission or (2) Included State Law Claims in her EEOC Charge ........................................... 23

            2.     Franklin County, Ohio is not Plaintiff's Employer ...................... 24

            3.     Plaintiff Has Failed to State a Plausible Claim of Discrimination Against Defendants Hummer and Dean ...................................... 25

i

F.    DEFENDANTS DESTRUCTION OF PUBLIC RECORDS CLAIM (COUNT SEVEN)
      FAILS AS A MATTER OF LAW ............................................................................26

CERTIFICATE OF SERVICE ..........................................................................................30

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 328 (6th Cir. 1999) ................................................................ 15, 16

*Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) ........................................ 4, 5

*AMTRAK v. Morgan*, 536 U.S. 101, 110, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ........................................................................................................... 10

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) .............. 12

*Beck v. Prupis*, 529 U.S. 494, 505, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000).......................... 21

*Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................................................................................................... 28

*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000)........................................... 11

*Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) .................................................... 9

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008) ............................................................................................ 21

*Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) ................................... 5

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).................................................... 7

*City of Canton v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)........................................................................................................... 8

*CivCon Servs. v. Accesso Servs., LLC*, Case No. 20 C 1821, 2020 U.S. Dist. LEXIS 190827, *12 (N.D. Ill., Oct. 15, 2020).............................................................. 15

*Comm'rs v. Andrews*, 18 Ohio St. 49 (1868) ........................................................ 7, 23

*Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) ........................................................ 12

*Deleon v. Kalamazoo* Cnty. *Rd. Comm'n*, 739 F.3d 914, 917-18 (6th Cir. 2014) ........................ 9

*District of Columbia v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018).......................... 12

*Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006)................................................................................ 5

iii

*Dunleavy v. Wayne Cnty. Comm'n*, Civil Action No. 04-CV-74670-DT, 2006 U.S. Dist. LEXIS 104068, at *6-19 (E.D. Mich. May 11, 2006)................................... 19

*Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019) ............................... 6

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)..................................................................................................................... 2

*Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023)............................ 4

*Fleischhauer v. Feltner*, 879 F.2d 1290, 1299 (6th Cir. 1989)..................................... 20

*Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002) .................................. 10

*Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) ............................... 6

*Geauga Cty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 583, 1993-Ohio-55, 621 N.E.2d 696 (1993)........................................................... 7, 23

*Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022)...................... 20

*Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) ................. 13, 20, 21

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268-69, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992) ...................................................................................... 13, 21

*Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018).................. 21

*Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009).......................... 10

*In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1067 (E.D. Mich. 2018) ............................ 20

*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013) .................................................................................................................... 20

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004) ............................................................................................... 5

*Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 195 (D. Mass. 2021) ............................... 19

*Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012) ..................................... 9

*Martin v. City of Mill Creek*, No. C18-0781RSL, 2019 U.S. Dist. LEXIS 61957, 2019 WL 1556186, at *3 (W.D. Wash. Apr. 10, 2019).................................... 3

*Masterson v. Meade County Fiscal Court*, 489 F.Supp.2d 740, 750 (W.D. Ky. 2007) ............................................................................................................ 14, 16

*McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).................................... 5

*Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) ......................... 10

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .......................................................................................................... 6, 7, 8, 9

*Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) .................................... 13, 17

*Morrison v. Steiman*, Case No. 2:01-cv-1143, 2002 U.S. Dist. LEXIS 21507, *14-15 (S.D. Ohio Sept. 5, 2002) ............................................................................... 15

*Mumford v. Basinski*, 105 F.3d 264, 269-70 (6th Cir. 1997) ......................................... 8

*Murphy v. Alabama*, Case No. 2:20-00183, 2020 U.S. Dist. LEXIS 209852, *17, fn. 9 (S.D. Ala. Nov. 6, 2020) .......................................................................... 18

*Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) ................... 10

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) ...................................................................................................... 9

*Patriot Water Treatment, LLC v. Ohio Dep't of Natural Res.*, 2013-Ohio-5398, ¶¶ 33-34 (Ohio Ct. App. 2013) ............................................................................... 25

*Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) ......................................................................................... 5

*Perry v. City of Country Club Hills*, 607 F. Supp. 771, 774 (E.D. Mo. 1983) .............................. 3

*Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) .................................. 11

*Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905) .................................................... 7, 23

*Reves v. Ernst & Young,* 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) ...................................................................................................... 17

*Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, at ¶ 16 (Ohio 2011) ........................................................................... 26

*Ritter v. Marshowski*, 2016 U.S. Dist. LEXIS 28815, 2016 WL 8735667, *3 (D. Nev. March 4, 2016) ...................................................................................... 8

*Sanders v. Mich. Supreme Court*, Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 at *19-20 (E.D. Mich. Feb. 23, 2018) ............................................................ 3

*Saro v. Brown*, 11 Fed. App'x 387, 389 (6th Cir. 2001) .................................................... 20

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) ...................................................................................... 13

*Simrell v. Dave White Chevrolet, LLC*, Case No. 3:23-cv-1382, 2024 U.S. Dist. LEXIS 94824, *6 (N.D. Ohio May 29, 2024) ................................................. 22

*Slough v. Telb*, 644 F. Supp. 2d 978, 999 (N.D. Ohio 2009).................................. 7, 23

*State ex rel. O'Diam v. Green Ct. Bd. of Comm'rs*, 161 Ohio St.3d 242, 2020-Ohio-3503, ¶ 31, 162 N.E.3d 740 (Ohio 2020)........................................................ 2

*State ex rel. Shriver v. Board of Comm'rs*, 148 Ohio St. 277, 277, 74 N.E.2d 248 (1947) ............................................................................................................. 7, 23

*State ex rel. Todd v. City of Canfield*, 2014-Ohio-569, 2014 Ohio App. LEXIS 551, ¶ 22 (Ohio Ct. App. 2014) ................................................................................ 26

*Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013)....................................... 13

*Treadwell v. Comm'rs*, 11 Ohio St. 183 (1860) ................................................... 7, 23

*Tucker v. Ky. Farm Bureau Mut. Ins. Co*., 631 F. Supp. 3d 438, 445 (E.D. Ky. 2022) .............. 19

*United States v. Turkette,* 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981)................................................................................................................. 17

*VanDenBroeck v. CommonPoint Mortg. Co.,* 210 F.3d 696, 699 (6th Cir. 2000) ...................... 17

*Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994)..................................... 14

*Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013)............... 20, 21

*Whaley v. Auto Club Ins. Ass'n,* 129 F.3d 1266, *3 (6th Cir. 1997)............................. 17

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)................................ 10

*Zachary v. City of Newburgh*, 2014 U.S. Dist. LEXIS 57236, 2014 WL 1508705, *5 (S.D.N.Y. April 2, 2014).................................................................................. 9

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)................................................................................................ 4

**Statutes**

18 U.S.C. § 1001 .................................................................................................. 18

18 U.S.C. § 1018 .................................................................................................. 18

18 U.S.C. § 1030 .................................................................................................. 18

18 U.S.C. § 1341 .................................................................................................. 17

18 U.S.C. § 1343 ............................................................................................. 17

18 U.S.C. § 1961(1) .................................................................................... 13, 17

18 U.S.C. § 1962 ......................................................................................... 13, 14

18 U.S.C. § 1962(a) ..................................................................................... 14, 15

18 U.S.C. § 1962(b) ..................................................................................... 15, 16

18 U.S.C. § 1962(c) ................................................................................ 16, 17, 21

18 U.S.C. § 1962(d) ............................................................................................ 21

18 U.S.C. § 1964(c) .............................................................................. 13, 19, 20

42 U.S.C. § 1981 ............................................................................................ 4, 5

42 U.S.C. § 1983 ....................................................................... 5, 6, 9, 12, 13

42 U.S.C. § 2000e(f) ......................................................................................... 3

42 U.S.C. § 2000e-5(e)(1) ................................................................................. 4

Ohio Rev. Code § 149.351 .......................................................................... 25, 26

Ohio Rev. Code § 149.351(A) ........................................................................... 26

Ohio Rev. Code § 149.351(B) ........................................................................... 25

Ohio Rev. Code § 2301.01(A) ........................................................................... 16

Ohio Rev. Code § 4112.02 ................................................................................ 24

Ohio Rev. Code § 4112.02(A) ...................................................................... 23, 25

Ohio Rev. Code § 4112.02(J) ............................................................................ 24

Ohio Rev. Code § 4112.052 .............................................................................. 22

Ohio Rev. Code § 4112.052(B)(1)(a)-(b) .......................................................... 22

Ohio Rev. Code Chapter 305 ......................................................................... 7, 24

Ohio Rev. Code Chapter 307 ......................................................................... 7, 24

Ohio Rev. Code Chapter 4112 ....................................................................... 2, 22

Ohio Rev. Code. § 149.351(C)(1) ...................................................................... 28

Ohio Rev. Code. § 305.12 ................................................................................................ 23

**Other Authorities**

Black's Law Dictionary (9th Ed. 2009) .......................................................................... 28

OHIO CONST. art. IV, § 5 ............................................................................................... 8, 24

Title VII .................................................................................................. 2, 3, 4, 9, 10

**DEFENDANTS FRANKLIN COUNTY, OHIO, JEANINE HUMMER**
**AND THERESA DEAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT (DOC. 12)[1]**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Franklin County, Ohio, Jeanine Hummer

and Theresa Dean move to dismiss Plaintiff's Amended Complaint for the following reasons:

- Title VII does not apply to claims made by elected officials;

- 42 U.S.C. § 1981 only applies to contractual relationships and there is no contract
  at issue between these Defendants (or any other Defendants) and Plaintiff;

- Some of Plaintiff's claims are barred by the statute of limitations;

- Plaintiff's § 1983 claims fails as a matter of law: (1) Franklin County is not the
  entity that oversees the Court of Common Pleas and, even if it were, Plaintiff fails
  to state a plausible *Monell* claim and (2) Defendants Hummer and Dean are entitled
  to qualified immunity;

- Plaintiff fails to state a plausible civil RICO claim;

- Franklin County is not Plaintiff's employer for purposes of a state-law
  discrimination claim and Plaintiff fails to plausibly allege that Defendants Hummer
  and Dean discriminated against her within the meaning of Ohio Rev. Code Chapter
  4112;

- Plaintiff's public records claim fails as a matter of law against these Defendants.

A Memorandum in Support follows below.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor          (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012

---

[1] Minutes before Defendants filed their Motion to Dismiss, Plaintiff filed a Second Amended
Complaint (Doc. 17) without leave of court. Pursuant to Fed. R. Civ. P. 15(a), a party may only
amend its complaint once without leave of court.

*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

## MEMORANDUM IN SUPPORT

It is unclear why Judge Cocroft sued Franklin County, Ohio, Jeanine Hummer and Theresa Dean. Franklin County, Ohio (read: the Franklin County Board of Commissioners) does not oversee or supervise the Franklin County Court of Common Pleas. In Ohio, judges are responsible for running the courts in which they serve. The judges set court policies and procedures and hire staff to assist with carrying out those policies and procedures. The Franklin County Board of Commissioners has no authority over the judges of the Court of Common Pleas.

Jeanine Hummer is First Assistant and Chief Counsel and Theresa Dean is an assistant prosecutor in the Civil Division of the Franklin County Prosecutor's Office. They do not have any control or authority over the court either. They are legal advisors to all of the judges on the court, nothing more. It is clear from the Amended Complaint that Judge Cocroft did not like the legal advice that APAs Hummer and Dean were providing. Not agreeing with a lawyer is not discrimination. There are no plausible allegations in the Amended Complaint that APAs Hummer and Dean discriminated against Judge Cocroft.

Sometimes judges disagree with each other. Sometimes judges just do not like one another. But disagreement does not equal discrimination. Ohio Rev. Code Chapter 4112 and Title VII are not meant to be a general workplace "civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998). "[D]isagreements and competing claims among elected officials are innate in county government." *State ex rel. O'Diam v. Green Ct. Bd. of Comm'rs*, 161 Ohio St.3d 242, 2020-Ohio-3503, ¶ 31, 162 N.E.3d 740 (Ohio 2020). Judge Cocroft has a laundry list of disagreements with her fellow judges, but none of it amounts to discrimination or a hostile work environment.

3

## I.  STRUCTURE OF THIS MOTION

The undersigned would normally start a motion to dismiss with a statement of the relevant facts. But the Amended Complaint in this case is 151 pages and 1,127 paragraphs. (See Amended Complaint, Doc. 12, generally). An attempt to summarize the facts would be inefficient, especially when most of the allegations have nothing to do with Defendants Franklin County, Jeanine Hummer and Theresa Dean. Accordingly, Defendants will argue why each claim should be dismissed and insert relevant facts as necessary.

## II.  LAW AND ARGUMENT

### A.  PLAINTIFF'S TITLE VII CLAIM (COUNT ONE) FAILS AS A MATTER OF LAW

Judge Cocroft's Title VII claim fails from the outset because Title VII excludes elected officials from its definition of "employee." Under Title VII, an "employee" is "an individual employed by an employer." 42 U.S.C. § 2000e(f). However, "the term 'employee' [does] not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof." *Id*. There is no dispute that Judge Cocroft is an elected judge for the Franklin County Court of Common Pleas. (Amended Complaint, Doc. 12, ¶¶ 1-2, PageID # 716).

Courts have routinely recognized that local elected officials are not employees under the plain meaning of Title VII. See e.g. *Sanders v. Mich. Supreme Court*, Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 at *19-20 (E.D. Mich. Feb. 23, 2018) (elected judge is not a covered employee under Title VII); *Martin v. City of Mill Creek*, No. C18-0781RSL, 2019 U.S. Dist. LEXIS 61957, 2019 WL 1556186, at *3 (W.D. Wash. Apr. 10, 2019) (recognizing that "[l]ocal elected officials . . . are not 'employees' under Title VII"); *Perry v. City of Country Club Hills*, 607 F. Supp. 771, 774 (E.D. Mo. 1983) (affirming that "42 U.S.C. § 2000e(f) . . . clearly excludes 'any person elected to public office in any State or political subdivision of any State'");

4

Even if Judge Cocroft was covered by Title VII, her claims would still fail because they are time-barred. Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within, at most, "three hundred days after the alleged unlawful employment practice occurred." While not a jurisdictional requirement, this provision operates as a statute of limitation. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); *see also Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023) citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).

Judge Cocroft alleges that she filed her request for investigation with the EEOC on May 23, 2024. (Amended Complaint, Doc. 12, ¶¶ 15, 942, PageID # 717, 837). Therefore, claims as to any event alleged to have occurred before July 28, 2023 are time-barred. In this case, Judge Cocroft claims that her fellow judges and court personnel discriminated against her while she was the administrative judge. This discrimination, Cocroft alleges, resulted in her having to resign from the position as administrative judge. Judge Cocroft resigned on November 14, 2022. (Amended Complaint, Doc. 12, ¶¶ 374-77, PageID # 761). Pursuant to 42 U.S.C. § 2000e-5(e)(1), Judge Cocroft was required to file her EEOC claim by September 11, 2023. She did not file until May 23, 2024—more than 8 months too late. As a result, even if Judge Cocroft were covered by Title VII (which she is not), any alleged claim of discrimination prior to July 28, 2023 is time-barred.

## B. PLAINTIFF'S 42 U.S.C. § 1981 CLAIM (COUNT TWO) FAILS AS A MATTER OF LAW

In Count Two of her Amended Complaint, Judge Cocroft alleges a violation of 42 U.S.C. § 1981. (Amended Complaint, ¶¶ 1098-1100, PageID # 857-58). Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors," including "the making, performance, modification, and termination of contracts,

and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

*Amini v. Oberlin College*, 440 F.3d at 358 (6th Cir. 2006) (other citations omitted). The U.S.

Supreme Court has held that a § 1981 plaintiff, in the first instance, must be a party to a contract.

*Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246, 163 L. Ed. 2d

1069 (2006) ("Any claim brought under § 1981…must initially identify an impaired contractual

relationship under which the plaintiff has rights."); *Patterson v. McLean Credit Union*, 491 U.S.

164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989); *Jones v. R.R. Donnelley & Sons Co.*, 541

U.S. 369, 383, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); see also *Brintley v. St. Mary Mercy

Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) (§ 1981 requires a contractual relationship).

The Amended Complaint fails to allege any contract that Judge Cocroft was a party to

much less the impairment of any such contract. The only references to a contract in the entire

Amended Complaint are (1) a reference to a female investigator under contract at the Franklin

County Prosecutor's Office, (2) an email about contracting with an independent investigator and

(3) Judge Cocroft's conclusory assertion that her contractual rights had been impaired. (Amended

Complaint, ¶¶ 785, 805, 1099, PageID # 815, 817, 857, respectively). Stated differently,

Judge Cocroft has failed to identify in her Amended Complaint an "impaired contractual

relationship" with Defendants Franklin County, Hummer, or Dean under which she had rights.

Lastly, Judge Cocroft cannot pursue a § 1981 money-damages claim against Defendants

Hummer and Dean in their individual capacities. In *McCormick v. Miami Univ.*, the Sixth Circuit

recognized that 42 U.S.C. § 1983 is the exclusive mechanism to vindicate violations of § 1983 by

an individual state actor acting in h[er] individual capacity. 693 F.3d 654, 661 (6th Cir. 2012). For

the foregoing reasons, Judge Cocroft fails to state a cognizable claim under 42 U.S.C. § 1981.

### C. PLAINTIFF FAILS TO STATE A COGNIZABLE § 1983 CLAIM AGAINST DEFENDANTS FRANKLIN COUNTY, JEANINE HUMMER AND THERESA DEAN

#### 1. Claims Barred by the Statute of Limitations

Because § 1983 has no statute of limitations, courts in the Sixth Circuit "borrow one from the most analogous state cause of action," and, in Ohio, that is the two-year limitations period for personal-injury claims. *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019). Judge Cocroft filed her original complaint on November 26, 2024. (Complaint, Doc. 1). As a result, any claims of discrimination or hostile work environment prior to November 26, 2022 are time-barred. For example, any claim of discrimination or hostile work environment that Judge Cocroft claims resulted in her resignation as administrative judge is time-barred. Judge Cocroft resigned as administrative judge on November 14, 2022. (Amended Complaint, Doc. 12, ¶¶ 374-75, PageID # 761).

#### 2. Plaintiff's *Monell* Claim Against Franklin County, Ohio Fails as a Matter of Law

"A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under § 1983. However, such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted). There are four ways a plaintiff may prove

the existence of a municipality's illegal policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Judge Cocroft's *Monell* claim fails from the start because Franklin County does not create policies or procedures for the Franklin County Court of Common Pleas. In fact, Franklin County does not even have the authority to create or enforce policies for the Franklin County Court of Common Pleas. Franklin County, Ohio is a political subdivision that is governed by a board of commissioners. Under Ohio law, a board of county commissioners has only the authority provided by statute. *See Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905); *State ex rel. Shriver v. Board of Comm'rs*, 148 Ohio St. 277, 277, 74 N.E.2d 248 (1947). "Powers explicitly granted to the board are to be strictly construed." *Slough v. Telb*, 644 F. Supp. 2d 978, 999 (N.D. Ohio 2009) (citing *Comm'rs v. Andrews*, 18 Ohio St. 49 (1868); *Treadwell v. Comm'rs*, 11 Ohio St. 183 (1860)); *see also Geauga Cty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 583, 1993-Ohio-55, 621 N.E.2d 696 (1993) ("A county is presumed not to have authority to regulate in a particular area, unless a statute affirmatively authorizes the regulation.").

And Ohio law does not, expressly or impliedly, grant to a county board of commissioners supervisory powers over the employment or activities of common pleas judges. The Franklin County Board of Commissioners cannot hire or fire Judge Cocroft. The Franklin County Board of Commissioners cannot set policies or procedures for the judges. The Franklin County Board of Commissioners has no authority to take away any privileges from any judge, including Judge Cocroft. See Ohio Rev. Code Chapters 305 and 307, generally. Under the Ohio Constitution,

the Ohio Supreme Court has "general superintendence over all courts in the state" and "shall prescribe rules governing practice and procedure in all courts of the state." OHIO CONST. art. IV, § 5. Because Franklin County has no policymaking authority over the Franklin County Court of Common Pleas, it cannot be liable under *Monell*.

To reinforce the argument above, none of the policies cited in the Amended Complaint are policies from the Franklin County Board of Commissioners. For example, Judge Cocroft consistently refers to the "FCCP-Gen Anti-Harrassment Policy." (Amended Complaint, Doc. 12, ¶¶ 319 340, PageID # 755, 757, Exhibit 25). She also refers to the "FCCP-Gen Drug Policy." (*Id.* at ¶ 688, PageID # 798). These are not policies promulgated by the Franklin County Board of Commissioners. They are policies promulgated by "FCCP", the Franklin County Court of Common Pleas. Ohio courts of common pleas are an arm of the state, not the county. *Mumford v. Basinski*, 105 F.3d 264, 269-70 (6th Cir. 1997).

Even if Franklin County had some sort of authority over the Franklin County Court of Common Pleas, Plaintiff's *Monell* claim would still fail. Judge Cocroft does not allege that any policy or procedure was the 'moving force' behind her alleged discrimination. Rather, she alleges that the court failed to follow its own Anti-Harassment Policy. (Amended Complaint, Doc. 12, ¶¶ 1095, 1104 PageID # 857, 858). But failure to follow reasonable policies is not a basis for a *Monell* claim. *See City of Canton v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (explaining no municipal liability attaches where "an otherwise sound [policy] has . . . been negligently administered"); *Ritter v. Marshowski*, 2016 U.S. Dist. LEXIS 28815, 2016 WL 8735667, *3 (D. Nev. March 4, 2016) ("An allegation that the individual defendants failed to follow the municipality's policies and procedures resulted in the constitutional violation negates municipal liability under *Monell* as the individual defendant's actions, and not municipal policies,

9

would have caused the constitutional violation."); *Zachary v. City of Newburgh*, 2014 U.S. Dist. LEXIS 57236, 2014 WL 1508705, *5 (S.D.N.Y. April 2, 2014) (explaining that an alleged failure to follow police policy "is the antithesis of a *Monell* claim"). Rather, liability must be predicated on a municipal policy that causes the constitutional violation. Plaintiff does not point to any such policy here.

To prevail on a claim for failure to train, Plaintiff must prove that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012). Absent proof it resulted from an unconstitutional policy or custom, a county is not liable for a single incident resulting in a constitutional violation. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Proving deliberate indifference for failure to train requires a plaintiff to "show prior instances of unconstitutional conduct demonstrating that the [defendant] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Marcilis*, 693 F.3d at 605. Judge Cocroft alleges no specific facts about the court's discrimination/anti-harassment training. Judge Cocroft alleges no other cases of discrimination or harassment except her own. Judge Cocroft does not plausibly allege a *Monell* claim against Franklin County even if Franklin County were the proper entity to sue.

### 3. Defendants Jeanine Hummer and Theresa Dean are Entitled to Qualified Immunity

As a general proposition, the same tests for race discrimination claims under Title VII apply to § 1983 equal protection claims. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (citing *Deleon v. Kalamazoo* Cnty. *Rd. Comm'n*, 739 F.3d 914, 917-18 (6th Cir. 2014)). In the Title VII context, "a victim of discrimination can allege one of two types of actions: (1) discrete

discriminatory acts, and (2) claims alleging a hostile work environment." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 110, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (internal quotation marks omitted)). A plaintiff must plead sufficient facts against each defendant to "state a claim to relief that is plausible on its face." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024). Of course, "the presumption of truth is inapplicable to legal conclusions." *Id*.

To state a hostile work environment claim, a plaintiff must "sufficiently allege facts from which we may infer that the harassment she experienced was severe or pervasive." *Id.* at 840. "Courts consider the totality of circumstances in determining the severity and pervasiveness of alleged harassment, including 'the frequency of the discriminatory conduct; its severity; whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with an employee's performance.'" *Id*.

To establish a prima facie case of employment discrimination, Plaintiff must show that she: (1) was a member of a protected class; (2) was qualified for her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). "An adverse employment action in the context of a Title VII discrimination claim is a 'materially adverse change in the terms or conditions of employment because of the employer's actions.'" *Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) (citation omitted). In *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002), the Sixth Circuit explained that:

> [a] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

"[*D*]*e minimis* employment actions are not materially adverse and, thus, not actionable." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000) (citation omitted). For example, "[r]eassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions." *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) (citation omitted).

First, Judge Cocroft has not suffered an adverse employment action. She is still an elected common pleas judge. Judge Cocroft does not allege that there was any change to her salary or benefits or work hours. Second, there are no plausible allegations that Defendants Hummer or Dean discriminated against Judge Cocroft based on her race or sex or created a hostile work environment.

The allegations against Defendants Hummer and Dean boil down to this: Judge Cocroft wanted APAs Hummer and Dean to investigate her claims of discrimination and hostile work environment against the other common pleas judges and court personnel. (Amended Complaint, ¶¶ 774-808, PageID # 814-818). Hummer and Dean were not sure they could participate in the investigation because they are the legal advisors for all of the judges—"17 independently elected officials." (*Id*. at ¶ 805, PageID # 817). Later, Judge Cocroft asked Hummer and Dean to appoint outside counsel for her. (*Id*. at ¶ 883, PageID # 829). Dean responded that she did not believe that her office had a duty to appoint counsel for an elected official making claims against their own Court or the County. (*Id*. at ¶ 884, PageID # 830). Further, Dean noted that her office lacked the authority to unilaterally appoint outside counsel. (*Id*. at ¶ 885, PageID # 830). The position of the Franklin County Prosecutor's Office was that it did not represent individual employees or elected officials in claims against the Court of Common Pleas or in personal actions. (*Id*. at ¶¶ 945, 1023 PageID # 837, 846). APA Hummer attempted to set up mediation to address Judge Cocroft's

12

claims. (*Id*. at ¶¶ 990-993, 1012-1014 PageID # 843, 845). Disagreements between assistant prosecuting attorneys and a judge over the scope of the prosecuting attorney's legal advisor role is not discrimination. APAs Hummer and Dean did not discharge Judge Cocroft, change her tenure, terms, conditions or privileges of employment. They did not do and are not alleged to have committed any of the acts of discrimination. Accordingly, Judge Cocroft fails to state a plausible § 1983 claim of discrimination or hostile work environment against them.

Lastly, even if all of the allegations in the Amended Complaint against APAs Hummer and Dean are presumed to be true, there has been no violation of clearly established law. Plaintiff has the burden of showing that Defendants violated clearly established law. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018). "Clearly established" means that, at the time of the officer's conduct, the law was "sufficiently clear" that every 'reasonable official would understand that what he is doing'" is unlawful. *Id*. In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id*.

The "clearly established" standard requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. *Id*. at 590. The Supreme Court has repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id*. Stated differently, for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

Here, there is no clearly established law holding that prosecutors or attorneys in general engage in discrimination or hostile work environment actions when they decline to represent a

judge who has charged his/her fellow judges and court staff with discrimination. That is, there is no clearly established law that would put APAs Hummer and Dean on notice that they violated the Constitution when they did not represent Judge Cocroft in her discrimination complaint against the other judges of the Franklin County Court of Common Pleas—fellow judges that APAs Hummer and Dean have a statutory duty to advise.

For the foregoing reasons, Plaintiff's § 1983 claims fails as a matter of law.

### D.  DEFENDANTS ARE ENTITLED TO THE DISMISSAL OF PLAINTIFF'S RACKETEERING CLAIM (COUNT FOUR)

A civil RICO claim does not exist merely because Plaintiff refers to the statute, and Plaintiff's factual allegations come nowhere close to stating a civil RICO claim. "RICO takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws [or] any act 'indictable' under numerous specific federal criminal provisions." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) (citing 18 U.S.C. § 1961(1)). It also "affords a civil remedy to an individual who is injured by virtue of certain types of unlawful activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

Civil plaintiffs may recover under § 1964(c) if they were "injured in [their] business or property by reason of a violation of § 1962." Courts have broken down a RICO plaintiff's pleading burden into three essential elements: "(1) a violation of § 1962, (2) an injury to his business or property, and (3) that his injury was proximately caused by the RICO violation." *Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268-69, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992); *see also Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) (outlining civil RICO elements as "(1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce,

(3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above").

### 1.    Plaintiff Has Failed to Plead a Violation of § 1962.

There are three prohibited activities under 18 U.S.C. § 1962, and the Amended Complaint does not plausibly allege any of them. Start with 18 U.S.C. § 1962(a). Section 1962(a) of RICO provides in pertinent part:

> It shall be unlawful for any person who has any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The Sixth Circuit Court of Appeals, in *Vemco, Inc. v. Camardella,* held that "in order to state a claim under § 1962(a), a plaintiff must plead a specific injury to the plaintiff caused by the investment of income into the racketeering enterprise, distinct from any injuries caused by the predicate acts of racketeering." *Vemco, Inc. v. Camardella,* 23 F.3d 129, 132 (6th Cir. 1994) (emphasis added). In *Vemco, Inc.,* the Court held that the plaintiff did not allege a proper claim under Section 1962(a) because the complaint failed to allege an injury that stemmed from the investment. *Id.* at 133. The Court noted that the Sixth Circuit requires an "investment injury" in order to successfully allege a claim under Section 1962(a). *Id.*; see also *Masterson v. Meade County Fiscal Court*, 489 F.Supp.2d 740, 750 (W.D. Ky. 2007).

In the instant matter, the Amended Complaint does not allege any investment into a racketeering enterprise that caused injury to Judge Cocroft. Nowhere in the Amended Complaint does Judge Cocroft allege that Franklin County, Jeanine Hummer, Theresa Dean or anyone else invested income into anything much less invested income into a racketeering enterprise. Though Judge Cocroft has conclusorily alleged that she suffered "compensable harm" (Amended

Complaint, Doc. 12, ¶ 1110, PageID # 859) due to the alleged RICO violations, she has not specified an investment injury.

Judge Cocroft also fails to allege that any Defendant's conduct affected interstate commerce. The requirement that the enterprise must "affect" interstate commerce means that it must have a "detrimental influence on" interstate commerce, e.g. by draining money from the economy. *Morrison v. Steiman*, Case No. 2:01-cv-1143, 2002 U.S. Dist. LEXIS 21507, *14-15 (S.D. Ohio Sept. 5, 2002). Here, Judge Cocroft has not pled any effect on interstate commerce, as required. *See e.g. CivCon Servs. v. Accesso Servs., LLC*, Case No. 20 C 1821, 2020 U.S. Dist. LEXIS 190827, *12 (N.D. Ill., Oct. 15, 2020) (Granting motion to dismiss civil RICO claim because plaintiff failed to plead the required nexus between the activities of the enterprise and interstate commerce.). Accordingly, Judge Cocroft has not stated a claim under Section 1962(a).

Section 1962(b) of RICO provides:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

"A violation of § 1962(b) requires that the RICO defendant acquire or maintain an interest in, or control of, an enterprise through (or by way of) the pattern of racketeering activity." *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 328 (6th Cir. 1999). "[A] complaint for violation of § 1962(b) must allege an 'acquisition or maintenance' injury separate and apart from the injury suffered as a result of the predicate acts of racketeering activity." *Id.* at 329. For a plaintiff to state a claim under Section 1962(b), a plaintiff must plead facts that establish that the Defendants: (1) acquired or maintained (2) through a pattern of racketeering activity or the collection of an unlawful debt; (3) an interest in or control of an

enterprise; and (4) engaged in, or the activities of which affect, interstate or foreign commerce. *Id.* at 321.

To successfully allege a claim under Section 1962(b), "'a RICO plaintiff must demonstrate that the defendant's acquisition or control of an interstate enterprise injured [the] plaintiff. In other words, injury from the racketeering acts themselves is not sufficient; rather, a plaintiff must plead facts tending to show that the acquisition or control of an interest injured [the] plaintiff.'" *Id.* at 330.

Here, Judge Cocroft has failed to allege any facts that Defendants Franklin County, Jeanine Hummer, Theresa Dean or anyone else acquired or controlled an interstate enterprise much less an interstate enterprise that injured Judge Cocroft. To be frank, there is no "interstate enterprise" involved in this case. This case is based upon alleged internal conflict amongst judges in a single court, the Franklin County Court of Common Pleas. The Franklin County Court of Common Pleas is not an interstate enterprise, and it is not created by racketeering activity. It is created by statute. See Ohio Rev. Code § 2301.01(A); *Masterson v. Meade*, 489 F. Supp. at 750-51 (County court is not an interstate enterprise created by racketeering activity). Accordingly, Judge Cocroft has not sufficiently alleged a claim under Section 1962(b).

Section 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In order to prove a violation of RICO, Section 1962(c), a Plaintiff must show: "1) that there were two or more predicate offenses; 2) that an "enterprise" existed; 3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg.*

17

*Co.,* 210 F.3d 696, 699 (6th Cir. 2000). "In addition, the Supreme Court has held that in order to be held responsible under [part (c) of] the Act, a defendant must have not only participated in the scheme, but must have also participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young,* 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993)." *Id.* "The alleged predicate acts may consist of offenses 'which are indictable' under any of a number of federal statutes, including the mail (18 U.S.C. § 1341) and wire fraud statutes (18 U.S.C. § 1343). 18 U.S.C. § 1961(1)." *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir. 2006). Additionally, the nexus requirement under Section 1962(c) mandates the plaintiff to articulate in what manner each of the Defendants' activities furthered the alleged racketeering scheme. *Whaley v. Auto Club Ins. Ass'n,* 129 F.3d 1266, *3 (6th Cir. 1997). Lastly, the plaintiff must allege some evidence demonstrating a "chain of command" or "hierarchy" in order to show that the enterprise functioned as a "continuous unit." *VanDenBroeck* at 700 (citing *United States v. Turkette,* 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981)).

Judge Cocroft does not come close to alleging sufficient facts against Franklin County, Jeanine Hummer or Theresa Dean to plausibly allege a violation of 18 U.S.C. § 1962(c). Start with predicate offenses. Judge Cocroft lists the following predicate offenses:

> Ohio Rev. Code § 2921.12 – Falsification: Requires that a person, knowing that an official proceeding or investigation is in progress, alters, destroys, conceals or removes a record, document or thing, with purpose to impair its value or availability as evidence.

> Ohio Rev. Code § 2913.42 – Tampering with Records: No person, knowing the person has no privilege to do so, and with purpose to defraud shall falsify, destroy, remove, conceal, alter any writing, computer software or record.

> Ohio Rev. Code § 149.351 – Not a criminal statute. Provides for a civil cause of action for a person aggrieved by the removal or destruction of public records.

> 18 USC § 1001 – Statements or entries generally: Whoever, in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States knowingly and willfully (1) falsifies, conceals, or covers up by

any trick, scheme or device a material fact or (2) makes any materially false, fictitious, or fraudulent statement or representation;

18 U.S.C. § 1018 – Official certificates or writings: Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false.

18 U.S.C. § 1030 – Fraud and related activity in connection with computers. This statute generally prohibits accessing a computer without authorization and obtaining national defense information or information from a financial institution or information from any department or agency of the United States.

(Amended Complaint, Doc. 12, ¶ 1109, PageID # 859). Right off the bat, we can eliminate all of the federal statutes as RICO predicates because they clearly do not apply to this case. 18 U.S.C. §§ 1001 and 1018 only apply to misrepresentations made in federal, not state, government matters. 18 U.S.C. § 1001; *Murphy v. Alabama*, Case No. 2:20-00183, 2020 U.S. Dist. LEXIS 209852, *17, fn. 9 (S.D. Ala. Nov. 6, 2020). Further, 18 U.S.C. § 1018 does not apply because neither Jeanine Hummer nor Theresa Dean are authorized by any law of the United States to give a certificate or other writing—at least Judge Cocroft does not allege that they are. Next, 18 U.S.C. § 1030 cannot be a predicate offense because there is no allegation that Hummer or Dean accessed a computer and obtained national defense information, information from a financial institution or information from any department or agency of the United States. Even if these statutes could apply, there is no allegation in the Amended Complaint that Defendants Franklin County, Hummer or Dean engaged in the conduct prohibited by these statutes. There is no reference to these statutes outside of a lone paragraph in Count Four.

Similarly, there is no reference in the Amended Complaint to Ohio's falsification or tampering with records statutes outside of the conclusory allegations contained in Court Four. There are no allegations against Franklin County, Hummer or Dean that they altered or destroyed any records. Further, there are no facts alleged as to how Hummer or Dean were part of a criminal

enterprise and/or facts as to how Hummer or Dean altered or destroyed records to further a criminal enterprise. There is a complete absence of facts to support any RICO claim against Franklin County, Jeanine Hummer or Theresa Dean.

> **2.** **Plaintiff Has Failed to Plead an Injury to her Business or Property Within the Meaning of the RICO Statute.**

"[C]ourts 'have uniformly recognized that the ordinary meaning of the phrase "injured in his business or property" excludes personal injuries, including the pecuniary losses therefrom.'" *Tucker v. Ky. Farm Bureau Mut. Ins. Co*., 631 F. Supp. 3d 438, 445 (E.D. Ky. 2022) (citation omitted). "In other words, injuries that are facially 'personal'-stemming from damage to one's person without other monetary harm-are excluded from RICO without further analysis." *Id*.

[T]he distinction between actionable damages and non-actionable damages in a RICO case depend on "the origin of the underlying injury," and not the type of injury suffered or the cause of the injury itself. Id. at 565. Thus, damages of any nature in a RICO case must stem from an injury to one's business or property rather than an injury to oneself. *See also* Id. at 565-66 ("[T]he concept is clear: both personal injuries and pecuniary losses flowing from those injuries fail to confer relief under [civil RICO].") *Id*.; *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 195 (D. Mass. 2021) (collection of cases finding injuries to plaintiff's reputation, dignity, and emotional damages are not addressable through RICO); *see Dunleavy v. Wayne Cnty. Comm'n*, Civil Action No. 04-CV-74670-DT, 2006 U.S. Dist. LEXIS 104068, at *6-19 (E.D. Mich. May 11, 2006) (finding a plaintiff does not have a property interest in continued employment or the loss of an employment opportunity when the plaintiff worked in a completed term position.).

"While the Supreme Court has yet to definitively interpret ['injured in his business or property'] as it appears in § 1964(c)," the Sixth Circuit, sitting en banc, held that personal injuries are not compensable, though monetary injuries are properly considered property injuries. *Jackson*

*v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013) (en banc). Moreover, "a RICO injury must be concrete, not intangible or speculative." *See In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1067 (E.D. Mich. 2018) (citing *Saro v. Brown*, 11 Fed. App'x 387, 389 (6th Cir. 2001)); *see also Fleischhauer v. Feltner*, 879 F.2d 1290, 1299 (6th Cir. 1989) (reducing a damages award because the Sixth Circuit "require[s] plaintiffs in RICO cases to set out a reasonable and principled basis of recovery" which is "not based upon mere speculation and surmise").

Judge Cocroft claims damages to her "professional reputation." (Amended Complaint, Doc. 12, ¶ 1110, PageID # 859). Such damages are not compensable under RICO. Judge Cocroft's reference to "compensable harm" (*Id.*) is not "concrete" enough to satisfy a RICO claim. Judge Cocroft is required to set out a "reasonable and principled basis of recovery" not based on "speculation." She has not done so. According, this is yet another reason her RICO claims fail.

### 3. Plaintiff Has Failed to Plead Proximate Causation Within the Meaning of the RICO Statute

The final requirement to stating a RICO claim is proximate causation. Courts have interpreted the "by reason of" language in § 1964(c) to require plaintiffs to show a causal link between the violation and their injuries. *See Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ("It is well-settled that proximate cause is an essential ingredient of any civil RICO claim. The language of the statute limits the scope of liability to those injuries suffered "by reason of" an alleged violation of one of the criminal provisions." (quoting 18 U.S.C. § 1964(c)). A plaintiff "must show 'that the defendant's violation was both a factual and proximate cause of his injury.'" *Grow Michigan*, 50 F.4th at 594 (quoting *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022)). This requirement is "demanding" and "require[s] a RICO

plaintiff to show that the defendant's racketeering offense led directly to the plaintiff's injuries," which "elevates a plaintiff's burden by requiring more than a showing of mere foreseeability." *Id.*

If a plaintiff cannot show an adequate injury or causation to state a substantive RICO claim, they similarly cannot maintain a conspiracy claim. *See Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018) (holding Plaintiff could not maintain a RICO conspiracy action when they failed to assert a substantive violation and failed to establish proximate cause) (first citing *Beck v. Prupis*, 529 U.S. 494, 505, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000); then citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008)); *Wallace*, 714 F.3d at 419 ("The Supreme Court has held in no uncertain terms that under each provision a plaintiff must show that the predicate acts alleged 'not only [were] a 'but for' cause of his injury, but [were] the *proximate cause* as well.'" (emphasis in original) (quoting *Holmes*, 503 U.S. at 268)); *see also Wallace v. Midwest Fin. & Mortg. Servs.*, Inc., 728 F. Supp. 2d 906, 914 (E.D. Ky. 2010), *rev'd in part on other grounds*, 714 F.3d 414 (6th Cir. 2013) ("[Plaintiff]'s failure to show that he was injured 'by reason of' a violation of § 1962(c), is also fatal to his RICO conspiracy claim . . . if the claimed injury does not flow from the commission of the established RICO predicates, then there exists no compensable injury under RICO . . . because [Plaintiff] was not directly harmed by the alleged acts . . . it is immaterial whether the Defendants entered into 'an illicit agreement to violate the substantive RICO provision.' 18 U.S.C. § 1962(d)").

There are lots of allegations in the Amended Complaint, but there is a complete absence of fact in the Amended Complaint connecting any alleged predicate acts to Plaintiff's claimed injuries. As stated above, Plaintiff does not even refer to the alleged predicate acts outside of one Paragraph in Count Four. Further, Plaintiff does not connect Defendants Franklin County, Jeanine

Hummer or Theresa Dean to any predicate acts much less allege how any predicate acts by Franklin County, Jeanine Hummer or Theresa Dean caused non-speculative monetary damages. For all of the foregoing reasons, Judge Cocroft's civil RICO claim must be dismissed.

E.   **DEFENDANTS ARE ENTITLED TO THE DISMISSAL OF PLAINTIFF'S STATE LAW DISCRIMINATION AND RETALIATION CLAIMS (COUNT FIVE)**

1.   **Plaintiff Fails to Allege That She Either (1) Obtained a Right-to Sue Letter from the Ohio Civil Rights Commission or (2) Included State Law Claims in her EEOC Charge**

Prior to filing an employment discrimination action under Ohio Rev. Code Chapter 4112, a person must first file a charge with the Ohio Civil Rights Commission and receive a notice of right to sue from the Ohio Civil Rights Commission. Ohio Rev. Code § 4112.052(B)(1)(a)-(b). In this case, Judge Cocroft has neither alleged filing any charge with the Ohio Civil Rights Commission nor receiving a right to sue letter from the Ohio Civil Rights Commission. Instead, Judge Cocroft has alleged that she "filed an administrative charge with the U.S. Equal Employment Opportunity Commission" and was issued a right to sue on October 2, 2024. (Amended Complaint, ¶¶ 15-16, PageID # 717). The EEOC administrative process only satisfies Ohio Rev. Code § 4112.052 if the plaintiff also alleges that the charge of discrimination with the EEOC contains allegations Defendants violated both federal and Ohio law. *Simrell v. Dave White Chevrolet, LLC*, Case No. 3:23-cv-1382, 2024 U.S. Dist. LEXIS 94824, *6 (N.D. Ohio May 29, 2024). Unlike the plaintiff in *Simrell*, there is no allegation in the Amended Complaint that Judge Cocroft included state law discrimination claims in her charge to the EEOC. Accordingly, Judge Cocroft has not properly complied with the prerequisite administrative process necessary to file a discrimination claim under Ohio Rev. Code Chapter 4112.

## 2. <u>Franklin County, Ohio is not Plaintiff's Employer</u>

Ohio Rev. Code § 4112.02(A) prohibits an "employer" from discriminating against a person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. But Franklin County, Ohio is not Judge Cocroft's employer and Franklin County, Ohio has no authority to hire, discharge, impose conditions of employment or grant/take away privileges.

Judge Cocroft is an elected common pleas judge for the Franklin County Court of Common Pleas. (Amended Complaint, ¶¶ 1-2, PageID # 716). Franklin County, Ohio is a political subdivision that is governed by a board of commissioners[2]. Under Ohio law, a board of county commissioners has only the authority provided by statute. *See Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905); *State ex rel. Shriver v. Board of Comm'rs*, 148 Ohio St. 277, 277, 74 N.E.2d 248 (1947). "Powers explicitly granted to the board are to be strictly construed." *Slough v. Telb*, 644 F. Supp. 2d 978, 999 (N.D. Ohio 2009) (citing *Comm'rs v. Andrews*, 18 Ohio St. 49 (1868); *Treadwell v. Comm'rs*, 11 Ohio St. 183 (1860)); *see also Geauga Cty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 583, 1993- Ohio 55, 621 N.E.2d 696 (1993) ("A county is presumed not to have authority to regulate in a particular area, unless a statute affirmatively authorizes the regulation.").

And Ohio law does not, expressly or impliedly, grant to a county board of commissioners supervisory powers over the employment or activities of common pleas judges. The Franklin County Board of Commissioners cannot hire or fire Judge Cocroft. The Franklin County Board of Commissioners cannot set policies or procedures for the judges. The Franklin County Board of

---

[2] Technically, Plaintiff should have sued the Franklin County Board of Commissioners. It is only the Board of Commissioners that has the capacity to sue or be sued. Ohio Rev. Code § 305.12. But Franklin County does not press the issue here because Plaintiff's claims fail for multiple, other reasons.

Commissioners has no authority to take away any privileges from any judge, including Judge Cocroft. See Ohio Rev. Code Chapters 305 and 307, generally. Under the Ohio Constitution, the Ohio Supreme Court has "general superintendence over all courts in the state" and "shall prescribe rules governing practice and procedure in all courts of the state." OHIO CONST. art. IV, § 5. Because Franklin County is not Judge Cocroft's employer and has no control over her employment, Plaintiff fails to state a claim of discrimination under Ohio Rev. Code § 4112.02 against Franklin County.

One more thing: Judge Cocroft has not alleged that the Franklin County Board of Commissioners took any discriminatory action against her. At most, Judge Cocroft alleges that she notified the Board of Commissioners about her alleged discrimination and the Commissioners requested to be advised regarding any duties they may have. (Amended Complaint, Doc. 12, ¶¶ 841-42, PageID # 822-23). Thus, even if the Franklin County Board of Commissioners were the "employer" of Judge Cocroft, she has not stated a plausible claim of discrimination against the Board.

### 3. Plaintiff Has Failed to State a Plausible Claim of Discrimination Against Defendants Hummer and Dean

To state a plausible state law discrimination claim against Defendants Hummer and Dean, Judge Cocroft must allege that Hummer and Dean aided, incited, compelled or coerced an unlawful discriminatory practice. Ohio Rev. Code § 4112.02(J). She has not done so.

The allegations against Defendants Hummer and Dean boil down to this: Judge Cocroft wanted APAs Hummer and Dean to investigate her claims of discrimination and hostile work environment against the other common pleas judges and court personnel. (Amended Complaint, ¶¶ 774-808, PageID # 814-818). Hummer and Dean were not sure they could participate in the investigation because they are the legal advisors for all of the judges—"17 independently elected

officials." (*Id*. at ¶ 805, PageID # 817). Later, Judge Cocroft asked Hummer and Dean to appoint outside counsel for her. (*Id*. at ¶ 883, PageID # 829). Dean responded that she did not believe that her office had a duty to appoint counsel for an elected official making claims against their own Court or the County. (*Id*. at ¶ 884, PageID # 830). Further, Dean noted that her office lacked the authority to unilaterally appoint outside counsel. (*Id*. at ¶ 885, PageID # 830). The position of the Franklin County Prosecutor's Office was that it did not represent individual employees or elected officials in claims against the Court of Common Pleas or in personal actions. (*Id*. at ¶¶ 945, 1023 PageID # 837, 846). APA Hummer attempted to set up mediation to address Judge Cocroft's claims. (*Id*. at ¶¶ 990-993, 1012-1014 PageID # 843, 845). Disagreements between assistant prosecuting attorneys and a judge over the scope of the prosecuting attorney's legal advisor role is not discrimination. APAs Hummer and Dean did not discharge Judge Cocroft, change her tenure, terms, conditions or privileges of employment. They did not do and are not alleged to have committed any of the acts of discrimination referred to in Ohio Rev. Code § 4112.02(A). Accordingly, Judge Cocroft fails to state a claim of discrimination against them.

F. **DEFENDANTS DESTRUCTION OF PUBLIC RECORDS CLAIM (COUNT SEVEN[3]) FAILS AS A MATTER OF LAW**

As an initial matter, this Court does not have jurisdiction over Judge Cocroft's public records claim. Claims brought pursuant to R.C. 149.351(B) must be brought in the court of common pleas within the County where the alleged violation occurred. See Ohio Rev. Code § 149.351(B); *Patriot Water Treatment, LLC v. Ohio Dep't of Natural Res*., 2013-Ohio-5398, ¶¶ 33-34 (Ohio Ct. App. 2013).

In order to recover damages under the civil forfeiture statute, R.C. § 149.351, the following must be met: (1) the requesting party must request public records; (2) the public office must be

---

[3] Count Six is not alleged against Defendants Franklin County, Jeanine Hummer or Theresa Dean.

obligated to honor the request; (3) the office must have disposed of the records in violation of R.C. 149.351(A); and (4) the requesting party must be aggrieved by the improper disposition. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, at ¶ 16 (Ohio 2011). The public records request must be a valid public records request: "Appellant's forfeiture claim is contingent on an enforceable records request." *State ex rel. Todd v. City of Canfield*, 2014-Ohio-569, 2014 Ohio App. LEXIS 551, ¶ 22 (Ohio Ct. App. 2014).

To begin with, Judge Cocroft makes no allegations (1) that she requested public records from Defendants Hummer or Dean or (2) that Defendants Hummer or Dean disposed of any records in violation of Ohio Rev. Code 149.351(A). Those failures alone doom any public records claim against Defendants Hummer and Dean.

Next, at a more general level, the Amended Complaint fails to allege sufficient facts to state a plausible claim of improper records destruction. Judge Cocroft does allege that she requested public records. On March 18, 2024 she alleges a request related to the allocation of Court Support Specialist resources to FCCP-Gen employees who had no leave time available and the investigation of an employee complaint filed on or about October 20-October 21, 2014 (Amended Complaint, Doc. 12, ¶ 875 PageID # 828). She further alleges that on March 18, 2024, March 27, 2024, April 10, 2024, and April 22, 2024, she sent a request for documents to Defendant Cameo Davis. These requests related to records that were created at the request of Judge Cocroft and/or had been provided to Judge Cocroft in her official capacity. (Amended Complaint, Doc. 12, ¶¶ 906, PageID # 832). On April 23, 2024, K. Brown sent an email to Judge Cocroft regarding her requests and stated, "Your requests have become very time consuming and are interfering with the other duties for which administration is responsible. The subject matters of your requests are also concerning given your threatened litigation against the Court. At this time, I have advised

27

administration to hold on any further action on your requests, until I have reviewed the Court's obligations, if any, to respond. I will advise you accordingly." (*Id*. at ¶ 907, PageID # 832-33).

On April 25, 2024, Hummer contacted Judge Cocroft to inform her that her requests for documentation were being processed. (*Id*. at ¶ 914, PageID # 830). On June 11, 2024, Davis provided updates regarding the records that Judge Cocroft requested in March and April 2024. (*Id*. at ¶ 962, PageID # 840). On September 10, 2024, Judge Cocroft sent an email to Davis inquiring about the status of her record requests. (*Id*. at ¶ 994, PageID # 833). Davis stated that the requests were submitted to Hummer and Dean for legal review in August 2024. (*Id*. at ¶ 995, PageID # 844). On October 16, 2024, Judge Cocroft sent an email to Davis regarding the status of her July 24, 2024 record requests. (*Id*. at ¶ 996, PageID # 844). On November 4, 2024 Judge Cocroft received a response to one of the public record requests related to any communications sent or received by FCCP-Gen Judges, Goodman, Bedsole, Davis, or Worthington with a local news? reporter using the Court's Microsoft Outlook or Teams technology. (*Id*. at ¶ 997, PageID # 844).

Judge Cocroft never alleges that her public records requests were unfulfilled or that the records were destroyed. The only allegations of destruction of public records come from Count Seven itself in which Judge Cocroft alleges that "instant messages, calendar notations and other official documents" were destroyed. (*Id*. at ¶ 1125, PageID # 861). Yet, a search for the terms "instant messages," "calendar notations" and "official documents" reveal no factual allegations regarding any alleged destruction *e.g*., how were these documents destroyed, when were they destroyed and who destroyed them? The bottom line is this: beyond a conclusory reference in Count Seven, there are no factual allegations supporting a plausible claim for records destruction against Defendants Hummer, Dean, or anyone else.

Lastly, Judge Cocroft is unable to demonstrate she was aggrieved by any alleged destruction of public records. Pursuant to R.C. 149.351(C)(1), a person is not aggrieved by the destruction of public records if clear and convincing evidence shows that the request for a record was contrived as a pretext to create potential liability under this section. Judge Cocroft alleges that she is "aggrieved" but fails to allege how or why. (*Id.* at ¶ 1126, PageID # 861). "Aggrieved" is commonly defined as "having legal rights that are adversely affected; having been harmed by an infringement of legal rights." Black's Law Dictionary (9th Ed. 2009). What records were specifically destroyed and how did that alleged destruction adversely affect Judge Cocroft's legal rights? The Amended Complaint does not say. Recall that "formulaic recitations" of the elements of a cause of action do not suffice in federal court. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A formulaic recitation of elements is all that Judge Cocroft has pled in Count Seven. Because this Court has no jurisdiction over Count Seven and because Judge Cocroft has failed to plead a cognizable public records destruction claim, Count Seven should be dismissed.

For the foregoing reasons, Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean respectfully request that this Court DISMISS Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz         (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor         (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of February, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Teetor Westfall, LLC