IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY COCROFT | : | Case No. 2:24-cv-04208 |
| Plaintiff, | : | District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| v. | : | |
| FRANKLIN COUNTY OHIO, *et al.,* | : | |
| Defendants. | : | |

**RESPONSE OF PLAINTIFF *PRO SE* TO
ORDER TO SHOW CAUSE (DOC NO. 23)**

Now comes Plaintiff *pro se* and, consistent with this honorable Court's Order to Show Cause why Doc. No.17 should not be stricken from the docket for failure to comply with Fed. R. Civ. P. 15, hereby submits her response. A Memorandum in Support follows.

Respectfully submitted,

/s/ Kimberly Cocroft
Kimberly Cocroft (0073146)
Plaintiff p*ro se*
345 S. High Street, #4E
Columbus, OH  43215
Email: kimberlycocroft@gmail.com
Telephone: (380) 260-3123

1

## **MEMORANDUM IN SUPPORT**

On November 26, 2024, Plaintiff *pro se* filed her complaint with jury demand. (Doc. No. 1.) Because Defendant Franklin County, Ohio is an entity, Plaintiff listed the address of counsel to facilitate service of the summons and complaint. When the complaint was docketed, however, it incorrectly listed Defendant as "Franklin County, Ohio Prosecutor". Plaintiff then filed her Amended Complaint on December 12, 2024 against all Defendants, pursuant to Fed. R. Civ. P. 15(a)(1)(A). (Doc. No. 12.) Therein, Plaintiff corrected the case caption to identify Defendant Franklin County, Ohio and to include new allegations beginning at Page 138, ¶1053.The Amended Complaint included one additional exhibit (Exhibit 132) related to the new allegations and was filed with the Amended Complaint.

Based on those new allegations, and in an effort to ensure that there would be no concerns associated with service, Plaintiff served counsel for Defendants Franklin County, Ohio, Jeanine Hummer, and Theresa Dean (collectively the "Franklin County Defendants") with a second request for waiver of service on December 12, 2024. (Doc. No. 13.) Contemporaneous with the filing of the waiver, Plaintiff sent an electronic communication to counsel for Franklin County Defendants and all counsel regarding the same. While counsel for Franklin County Defendants indicated that he did not believe a second waiver was necessary because he filed the waiver on behalf of "Franklin County, Ohio", Plaintiff wanted to ensure that the official docket for this matter properly reflected the procedural posture of the case, particularly given the fact that the waivers of service from Franklin County Defendants were filed on December 4, 2024 (Doc. Nos. 7, 8, 9), eight days before the Amended Complaint was filed.

To ensure there were no allegations of defects in service, Plaintiff filed the Amended

2

Complaint, originally docketed as Doc. No. 12, on February 3, 2025.[1] Plaintiff also filed requests for waivers of service. (Doc. Nos. 18, 19). As such, the February 3, 2025 filing was not a Second Amended Complaint; rather, it was the refiling of the Amended Complaint. Once again, Plaintiff sent an electronic communication to counsel for Franklin County Defendants and all counsel of record stating, "Beyond correcting the case caption, the amended complaint contains new allegations. So that the record is preserved, I refiled the amended complaint, as well as the notice of lawsuit and request for waiver of summons (* * *). I want to ensure that I am not encroaching on the rights of your clients and that I am complying both with the letter and spirit of the rules associated with this litigation." (Exhibit 1.) Despite this intention and communication, Franklin County Defendants noted in their motion to dismiss for failure to state a claim (Doc. No. 20), "Minutes before Defendants filed their Motion to Dismiss, Plaintiff filed a Second Amended Complaint (Doc. 17) without leave of Court." Then, on February 4, 2025, counsel for Franklin County Defendants wrote to Plaintiff, "I don't think you need to do a new service <u>on an amended complaint</u> unless the amended complaint adds a new party that was not previously served. (* * *). At least that has been my experience. Plaintiffs do not do brand new Rule 4 service on an amended complaint that merely adds or modifies some allegations." (Emphasis added.) In other words, Franklin County Defendants, and all Defendants recognized that Doc. No. 17 was not a Second Amended Complaint. This fact is further reflected through the agreed stipulation between Plaintiff and counsel for all remaining Defendants for an extension of time to respond to Doc. No. 12, Plaintiff's Amended Complaint. (Doc. No. 22.)

    Plaintiff readily acknowledges her obligations to know and to follow all rules associated with this litigation and also understands that she is not absolved from this responsibility based on her

---

[1] Doc. No. 17.

3

*pro se* status. In this instance, Plaintiff believed she had a duty to ensure that service of her Amended Complaint was waived, especially given the fact that the first waiver was received eight days before her Amended Complaint was filed. Since, however, Franklin County Defendants have effectively waived any argument related to a possible defect in service, which counsel has now twice stated does not exist based on his experience with Fed. R. Civ. P. 4, Plaintiff respectfully submits that it would be appropriate for this honorable Court to strike Doc. No. 17 to eliminate any confusion. Finally, Plaintiff recognizes that any additional amendments will only be permitted if there is an agreement between counsel and Plaintiff or if Plaintiff is granted leave by this Court.

Respectfully submitted,

/s/ Kimberly Cocroft
Kimberly Cocroft (0073146)
Plaintiff *Pro Se*
345 S. High Street, #4E
Columbus, OH  43215
Email: kimberlycocroft@gmail.com
Telephone: (380) 260-3123

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 21st day of February 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of interest participating in the CM/ECF system.

/s/ Kimberly Cocroft
Kimberly Cocroft