## IN THE UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Cocroft, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| Franklin County, Ohio, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS OF DEFENDANTS RICHARD A. FRYE, COLLEEN O'DONNELL, KIMBERLY J. BROWN, STEPHN L. MCINTOSH, MICHAEL J. HOLBROOK, JULIE M. LYNCH, MARK SERROTT, JEFFREY M. BROWN, CHRISTOPHER M. BROWN, DAVID YOUNG, KAREN HELD PHIPPS, DANIEL R. HAWKINS, CARL A. AVENI, SHERYL K. MUNSON, JENNIFER GOODMAN, SUSAN E. BEDSOLE, CAMEO DAVIS AND STACEY WORTHINGTON

Defendants Richard A. Frye, Colleen O'Donnell, Kimberly J. Brown, Stephn L. McIntosh, Michael J. Holbrook, Julie M. Lynch, Mark Serrott, Jeffrey M. Brown, Christopher M. Brown, David Young, Karen Held Phipps, Daniel R. Hawkins, Carl A. Aveni, Sheryl K. Munson, Jennifer Goodman, Susan E. Bedsole, Cameo Davis and Stacey Worthington ("Court Defendants") move this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amend Complaint for the following reasons:

1.   Plaintiff's claims against the Court Defendants in their official capacity are barred by the Eleventh Amendment of the U.S. Constitution.

2.   Plaintiff's Amended Complaint fails to state a claim under Title VII.

3.   Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1981.

4.   Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Court Defendants.

5.   The Court Defendants are entitled to qualified immunity.

6.   Plaintiff's Amended Complaint fails to state a claim under R.C. Chapter 4112.

7.   Plaintiff's Amended Complaint fails to state a civil RICO claim against the Court Defendants.

8.   Plaintiff's claims for Defamation against Ms. Goodman and Ms. Davis is time-barred and privileged.

9.   Plaintiff's claim for the alleged destruction of public records under R.C. 149.351 fails as a matter of law.

10.  This Court should abstain from considering Plaintiff's claims for injunctive relief related to the operation of the Franklin County Court of Common Pleas based on the *O'Shea* abstention doctrine.

11.  To the extent Plaintiff bases any portion of her claims on the judicial conduct of the Defendant Judges within the scope of their jurisdiction, they are entitled to absolute judicial immunity.

12.  Court Defendants are entitled to quasi-judicial immunity related to the administrative proceedings for the investigation of harassment complaints under the Court Anti-Harassment Policy.

In addition, the Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2), as it is not a short and plain statement of the Plaintiff's claims. In fact, it is the opposite. The extent that any of Plaintiff's claims survive scrutiny under Fed. R. Civ. P. 12(B)(6), the remainder of Plaintiff's Amended Complaint should be stricken, and Plaintiff should be directed to amend the Amended Complaint to comply with Fed. R. Civ. P. 8(a)(2).

A Memorandum in Support is attached.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com
Attorneys for Court Defendants

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

MEMORANDUM IN SUPPORT ...........................................................................................1

    FACTS ...................................................................................................................................1

    LAW AND ARGUMENT ....................................................................................................2

    I.      MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6). ................................2

          A.      Plaintiff's claims against the Court Defendants in their official capacity are barred by the Eleventh Amendment of the U.S. Constitution. ..............................................................................................2

          B.      Title VII .....................................................................................................3

          C.      Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law. ..............5

          D.      Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Court Defendants. ...........................................................7

          E.      Plaintiff's Amended Complaint fails to state a claim under R.C. Chapter 4112. .......................................................................................12

          F.      Plaintiff's Amended Complaint fails to state a civil RICO claim against the Court Defendants. ....................................................................14

          G.      Plaintiff's claims for Defamation (Count Seven) against Ms. Goodman and Ms. Davis is time-barred and privileged. ..........................22

          H.      Plaintiff's claim for the alleged destruction of public records under R.C. 149.351 fails as a matter of law. ........................................................24

          I.      This Court should abstain from considering Plaintiff's claims for injunctive relief related to the operation of the Franklin County Court of Common Pleas based on the *O'Shea* abstention doctrine. ..........25

          J.      To the extent Plaintiff bases any portion of her claims on the actions of the Defendant Judges within the scope of their jurisdiction, they are entitled to absolute judicial immunity. .................................................27

          K.      Court Defendants are entitled to quasi-judicial immunity related to the administrative proceedings for the investigation of harassment complaints under the Court Anti-Harassment Policy. ..............................28

II.      MOTION TO STRIKE UNDER FED. R. CIV. P. 8(A)(2)......................................28

CONCLUSION.................................................................................................................32

CERTIFICATE OF SERVICE ..........................................................................................32

## TABLE OF AUTHORITIES

**Cases**

*Akarah v. Ohio Dep't of Rehab.*, 23AP-743, 2024-Ohio-4499 ..................................... 30

*Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001)........................................... 6

*Amini v. Oberlin College*, 440 F.3d at 358 (6th Cir. 2006) ......................................... 7

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)
.................................................................................................................... 14

*Bell v. Ohio State Bd. of Trs.*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790.............................. 29

*Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158 (6th Cir. 2004)........................... 4

*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000)........................................ 12

*Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) ................................................ 11

*Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) ................................... 8

*Burch v. Ohio Farmers Ins. Co.,* 5th Dist. No. 22 CAE 04 0029, 2023-Ohio-912 ..................... 18

*Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972)........................................................ 9

*Ciganik v. Kaley,* 11th Dist. No. 2004-P-0001, 2004-Ohio-6029................................ 31

*Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) ........................................... 14

*Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984) ............................... 10

*Direct Constr. Servs., LLC v. City of Detroit*, 820 Fed. Appx. 417, 4287 (6th Cir.
2020) .......................................................................................................... 7

*District of Columbia v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018) ........................ 13

*Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246,
163 L. Ed. 2d 1069 (2006) ........................................................................... 8

*Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019)............................... 10

*Figueroa v. Blackburn*, 208 F. 3d 435, 441 (3rd Cir. 2000)........................................ 35

*Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023)........................... 6

*Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002) .................................... 12

*Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022) ...................................... 27

*Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991) ........................................... 26

*Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988) .................................................................. 26

*Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) ...................... 19, 27

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237, 109 S. Ct. 2893,
106 L. Ed. 2d 195 (1989) ........................................................................................... 23

*Hecht v. Levin*, 66 Ohio St. 3d 458, 460 (1993) ....................................................................... 30

*Horen v. Cook*, 546 F. App'x 531, 534 (6th Cir. 2013) ............................................................... 5

*Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018)
.................................................................................................................................... 28

*Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009) ........................................ 11

*Jackson v. Conroy Rental*, 10th Dist. No. 24AP-190, 2024-Ohio-4467 ..................................... 30

*Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L.
Ed. 2d 598 (1989) ........................................................................................................ 7

*Jocke v. City of Medina*, No. 22-3954, 2023 U.S. App. LEXIS 21029, at *8 (6th
Cir. Aug. 11, 2023) .................................................................................................... 27

*Kalitta Air, LLC v. GSBD & Assocs.*, 591 F. App'x 338, 343 (6th Cir. 2014) ........................... 24

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021) ............................................................ 36, 39

*Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 2015-Ohio-4396 ......................................... 29

*Larson v. Franklin Cty. Court of Common Pleas*, No. 81-3184, 1982 U.S. App.
LEXIS 11688 ............................................................................................................. 34

*Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 196 (D. Mass. 2021) ............................................. 26

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ............................................................ 3

*McCormick v. Miami Univ.,* 693 F.3d 654, 661 (6th Cir. 2012) ................................................. 7

*Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) ......................... 12

*Mobley v. O'Donnell,* 10th Dist. No. 19AP-440, 2020-Ohio-469 ............................................. 34

*Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) ................................... 19, 23

*Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 367 (D. Mass. 1986) ................................. 26

*Morrison v. Steiman*, No. 2:01-CV-1143, 2002 U.S. Dist. LEXIS 21507 (S.D. Ohio Sep. 5, 2002) ...................................................................................................................... 23

*Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997) ............................................... 3

*Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) .................................................. 22

*Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) ................... 11

*O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) .............................................................. 33

*Osman v. Isotec, Inc.*, 960 F. Supp. 118, 121 (S.D. Ohio 1997) ...................................... 5

*Parker v. Turner* 626 F.2d 1, 6-7 (6th Cir. 1980) .......................................................... 33

*Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) ........................................................................................................... 8

*Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) ...................... 12

*Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993) ................................................................................................................. 21

*Rhoads v. Olde Worthington Bus. Ass'n*, 10th Dist. No. 23AP-324, 2024-Ohio-2178 ................................................................................................................................... 29

*Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782 ...................................................................................................................... 32

*Sanders v. Mich. Supreme Court*, E.D. Mich. Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 ....................................................................................................... 4

*Schoonover v. Hamilton Cnty*, S.D. Ohio No. 1:22-cv-767, 2024 U.S. App. LEXIS 265586 ............................................................................................................... 5

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985) ....................................................................................................... 20

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) ....................................................................................................... 19

*Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cirt. 2020) ................................................................................................................................... 34

*Simrell v. Dave White Chevrolet, LLC*, Case No. 3:23-cv-1382, 2024 U.S. Dist. LEXIS 94824, *6 (N.D. Ohio May 29, 2024) ..................................................... 15

*Smith v. Grady*, 960 F. Supp. 2d 735, 757 (S.D. Ohio 2013) ........................................ 4

*Snyder v. City of Lima*, 55 F. Supp. 2d 754, 756 (N.D. Ohio 1999) ............................... 4

*Speed Way Transp., LLC v. City of Gahanna*, 6th Cir. No. 21-3657, 2023 U.S. App. LEXIS 5135 .............................................................................................................. 7

*State ex rel. Ware v. Parikh*, 172 Ohio St. 3d 515, 517, 2023-Ohio-759, 225 N.E.3d 911 ......................................................................................................................... 32

*Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013) ...................................... 19

*Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ............................................... 26

*Taylor v. Beckham*, 178 U.S. 548, 20 S. Ct. 890, 44 L. Ed. 1187 (1900)...................... 8

*United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) ............ 37

*United States v. Turkette*, 452 U.S. 576, 583, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981) ................................................................................................................... 21, 22

*Vaughn v. Common Pleas Court of Montgomery Cty*, No. 16-4284, 2017 U.S. App. LEXIS 23741, at *2-3 (6th Cir. May 4, 2016) ................................................... 3

*Walker v. Jackson Public Schools*, 42 Fed. Appx. 735, 2002 U.S. App. LEXIS 16070, 2002 WL 1809088 (6th Cir. 2002) ...................................................... 22

*Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013)................... 27

*Ward v. City of Norwalk*, 640 Fed. Appx. 462, 466 (6th Cir. 2016).................................... 34, 35

*Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997) ...................................... 5

*Weidman v. Hildebrant*, 2024-Ohio-2931 ................................................................. 28

*Winter v. Mike's Trucking, Ltd.*, S.D. Ohio No. 2:20-cv-1269, 2021 U.S. Dist. LEXIS 79031 ................................................................................................. 18

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)................................ 11

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982) ............................................................................................... 6

**Statutes**

18 U.S.C. § 1001 ............................................................................................... 19

18 U.S.C. § 1018 ............................................................................................... 19

18 U.S.C. § 1030 ............................................................................................................. 19

18 U.S.C. § 1962 ........................................................................................................ 15, 16

18 U.S.C. § 1964(c) ........................................................................................................ 20

42 U.S.C. § 1981 ........................................................................................................... 5, 7

42 U.S.C. § 1983 ............................................................................................................... 7

42 U.S.C. § 2000e(f) ........................................................................................................ 3

42 U.S.C. § 2000e-2(a)(1) ............................................................................................... 3

42 U.S.C. § 2000e-5(e)(1) ............................................................................................... 5

O.R.C. § 149.351 ...................................................................................................... 19, 24

O.R.C. § 2913.42 ............................................................................................................ 19

O.R.C. § 2921.12 ............................................................................................................ 19

R.C. 124.01 ....................................................................................................................... 4

R.C. 149.351(B) ........................................................................................................ 24, 25

R.C. 4112.01(A)(2) ......................................................................................................... 13

R.C. 4112.02 ................................................................................................................... 13

R.C. 4112.02(a) ............................................................................................................... 13

R.C. 4112.052(B)(1)(a)-(b) ............................................................................................ 12

R.C. 4112.99 ................................................................................................................... 13

**Other Authorities**

Title VII of the Civil Rights Act of 1964 ............................................................. 3, 4, 7, 9

**Rules**

Fed. R. Civ. P. 12(B)(6) ......................................................................................... 2, 17, 28

Fed. R. Civ. P. 8(A)(2) ..................................................................................... 2, 28, 29, 31

## MEMORANDUM IN SUPPORT

Plaintiff Kimberly Cocroft ("Plaintiff") is a judge with the Franklin County Court of Common Pleas. Plaintiff has sued fourteen of her fellow past and present common pleas judges, four court administrators, two assistant county prosecutors, and Franklin County itself. Plaintiff's Amended Complaint is 151-page narrative that minutely details Plaintiff's interactions with the Defendants from 2022 through the filing of the Amended Complaint. Notwithstanding the extreme length and detail of the Complaint, there appears to be a common theme throughout, which is the allegation that Defendants collectively engaged in an ongoing conspiracy to discriminate against Plaintiff based on her race and gender.

As set forth below, irrespective of the truth of the facts alleged, the Amended Complaint fails as a matter of law. As a result, the Court Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint.[1]

## FACTS

As noted aptly by the Franklin County Defendants in their Motion to Dismiss (ECF 20, Franklin County Motion to Dismiss, PageID 1118), the normal course here would be to set forth the operative facts alleged in the Amended Complaint. However, the Court Defendants will not do so for two reasons.

First, the facts as alleged in the Amended Complaint are set forth in 151 pages, containing 1,127 paragraphs of allegations. If they were to be recounted here, this Motion would be as unwieldy as the Amended Complaint itself.

---

[1] As this Court is aware, Plaintiff has attempted to file (and then sought leave to file) a Second Amended Complaint. Although this motion references the Amended Complaint throughout, the arguments set forth herein apply with equal force to the Second Amended Complaint.

1

Second, the defenses set forth below do not require a lengthy discussion of the facts, because the truth of the facts is immaterial to the applicability of those defenses. Where undisputed facts are necessary for the resolution of a particular claims, they will be discussed below.

## LAW AND ARGUMENT

The Court Defendants bring this Motion to Dismiss under two separate federal rules—Fed. R. Civ. P. 12(B)(6) and Fed. R. Civ. P. 8(A)(2). Because this is unusual, some explanation is necessary.

As set forth in Section II of the Motion, Plaintiffs' Amended Complaint does not qualify as a valid Complaint under Fed. R. Civ. P. 8(A)(2), which requires a "short and plain statement" of the Plaintiff's claims. Plaintiff's Amended Complaint is anything but "short," "plain" or "concise." As a result, the Amended Complaint should be stricken and Plaintiff should be ordered to comply with Fed. R. Civ. P. 8(A)(2) as to her allegations and claims, if any, that survive scrutiny under Fed. R. Civ. P. 12(B)(6).

However, the Court Defendants are initially moving this Court to dismiss under Fed. R. Civ. P. 12(B)(6) because this Court can determine from the nature of the claims themselves and application of well-settled law that Amended Complaint does not state a claim for relief. This is true even accepting the truth of every factual allegation contained within the Amended Complaint.

## I.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6).

### A.    Plaintiff's claims against the Court Defendants in their official capacity are barred by the Eleventh Amendment of the U.S. Constitution.

Plaintiff's Amended Complaint is not clear as to the capacity in which she has sued the Court Defendants. To the extent she is suing the Court Defendants in their official capacity, this is the equivalent of a claim against the Franklin County Court of Common Pleas itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Sixth Circuit has held that Ohio courts are arms of

2

the state and therefore are immune from suit under the Eleventh Amendment. *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997) ("Ohio state courts, including municipal courts, are entitled to Eleventh Amendment Immunity from suit."); *Vaughn v. Common Pleas Court of Montgomery Cty*, No. 16-4284, 2017 U.S. App. LEXIS 23741, at *2-3 (6th Cir. May 4, 2016) ("[T]he courts of common pleas are an arm of the State of Ohio, and consequently they are immune from suit under § 1983 pursuant to the Eleventh Amendment."). As such, any official capacity claim against the Court Defendant is barred by the Eleventh Amendment and must be dismissed.

**B.     Title VII**

**1.      Plaintiff cannot bring claims under Title VII because she is an elected official.**

As an elected official, Plaintiff cannot bring a claim under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual" because of sex. 42 U.S.C. § 2000e-2(a)(1). Although the statutory language refers to "individuals," courts have limited Title VII's protections to individuals who are "employees." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158 (6th Cir. 2004). Title VII defines "employee" as an individual employed by an employer, but explicitly excludes "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof" from this definition. See 42 U.S.C. § 2000e(f). Therefore, elected officials are not eligible to bring claims under Title VII. *Birch,* 392 F.3d at 158; *Snyder v. City of Lima*, 55 F. Supp. 2d 754, 756 (N.D. Ohio 1999); *Smith v. Grady*, 960 F. Supp. 2d 735, 757 (S.D. Ohio 2013); *Sanders v. Mich. Supreme Court*, E.D. Mich. Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 at *19-20.

In her Complaint, Plaintiff admits that she is a person elected to public office. (ECF 12, Amended Complaint, PageID 716, at ¶ 2). As a result, she is not eligible to bring claims against

any Defendant under Title VII. Plaintiff may mistakenly claim that she does not fall within this exemption based on a strained interpretation of Ohio's definition of "civil service" under R.C. 124.01. Although the Court Defendants will leave it to their Reply Brief to address this, suffice it to say that there is no statutory or case law support for the proposition that an elected judge is in the civil service. Nor is there case law supporting that an elected judge is covered by Title VII. In fact, the vast majority of case discussing the exemption related to whether an elected judge's *staff* members are exempt from the Title VII. See, for example, *Horen v. Cook*, 546 F. App'x 531, 534 (6th Cir. 2013); *Schoonover v. Hamilton Cnty*, S.D. Ohio No. 1:22-cv-767, 2024 U.S. App. LEXIS 265586. If an elected official's personal staff members are not "employees" under Title VII, the elected official themself certainly are also not employees.

Moreover, just as Plaintiff is not an "employee" of the Court, the Court Defendants in their individual capacity are not Plaintiff's employer. The Defendant Judges are Plaintiff's fellow elected officials on the bench, not her employer. Likewise, the Defendant Administrators work *for* the Court of which Plaintiff is a member. There is no conceivable basis on which these four administrator working for the Court could be considered Plaintiff's employer for the purposes of Title VII.

**2. Plaintiff cannot bring Title VII claims against the Court Defendants in their individual capacities.**

Title VII does not provide a basis for claims against defendants in their individual capacity. *Wathen v. General Electric Co*., 115 F.3d 400 (6th Cir. 1997); *Osman v. Isotec, Inc*., 960 F. Supp. 118, 121 (S.D. Ohio 1997). Thus, the Title VII claims against the Court Defendants in their personal, or individual, capacities are barred as a matter of law and must be dismissed.

### 3. Plaintiff's Title VII claims are time-barred.

Even if Judge Cocroft was covered by Title VII, her claims would still fail because they are time-barred. Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within, at most, "three hundred days after the alleged unlawful employment practice occurred." While not a jurisdictional requirement, this provision operates as a statute of limitation. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); see also *Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023), citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).

Judge Cocroft alleges that she filed her request for investigation with the EEOC on May 23, 2024. (Amended Complaint, Doc. 12, ¶¶ 15, 942, PageID # 717, 837). Therefore, claims as to any event alleged to have occurred before July 28, 2023 are time-barred. In this case, Judge Cocroft claims that the Court Defendants discriminated against her while she was the administrative judge. This discrimination, Cocroft alleges, resulted in her having to resign from the position as administrative judge. Judge Cocroft resigned on November 14, 2022. (Amended Complaint, Doc. 12, ¶¶ 374-77, PageID # 761). Pursuant to 42 U.S.C. § 2000e-5(e)(1), Judge Cocroft was required to file her EEOC claim by September 11, 2023. She did not file until May 23, 2024—more than 8 months too late. As a result, even if Judge Cocroft were covered by Title VII, any alleged claim of discrimination prior to July 28, 2023 is time-barred.

### C. Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law.

In Count Two of her Amended Complaint, Judge Cocroft alleges a violation of 42 U.S.C. § 1981. (ECF 12, Amended Complaint, PageID 857-58, at ¶¶ 1098-1100). Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors," including "the making, performance, modification, and termination of contracts,

and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Amini v. Oberlin College*, 440 F.3d at 358 (6th Cir. 2006)

The Sixth Circuit has held 42 U.S.C. § 1981 does not provide a private cause of action for money damages against state actors in their individual capacity. *McCormick v. Miami Univ.,* 693 F.3d 654, 661 (6th Cir. 2012), applying *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989); *Direct Constr. Servs., LLC v. City of Detroit*, 820 Fed. Appx. 417, 4287 (6th Cir. 2020); *Speed Way Transp., LLC v. City of Gahanna*, 6th Cir. No. 21-3657, 2023 U.S. App. LEXIS 5135, at *22. Plaintiff has sued the Court Defendants in their individual capacities under 42 U.S.C. § 1981. Because such an action does not exist, Count Two of Plaintiff's Amended Complaint must be dismissed.

Further, the U.S. Supreme Court has held that a Section 1981 plaintiff must be a party to a contract. *Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006) ("Any claim brought under § 1981…must initially identify an impaired contractual relationship under which the plaintiff has rights."); *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989); see also *Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) (§ 1981 requires a contractual relationship).

Here, the Amended Complaint fails to allege that Judge Cocroft was a party to a contract, much less how the actions of the Court Defendants impaired such contract. While mere employment itself may in some cases be considered a "contractual" relationship, this is not so for elected officials. The United States Supreme Court and the Sixth Circuit have held that an elected office does not constitute a property interest. As the Court explained in *Taylor v. Beckham*, 178 U.S. 548, 20 S. Ct. 890, 44 L. Ed. 1187 (1900), "The decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such***In short, generally speaking,

the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right." Id. at 577, 20 S. Ct. at 900-01; see also *Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) (noting that "[p]ublic office is not property within the meaning of the Fourteenth Amendment"). The same rationale would apply equally, if not more so, to any claim of an employment based contractual relationship between elected officials.

Plaintiff's Complaint contains no reference to any contract to which she was a party which was impaired by the Court Defendants. Even in her response to the Franklin County Defendants Motion to Dismiss, she identifies none. Quite simply, Plaintiff cannot claim that an impairment affecting her ability to act as a judge equates to an impairment of a contractual right, as she does not have a contractual right to her employment (or conditions thereof). Plaintiff's claim that she has been denied "her equal contractual rights" cannot, as a matter of law, serve as the basis for a cognizable claim under 42 U.S.C. § 1981.

**D.** **Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Court Defendants.**

Plaintiff has also asserted a claim for employment discrimination under 42 U.S.C. § 1983. Though pled as a claim that is separate from the Title VII claim, the claim itself is identical to the Title VII claim in the Amended Complaint.

**1.** **Plaintiff cannot bring a claim under § 1983 as a substitute for a Title VII claim.**

A plaintiff may not bring a Title VII claim by way of § 1983 and thereby avoid the procedures involved with bringing a Title VII claim. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984) ("Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII").

As Count Three is in essence a Title VII employment discrimination claim, this claim must be dismissed, as it is subject to the same defects as described above.

2.    **Claims premised on the facts and allegations regarding Plaintiff's time as the Administrative Judge and the circumstances of her resignation are barred by the statute of limitations.**

As this Court knows, because § 1983 has no statute of limitations, courts in the Sixth Circuit "borrow one from the most analogous state cause of action," and, in Ohio, that is the two-year limitations period for personal-injury claims. *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019).

A significant portion of Plaintiff's case is built on the allegation that she was forced to resign her position as Administrative Judge because of racial and gender animus. She also alleges that while she was Administrative Judge, she was treated poorly—and differently—than other prior Administrative Judges because of her gender and race. As such, the core of Plaintiff's case rest on the events that occurred while she was Administrative Judge, a position that she resigned on November 14, 2022. She did not file her original complaint until November 26, 2024, which was over two years after the date of her resignation. (ECF 1, Complaint). Thus, the facts and allegations occurring during her time as Administrative Judge—including the circumstances of her resignation—are outside the statute of limitations and cannot be considered for the purpose of assessing whether the Amended Complaint states a claim.

3.    **The Court Defendants are entitled to qualified immunity.**

As a general proposition, the same tests for race discrimination claims under Title VII apply to § 1983 equal protection claims. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019). In the Title VII context, "a victim of discrimination can allege one of two types of actions: (1) discrete discriminatory acts, and (2) claims alleging a hostile work environment." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009). A plaintiff must plead sufficient facts against each defendant to "state a claim to relief that is plausible on its face." *Ogbonna-McGruder v. Austin*

*Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024). Of course, "the presumption of truth is inapplicable to legal conclusions." Id.

To state a hostile work environment claim, a plaintiff must "sufficiently allege facts from which we may infer that the harassment she experienced was severe or pervasive." Id. at 840. "Courts consider the totality of circumstances in determining the severity and pervasiveness of alleged harassment, including 'the frequency of the discriminatory conduct; its severity; whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with an employee's performance.'" Id.

To establish a prima facie case of employment discrimination, Plaintiff must show that she: (1) was a member of a protected class; (2) was qualified for her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). "An adverse employment action in the context of a Title VII discrimination claim is a 'materially adverse change in the terms or conditions of employment because of the employer's actions.'" *Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) (citation omitted). In *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002), the Sixth Circuit explained that:

[a] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

"[D]e minimis employment actions are not materially adverse and, thus, not actionable." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000) (citation omitted). For example,

"[r]eassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions." *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) (citation omitted).

Foremost, Judge Cocroft has not suffered an adverse employment action. She is still an elected common pleas judge. Judge Cocroft does not allege that there was any change to her salary or benefits or work hours. The only arguable change in her position is her resignation of the Administrative Judge ("AJ") position. However, as stated above, the facts and circumstances of her *voluntary* resignation as AJ cannot be considered because they are outside the statute of limitations. Moreover, the Administrative Judge position is unpaid and, arguably, imposed *additional* responsibilities and burdens on Plaintiff that she would not otherwise have had if she were not the AJ, as shown in the Position Statement attached as Exhibit 1 to Plaintiff's Complaint. (ECF 11-4, Rule 4.01 Powers and Duties of Administrative Judge, PageID 146). In the case of Ms. Goodman, Ms. Bedsole, Ms. Davis and Ms. Worthington, as administrators who work *for* the Court of which Plaintiff is a member, they do not even arguably have the authority or control to impose an adverse employment action on the Plaintiff. This is shown on the Court's Organizational Chart for the General Division, which shows the Administrative Judge as the supervisor to these administrators. (ECF 1-4, Court of Common Pleas-General Division Organizational Chart, Page ID 147). As such, the Amended Complaint fails to allege facts which could be construed to show that she suffered an adverse employment action sufficient to support her § 1983 claim.

Further, even if all of the allegations in the Amended Complaint against the Court Defendants are presumed to be true, there has been no violation of clearly established law. Plaintiff has the burden of establishing that Defendants violated clearly established law. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018). "Clearly established" means

that, at the time of the official's conduct, the law was "sufficiently clear" that every 'reasonable official would understand that what he is doing'" is unlawful. Id. In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." Id.

The "clearly established" standard requires that the legal principle clearly prohibit the official's conduct in the particular circumstances before him. Id. at 590. The Supreme Court has repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." Id. Stated differently, for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

Plaintiff has packed the Amended Complaint with various anecdotes about her negative interactions and alleged differential treatment from most of the other judges on the Franklin County Common Pleas bench, as well as the senior administrative staff. Plaintiff then speculates that these anecdotes were motivated by her race and gender. But when examined individually, there is no single situation, circumstance, anecdote, or event to which Plaintiff can point in which any Court Defendant violated clearly established law. The reality is that Plaintiff's Amended Complaint describes the slow deterioration of the working relationship between Judge Cocroft and most of the rest of the judges in the Franklin County Common Pleas Court. Poor working relationships with other officials and administrative staff, however, do not establish a constitutional violation under § 1983, and they certainly do not establish a violation of clearly established law necessary to overcome qualified immunity.

For the foregoing reasons, Plaintiff's § 1983 claims fails as a matter of law.

**E.      Plaintiff's Amended Complaint fails to state a claim under R.C. Chapter 4112.**

Plaintiff has also asserted state law claims under R.C. Chapter 4112, Ohio's counterpart to Title VII. These claims also fail as a matter of law for several reasons.

**1.      Plaintiff Fails to Allege That She Either (1) Obtained a Right-to Sue Letter from the Ohio Civil Rights Commission or (2) Included State Law Claims in her EEOC Charge.**

Prior to filing an employment discrimination action under Ohio Rev. Code Chapter 4112, a person must first file a charge with the Ohio Civil Rights Commission and receive a notice of right to sue from the Ohio Civil Rights Commission. Ohio Rev. Code § 4112.052(B)(1)(a)-(b). In this case, Judge Cocroft has neither alleged filing any charge with the Ohio Civil Rights Commission nor receiving a right to sue letter from the Ohio Civil Rights Commission. Instead, Judge Cocroft has alleged that she "filed an administrative charge with the U.S. Equal Employment Opportunity Commission" and was issued a right to sue on October 2, 2024. (ECF 12, Amended Complaint, at ¶¶ 15-16, PageID 717). The EEOC administrative process only satisfies Ohio Rev. Code § 4112.052 if the plaintiff also alleges that the charge of discrimination with the EEOC contains allegations Defendants violated both federal and Ohio law. *Simrell v. Dave White Chevrolet, LLC*, Case No. 3:23-cv-1382, 2024 U.S. Dist. LEXIS 94824, *6 (N.D. Ohio May 29, 2024). Unlike the plaintiff in *Simrell*, there is no allegation in the Amended Complaint that Judge Cocroft included state law discrimination claims in her charge to the EEOC. Accordingly, Judge Cocroft has not properly complied with the prerequisite administrative process necessary to file a discrimination claim under Ohio Rev. Code Chapter 4112.

**2. Plaintiff cannot bring individual capacity claims against the Court Defendants under R.C. 4112.02 and R.C. 4112.99.**

Plaintiff has alleged a claim under R.C. 4112.02 and R.C. 4112.99. These claims are also barred as a matter of law. R.C. 4112.02 makes it unlawful for an *employer* to discriminate against employees on the basis of race or sex. See R.C. 4112.02(a). R.C. 4112.01(A)(2) defines an "employer" to mean "the state, any political subdivision of the state, or a person employing four or more persons within the state, and any agent of the state, political subdivision, or person." Individual employees are not included within the definition of "employers" who may be liable under R.C. 4112.02 or R.C. 4112.99. Section 3 of House Bill 352, which amended R.C. 4112.02 in 2020, makes this clear. This Section states:

> The General Assembly, in amending section 4112.01 and division (A) of section 4112.08 of the Revised Code pursuant to this act, hereby declares its intent to supersede the effect of the holding of the Ohio Supreme Court in *Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293 (1999) and to follow the holding in *Wathen v. General Electric Co.*, 115 F.3d 400 (1997) regarding the definition of 'employer' for purposes of Chapter 4112. of the Revised Code. ***The General Assembly further declares its intent that individual supervisors, managers, or employees not be held liable under Chapter 4112. of the Revised Code for unlawful discriminatory practices relating to employment*** that are described in division (A)(24)(a) of section 4112.01 of the Revised Code, as amended by this act.[2]

[Emphasis added].

This amended definition of "employer," which forecloses individual liability for employees, went into effect on April 15, 2021. *Winter v. Mike's Trucking, Ltd.*, S.D. Ohio No. 2:20-cv-1269, 2021 U.S. Dist. LEXIS 79031, FN 2 ("H.B. 352***did not take effect until April 15, 2021.).

The earliest date identified in the Amended Complaint is July, 2021, the date of Plaintiff's election as Administrative Judge. (ECF 12, Amended Complaint, PageID 17, at ¶ 17). This was at

---

[2] HB 352 removed the phrase "person acting directly or indirectly in the interest of an employer" from the definition of "employer" under R.C. 4112.02(A)(2).

least two and a half months after the General Assembly eliminated claims against employees in their individual capacities under R.C. 4112.02 and R.C. 4112.99. As a result, even assuming the truth of the allegations in the Amended Complaint, Plaintiff is barred from bringing individual claims against the Court Employees because they are not "employers" to whom liability may apply.

### 3. Plaintiff's claims under R.C. Chapter 4112 are time-barred.

A claim under R.C. Chapter 4112 is subject to a two-year statute of limitations. *Burch v. Ohio Farmers Ins. Co.,* 5th Dist. No. 22 CAE 04 0029, 2023-Ohio-912, at ¶ 29. Plaintiff's claims under R.C. Chapter 4112 are barred by the statute of limitations for the same reasons that Plaintiff's federal claims are barred.

### F. Plaintiff's Amended Complaint fails to state a civil RICO claim against the Court Defendants.

As the Fourth Count of the Amended Complaint, Plaintiff attempts to assert a civil claim under the Racketeer Influenced and Corrupt Practices Act ("RICO"). It alleges that the defendants "engaged in a fraudulent scheme and enterprise designed to violate the law" and that the defendants' "enterprise directly and proximately caused harm to Judge Cocroft." (ECF 12, Amended Complaint, at ¶¶ 1108-1110, PageID 859.) Plaintiff's factual allegations do not state a civil RICO claim.

"RICO takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws [or] any act 'indictable' under numerous specific federal criminal provisions." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). It also "affords a civil remedy to an individual who is injured by virtue of certain types of unlawful activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

14

Civil plaintiffs may recover under § 1964(c) if they were "injured in [their] business or property by reason of a violation of § 1962." Courts have broken down a RICO plaintiff's pleading burden into three essential elements: "(1) a violation of § 1962, (2) an injury to his business or property, and (3) that his injury was proximately caused by the RICO violation." *Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013); *see also Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) (outlining civil RICO elements as "(1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above").

### 1. Plaintiff Has Failed to Plead a Violation of § 1962.

There are three prohibited activities under 18 U.S.C. § 1962. The Amended Complaint is unclear as to which 1962 section is claimed to have been violated by the Defendants. (ECF 12, Amended Complaint, at ¶¶ 1108-1110, PageID 859.) However, since filing the Amended Complaint, Judge Cocroft has indicated that her RICO claim is limited to an alleged violation of Section 1962(c). (ECF 23, Memorandum in Opposition of Plaintiff *Pro Se* to Motion to Dismiss of Defendants Franklin County, Ohio, Jeanine Hummer, and Theresa Dean, PageID 1213).

Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To impose civil liability under Section 1962(c), a plaintiff must show (1) conduct (2) of an enterprise (3) engaged in or affecting interstate or foreign commerce (4) through a pattern (5) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985). The amended complaint fails in all five respects.

### a.    Conduct

To state a civil RICO claim, a plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c). The Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise." *Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993). Although RICO liability is not limited to those with primary responsibility for the enterprise's affairs; the defendant must have "conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* at 185 (Emphasis in original).

The Amended Complaint fails to show that the Court Defendants participated, either directly or indirectly, in the conduct of an alleged enterprise. The Amended Complaint alleges a disparate history of incidents since 2021in which Plaintiff claims that she was treated differently, and speculates that this treatment was because of either her race or gender. However, an examination of the factual allegations of the conduct of each individual Court Defendant reveals that the Amended Complaint fails to allege that any of them was involved in the operation of an enterprise, as that term is defined within the RICO statute.

### b.    Enterprise

A plausible RICO claim under Section 1962(c) must establish the existence of an "enterprise." *United States v. Turkette*, 452 U.S. 576, 583, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981). The Supreme Court has defined "enterprise" as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* The existence of an enterprise is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.*

The Supreme Court has clarified that "the 'enterprise' is not the 'pattern of racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages." *Id.* at 584. Merely pleading that an enterprise exists is insufficient for purposes of Rule 12(b)(6). *Walker v. Jackson Public Schools*, 42 Fed. Appx. 735, 2002 U.S. App. LEXIS 16070, 2002 WL 1809088 (6th Cir. 2002) at *1.

The Amended Complaint fails to allege facts to establish the existence of a RICO enterprise. It describes various interactions among judicial employees, some of which are common pleas court judges. But it fails to allege any type of organized structure or form, outside of the judicial employees' official capacities as Franklin County employees. To the extent there is any association, it is solely related to the alleged pattern of racketeering activity and, thus, fails to meet the standard outlined in *Turkette.*

### c. Interstate or foreign commerce

To establish a RICO claim, a plaintiff must demonstrate the existence of an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a). Although the "nexus may be 'minimal,'" a plaintiff bears the burden of showing the effect on commerce. *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (citations omitted). "The requirement that the enterprise activity must 'affect' interstate commerce means that it must have a 'detrimental influence on' interstate commerce, e.g., by draining money from the economy." *Morrison v. Steiman*, No. 2:01-CV-1143, 2002 U.S. Dist. LEXIS 21507 (S.D. Ohio Sep. 5, 2002) at *14.

Here, the Amended Complaint fails to establish that the alleged enterprise directly engaged in interstate or foreign commerce. It does not allege that the Defendants were engaged in the production, distribution, or acquisition of goods or services that crossed state lines. The alleged activities concern matters that occurred within Ohio only. The alleged predicate acts occurred at

meetings, conversations, and other interactions that occurred solely within Ohio and related solely to Plaintiff's position as a common pleas court judge.

Likewise, the Amended Complaint fails to show that the alleged enterprise or any of the alleged predicate acts affected interstate or foreign commerce. While the work of the Franklin County Common Pleas Court may sometimes impact people and businesses across state lines, the amended complaint fails to show that the alleged enterprise activity (alleged hostile work environment) had a detrimental influence on interstate or foreign commerce. No allegation in the Amended Complaint reflects any negative consequences to persons beyond Judge Cocroft.

####         d.        Pattern

The "pattern of racketeering activity" element requires "at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). In *H.J. Inc. v. Northwestern Bell Telephone Co*., 492 U.S. 229, 237, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) (citations omitted) the Supreme Court held that although "two acts are necessary, they may not be sufficient.". "Beyond setting forth the minimum number of predicate acts required to establish a pattern, the statute assumes that there is something to a RICO pattern beyond simply the number of predicate acts involved." *Kalitta Air, LLC v. GSBD & Assocs*., 591 F. App'x 338, 343 (6th Cir. 2014) (internal quotations omitted). To this end, a plaintiff must demonstrate that the racketeering acts are (1) related and (2) that they amount to, or pose, a threat of continued criminal activity. *Id.*

In this regard, the Amended Complaint is insufficient. The Amended Complaint alleges that the defendants coordinated to remove Judge Cocroft from her position as administrative judge and used a bad faith complaint to facility the removal. Even if one assumes that, in doing so, the defendants engaged in some sort of criminal activity, it was isolated to the circumstances surrounding the bad faith complaint. The defendants did not pose a threat of continued criminal

activity. Moreover, the Amended Complaint fails to identify any other related acts that might show a pattern of criminal activity.

### e. Racketeering activity

Section 1961(1) sets forth an exhaustive list of predicate acts that can constitute "racketeering activity." In the Amended Complaint, Judge Cocroft alleges that the defendants engaged "in misrepresentation, fraud, mail fraud, electronic communication fraud[,] and destruction of public records." (ECF 12, Amended Complaint, at ¶ 1109, PageID 859.) She avers that such conduct violated O.R.C. § 2921.12, O.R.C. § 2913.42, O.R.C. § 149.351, 18 U.S.C. § 1001, 18 U.S.C. § 1018, and 18 U.S.C. § 1030. (Amended Complaint, Doc. 12, ¶ 1109, PageID # 859.)

All of the federal statutes alleged can be eliminated as RICO predicates because they clearly do not apply to this case. 18 U.S.C. §§ 1001 and 1018 only apply to misrepresentations made in federal, not state, government matters. Further, 18 U.S.C. § 1018 does not apply because the Court Defendants are not authorized by any law of the United States to give a certificate or other writing—at least Judge Cocroft does not allege that they are. Next, 18 U.S.C. § 1030 cannot be a predicate offense because there is no allegation that the Court Defendants accessed a computer and obtained national defense information, information from a financial institution or information from any department or agency of the United States. Even if these statutes could apply, there is no allegation in the Amended Complaint that the Court Defendants engaged in the conduct prohibited by these statutes. There is no reference to these statutes outside of a lone paragraph in Count Four.

Similarly, there is no reference in the Amended Complaint to Ohio's falsification or tampering with records statutes outside of the conclusory allegations contained in Court Four. Further, there are no facts alleged as to how any of the Court Defendants were part of a criminal enterprise and/or facts as to how any of the Court Defendants altered or destroyed records to further

a criminal enterprise. As such, there is a complete absence of facts to support any RICO claim against the Court Defendants.

### 2. Injury to business or property

To maintain a RICO claim, a plaintiff must demonstrate that he was "injured in his business or property." 18 U.S.C. § 1964(c). As to RICO damages, the Amended Complaint alleges that the defendants "illegal enterprise***caused harm[ ] [to Judge Cocroft's] professional reputation and caused[ ] her compensable harm." (Amended Complaint, Doc. 17, ¶ 1110, PageID # 859.)

In claiming reputational harm, the Amended Complaint fails to state a viable claim for RICO damages. It is well-established that "the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988). In turn, federal courts have consistently held that "injury to [one's] reputation, dignity and emotional damages are not the type of injuries redressable by [RICO]." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *see also Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991) (RICO does not recognize "physical or emotional harm to a *person*"); *Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 367 (D. Mass. 1986).

Moreover, the Amended Complaint's allegation of reputational harm is far too speculative. A plaintiff must plead 'concrete financial loss' to 'business or property' rather than speculative and undefined damages." *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 196 (D. Mass. 2021). The Amended Complaint, despite its lengthiness, fails to describe any pecuniary harm resulting from the alleged RICO violations. Indeed, it is bereft of any specific description of actual reputational harm that allegedly resulted.

The Amended Complaint's allegation of "compensable harm" is likewise insufficient. "Pleadings that merely offer 'labels and conclusions or a formulaic recitation of the elements of a cause of action,' 'threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements,' or 'naked assertions devoid of further factual enhancement' will not suffice." (Citations omitted.) *Jocke v. City of Medina*, No. 22-3954, 2023 U.S. App. LEXIS 21029, at *8 (6th Cir. Aug. 11, 2023). The Amended Complaint, in conclusory fashion, avers that Judge Cocroft sustained reputational and compensable harm. It fails completely in citing any pecuniary losses derived from the alleged RICO violations.

### 3. Plaintiff Has Failed to Plead Proximate Causation Within the Meaning of the RICO Statute.

The final requirement to stating a RICO claim is proximate causation. Courts have interpreted the "by reason of" language in § 1964(c) to require plaintiffs to show a causal link between the violation and their injuries. *See Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ("It is well-settled that proximate cause is an essential ingredient of any civil RICO claim. The language of the statute limits the scope of liability to those injuries suffered 'by reason of' an alleged violation of one of the criminal provisions." A plaintiff "must show 'that the defendant's violation was both a factual and proximate cause of his injury.'" *Grow Michigan*, 50 F.4th at 594, quoting *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022). This requirement is "demanding" and "require[s] a RICO plaintiff to show that the defendant's racketeering offense led directly to the plaintiff's injuries," which "elevates a plaintiff's burden by requiring more than a showing of mere foreseeability." *Id.*

If a plaintiff cannot show an adequate injury or causation to state a substantive RICO claim, they similarly cannot maintain a conspiracy claim. *See Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018) (holding Plaintiff could not maintain a RICO conspiracy action when they failed to assert a substantive violation and failed to establish proximate cause)

There are lots of allegations in the Amended Complaint, but there is a complete absence of fact in the Amended Complaint connecting any alleged predicate acts to Plaintiff's claimed

injuries. As stated above, Plaintiff does not even refer to the alleged predicate acts outside of one Paragraph in Count Four. Further, Plaintiff does not connect Court Defendants to any predicate acts, much less allege how any predicate acts by caused non-speculative monetary damages. For all of the foregoing reasons, Judge Cocroft's civil RICO claim must be dismissed.

> **G.** **Plaintiff's claims for Defamation (Count Seven) against Ms. Goodman and Ms. Davis is time-barred and privileged.**

Plaintiff has also asserted a claim for defamation against Defendants Goodman and Davis. (ECF 12, Amended Complaint, ¶¶ 115-1123). This claim must be dismissed for several reasons.

First, R.C. 2305.11(A) requires an action for defamation to be commenced within one year of the time the cause of action accrued. Under Ohio law, a claim for defamation accrues at the time the defamatory statement is published, regardless of whether the plaintiff is aware of the statement at that time. *Weidman v. Hildebrant*, 2024-Ohio-2931, at ¶ 61 (Statute of limitations for defamation claims begins to run from the date of publication, even if the injured party is unaware of the claim at that time); *Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 2015-Ohio-4396 (There is no discovery rule for defamation in Ohio, and the cause of action accrues upon the first publication of the defamatory statement); *Bell v. Ohio State Bd. of Trs.*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, at ¶ 21; *Rhoads v. Olde Worthington Bus. Ass'n*, 10th Dist. No. 23AP-324, 2024-Ohio-2178, at ¶ 54.

In this case, Plaintiff alleges that the defamatory statements by Ms. Goodman are contained within her written complaint, which was submitted by Ms. Goodman to the Court on November 1, 2023. (ECF 12, Amended Complaint, PageID 754, at ¶¶ 311-322; ECF 1-6, Complaint Exhibit 24, PageID 272-273). Plaintiff also claims that the defamatory conduct by Ms. Davis was providing "inaccurate information" that was included in Ms. Goodman's written complaint. (ECF 12, Amended Complaint, PageID 860, at ¶ 1119). Since all of these actions necessarily happened on

or before the date that Ms. Goodman's complaint was submitted on November 1, 2023, Plaintiff's defamation claims against Ms. Goodman and Ms. Davis accrued, at the latest, on that date. This means that the statute of limitations for those claims expired on November 1, 2024. However, Plaintiff did not commence this action until November 26, 2024. As a result, even assuming the truth of the allegations in the Amended Complaint, Plaintiff's defamation claim against Ms. Goodman and Ms. Davis must be dismissed.

Further, the statements allegedly made by Ms. Goodman and Ms. Davis related to their assertion of a claim for harassment by Judge Cocroft are privileged because they were made in the context of a quasi-judicial proceeding. In Ohio, statements made in judicial or quasi-judicial proceedings are absolutely privileged as long as they are reasonably related to the proceedings. *Hecht v. Levin*, 66 Ohio St. 3d 458, 460 (1993); *Jackson v. Conroy Rental*, 10th Dist. No. 24AP-190, 2024-Ohio-4467, at ¶ 7; *Akarah v. Ohio Dep't of Rehab.*, 23AP-743, 2024-Ohio-4499, at ¶ 17.

Plaintiff attached the Court's Anti-Harassment Policy to the Complaint as Exhibit 25. (ECF 1-6, Anti-Harassment Policy, PageID 283-289) Under this Policy, the filing of a complaint about workplace conditions is the first step in a formal process for the investigation of workplace conditions. Id. Once the complaint is initiated, an investigation into the allegation is triggered. Id. If a violation of policy is found, the violating employee may be subject to discipline. Id. The anti-harassment policy also covers retaliatory conduct. Id. The point is this: Plaintiff's allegations about the complaint lodged by Ms. Goodman and Ms. Bledsoe relates to this administrative process, which is a quasi-judicial proceeding. The statements made by Ms. Goodman and Ms. Bledsoe with respect to the proceeding are privileged. As such, Plaintiff cannot maintain a defamation claim against these Defendants for those statements as a matter of law.

**H.**    **Plaintiff's claim for the alleged destruction of public records under R.C. 149.351 fails as a matter of law.**

Plaintiff has asserted a claim for the alleged destruction of public records under R.C. 149.351. This statutes provides for a private civil action on behalf of an aggrieved party for "the he removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record" outside of the applicable record retention schedule. R.C. 149.351(B).

The statute does not specify who can or must be sued in an action under R.C. 149.351(B). However, subsequent cases have made clear that it is the public office, and not individual officials or employees, who are the custodians of public records and who have the duty to preserve public records. For instance, in *Ciganik v. Kaley,* 11th Dist. No. 2004-P-0001, 2004-Ohio-6029, at ¶ 41, the Court of Appeals held that a county sheriff's office, and not the sheriff individual, was the records custodian for the purpose of a claim under R.C. 149.351(B). Id. ("[Sheriff], in his capacity as an individual as opposed to that of Sheriff, has no independent responsibility for the records of the Sheriff's Department under R.C. 149.351."

In this case, the sole allegation in the Amended Complaint regarding the alleged destruction of public records is in ¶ 398, in which Plaintiff alleges that "[b]etween November 4, 2022 and November 14, 2022, Goodman, Bedsole, Davis and Worthington permanently deleted all internal Teams messages between Judge Cocroft and them as well as Judge Cocroft's Black staff and them. These messages related to the administrative work of the Court and, under Rule of Superintendence 26.01, should have been maintained permanently." Ms. Goodman, Ms. Bedsole, Ms. Davis and Ms. Worthington have been sued individually. As they are not individually liable under R.C. 149.351, Plaintiff's claim under that statute against them must fail. Plaintiff does not allege any other facts about the alleged destruction of records by any other Court Defendant.

In addition, in order for a person to succeed in a civil action for forfeiture pursuant to R.C. 149.351, a plaintiff must have requested public records, the public office must have been obligated to honor that request, subject to certain exceptions in R.C. 149.43(B), the office must have disposed of the public records in violation of R.C. 149.351(A), and the person must be aggrieved by the improper disposal. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, at ¶16. Plaintiff has not alleged facts showing that she made a request for the records at issue, or how she was aggrieved by their deletion of that occurred.

In addition, the disclosure of court records in Ohio is governed by the Rules of Superintendence, not Ohio Public Records Act. *State ex rel. Ware v. Parikh*, 172 Ohio St. 3d 515, 517, 2023-Ohio-759, 225 N.E.3d 911. The Rules of Superintendence specifically regulate public access to court records, and the Ohio Public Records Act is generally inapplicable to such records. Id. R.C. 149.351 applies only to the improper disposal of records subject to the Ohio Public Records Act. As a result, Court records are *not* subject to the requirements of R.C. 149.43, and their disposal, improper or otherwise, is not subject to suit under R.C. 149.351.

For the above reasons, Plaintiff's claim for the improper destruction of court records fails as a matter of law, even assuming the truth of the allegations in the Amended Complaint.

## I. This Court should abstain from considering Plaintiff's claims for injunctive relief related to the operation of the Franklin County Court of Common Pleas based on the *O'Shea* abstention doctrine.

Plaintiff's Amended Complaint targets the internal administrative polies of the Franklin County Common Pleas Court. Further, Plaintiff seeks broad injunctive relief. This includes injunctions against Defendants and "their officers, agents, [and] employees" with respect to their ongoing employment practices and an order that Defendants institute broad and unspecified employment practices and policies. (ECF 12, Amended Complaint, PageID 1067-68). Plaintiff also seeks an order ensuring that the policy and practice changes she seeks are "carried out and adhered

to by Defendants and their officers, agents [and] employees." Id. Finally, she seeks an order requiring Defendants "to make Judge Cocroft whole by providing her with any affirmative relief necessary to eradicate the effects of unlawful employment practices and constitutional violations." Id. Plaintiff is asking the Court to craft policies for the Franklin County Common Pleas court, to effectuate those policies, and to monitor and/or enforce them indefinitely.

The Court should abstain because Plaintiff's requests for injunctive relief would require the Court to engage "an ongoing federal court audit" of state court administrative practices. *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). The Court would need to undertake an indefinite amount of enforcement for an indefinite time regardless of the constituency of the Court or other changes that may take place in the future. Further, such relief risks potential disruption of the Franklin County Common Pleas Court's normal state proceedings. Abstention is, therefore, warranted. *Id.* at 501.

The Sixth Circuit has interpreted *O'Shea* as an almost total bar on "supervisory injunctive relief" claims against state courts. *See Parker v. Turner* 626 F.2d 1, 6-7 (6th Cir. 1980) (Supervisory injunctive relief may be available against state agencies where appropriate but "[w]hen the state agency in question is a state court, however, the equitable restraint considerations appear to be nearly absolute."). *See also Larson v. Franklin Cty. Court of Common Pleas*, No. 81-3184, 1982 U.S. App. LEXIS 11688, at *6-7 (Equitable restraint appears absolute when conduct or policies of state courts "are sought to be enjoined" and "it is obvious that any federal declaration that policies and practices of state judges are unconstitutional would impact…pending state judicial proceedings.").

Finally, as noted, Plaintiff's Complaint makes allegations concerning a broad course of conduct, much of which occurred in the past. To the extent past conduct serves as the basis for Plaintiff's claims for injunctive relief, additional reasons merit abstention and dismissal. *See*

26

*Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cirt. 2020) *(*"[T]he Supreme Court has not been sympathetic to claims that past occurrences of unlawful conduct create standing to obtain an injunction against the risk of future unlawful conduct.")

> **J.      To the extent Plaintiff bases any portion of her claims on the actions of the Defendant Judges within the scope of their jurisdiction, they are entitled to absolute judicial immunity.**

Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money damages. See *Ward v. City of Norwalk*, 640 Fed. Appx. 462, 466 (6th Cir. 2016); *Mobley v. O'Donnell,* 10th Dist. No. 19AP-440, 2020-Ohio-469, at ¶ 20. The doctrine of absolute judicial immunity is "founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions" without the threat of suit. *Figueroa v. Blackburn*, 208 F. 3d 435, 441 (3rd Cir. 2000). The immunity is only lost where the judge's actions that gave rise to suit were: (1) non-judicial in nature; or (2) were "taken in the complete absence of all jurisdiction." *Ward*, 640 Fed. Appx. at 466.

Some of Plaintiff's claims against her fellow judges are based on disputes regarding the operations of the Court, such as staff training, administrative assignments, docket issues, and even when and how photos are displayed in the courthouse. Claims of this kind do not necessarily trigger judicial immunity. However, given the sheer breadth and volume of the Plaintiff's Complaint, it is difficult to determine whether every claim Plaintiff has made falls outside of the scope of judicial immunity. As a result, to the extent that Plaintiff has asserted claims which implicate decisions made by the Defendant Judges within the scope of their jurisdiction and in the performance of their judicial functions, they are entitled to absolute judicial immunity from such claims as a matter of law.

**K.    Court Defendants are entitled to quasi-judicial immunity related to the administrative proceedings for the investigation of harassment complaints under the Court Anti-Harassment Policy.**

Aside from the portion of her Amended Complaint related to the circumstances of her time as Administrative Judge (which are time-barred), a significant portion of Plaintiff's Amended Complaint relates the harassment complaint made by Ms. Goodman, and the alleged failure of the Defendant Judges to properly investigate Plaintiff's own complaints.  These complaints—and the subsequent actions or omissions of the Court Defendants related to those complaints—are part of a formal administrative complaint and investigation process under the Court's Anti-Harassment Policy. (ECF 1-6, Anti-Harassment Policy, PageID 283-289). As set forth above, those proceeding are quasi-judicial proceedings. Thus, the Court Defendants are entitled to quasi-judicial immunity for claims arising from their actions relative to those proceedings, as a matter of law.

**II.    MOTION TO STRIKE UNDER FED. R. CIV. P. 8(A)(2).**

As mentioned at the outset of this case, the Court Defendants submit that the Amended Complaint should also be stricken because it does not comply with Fed. R. Civ. P. 8(A)(2), as it does not contain a short and plain statement of relief. Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim…" Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Plaintiff's 151-page, 1127-paragraph Amended Complaint cannot be considered a "short and plain statement of the claim." When a pleading is this verbose, the complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8.  In this instance, any claims set forth in the Amended Complaint that survive dismissal under Fed. R. Civ. P. 12(B)(6), should be dismissed or, in the alternative, the Court should order Plaintiff to file an amended complaint that complies with this rule.

The Sixth Circuit Court of Appeals recently provided a roadmap of how to address situations when a complaint is so extensive that is ceases to be a valid complaint under Fed. R.

Civ. P. 8(A). In *Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021), the Sixth Circuit found that a complaint with 808 numbered paragraphs of allegations spanning 180 page was not a "short and plain statement" under Fed. R. Civ. P. 8(a)(2) and affirmed dismissal. The Sixth Circuit held that while the determination of whether a pleading complies with Fed. R. Civ. P. 8 is made on a case-by-case basis, what the Rule specifically proscribes is "obfuscation" through an avalanche of factual allegations. *Kensu*, 5 F.4th at 651 ("District Court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue."), citing *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (Affirming dismissal of a complaint that was 400 paragraphs covering 155 pages, followed by 99 attachments, which the court called "pestilential.")

There are many examples of cases in which courts have dismissed cases because the unreasonable length and sheer mass of information in the complaint violates the requirement of a "short and plain statement of relief" requirement in Fed. R. Civ. P. 8(a) For instance, the following courts have dismissed, struck, or ordered the amendment of overly lengthy and complex complaints:

| Case Name | Pages | Paragraphs |
|---|---|---|
| *Plymale v Freeman*, No 90-2202, 1991 US App LEXIS 6996 (6th Cir. April 12, 1991) | 119 | - |
| *Greer v. Herrald*, S.D. Ohio No. 1:24-cv-00118, 2024 U.S. Dist. LEXIS 47212 (Complaint referred to as "eye popping") | 268 (w/exhibits) | - |
| In re Westinghouse Securities Litigation, 90 F.3d 696, 702-03 (3d Cir. 1996) | 240 | 600 |
| *Kuehl v. FDIC*, 8 F.3d 905, 908-09 (1st Cir. 1993) | 43 | 358 |
| Michaelis v. Nebraska State Bar Association, 717 F.2d 437, 439 (8th Cir. 1983) | 98 | 144 |
| Flayter v Wisconsin Department of Corrections, 16 Fed. Appx. 507, 509 (7th Cir. 2001) | 116 | 242 |
| *McHenry v Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996) (Complaint "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are | 37 | |

| suing for what wrongs, fails to perform the essential functions of a complaint." | | |
|---|---|---|
| *Harbridge Merchant Servs, Inc,* 20 F. 3d 771, 775-76 (7th Cir 1994) | 119 | 385 |
| *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) | 58 | 146 |
| *Washington v. Baenziger*, 656 F. Supp. 1176 (N.D. Cal. 1987) | 99 | - |
| *Lasky v. Shearson Lehman Bros., Inc.,* 139 F.R.D. 597, 1991 U.S. Dist. LEXIS 17062 (S.D.N.Y. 1991). | 73 | 302 |
| *Lonesome v. Lebedeff*, 141 F.R.D. 397, 1992 U.S. Dist. LEXIS 5042 (E.D.N.Y. 1992) | 63 | 452 |
| *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 2005 U.S. Dist. LEXIS 4812 (C.D. Cal. 2005) | | |
| *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 2006 U.S. Dist. LEXIS 9330 (D. Kan. 2006) | 115 | 613 |
| *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 2011 U.S. Dist. LEXIS 129666 (D.D.C. 2011) | 592 | - |

Plaintiff's Amended Complaint fails to serve the function of an effective complaint as envisioned by the Civil Rules, which is to efficiently inform about who is sued and what they are being sued for. Plaintiff's Amended Complaint is 151 pages long and consists of 1,127 numbered paragraphs, alleging seven causes of action against 21 separate Defendants. The "Factual Background" section, which is alone accounts for 138 pages and contains 1,095 numbered paragraphs, is a minutely detailed narrative of Plaintiff's interactions with her fellow judges over the course of three years. (ECF 12, Amended Complaint, PageID 718-856 ). Moreover, the Amended Complaint including 132 Exhibits totals more than 550 pages. (ECF 1-4 through 1-14, Amended Complaint, PageID 146-695). In fact, Plaintiff's Amended Complaint substantially exceeds the length and sheer volume of information at issue of all of the cases cited above. Simply, the Amended Complaint is the opposite of a short and plain statement of relief required by the Civil Rules, and its length and depth entirely obfuscates the Amended Complaint's essence. The mere task the Defendants and counsel of reviewing almost 700 pages or allegations and records would be Herculean. But Rule 11 requires more, and counsel would then need to go through the Amended Complaint individually with the Defendants in order to respond to the truth or falsity of

each minute allegation. This task would be highly burdensome. It is also entirely unnecessary, if Plaintiff complies with Fed. R. Civ. P. 8.

Additionally, aside from the sheer volume of allegations and facts obscuring Plaintiff's actual claims, Plaintiff's Amended Complaint is also incomplete as filed. The Amended Complaint references 132 separate exhibits. However, Plaintiff failed to file nine Exhibits that were referenced in the Amended Complaint and has not provided these Exhibits to Defendants or their counsel, even after several . Those exhibits are Exhibits 26, 46, 59, 61, 66, 71, 77, 79 and 90. These are recordings on which Plaintiff relies. Because Plaintiff has not filed or served these Exhibits, Defendants cannot admit or deny the accuracy of Plaintiff's allegations in the Amended Complaint regarding those Exhibits. For this additional reason, Plaintiff's Amended Complaint should be stricken.

The undersigned is aware of the Sixth Circuit's admonition in *Kensu* that "if a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal." *Kensu*, 5 F.4th at 652. Thus, if this Court is not inclined to strike and/or dismiss Plaintiff's Amended Complaint outright, Defendants alternatively request that this Court order Plaintiff to amend the pleadings to bring them into compliance with Fed. R. Civ. P. 8(a)(2) and in a form to which Defendants can reasonably expected to respond, and to file and serve all exhibits referenced in Plaintiff's pleadings.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com
*Attorneys for Court Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2025, a true copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)