**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KIMBERLY COCROFT,           :
                                 :
          Plaintiff,          :      Case No. 2:24-cv-4208
                                 :
      vs.                    :      Judge Newman
                                 :
FRANKLIN COUNTY, OHIO, et. al.,   :      Magistrate Judge Gentry
                                 :
          Defendants.       :

**<u>DEFENDANTS FRANKLIN COUNTY, OHIO, JEANINE HUMMER
AND THERESA DEAN'S MEMORANDUM CONTRA PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

This is a case in which no amount of pleading can save Plaintiff's claims against Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean. Plaintiff's claims against the aforementioned Defendants fail as a matter of law. The revised allegations in the proposed Second Amended Complaint do nothing to alter that conclusion. Because it would be futile to permit Plaintiff to amend her complaint for a second time, the Court should deny Plaintiff's Motion for Leave. A Memorandum Contra follows below.

/s/ Andrew N. Yosowitz               
Andrew N. Yosowitz      (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor        (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012

## MEMORANDUM CONTRA

### A. FUTILITY OF PROPOSED SECOND AMENDED COMPLAINT AND INCORPORATION OF DEFENDANTS' MOTION TO DISMISS

Leave to amend a complaint is by no means automatic. A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Defendants incorporate[1] all of their prior arguments from their Motion to Dismiss Plaintiff's First Amended Complaint. (See Motion to Dismiss, Doc. 20 and Reply in Support, Doc. 30).

### B. PLAINTIFF FAILS TO STATE A COGNIZABLE TITLE VII CLAIM

Plaintiff's Title VII claim is futile. Judge Cocroft is an elected judge who serves on the Franklin County Court of Common Pleas. (Proposed Second Amended Complaint, Doc. 28-2, ¶ 2, PageID # 1438). Local elected officials are not employees under the plaint meaning of Title VII. Start with the plain language of the statute: "the term employee means an individual employed by

---

[1] There is nothing in the S.D. Ohio Civil Rules or this Court's standing orders that prohibits the incorporation of prior legal arguments. However, some district judges within the Sixth Circuit are not in favor of incorporation. See *Sutton v. Penny MAC Loan Servs., LLC*, 2025 U.S. Dist. LEXIS 14370, *18 (M.D. Tenn. Jan. 27, 2025) (judicial preference that counsel should not incorporate legal authority or factual argument from another document). Out of an abundance of caution, Defendants reiterate many of the arguments from their Motion to Dismiss in this Memorandum Contra.

an employer, except that the term employee shall not include any person elected to public office in any State or political subdivision of any State…" 42 U.S.C. § 2000e(f).

Plaintiff previously argued that the elected official exemption does not include "employees subject to the civil service laws of a State government, governmental agency or political subdivision." *Id*. But elected officials are not subject to the civil service laws of the State of Ohio. See Ohio Rev. Code § 124.11(A)(1) (excluding all officers elected by popular vote from the classified service and the requirements of Ohio Rev. Code Chapter 124). More importantly, Plaintiff does not cite any federal case in which an elected official was deemed to be protected by Title VII. On the contrary, district courts from around the nation routinely hold that elected officials are not protected by Title VII. *See e.g. Doward v. City of Kettle River*, Case No. 23-cv-1798, 2024 U.S. Dist. LEXIS 37424, *4 (D. Minn. Jan. 31, 2024) (citing cases); *Gay v. City of Coll. Park Ga.*, Case No. 1:23-cv-1899, 2023 U.S. Dist. LEXIS 197161, *10 (N.D. Ga. Nov. 1, 2023) (dismissing city councilman's Title VII claim);  *Nowlin v. Lake City,* No. 4:10-01857, 2012 U.S. Dist. LEXIS 32483, 2012 WL 831492, at *3-4 (D.S.C. Mar. 12, 2012) (municipal court judge exempt from Title VII protection). In *Wheale v. Polk Cnty*., Case No. 21-13676, 2022 U.S. App. LEXIS 27679, *8 (11th Cir. Oct. 4, 2022), the 11th Circuit dismissed a judge's Title VII claim at the pleadings stage.

Plaintiff's reliance on *City of Wayne v. Miller*, Case No. 364138, 2024 Mich. App. LEXIS 4382 (Mich. Ct. App. June 6, 2024) is misplaced. As an initial matter, there was no Title VII claim in *City of Wayne*. There, the Court was interpreting Michigan's Elliott-Larson Civil Rights Act ("ELCRA"), MCL 37.2101 *et. seq*. *Id*. at *1. Second, any discussion about Title VII was dicta. In fact, the Court made clear that Michigan's ELCRA is much different than Title VII: "Although we have been encouraged to take guidance from federal interpretations of Title VII, we do not believe

that we are required to read extensive language from Title VII into the ELCRA, language that the [Michigan] Legislature did not see fit to include." *Id*. at *13. Accordingly, *City of Wayne*, a Michigan court of appeals case is of no precedential or persuasive value here. Title VII does not provide elected officials with a cause of action. Plaintiff is an elected official. As a result, her Title VII claim fails.

**C.     ALL OF PLAINTIFF'S CLAIMS AGAINST FRANKLIN COUNTY, OHIO ARE FUTILE BECAUSE FRANKLIN COUNTY, OHIO IS NOT PLAINTIFF'S EMPLOYER**

For any claim against Franklin County, Ohio to be cognizable, Plaintiff must plead plausible facts alleging that Franklin County, Ohio is her employer. In other words, if Franklin County, Ohio has no employer/employee relationship with Plaintiff, then Franklin County cannot be liable for employment discrimination, creating a hostile work environment or having policies or procedures that are the moving force behind any alleged constitutional violation.

To begin with, Plaintiff does not even allege that she is an employee of Franklin County, Ohio. Plaintiff alleges that she is an employee of the Franklin County Court of Common Pleas-General Division ("FCCC-Gen"). (Proposed Second Amended Complaint, Doc. 28-2, ¶¶ 1, 2, 1150, PageID # 1438, 1588). If Plaintiff is an employee of FCCC-Gen, she cannot be an employee of Franklin County.

The Franklin County Court of Common Pleas is an arm of the state, not the county. Courts of common pleas were created by the Ohio Constitution and put into practice by the Ohio General Assembly. See Ohio Const. Art. IV, Sec. 4(A); Ohio Rev. Code Chapter 23, generally. Both state and federal courts hold that Ohio's courts of common pleas are part of the State of Ohio, not the individual counties. *See e.g. Molnar v. Klammer*, (11th Dist.) 2005-Ohio-6905, ¶¶ 101-03 (Ohio Ct. App. 2005; *C.S. v. J.C.*, 2017-Ohio-8794, 101 N.E.3d 84, ¶ 16 (Ohio Ct. App. 2017) (Juvenile

court as division of court of common pleas was arm of the state); *Local 860 Laborers' Int'l Union of N. Am. V. Neff*, Case No. 1:20-cv-2714, 2021 U.S. Dist. LEXIS 113232, *9-12 (N.D. Ohio June 17, 2021) ("Rather, this Court agrees with the reasoning of the authority cited above holding that the other aspects of the composition of Ohio common pleas courts support the conclusion that they are arms of the state—not the part of the county in which they sit); *Mumford v. Basinski,* 105 F.3d 264, 269 (6th Cir. 1997) (holding that the Ohio Domestic Relations Court, another court of common pleas, was an arm of the state).

As a matter of law, Franklin County does not have authority to create or enforce policies for the Franklin County Court of Common Pleas[2]. Franklin County, Ohio is a political subdivision that is governed by a board of commissioners. Under Ohio law, a board of county commissioners has only the authority provided by statute. *See Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905); *State ex rel. Shriver v. Board of Comm'rs*, 148 Ohio St. 277, 277, 74 N.E.2d 248 (1947). "Powers explicitly granted to the board are to be strictly construed." *Slough v. Telb*, 644 F. Supp. 2d 978, 999 (N.D. Ohio 2009) (citing *Comm'rs v. Andrews*, 18 Ohio St. 49 (1868); *Treadwell v. Comm'rs*, 11 Ohio St. 183 (1860)); *see also Geauga Cty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 583, 1993-Ohio-55, 621 N.E.2d 696 (1993) ("A county is presumed not to have authority to regulate in a particular area, unless a statute affirmatively authorizes the regulation."). And Ohio law does not, expressly or impliedly, grant to a county board of commissioners supervisory powers over the employment or activities of common pleas judges. The Franklin County Board of Commissioners cannot hire or fire Judge Cocroft. The Franklin County Board of

---

[2] In her Proposed Second Amended Complaint, Plaintiff relies on an Ethics policy to allege that she is an employee of Franklin County. But the ethics policy that Plaintiff refers to was adopted by the judges themselves, not Franklin County. (Second Amended Complaint, Doc. 28-2, ¶ 1145, PageID # 1587).

Commissioners cannot set policies or procedures for the judges. The Franklin County Board of Commissioners has no authority to take away any privileges from any judge, including Judge Cocroft[3]. See Ohio Rev. Code Chapters 305 and 307, generally. Under the Ohio Constitution, the Ohio Supreme Court has "general superintendence over all courts in the state" and "shall prescribe rules governing practice and procedure in all courts of the state." OHIO CONST. art. IV, § 5. Since Franklin County has no employment relationship with Plaintiff, Plaintiff fails to state any plausible claims against Franklin County.

**D.**     **PLAINTIFF'S 42 U.S.C. § 1981 CLAIMS ARE FUTILE BECAUSE THERE IS NO CONTRACT OR CONTRACTUAL RIGHTS AT ISSUE BETWEEN DEFENDANTS AND PLAINTIFF**

Plaintiff cannot state a claim under § 1981 against any of the Defendants. "The Sixth Circuit holds that § 1981 does not provide a private cause of action against governmental entities or state actors in their official or individual capacities." *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 721 (N.D. Ohio 2014), citing *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir.2008). Rather, "'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'" *Arendale*, 519 F.3d at 599 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). "Relying on this authority, district courts within this Circuit have consistently dismissed § 1981 claims brought against state and local governmental entities." *Shoemake*, 61 F. Supp. 3d at 721 citing e.g. *Wallace v. The MetroHealth Sys.*, 2013 U.S. Dist. LEXIS 151555, 2013 WL 5739705 at *9-10 (N.D.Ohio Oct. 22, 2013); *Chung v. Berkman*, 2013 U.S. Dist. LEXIS 120919, 2013 WL 4523513 at *5 (N.D. Ohio Aug. 26,

---

[3] Even budgetary control and contributions to a judge's benefits are not sufficient to create an employer-employee relationship. *Wheale v. Polk Cnty.*, 2022 U.S. App. LEXIS 27679, *10 (11th Cir. October 4, 2022).

2013); *Garceau v. City of Flint*, 2013 U.S. Dist. LEXIS 159479, 2013 WL 5954493 at \*4-5 (E.D.Mich. Nov. 7, 2013); *Jones v. City of Franklin*, 2010 U.S. Dist. LEXIS 60344, 2010 WL 2507771 at \*12 (M.D.Tenn. June 18, 2010) see also *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008) ("§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities.").

Plaintiff's § 1981 claim also fails because there is no contract at issue between Defendants and Plaintiff. A Plaintiff must establish the existence of a valid contract between herself and Defendants to prevail on § 1981 claims. *Parks v. Lyash*, Case No. 2023 U.S. App. LEXIS 8777 (6th Cir. Apr. 12, 2023) citing *Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 487 (6th Cir. 2013) (explaining that a plaintiff must show the existence of a contract between herself and the defendant in order to proceed with a § 1981 claim). To prove a contract under Ohio law, Plaintiff must plead facts alleging an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent and legality of object and consideration. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16 (Ohio 2002). The alleged contract must also reflect the "essential terms," with requisite definiteness and certainty. *Reedy v. Cincinnati Bengals, Inc.*, 143 Ohio App.3d 516, 521, 758 N.E.2d 678 (Ohio Ct. App. 2001). Plaintiff does not plead any facts that would establish a contractual relationship between herself and any of the Defendants. Instead, Plaintiff alleges a *statutory* relationship. Ohio Rev. Code § 309.09 provides that the prosecuting attorney shall be the legal advisor for all county officers and boards. But a statutory relationship is not a contractual relationship.[4] There is no mutuality of obligation between the parties. Without a contract or contractual relationship, Plaintiff fails to state a valid § 1981 claim.

---

[4] The only case on point that the undersigned could locate is *Ward v. Superior Court*, 70 Cal. App.3d 23 (Calif. Ct. App. 1977). In that case, the Court held that "the basis of the attorney-client

**E.**     **PLAINTIFF'S PROPOSED § 1983 CLAIM IS FUTILE AGAINST DEFENDANTS FRANKLIN COUNTY, JEANINE HUMMER AND THERESA DEAN**

As argued above, Franklin County has no policymaking authority with respect to the Franklin County Court of Common Pleas. Even if Franklin County did have policymaking authority for the Court, Plaintiff's *Monell* claim still lacks merit. To prevail on a *Monell* claim, plaintiff must demonstrate "a direct causal link between the policy and the alleged constitutional violation," which would suggest that Franklin County's deliberate conduct was the "moving force" behind the violation. *Graham ex rel. Estate of Graham v. City of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). That, Plaintiff cannot do. Plaintiff alleges that Franklin County passed an anti-racism resolution. (Proposed Second Amended Complaint, Doc. 28-2, ¶ 841, PageID # 1544). A policy promoting antiracism cannot be the "moving force" in a claim of discrimination. Even if (1) the resolution applied to the court of common pleas and (2) the resolution was violated, a violation of an otherwise sound county policy is not a basis for *Monell* liability. *Graham ex rel. Estate of Graham*, 358 F.3d at 384-85.

Defendants Jeanine Hummer and Theresa Dean are entitled to qualified immunity. We employ a two-part test to determine whether a government official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). We consider (1) whether the alleged facts, viewed in the light most favorable to the plaintiff, show that the official's conduct violated a constitutional right, and (2) whether that constitutional right was "clearly established." *Id.; see also Pearson v. Callahan*, 555 U.S. 223, 232-36, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (holding that the two qualified immunity prongs may be considered in either

---

relationship in the case of public attorneys is not contractual, as is the case in the normal attorney-client relationship, but rather is statutory or mandated by a county or city charter." *Id*. at 29.

order). A right is clearly established when a reasonable officer would know—in the given situation and with the information known to him at the time—that his conduct violated that right. *Saucier*, 533 U.S. at 202. If reasonable officials could disagree as to whether the conduct at issue was lawful, then qualified immunity applies.8 *Waters v. City of Morristown*, 242 F.3d 353, 360-61 (6th Cir. 2001).

Plaintiff alleges that Ms. Hummer and Ms. Dean did not represent her in what Plaintiff characterizes as a "bad faith complaint" brought by a staff member of the court of common pleas against Plaintiff. (Proposed Amended Complaint, Doc. 28-2, ¶ 370, PageID # 1482-83). The alleged "bad faith complaint" ended up involving all of the judges on the Franklin County Court of Common Pleas. (See e.g. *Id*. at ¶ 362, PageID # 1481-82 (referencing letter sent by Judge Fry to the other judges discussing the allegations against Judge Cocroft), ¶ 390, PageID # 1485 (alleging the various judges failed to require Goodman to formally withdraw her "bad faith complaint".). The point is this: Ms. Hummer and Ms. Dean were in a tricky position. It would be difficult for them to advise all of the judges when there were conflicting positions. Even if Ms. Hummer or Ms. Dean should have done more to advise Judge Cocroft regarding the "bad faith complaint" (which is denied), the failure to do so is not discriminatory or hostile. Further, there is no clearly established law holding public attorneys responsible for discrimination or a hostile work environment under similar circumstances.

Similarly, Plaintiff alleges that Ms. Hummer and Ms. Dean did not represent her when she filed a complaint of discrimination against the judges of the court. By statute, the prosecuting attorney is required to be the legal advisor to all of the county's elected officials. *State ex rel. O'Diam v. Green Cty. Bd. of Commsr's*, 2020-Ohio-3503, ¶ 31 (Ohio 2020); Ohio Rev. Code 309.09. However, the prosecuting attorney is not personal counsel for an elected official who wants

to sue other elected officials. Plaintiff concedes that Ms. Hummer had been advised by her office that "there may be a conflict with her [Hummer and Dean's] office taking any action regarding Judge Cocroft's claims." (*Id*. at ¶ 781, PageID # 1536). Further, Hummer stated that "she cared about fairness and fairness in the treatment of a judge and a woman of color who serves in an authoritative role." (*Id*. at ¶ 782, PageID # 1536). Hummer and Dean tried to mediate the issues— hardly evidence of discrimination and hostile work environment. (*Id*. at ¶¶ 785-810, PageID # 1537-40). Hummer and Dean were advised that they had a legal conflict with representing Plaintiff regarding her discrimination complaint. After all, Hummer and Dean "[were] dealing with a client made up of 17 independently elected officials." (*Id*. at ¶ 805, PageID # 1539). There is no clearly established law holding that a public attorney is liable for discrimination when he/she declines to represent an elected official because he/she is told of or perceives a legal conflict. Even if Hummer and Dean were wrong about the legal conflict, how is that discrimination? Answer: it's not. Discrimination is treating an individual differently because of his or her race, gender, ethnicity etc. Discrimination does not occur when an attorney believes he/she has a conflict of interest even if that determination errs on the side of caution.

Lastly, Plaintiff alleges that Ms. Hummer and Ms. Dean acted discriminatorily when they allegedly failed to inform Plaintiff about a public records request. (*Id*. at ¶ 386, PageID # 1484). Even if there were a practice to notify a judge about a public records request, there is no clearly established law cited by Plaintiff holding that the failure to do so is somehow discriminatory.

The Supreme Court has reminded the lower courts that an officials actions are against "clearly established" law for purposes of qualified immunity only when "'existing precedent . . . place[s] the statutory or constitutional question beyond debate.'" *White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193

10

L. Ed. 2d 255 (2015)). The Court went on to emphasize that courts should not define "clearly established" law "'at a high level of generality.'" *Id.* at 552 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). Instead, they should look only to precedents "particularized to the facts of the case"—although, the standard does not require "a case directly on point." *Id.* at 551-52 (quoting *Mullenix*, 136 S. Ct. at 308; *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)) (internal quotation marks omitted)). The Supreme Court tells us that this narrow definition of "clearly established" functions to protect "all but the plainly incompetent or those who knowingly violate the law." *Mullenix*, 136 S. Ct. at 308 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)). The undersigned is not aware of any case law from the Supreme Court or Sixth Circuit holding a prosecutor or other public legal advisor liable under § 1983 under similar circumstances. As a result, Ms. Hummer and Ms. Dean are entitled to qualified immunity.

## F.   PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE RACKETEERING CLAIM AGAINST FRANKLIN COUNTY, MS. HUMMER OR MS. DEAN

At a basic level, racketeering requires the commission of predicate acts aka crimes. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). Plaintiff is limited to the predicate offenses she listed in the Proposed Second Amended Complaint. Those offenses are:

> Ohio Rev. Code § 2921.12 –Tampering with Evidence: Requires that a person, knowing that an official proceeding or investigation is in progress, alters, destroys, conceals or removes a record, document or thing, with purpose to impair its value or availability as evidence.
>
> Ohio Rev. Code § 2913.42 – Tampering with Records: No person, knowing the person has no privilege to do so, and with purpose to defraud shall falsify, destroy, remove, conceal, alter any writing, computer software or record.
>
> Ohio Rev. Code § 149.351 – Not a criminal statute. Provides for a civil cause of action for a person aggrieved by the removal or destruction of public records.

11

18 U.S.C § 1001 – Statements or entries generally: Whoever, in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme or device a material fact or (2) makes any materially false, fictitious, or fraudulent statement or representation;

18 U.S.C. § 1018 – Official certificates or writings: Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false.

18 U.S.C. § 1030 – Fraud and related activity in connection with computers. This statute generally prohibits accessing a computer without authorization and obtaining national defense information or information from a financial institution or information from any department or agency of the United States.

Going from the bottom up, Plaintiff fails to allege that any Defendant knowingly accessed a computer to obtain national defense information, information of a financial record or information from any department or agency of the United States as required by 18 U.S.C. § 1030. So, 18 U.S.C § 1030 cannot be a predicate offense. Similarly, 18 U.S.C. §§ 1001 and 1018 only apply to (1) matters within the Government of the United States and (2) public officers authorized by law to make or give a certificate or other writing, respectively. There are no cases applying either statute to local judges or local prosecutors. Defendants in this case are not "public officers" authorized by law to make or give a certificate. None of these federal statutes can plausibly or conceivably be predicate offenses for a RICO violation.

Ohio Rev. Code § 149.351 is not even a criminal statute, so it cannot be the basis for a RICO predicate offense. That leaves Tampering with Records and Tampering with Evidence. Ohio Rev. Code § 2913.42 prohibits any person, with purpose to defraud from falsifying, destroying, or removing any writing, computer software, data or record. Plaintiff does not allege any facts supporting this predicate offense. The only references to "fraud" in the Proposed Second Amended Complaint are the conclusory allegations in Count IV. (Proposed Second Amended Complaint, Doc. 28-2, ¶¶ 1174-1177, PageID # 1593). Similarly, the only references to destruction are

12

contained in conclusory allegations in Counts 4 and 7. (*Id.* at ¶ 1176, PageID #1593). The Court is not required to accept conclusory statements as true. *Aschcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Tampering with evidence occurs if a person knowingly makes a false statement in any official proceeding or with purpose to mislead a public official in performing the public official's function. Ohio Rev. Code § 2921.13. An "official proceeding" is a proceeding before a legislative, judicial, administrative or other governmental agency or official authorized to take evidence under oath." Ohio Rev. Code. § 2921.01(D). Plaintiff does not allege that any official proceedings occurred in this case, let alone, false statements in an official proceeding. Plaintiff does not allege that any defendant mislead her during her performance as a jurist. The only false statements alleged by Plaintiff concern Ms. Goodman's alleged "bad faith complaint," but there are no allegations that Ms. Hummer, Ms. Dean or Franklin County had anything to do with those allegations. Without plausible predicate offenses, Plaintiff's RICO claims fail.

Plaintiff fails to plead an injury to her business or property. A plaintiff raising a RICO claim "can only recover to the extent that, she has been injured in his business or property by the conduct constituting the violation [of RICO]." *Sedima*, 473 U.S. at 495; 18 U.S.C. § 1964. To state an injury under RICO, plaintiff must allege a "concrete financial loss and not merely injury to a valuable intangible property interest." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000). Plaintiff's allegations of emotional distress and reputational loss fail to state a concrete financial loss. *See Echeverria v. BAC Home Loans Servicing, LP*, No. 6:10-cv-1933-Orl-28DAB, 2012 U.S. Dist. LEXIS 44487, 2012 WL 1081176 (M.D. Fla. Mar. 30, 2012) To the extent Plaintiff alleges future pecuniary losses, this injury is speculative and fails to allege an injury under RICO. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir. 1990) (listing cases where

13

allegations of pecuniary losses were insufficient to state a RICO claim). Because no concrete financial loss is alleged, Plaintiff's RICO claim fails for this reason as well.

The final requirement to stating a RICO claim is proximate causation. Courts have interpreted the "by reason of" language in § 1964(c) to require plaintiffs to show a causal link between the violation and their injuries. *See Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ("It is well-settled that proximate cause is an essential ingredient of any civil RICO claim. The language of the statute limits the scope of liability to those injuries suffered "by reason of" an alleged violation of one of the criminal provisions." (quoting 18 U.S.C. § 1964(c)). Since, Plaintiff's allegations of criminal predicate acts are conclusory, there are no plausible allegations showing a causal link between the alleged violations and Plaintiff's non-financial injuries. Again, Plaintiff does not come close to pleading a plausible RICO claim.

**G.** **PLAINTIFF'S STATE LAW DISCRIMINATION AND RETALIATION CLAIMS SHOULD BE DISMISSED AGAINST THE FRANKLIN COUNTY DEFENDANTS.**

If this Court finds that Plaintiff has failed to state any plausible federal claims, the state law claims should be dismissed. Comity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *accord Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").

Plaintiff argues that Franklin County is a "person" subject to suit under § 1983. Defendants never argued otherwise. However, Franklin County's ability to be sued under § 1983 does not

14

transform Franklin County or the Franklin County Board of Commissioners into Plaintiff's employer under Ohio Rev. Code § 4112.02(A). Plaintiff argues that Franklin County pays a portion of her salary, but there is no citation in her Proposed Second Amended Complaint for that allegation. Further, even if Franklin County did pay a portion of her salary, that does not make Franklin County Plaintiff's employer. Franklin County has no authority under Ohio law to hire Plaintiff, fire Plaintiff or set policies for Plaintiff's office. Ohio Rev. Code Chapters 305 and 307, generally. Franklin County can be an "employer" under Ohio Rev. Code Chapter 4112, but Franklin County is not Plaintiff's employer and, therefore, Plaintiff cannot bring a state law discrimination claim against it. Accord Ohio Rev. Code 4112.01(A)(2)-(3).

Under R.C. 4112.02(J), it is an unlawful discriminatory practice "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice * * *." aiding and abetting is an intentional act. *See, e.g., Horstman v. Farris*, 132 Ohio App.3d 514, 527, 725 N.E.2d 698 (Ohio Ct. App. 1999) ("[O]ne is not an aider and abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing which the law forbids[.]"); *Gibbs v. Meridian Roofing Corp.*, S.D.Ohio No. 1:17-CV-245, 2017 U.S. Dist. LEXIS 207413, 2017 WL 6451181, *6 (Dec. 18, 2017). To aid and abet under R.C. 4112.02(J), a person must "actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02." *Martcheva v. Dayton Bd. of Educ.*, 2021-Ohio-3524, 179 N.E.3d 687, at ¶ 74 (Ohio Ct. App. 2021), citing *Johnson-Newberry v. Cuyahoga Cty.*, 2019-Ohio-3655, 144 N.E.3d 1058, ¶ 21 (Ohio Ct. App. 2019).

Plaintiff's allegations fall short of pleading a cognizable claim that Ms. Hummer or Ms. Dean actively participated in or otherwise facilitated discriminatory acts. Plaintiff alleges that Ms.

Hummer and Ms. Dean should have provided her with better legal advice and representation: "failing to provide instruction and/or representation….refusing to confirm whether you, as Court counsel, can continue to represent the Court against claims for a matter in which you provided advice….declining to ensure that all responsive documents for a public record request…have been gathered…failing to provide Plaintiff, a statutorily recognized client, with notice of a public record request…" (Resp. in Opp., Doc. 25, PageID # 1221). A disagreement regarding the provision of legal advice is not discrimination. *See e.g. McGugan v. Aldana-Bernier*, 752 F.3d 224, 232 (2nd Cir. 2014) (denying ADA and Rehabilitation act discrimination claim against physician because, even if the doctor's medical analysis is flawed, such a decision is not discrimination). Even if Ms. Dean and Ms. Hummer's legal decisions were flawed (which they were not), that is not discrimination under Ohio Rev. Code 4112.02(J).

## H.    <u>PLAINTIFF'S DESTRUCTION OF PUBLIC RECORDS CLAIM IS FUTILE</u>

As an initial matter, this Court does not have jurisdiction over Judge Cocroft's public records claim. Claims brought pursuant to R.C. 149.351(B) must be brought in the court of common pleas within the County where the alleged violation occurred. See Ohio Rev. Code § 149.351(B); *Patriot Water Treatment, LLC v. Ohio Dep't of Natural Res*., 2013-Ohio-5398, ¶¶ 33-34 (Ohio Ct. App. 2013).

In order to recover damages under the civil forfeiture statute, R.C. § 149.351, the following must be met: (1) the requesting party must request public records; (2) the public office must be obligated to honor the request; (3) the office must have disposed of the records in violation of R.C. 149.351(A); and (4) the requesting party must be aggrieved by the improper disposition. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, at ¶ 16 (Ohio 2011). The public records request must be a valid public records request: "Appellant's forfeiture claim is

contingent on an enforceable records request." *State ex rel. Todd v. City of Canfield*, 2014-Ohio-569, 2014 Ohio App. LEXIS 551, ¶ 22 (Ohio Ct. App. 2014).

To begin with, Judge Cocroft makes no allegations (1) that she requested public records from Defendants Hummer or Dean or (2) that Defendants Hummer or Dean disposed of any records in violation of Ohio Rev. Code 149.351(A). Those failures alone doom any public records claim against Defendants Hummer and Dean.

Next, at a more general level, the Proposed Second Amended Complaint fails to allege sufficient facts to state a plausible claim of improper records destruction. Judge Cocroft does allege that she requested public records. In ¶¶ 906 and 989, she alleges she sent requests for documents to Defendant Cameo Davis. (Proposed Second Amended Complaint, ¶¶ 906, 989, PageID # 1554, 1565). On April 23, 2024, K. Brown sent an email to Judge Cocroft regarding her requests and stated, "Your requests have become very time consuming and are interfering with the other duties for which administration is responsible. The subject matters of your requests are also concerning given your threatened litigation against the Court. At this time, I have advised administration to hold on any further action on your requests, until I have reviewed the Court's obligations, if any, to respond. I will advise you accordingly." (*Id*. at ¶ 907, PageID # 1554-55).

On April 25, 2024, Hummer contacted Judge Cocroft to inform her that her requests for documentation were being processed. (*Id*. at ¶ 914, PageID # 1556). On June 11, 2024, Davis provided updates regarding the records that Judge Cocroft requested in March and April 2024. (*Id*. at ¶ 962, PageID # 1562). On September 10, 2024, Judge Cocroft sent an email to Davis inquiring about the status of her record requests. (*Id*. at ¶ 994, PageID # 1565). Davis stated that the requests were submitted to Hummer and Dean for legal review in August 2024. (*Id*. at ¶ 995, PageID # 1566). On October 16, 2024, Judge Cocroft sent an email to Davis regarding the status of her July

17

24, 2024 record requests. (*Id.* at ¶ 996, PageID # 1566). On November 4, 2024 Judge Cocroft received a response to one of the public record requests related to any communications sent or received by FCCP-Gen Judges, Goodman, Bedsole, Davis, or Worthington with a local news? reporter using the Court's Microsoft Outlook or Teams technology. (*Id.* at ¶ 997, PageID # 1566).

Judge Cocroft never alleges that her public records requests were unfulfilled or that the records were destroyed. The only allegations of destruction of public records come from Count Seven itself in which Judge Cocroft alleges that "instant messages, calendar notations and other official documents" were destroyed. (*Id.* at ¶ 1192, PageID # 1595). Yet, a search for the terms "instant messages," "calendar notations" and "official documents" reveal no factual allegations regarding any alleged destruction *e.g.*, how were these documents destroyed, when were they destroyed and who destroyed them? The bottom line is this: beyond a conclusory reference in Count Seven, there are no factual allegations supporting a plausible claim for records destruction against Defendants Hummer, Dean, or anyone else.

Lastly, Judge Cocroft is unable to demonstrate she was aggrieved by any alleged destruction of public records. Pursuant to R.C. 149.351(C)(1), a person is not aggrieved by the destruction of public records if clear and convincing evidence shows that the request for a record was contrived as a pretext to create potential liability under this section. Judge Cocroft alleges that she is "aggrieved" but fails to allege how or why. (*Id.* at ¶ 1193, PageID # 1595). "Aggrieved" is commonly defined as "having legal rights that are adversely affected; having been harmed by an infringement of legal rights." Black's Law Dictionary (9th Ed. 2009). What records were specifically destroyed and how did that alleged destruction adversely affect Judge Cocroft's legal rights? The Amended Complaint does not say. Recall that "formulaic recitations" of the elements of a cause of action do not suffice in federal court. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555,

127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A formulaic recitation of elements is all that Judge Cocroft has pled in Count Seven. Because this Court has no jurisdiction over Count Seven and because Judge Cocroft has failed to plead a cognizable public records destruction claim, Count Seven should be dismissed.

For the foregoing reasons, Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean are entitled to dismissal of Plaintiff's claims and Plaintiff should not be granted leave to file a futile second amended complaint.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz        (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor        (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Teetor Westfall, LLC