UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JUDGE KIMBERLY COCROFT,

    Plaintiff,

vs.

FRANKLIN COUNTY OHIO, *et al.*,

    Defendants.

Case No. 2:24-cv-4208

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING *PRO SE* PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 12); (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Doc. No. 28); (3) REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT BY JULY 16, 2025; (4) PLACING PLAINTIFF ON NOTICE THAT IF HER SECOND AMENDED COMPLAINT VIOLATES RULE 8, HER CLAIMS MAY BE DISMISSED WITH PREJUDICE; AND (5) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 20, 29)**

---

Plaintiff Kimberly Cocroft is a Judge in the Court of Common Pleas for Franklin County, Ohio.[1] Doc. No. 12 at PageID 718. She brings this case *pro se* claiming, in part, race discrimination, retaliation, hostile conduct, and racketeering in violation of her rights under multiple federal statutes including 42 U.S.C. §§ 2000e-2, *et seq.*; 42 U.S.C. §§ 1981 and 1983; and 18 U.S.C. §§ 1961-1968. *Id.* at PageID 856-61. She also raises claims under state law. *Id.* at PageID 856-61. Defendants in this case fall into two broad categories: "the Franklin County Defendants"[2] and "the Court Defendants."[3]

---

[1] Plaintiff's status as a state trial judge has no bearing on the Court's analysis here.

[2] The Franklin County Defendants are Franklin County, Ohio, and Assistant Prosecuting Attorneys Jeanine Hummer and Theresa Dean.

[3] The Court Defendants are past or present Franklin County Court of Common Pleas Judges Richard A. Frye, Colleen O'Donnell, Kimberly J. Brown, Stephen L. McIntosh, Michael J. Holbrook, Julie M. Lynch, Mark Serrott, Jeffrey M. Brown, Christopher M. Brown, David Young, Karen Held Phipps, Daniel R.

The case is before the Court on (1) the Franklin County Defendants' motion to dismiss for failure to state a claim (Doc. No. 20), Plaintiff's *pro se* memorandum in opposition (Doc. No. 25), and the Franklin County Defendants' reply (Doc. No. 30); and (2) the Court Defendants' motion to dismiss for failure to state a claim (Doc. No. 29), Plaintiff's *pro se* memorandum in opposition (Doc. No. 33), and the Court Defendants' reply (Doc. No. 34).

In addition, Plaintiff's first amended complaint is her currently operative pleading (Doc. No. 12), and she now moves for leave to file a second amended complaint (Doc. No. 28). The Franklin County Defendants oppose this request (Doc. No. 32). The parties' multiple motions are now ripe for review.

**I.**

"A pleading that states a claim for relief must contain, among other things, a short and plain statement of the claim showing that the pleader is entitled to relief." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (citation modified) (quoting Fed. R. Civ. P. 8(a), (a)(2)). "Each allegation must be simple, concise, and direct." *Id*. (quoting Fed. R. Civ. P. 8(d)(1).

"What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. What Rule 8 proscribes is *obfuscation* of the plaintiff's claims." *Id*. at 651 (emphasis in original). "The key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id*. (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (citation modified)).

---

Hawkins (presently, Ohio Supreme Court Justice Hawkins), Carl A. Aveni, and Sheryl K. Munson; and Court Administrators Jennifer Goodman, Susan E. Bedsole, Cameo Davis, and Stacy Worthington.

Plaintiff's first amended complaint[4] fails to comply with Rule 8 because it lacks a short and plain statement showing she is entitled to relief. *See id*. The first indication of this appears in its excessive length. It is 151 pages long with 1,127 paragraphs. Doc. No. 12. This is longer than her initial complaint, which is 145 pages long with 1,089 paragraphs. Doc. Nos. 1; 1-1; 1-2; 1-3. Plaintiff's proposed second amended complaint is even longer—163 pages with 1,194 paragraphs. Doc. No. 28-2. It is questionable whether complaints extending to such prodigious lengths could ever be fairly described as "short," as Rule 8(a)(2) requires. *See id*. This is particularly true when, in the totality of circumstances, Plaintiff does not seek to raise complicated claims. *Cf. Swierkiewicz*, 534 U.S. at 508, 515 (A complaint asserting a claim of race or sex discrimination under 42 U.S.C. § 2000e-2, *et seq*. does not need to plead specific facts showing a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); such a complaint needs only a "short and plain statement" showing the plaintiff is entitled to relief).

Although the excessive length of Plaintiff's first amended complaint is not a sufficient factor by itself to support its dismissal for violating Rule 8, *see Kensu*, 5 F.4th at 651, her first amended complaint is verbose, redundant, and lacks a meaningful connection between the events she alleges—in over one thousand paragraphs—and the legal claims she seeks to raise. This generates confusion over Plaintiff's claims rather than providing Defendants with fair notice of her claims and the grounds upon which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Rule 8(a)(2) requires only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation modified));

---

[4] The factual allegations in Plaintiff's *pro se* complaints are accepted as true and all of her documents are liberally construed in her favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). With that in mind, the pleading issues addressed in this Order concern the clarity of Plaintiff's allegations and claims rather than the plausibility of her claims. *See Kensu*, 5 F.4th at 650 (distinguishing between clarity under Rule 8 and plausibility under Rule 12(b)(6)).

*see Kensu*, 5 F.4th at 651. Her first amended complaint is also confusing and/or unclear because it cannot be readily discerned which claim or claims she raises against which of the twenty-one named Defendants. *See Kensu*, 5 F.4th at 651 (Neither the Court nor defendants "should have to fish a gold coin from a bucket of mud to identify the allegations really at issue").

## II.

The appropriate remedy for the violation of Rule 8 is to grant Plaintiff leave to file a second amended complaint and dismiss her first amended complaint. *See Kensu*, 5 F.4th at 652-53. Accordingly, her first amended complaint is **DISMISSED**.

The Court recognizes that Plaintiff has already filed a proposed second amended complaint together with her pending motion for leave to amend. Doc. No. 28. Yet, Plaintiff's proposed second amended complaint suffers from the same Rule 8 ills that her original and first amended complaints suffer: It lacks a short and plain statement showing she is entitled to relief. *See* Doc. No. 28-2. Consequently, Plaintiff will need to substantially edit her proposed second amended complaint to bring it in compliance with Rule 8 and avoid dismissal. *See Kensu*, 5 F.4th at 652-53 ("[I]f a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal…, [b]ut a district court need not have infinite patience. Persistent or vexatious refusal to follow the rules may warrant dismissal with prejudice"). To that end, Plaintiff is placed on **NOTICE** that if the second amended complaint she files in response to this Order violates Rule 8, her claims may be dismissed with prejudice. *Id*. at 653 ("Although harsh, the sanction of dismissal with prejudice was within the district court's discretion").

In light of the above conclusions, Defendants' motions to dismiss are moot.

## III.

Plaintiff is thus **ORDERED TO FILE** a second amended complaint by **July 16, 2025**,

4

which fully complies with Fed. R. Civ. P. 8 and this Order. Plaintiff's motion for leave to file an amended complaint is **GRANTED**, and Defendants' motions to dismiss are **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

  July 2, 2025                                                 s/*Michael J. Newman*
                                                                          Hon. Michael J. Newman
                                                                          United States District Judge