IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY COCROFT,** | : | CASE NO: 2:24-CV-4208 |
| Plaintiff *pro se*, | : | |
| | | JUDGE MICHAEL J. NEWMAN |
| v. | : | |
| | | MAGISTRATE JUDGE |
| | : | CAROLINE H. GENTRY |
| **FRANKLIN COUNTY OHIO** *et al.*, | | |
| | : | |
| Defendants. | | **SECOND AMENDED** |
| | : | **COMPLAINT** |

**TRIAL BY JURY DEMANDED**

**Preliminary Statement**

Plaintiff, Judge Kimberly Cocroft ("Plaintiff" or "Judge Cocroft"), *pro se* brings this action against Defendant Franklin County for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-1 *et seq*., as amended (hereinafter referred to as "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. 1981a, as amended; the Civil Rights Act of 1871; the Civil Rights Act of 1866, 42 U.S.C. 1981, 42 U.S.C. 1983 and the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112.01 *et seq*. to vindicate federal and state protected rights against unlawful employment practices on the basis of race and gender, and retaliation and against individual Defendants Richard A. Frye, Colleen O' Donnell, Kimberly J. Brown, Stephen L. McIntosh, Michael J. Holbrook, Julie M. Lynch, Mark Serrott, Jeffrey M. Brown, Christopher M. Brown, David Young, Karen Held Phipps, Daniel R. Hawkins, Carl A. Aveni, Sheryl K. Munson, Jennifer Goodman, Susan E. Bedsole, Cameo Davis, Stacy Worthington, Jeanine Hummer, and Theresa Dean, in their personal capacities for their violations of equal protection, procedural and substantive due process guarantees of the Fourteenth Amendment and in their official capacities for prospective injunctive

1

Case: 2:24-cv-04208-MJN-CHG Doc #: 36 Filed: 07/08/25 Page: 2 of 16  PAGEID #: 1819

relief. The allegations and claims involve timely offenses and also continuing violations that began in July 2021 and continue through the filing of this pleading, which serve to toll the applicable statutes of limitations. Pursuant to the Court's July 2, 2025 Order (Doc. No. 35, PageID #1813), Plaintiff *pro se* submits the within Second Amended Complaint.

### Introduction

1. At all relevant times, Plaintiff Judge Kimberly Cocroft was employed as a judge for the Franklin County Court of Common Pleas, General Division ("FCCP-Gen"). A portion of Judge Cocroft's employee compensation is paid by Defendant Franklin County.

2. Judge Cocroft has served as a judge for the Franklin County Court of Common Pleas, General Division ("FCCP-Gen"), since April 6, 2009, and has been overwhelmingly re-elected to that position by the voters of Franklin County in elections held in 2010, 2016, and 2022.

3. Defendants Frye, O'Donnell, K. Brown, McIntosh, Holbrook Lynch, Serrott, J. Brown, C. Brown, Young, Held Phipps, Hawkins, Aveni, and Munson are individuals who acted as agents for FCCP-Gen through their election as a judge and condoned, ignored, ratified, and/or engaged in discriminatory, retaliatory, and hostile conduct and a pattern of corrupt activity in their capacity as managers of FCCP-Gen protocols, policies, and procedures, including procedures to address bad faith complaints filed by employees.

4. Defendant Goodman was promoted to the position of Court Administrator for FCCP-Gen in or around 2015.

5. Defendant Bedsole was hired as Deputy Court Administrator for FCCP-Gen and served in that capacity from in or around 2016 until she resigned on October 4, 2024. On January 28, 2025 FCCP-Gen Judge Defendants voted to rehire Bedsole as Deputy Court Administrator at a salary that is $12,000 higher than what was advertised when the position was posted publicly.

6. Defendant Davis is the Director of Human Resources for FCCP-Gen.

2

7. Defendant Worthington is the Director of Court Support Services for FCCP-Gen.

8. Defendant Hummer is First Assistant Prosecuting Attorney, Civil Division, in the Office of Franklin County Prosecuting Attorney Shayla Favor.

9. Defendant Dean is Director, Labor and Employment Unit, in the Office of Franklin County Prosecuting Attorney Shayla Favor.

10. At all relevant times, Hummer and Dean served as counsel for FCCP-Gen Judges in their official capacity, which includes Plaintiff.

## Jurisdiction and Venue

11. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., providing for relief from discrimination in employment on the basis of race and gender. The Ohio Revised Code §4112.02 *et seq*., prohibits discrimination in employment on the basis of race and sex.

12. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

13. Venue is proper in the Southern District of Ohio under 28 U.S.C. §1391(b) because Judge Cocroft is a resident within the Southern District of Ohio, Defendant Franklin County is located within the Southern District of Ohio and the claims arose within the Southern District of Ohio.

## Administrative Process

14. Judge Cocroft filed an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about May 23, 2024, which charge was docketed as 532-2024-03163.

15. Judge Cocroft requested a "Right to Sue" letter on September 17, 2024 and the EEOC issued a "Right to Sue" notice, through the United States Department of Justice, to Judge Cocroft on or about October 2, 2024.

## Factual Background

### A.  Election as Administrative Judge

16.     In 2019, FCCP-Gen Judges adopted a policy titled, "Code of Ethics and Conduct". (Exhibit 1)

17.     The purpose of the Code of Ethics and Conduct is, "To establish expectations of acceptable workplace behavior and performance for all employees."

18.     In Section III(A)(1)-(2), the Code of Ethics and Conduct provides, "Employees shall perform their duties in an ethical manner. Employees must, at all times, abide by Ohio's ethics laws located within Ohio Revised Code chapters 102 and 2921, <u>as well as the Code of Judicial Conduct</u>." (Emphasis added.)

19.     In July 2021, Judge Cocroft was elected to serve as Administrative Judge of FCCP-Gen, beginning January 1, 2022. She was the first woman and first Black woman to serve in that role in the history of FCCP-Gen.

20.     Her role as Administrative Judge included being responsible for and exercising control over the administration of the court, managing personnel policies, and supervising the Court Administrator (Defendant Goodman).

### B.  Discriminatory Treatment as Administrative Judge

21.     Shortly after Judge Cocroft's election as Administrative Judge, she was subjected to discriminatory treatment based on race and gender, including but not limited to:

- a) Lack of comprehensive training and guidance on administrative responsibilities
- b) Failing to notify justice partners of her election and to update internal documents
- c) Being given a list of Black women she was told to "be more like"
- d) Receiving less favorable treatment than White and/or male Administrative Judges

- e) Deprivation of resources, training, and administrative support
- f) Unequal application of leave policies, especially toward her Black personal staff
- g) Undermining of her decisions and initiatives by FCCP-Gen Judge, Administrator and Director Defendants, as well as other FCCP-Gen employees
- h) A bad faith complaint filed by Defendant Goodman in or around October 2022 resulting in:
  - Threat of an unfounded investigation
  - An offer of blackmail developed by Defendants Frye and O'Donnell with the agreement of Defendant Goodman
  - A coerced resignation in November 2022 when Judge Cocroft was informed that the FCCP-Gen Judge Defendants would vote to remove her as Administrative Judge based on Defendant Goodman's bad faith complaint
- i) Lack of notification from Defendants Davis, Frye, O'Donnell, Hummer and/or Dean regarding the right to legal representation in response to Defendant Goodman's bad faith complaint
- j) Not being permitted to complete her second elected term as Administrative Judge for 2023

### C. Hostile Work Environment After Resignation

22. Following her coerced resignation as Administrative Judge in November 2022, Judge Cocroft was subjected to a continuing hostile work environment, including:

- a) Unauthorized access to her work computer
- b) Exclusion from initial notice about a November 2022 public record request
- c) Withholding, altering, and/or destroying public records
- d) Exclusion from meetings and decision-making processes
- e) Removal of administrative and staff support

5

- f) Micromanagement of her schedule and questioning of time out of office
- g) Enforcement of policies not applied to White judges
- h) Derogatory statements in her presence (e.g. tired of diversity being about skin color)
- i) Entry into her judicial suite to take photos without her consent
- j) Delay in technology upgrades despite her higher seniority

### D. Formal Complaints and Refusal to Investigate

23. In January 2024, Judge Cocroft reported discrimination, harassment, and hostile work environment to Defendants Hummer (First Assistant Prosecutor, Civil Division), Dean (Director, Labor and Employment Unit), and K. Brown (Administrative Judge).

24. Judge Cocroft requested an investigation into her claims of race and gender discrimination, a hostile work environment, and Defendant Goodman's bad faith complaint under the FCCP-Gen Anti-Harassment Policy. (Exhibit 2)

25. The Anti-Harassment Policy requires any employee who believes she has been the subject of discriminatory harassment to report the same to, among others, the Administrative Judge.

26. Further, the Anti-Harassment Policy states, "The employee (* * *) is assured that no retaliation will result from reporting the issue. All complaints are treated seriously (* * *). Interviews, allegations, statements, and identities will be kept confidential (* * *). In the event that the person reporting the claimed discriminatory harassment reports it to an outside agency, the Court shall conduct its inquiry upon learning of the report. Reports or complaints made in bad faith may lead to disciplinary action, up to and including termination."

27. During the first meeting, Hummer and Dean expressed a potential conflict of interest due to their involvement in Goodman's 2022 bad faith complaint.

28. However, despite Hummer and Dean stating that they would have no challenge with appointing special counsel or securing an outside investigator through Defendant Franklin County,

6

Hummer and Dean later claimed they could not force an investigation.

29. K. Brown declined to investigate Judge Cocroft's complaints as violations of the Anti-Harassment Policy.

### E. Retaliation After Filing Complaints

30. After filing internal and EEOC complaints, Judge Cocroft was subjected to retaliation, including:

- a) Being told her confidential complaints would be disclosed to all judges

- b) Public humiliation in meetings (e.g. being told to "grow up" and "act like an adult" and that she had a "snowflake mentality")

- c) Denial of policy reviews that Hummer, Dean and K. Brown proposed that were later implemented by FCCP-Gen Judge Defendants without her knowledge or vote

- d) Unauthorized management of her docket by other judges

- e) Distribution of her personal phone number without her consent

- f) Destruction or alteration of public records, despite her preservation letter

- g) Refusal to appoint special counsel as initially suggested

- h) Release of Goodman's 2022 bad faith complaint to the press

- i) Attempt to gut the Anti-Harassment Policy after receiving notice of her EEOC complaint

- j) Deletion of criminal continuance entries from her courtroom computer files

- k) Exclusion from voting meetings regarding FCCP-Gen procedures

- l) Failure to assign judicial support to help manage her docket

- m) Reassignment of criminal cases to her docket without notice

- n) Excessive assignment of specific case types until she objected

- o) Abrupt elimination of her ability to attend FCCP-Gen judges' meetings via Zoom, an option that have been available for over four and a half years, and refusal to acknowledge

7

and fulfill her request for a reasonable accommodation

- p) Denial of statutory legal representation in suits filed against her
- q) Advising crime victims that she was mentally unstable, and potentially vindictive or harsh
- r) Planning to remove all criminal cases from her docket and reassign them to all other FCCP-Gen Judges or the Ohio Attorney General.

**Count One**
**Discrimination and Retaliation Based on Race and Gender**
**Title VII of the Civil Rights Act of 1964**

31. Plaintiff incorporates by reference Paragraphs 1 through 30, as if fully rewritten herein.

32. Judge Cocroft is Black, female and a member of a protected class.

33. Defendant Franklin County is an employer as defined by Title VII.

34. Under the FCCP-Gen Code of Ethics and Conduct, judges are specifically classified as employees, so Defendant Franklin County is estopped from denying Judge Cocroft's employee status under state and federal employment statutes.

35. As an employee, Judge Cocroft was entitled to protection under FCCP-Gen's Anti-Harassment Policy.

36. K. Brown, Hummer and Dean failed to initiate an investigation into Judge Cocroft's complaints.

37. After filing internal and EEOC complaints, Judge Cocroft experienced retaliation, including but not limited to refusal to investigate and breach of confidentiality.

38. Defendant Franklin County, through its agents, representatives and employees discriminated and retaliated against Judge Cocroft in violation of Title VII on the basis of race and gender with respect to the terms, conditions and privileges of Judge Cocroft's employment including, but not limited to, subjecting her to the potential of an unfounded investigation, failing to follow their own Anti- Harassment Policy, breaching confidentiality regarding the complaints

filed by Judge Cocroft, inhibiting her right to participate in all FCCP-Gen committee and judges' meetings, and interfering with the ability of her Black staff to do the work they were hired to do, all in violation of 42 U.S.C. §§ 2000e, *et seq*.

39.     Judge Cocroft was treated less favorably than similarly situated White and/or male judges and was subjected to race and gender discrimination and was also subjected to a hostile work environment.

40.     Defendants' stated reasons for the adverse employment actions taken against Judge Cocroft are pretextual.

41.     As a direct result of Defendants' unlawful discriminatory conduct as set forth above, Judge Cocroft has suffered harm and she is entitled to compensation for all economic loss, compensatory damages, including but not limited to mental anguish, physical and emotional distress, humiliation and embarrassment, loss of earning capacity and loss of professional reputation.

## Count Two
### Violation of Reconstruction Era Civil Rights Act, 42 U.S.C. § 1981

42.     Plaintiff incorporates by reference Paragraphs 1 through 41, as if fully rewritten herein.

43.     Under the FCCP-Gen Code of Ethics and Conduct, judges are specifically classified as employees, thus creating a contractual employment relationship.

44.     As an employee, Judge Cocroft is entitled to all rights and privileges given to employees, including the right to have her claims regarding Defendant Goodman's bad faith allegations as well as her claims of race and gender discrimination, hostile work environment, and retaliation investigated, as contemplated by the FCCP-Gen Anti-Harassment Policy.

45.     Defendants, acting under the color of state law, refused to investigate Judge Cocroft's claims in violation of her contractual rights.

46.     By creating and failing to remedy a severe and/or pervasive hostile work environment based upon race and by denying Judge Cocroft equal opportunities and/or treatment for pretextual reasons

because of her race, including denying her equal contractual rights, Defendants have intentionally and willfully violated Judge Cocroft's civil rights as stated in 42 U.S.C. § 1981.

47. As a direct result of Defendants' unlawful discriminatory conduct as set forth above, Judge Cocroft has suffered harm and she is entitled to compensation for all economic loss, compensatory damages, including but not limited to mental anguish, physical and emotional distress, humiliation and embarrassment, loss of earning capacity and loss of professional reputation.

## Count Three
### Violation of Civil Rights, 42 U.S.C. § 1983

48. Plaintiff incorporates by reference Paragraphs 1 through 47, as if fully rewritten herein.

49. Judge Cocroft is a "citizen" within the meaning of 42 U.S.C. § 1983.

50. At all relevant times, Defendants were acting under the color of state law.

51. As a FCCP-Gen employee, Judge Cocroft has both a property and liberty interest in her employment with Franklin County.

52. By creating and failing to remedy a severe and/or pervasive hostile work environment based upon race and gender and by denying Judge Cocroft equal opportunities and/or treatment for pretextual reasons because of her race, Defendants have deprived Judge Cocroft of clearly established property and liberty interests without procedural and substantive due process and equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

53. Defendants' actions were taken with malice and/or reckless indifference to the rights of Judge Cocroft.

54. Defendants' actions were based on a policy or custom of ignoring complaints of discrimination, hostile work environment, and retaliation.

55. Defendants further failed to adopt clear policies and failed to train their employees regarding how not to create an environment which deprived Judge Cocroft of her rights under the U.S. and Ohio constitutions.

56. As a direct result of Defendants' unconstitutional conduct as set forth above, Judge Cocroft has suffered harm and she is entitled to compensation for all economic loss, compensatory damages, including but not limited to mental anguish, physical and emotional distress, humiliation and embarrassment, loss of earning capacity and loss of professional reputation.

**Count Four**
**Racketeer Influenced and Corrupt Practices Act (RICO), 18 U.S.C. §§ 1961-1968**

57. Plaintiff incorporates by reference Paragraphs 1 through 56, as if fully rewritten herein.

58. At all relevant times, Defendants were engaged in a fraudulent scheme and enterprise designed to violate the law and deprive Judge Cocroft of her legal and constitutional rights.

59. The enterprise is an association-in-fact comprised of FCCP-Gen Judge, Administrator and Director Defendants, along with Defendants Hummer and Dean, acting in concert to:

- a) retaliate against Judge Cocroft due to her race, gender and exercise of protected rights
- b) discredit her
- c) obstruct internal investigations
- d) destroy public records in violation of federal and Ohio law

60. The enterprise coordinated its activities through judicial meetings, communications, and administrative channels over a multi-year period and engaged in a pattern of racketeering activity.

61. The pattern of racketeering activity included engaging in misrepresentation, fraud, mail fraud, electronic communication fraud and destruction of public records, all as outlined above, in violation of O.R.C. § 2921.12; O.R.C. § 2913.42; O.R.C. § 149.351; 18 U.S.C. § 1001;18 U.S.C. § 1018; and 18 U.S.C. § 1030 all in an effort to advance the enterprise and to suppress dissent.

62. Defendants' illegal enterprise directly and proximately caused harm to Judge Cocroft by violating her lawful and constitutional rights, harming her professional reputation and causing her compensable harm.

## Count Five
### Unlawful Discrimination and Retaliation: Ohio Revised Code §§ 4112.02 and 4112.99

63. Plaintiff incorporates by reference Paragraphs 1 through 62, as if fully rewritten herein.

64. At all relevant times, Defendants were subject to Ohio law codified in Ohio Revised Code §§ 4112.01 *et seq.*

65. All Defendants' discriminatory treatment of Judge Cocroft and retaliation against her because of her race and gender violate Ohio Revised Code §§ 4112.02 and 4112.99.

66. Further, the individual Defendants aided, abetted, incited, compelled, and coerced employment discrimination in violation of state law.

67. As a direct result of Defendants' unlawful conduct as set forth above, Judge Cocroft has suffered harm and she is entitled to compensation for all economic loss, compensatory damages, including but not limited to mental anguish, physical and emotional distress, humiliation and embarrassment, loss of earning capacity and loss of professional reputation.

## Count Six
### Defamation (Against Goodman and Davis)

68. Plaintiff incorporates by reference Paragraphs 1 through 67, as if fully rewritten herein.

69. Goodman made a series of intentionally false, misleading and disparaging statements about Judge Cocroft in a bad faith complaint filed against Judge Cocroft and subsequent to the complaint, including but not limited to statements that were disseminated to all FCCP-Gen Judges, members of the local press, and other FCCP-Gen employees on multiple occasions.

70. Goodman's bad-faith complaint included personnel information regarding Judge Cocroft's personal staff and alleged that those staff left because they were fearful of Judge Cocroft.

71. Davis, as Director of Human Resources, is solely responsible for maintaining the records of FCCP-Gen Judges' personal staff.

72. Upon information and belief, Davis intentionally provided inaccurate information to Goodman for inclusion in her bad faith complaint regarding the reason that former employees left Judge Cocroft's staff.

73. In her bad-faith complaint, Goodman asserted that Judge Cocroft called some FCCP-Gen Judges racist when Judge Cocroft never made any such statement to Goodman.

74. Goodman's and Davis's publications were without privilege or justification and constitute defamation per se.

75. Goodman's and Davis's acts were willful, wanton, malicious and oppressive, undertaken with the intent to harm Judge Cocroft and justify the award of exemplary and punitive damages.

76. Goodman's and Davis's defamatory statements proximately cause Judge Cocroft damages, including emotional distress and mental anguish, as well as loss of economic opportunity.

## Count Seven
### Destruction of Public Records, O.R.C. § 149.351

77. Plaintiff incorporates by reference Paragraphs 1 through 76, as if fully rewritten herein.

78. As set forth above and upon information and belief, Defendants have permanently destroyed public records in an effort to cover up their unlawful conduct, including, but not limited to, destroying instant messages, calendar notations and other official documents after Judge Cocroft made multiple requests for public records to Defendants.

79. Judge Cocroft is a "person" who has been aggrieved by the removal, destruction, mutilation or transfer of the official public records.

80. Judge Cocroft is entitled to: a). an injunction prohibiting destruction of public records, b). civil forfeiture in the amount of $1,000 per violation, and c). compensatory and punitive damages.

**Wherefore,** Plaintiff, Judge Kimberly Cocroft, requests the Court grant the following relief:

A. Declare that the acts and conduct of the Defendants constitute violations of Title VII, 42 U.S.C. §200e, the Civil Rights Act of 1991, 42 U.S.C. §1981a, the Ohio Civil Rights act, O.R.C. §4112.01, *et seq.*, 42 U.S.C. §1981, 42 U.S.C. §1983, federal common law the common law of Ohio, and FCCP-Gen Policies.

B. Grant a permanent injunction enjoining Defendants and their officers, agents, employees and all persons in active participation from engaging in any employment practices which discriminate in any way, including discrimination on the basis of gender and race and retaliation, and prohibiting continued violations of civil and constitutional rights.

C. Order Defendants to not only institute policies, practices, and programs that provide equal opportunities for all employees and eradicate the effects of past and present unlawful employment practices, but to ensure that those policies, practices, and programs and carried out and adhered to by Defendants and their officers, agents, employees and all persons in active participation by implementing performance evaluations that monitor the efficacy and practical impact of those policies, programs and practices.

D. Order Defendants to make Judge Cocroft whole by providing her with any affirmative relief necessary to eradicate the effects of unlawful employment practices and constitutional violations.

E. Grant to Judge Cocroft appropriate compensatory and exemplary damages, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), along with the costs of this action.

F. Such other relief as the Court deems just, appropriate, and proper in the public interest.

Respectfully submitted,

/s/ Kimberly Cocroft
Kimberly Cocroft (0073146)
Plaintiff *pro se*
345 S. High Street, #4E
Columbus, OH  43215
Email: kimberlycocroft@gmail.com
Telephone: (380) 260-3123

**JURY DEMAND**

A trial by jury is demanded herein on all issues presented to the Court.

/s/ Kimberly Cocroft
Kimberly Cocroft (0073146)
Plaintiff *pro se*
345 S. High Street, #4E
Columbus, OH  43215
Email: kimberlycocroft@gmail.com
Telephone: (380) 260-3123

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 8th day of July, 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of interest participating in the CM/ECF system.

/s/ Kimberly Cocroft
Kimberly Cocroft