

**Franklin County
Common Pleas Court - General Division**

Exhibit 2

**Policy:** Anti-Harassment
**Qualifying Employees:** All employees of the Common Pleas Court – General Division
**Approved by the Court of Common Pleas:** December 10, 2014
**Date Policy Effective:** December 10, 2014
**Date Policy Revision Effective:** February 23, 2016

## ANTI-HARASSMENT POLICY

The Franklin County Common Pleas Court strives to maintain a workplace that fosters mutual employee respect and promotes harmonious, productive working relationships. The Court believes that discriminatory harassment and retaliation in any form constitute misconduct that undermines the integrity of the employment relationship. Therefore, the Court prohibits discriminatory harassment that is based upon race, sex, sexual identity, religion, color, national origin, ancestry, gender identity or expression, sexual orientation, age, military/veteran status, disability, familial status, genetic information, or on any other basis that would be in violation of any applicable federal, state, or local law. This policy applies to all employees throughout the organization and to all individuals who may have contact with any employee of this organization, including suppliers, subcontractors, visitors and volunteers.

The Court strictly forbids any conduct that constitutes discriminatory harassment. The Court will not tolerate a hostile environment created or maintained in the workplace. Any employee found in violation of this policy will be subject to disciplinary action, up to and including termination.

Unwelcome sexual advances, requests for sexual favors, or other verbal, visual, or physical conduct of a harassing nature will constitute harassment when the person involved feels compelled to submit to or tolerate that misconduct in order to keep his/her position, to receive appropriate pay, or to benefit from employment decisions.

Further, misconduct that interferes with an employee's work or creates an intimidating, hostile, or offensive work environment may also be considered harassment. This behavior can include but is not limited to suggestive or insulting noises, facial expressions, vulgar language, nicknames, slurs, sexually suggestive comments, derogatory comments, cartoons, jokes, written materials, and offensive gestures or touching.

   I.   Reporting discriminatory harassment - The Court expects that everyone will act responsibly to establish a pleasant and friendly work environment.

        A. Any employee who believes he/she has been subjected to and/or witnessed any form of discriminatory harassment must report that conduct to any of the following individuals within a reasonable amount of time: a Director level employee, a Deputy Director level employee, the Executive Director of the Court, the Chair of the Personnel Committee, the Presiding Judge, or the Court's Administrative Judge. Employees are not required, but are permitted, to approach the person who is harassing them, and they may bypass any

       offending member of management. The person the harassment is reported to will take the necessary steps to report the information to the Administrative Judge in order to initiate an investigation of the harassment claim.

    B. In the event that a claim involves the Administrative Judge, the complaint may be made to the Chair of the Personnel Committee or to the Presiding Judge of the Court.

    C. The employee, whether the subject of or a witness to the harassment, is assured that no retaliation will result from reporting the issue.

    D. All complaints are treated seriously and, unless the complainant is satisfied with the agreed upon corrective action, shall be thoroughly investigated as set forth in Section II.

II. Investigation - the Court will conduct its investigation in a professional and expeditious manner and will keep the complaint and investigation confidential to the extent such confidentiality is possible and allowed by law.

    A. Interviews, allegations, statements, and identities will be kept confidential to the extent possible and allowed by law. However, the Court will not allow the goal of confidentiality to be a deterrent to an effective investigation.

    B. Typically the inquiry will be made by the Director of the Human Resources Department, the Deputy Director of the Court and the Executive Director. Where a complaint involves a sitting judge, a visiting judge or a magistrate, the inquiry shall also include the Administrative Judge. Where a complaint involves the Administrative Judge, the inquiry shall also include the Chair of the Personnel Committee (excluding the Administrative Judge). Where a complaint involves the Executive Director, the inquiry shall also include the Administrative Judge (excluding the Executive Director) who will name the other two members of the panel.

    C. Any conduct involving any indictable offense (e.g. assaultive behavior) may also be referred to the appropriate law enforcement agency.

    D. In the event that the person reporting the claimed discriminatory harassment reports it to an outside agency, the Court shall conduct its inquiry upon learning of the report.

    E. A timely resolution of each complaint will be reached and communicated to the employee as well as the alleged wrongdoer.

    F. Reports or complaints made in bad faith may lead to disciplinary action, up to and including termination.

    G. Appropriate corrective action, up to and including termination, will be taken promptly against any employee who is found to have engaged in or ignored discriminatory harassment. The corrective action issued will be proportional to the severity of the conduct. The alleged wrongdoer's employment history and any similar complaints or prior conduct may be taken into consideration.

III. Judicial employees serve at the pleasure of their Judge. Ordinarily, it is within the sole discretion of that individual Judge to determine whether to hire, fire, or utilize the disciplinary steps outlined in this policy in reference to that Judge's judicial employees. In serious circumstances, following notice to the supervising Judge, the Administrative Judge and Personnel Committee may take action to investigate and/or place a judicial staff member on a paid administrative leave, pending action by a majority of the Court.

IV. The Court prohibits retaliation of any kind against employees, who, in good faith, report harassment or assist in investigating such complaints.

    A. If an employee feels he/she has been subjected to any form of retaliation, the employee should report that conduct to any of the following individuals within a reasonable amount of time: a Director level employee, a Deputy Director level employee, the Executive Director of the Court, the Chair of the Personnel Committee, the Presiding Judge, or the Court's Administrative Judge. Employees are not required, but are permitted, to approach the person who is retaliating against them, and they may bypass any offending member of management.

    B. All complaints are treated seriously and, unless the complainant is satisfied with the agreed upon corrective action, shall be thoroughly investigated as set forth in Section II.

    C. Reports or complaints of retaliation made in bad faith may lead to disciplinary action, up to and including termination.

    D. Appropriate corrective action, up to and including termination, will be taken promptly against any employee who is found to have engaged in or ignored retaliation. The corrective action issued will be proportional to the severity of the conduct. The alleged wrongdoer's employment history and any similar complaints or prior conduct will be taken into consideration.

V. Training- Discriminatory harassment training is required for all employees, bi-annually. Judicial employees will schedule the training based upon the convenience of the Judge.

VI. Nothing in this policy changes an employee's at-will status.