## IN THE UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Cocroft, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| Franklin County, Ohio, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

**RENEWED MOTION TO DISMISS OF DEFENDANTS RICHARD A. FRYE, COLLEEN O'DONNELL, KIMBERLY J. BROWN, STEPHEN L. MCINTOSH, MICHAEL J. HOLBROOK, JULIE M. LYNCH, MARK SERROTT, JEFFREY M. BROWN, CHRISTOPHER M. BROWN, DAVID YOUNG, KAREN HELD PHIPPS, DANIEL R. HAWKINS, CARL A. AVENI, SHERYL K. MUNSON, JENNIFER GOODMAN, SUSAN E. BEDSOLE, CAMEO DAVIS AND STACY WORTHINGTON**

Defendants Richard A. Frye, Colleen O'Donnell, Kimberly J. Brown, Stephn L. McIntosh, Michael J. Holbrook, Julie M. Lynch, Mark Serrott, Jeffrey M. Brown, Christopher M. Brown, David Young, Karen Held Phipps, Daniel R. Hawkins, Carl A. Aveni, Sheryl K. Munson, Jennifer Goodman, Susan E. Bedsole, Cameo Davis and Stacy Worthington ("Court Defendants") renew their motion to dismiss and seek dismissal of Plaintiff's Second Amend Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES BURKHOLDER & MILLER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM IN SUPPORT...................................................................................1

FACTS .......................................................................................................................1

SUMMARY OF ARGUMENT ...................................................................................3

LAW AND ARGUMENT ...........................................................................................4

    A.  Title VII .....................................................................................................4

        1.  Plaintiff cannot bring claims under Title VII because she is an elected official...........4

        2.  Plaintiff cannot bring Title VII claims against the Court Defendants in their individual capacities.........................................................................................6

        3.  Plaintiff's Title VII claims are time-barred........................................6

    B.  Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law. ......................7

    C.  Plaintiff's Second Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Court Defendants. ....................................................9

        1.  Plaintiff cannot bring a claim under § 1983 as a substitute for a Title VII claim. ........9

        2.  Claims premised on the facts and allegations regarding Plaintiff's time as the Administrative Judge and the circumstances of her resignation are barred by the statute of limitations.....................................................9

        3.  The Court Defendants are entitled to qualified immunity. .........................10

    D.  Plaintiff's Second Amended Complaint fails to state a claim under R.C. Chapter 4112...................................................................................13

        1.  Plaintiff Fails to Allege That She Either (1) Obtained a Right-to Sue Letter from the Ohio Civil Rights Commission or (2) Included State Law Claims in her EEOC Charge. ...........................................................13

        2.  Plaintiff cannot bring individual capacity claims against the Court Defendants under R.C. 4112.02 and R.C. 4112.99. ............................14

        3.  Plaintiff's claims under R.C. Chapter 4112 are time-barred.......................15

    E.  Plaintiff's Second Amended Complaint fails to state a civil RICO claim against the Court Defendants. ...........................................................15

        1.  Plaintiff Has Failed to Plead a Violation of § 1962. .................................16

        2.  Injury to business or property .............................................21

i

3. Plaintiff Has Failed to Plead Proximate Causation Within the Meaning of the RICO Statute. ...................................................................................................... 23

F. Plaintiff's claims for Defamation (Count Seven) against Ms. Goodman and Ms. Davis is time-barred and subject to privilege. ................................................... 24

G. Plaintiff's claim for the alleged destruction of public records under R.C. 149.351 fails as a matter of law. ..................................................................................... 25

H. Based on the *O'Shea* abstention doctrine, the Court should abstain from considering Plaintiff's claims for injunctive relief related to the operation of the Franklin County Court of Common Pleas. ....................................................... 27

I. To the extent Plaintiff bases any portion of her claims on the actions of the Defendant Judges within the scope of their jurisdiction, they are entitled to absolute judicial immunity. ................................................................................. 30

J. Court Defendants are entitled to quasi-judicial immunity related to the administrative proceedings for the investigation of harassment complaints under the Court Anti-Harassment Policy. .................................................................... 31

K. Plaintiff's Second Amended Complaint fails to assert facts sufficient to state a claim for relief against the Court Defendants. ................................................ 31

1. The Second Amended Complaint asserts no specific factual allegations against Defendants McIntosh, Holbrook, Lynch, Serrrott, J. Brown, C. Brown, Young, Phipps, Hawkins, Aveni, and Munson. ..................................................... 32

2. The Second Amended Complaint is insufficient to state a claim against Defendant Stacy Worthington and Susan Bedsole because it asserts no specific facts of any kind about their conduct. ..................................................................................... 33

CONCLUSION ....................................................................................................... 34

CERTIFICATE OF SERVICE ............................................................................... 35

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Akarah v. Ohio Dep't of Rehab.*, 23AP-743, 2024-Ohio-4499 ...................................................... 34

*Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001)............................................................. 8

*Amini v. Oberlin College*, 440 F.3d at 358 (6th Cir. 2006) ........................................................... 9

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) ............... 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................... passim

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................ passim

*Bell v. Ohio State Bd. of Trs.*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790 ................................ 33

*Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158 (6th Cir. 2004) ............................. 5

*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000) ........................................... 15

*Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) .................................................................. 13

*Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) .................................. 10

*Burch v. Ohio Farmers Ins. Co.,* 5th Dist. No. 22 CAE 04 0029, 2023-Ohio-912 ...................... 20

*Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) ........................................................................ 12

*Ciganik v. Kaley,* 11th Dist. No. 2004-P-0001, 2004-Ohio-6029 ................................................ 35

*Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) ........................................................... 17

*Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984) ................................ 12

*Direct Constr. Servs., LLC v. City of Detroit*, 820 Fed. Appx. 417, 4287 (6th Cir. 2020) ........... 10

*District of Columbia v. Wesb*y, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018) ......................... 16

*Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246, 163 L.
 Ed. 2d 1069 (2006) .............................................................................................................. 10

*Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019) ............................................ 13

*Figueroa v. Blackburn*, 208 F. 3d 435, 441 (3rd Cir. 2000) ......................................................... 41

*Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023) ........................... 8

*Flex Homes, Inc. v. Ritz-Craft Corp of Mich*., Inc., 491 F. App'x 628, 632 (6th Cir. 2012) ........ 43

*Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002) ................................................... 15

*Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022) ...................................... 31

*Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991) ........................................... 29

*Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988) .................................................................. 29

*Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) ....................... 21, 31

*H.J. Inc. v. Northwestern Bell Telephone Co*. 492 U.S. 229, 237, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) ........................................................................................ 27

*Hecht v. Levin*, 66 Ohio St. 3d 458, 460 (1993) ........................................................... 34

*Horen v. Cook*, 546 F. App'x 531, 534 (6th Cir. 2013) ................................................... 6

*Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018) ................. 31

*Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009) ............................... 14

*Jackson v. Conroy Rental*, 10th Dist. No. 24AP-190, 2024-Ohio-4467 ................................ 34

*Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989) ............................................................................................. 10

*Jocke v. City of Medina*, No. 22-3954, 2023 U.S. App. LEXIS 21029, at *8 (6th Cir. Aug. 11, 2023) ............................................................................................. 30

*Kalitta Air, LLC v. GSBD & Assocs*., 591 F. App'x 338, 343 (6th Cir. 2014) ...................... 27

*Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 2015-Ohio-4396 ................................. 33

*Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) .............................................. 44

*Larson v. Franklin Cty. Court of Common Pleas*, No. 81-3184, 1982 U.S. App. LEXIS 11688 ................................................................................................... 38

*Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 196 (D. Mass. 2021) ...................................... 30

*Marcilis v. Twp. of Redford,* 693 F.3d 589, 597 (6th Cir. 2012) .................................. 44

*McCormick v. Miami Univ.,* 693 F.3d 654, 661 (6th Cir. 2012).......................................9

*Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) .................. 14

*Mobley v. O'Donnell,* 10th Dist. No. 19AP-440, 2020-Ohio-469 ..................................... 40

*Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) ............................ 21, 27

*Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 367 (D. Mass. 1986)................................. 30

*Morrison v. Steiman*, No. 2:01-CV-1143, 2002 U.S. Dist. LEXIS 21507 (S.D. Ohio Sep. 5, 2002) ................................................................................................. 26

*Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990)............................................. 26

*Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) ................. 14

*O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)............................................... 38, 40

*Osman v. Isotec, Inc.*, 960 F. Supp. 118, 121 (S.D. Ohio 1997)..................................... 8

*Parker v. Turner* 626 F.2d 1, 6-7 (6th Cir. 1980) ................................................ 38

*Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) ................................................................................................. 10

*Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002)........................ 15

*Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993)........... 22

*Rhoads v. Olde Worthington Bus. Ass'n*, 10th Dist. No. 23AP-324, 2024-Ohio-2178 ................ 33

*Rhodes v. New Philadelphia*, 2011-Ohio-3279 ............................................................. 36

*Sanders v. Mich. Supreme Court*, E.D. Mich. Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 ............................................................................................................................. 5

*Schoonover v. Hamilton Cnty*, S.D. Ohio No. 1:22-cv-767, 2024 U.S. App. LEXIS 265586 ............................................................................................................................. 6

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985) ...................................................................................................................... 20, 22

*Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cirt. 2020) ................. 40

*Smith v. Grady*, 960 F. Supp. 2d 735, 757 (S.D. Ohio 2013) ............................................. 5

*Snyder v. City of Lima*, 55 F. Supp. 2d 754, 756 (N.D. Ohio 1999) ...................................... 5

*Speed Way Transp., LLC v. City of Gahanna*, 6th Cir. No. 21-3657, 2023 U.S. App. LEXIS 5135 ............................................................................................................................. 10

*State ex rel. Harris v. Pureval,* 155 Ohio St.3d 343, 2018-Ohio-4718 .................................. 37

*State ex rel. Mayer v. Cincinnati,* 60 Ohio App. 119, 121 (1st Dist. 1938) ............................ 6

*State ex rel. Ware v. Parikh*, 172 Ohio St. 3d 515, 517, 2023-Ohio-759, 225 N.E.3d 911 ......... 36

*Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013) .............................................. 21

*Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ...................................................... 29

*Taylor v. Beckham*, 178 U.S. 548, 20 S. Ct. 890, 44 L. Ed. 1187 (1900) ................................ 11

*United States v. Turkette*, 452 U.S. 576, 583, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981) ........... 24

*Walker v. Jackson Public Schools*, 42 Fed. Appx. 735, 2002 U.S. App. LEXIS 16070, 2002 WL 1809088 (6th Cir. 2002) .................................................................................. 24

*Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ................... 31

*Ward v. City of Norwalk*, 640 Fed. Appx. 462, 466 (6th Cir. 2016) .................................. 40, 41

*Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997) ........................................... 8

*Weidman v. Hildebrant*, 2024-Ohio-2931 .................................................................. 33

*Winter v. Mike's Trucking, Ltd.*, S.D. Ohio No. 2:20-cv-1269, 2021 U.S. Dist. LEXIS 79031 ..................................................................................................................... 19

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006) ...................................... 14

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982) .......................................................................................................................... 8

**Statutes**

18 U.S.C. § 1001 ..................................................................................................... 21

18 U.S.C. § 1018 ..................................................................................................... 21

18 U.S.C. § 1030 ..................................................................................................... 21

18 U.S.C. § 1962 .................................................................................................... 16

18 U.S.C. § 1962(a) ............................................................................................... 19

18 U.S.C. § 1962(c) .......................................................................................... 17, 18

18 U.S.C. § 1964(c) .......................................................................................... 16, 21

42 U.S.C. § 1981 ..................................................................................................... 7

42 U.S.C. § 1983 ..................................................................................................... 9

42 U.S.C. § 2000e(f) .............................................................................................. 4

42 U.S.C. § 2000e-2(a)(1) ...................................................................................... 4

42 U.S.C. § 2000e-5(e)(1) ...................................................................................... 6

R.C. 124.01 ............................................................................................................ 4

R.C. 149.351 ...................................................................................... 21, 25, 26, 27

R.C. 149.351(A) ................................................................................................... 26

R.C. 149.351(B) ................................................................................................... 26

R.C. 149.43 .......................................................................................................... 27

R.C. 149.43(B) ..................................................................................................... 26

R.C. 2305.11(A) ................................................................................................... 24

R.C. 2913.42 ........................................................................................................ 21

R.C. 2921.12 ........................................................................................................ 21

R.C. 4112 ............................................................................................................. 13

R.C. 4112.01(A)(2) .............................................................................................. 14

R.C. 4112.02 ................................................................................................... 14, 15

R.C. 4112.02(a) .................................................................................................... 14

R.C. 4112.99 ................................................................................................... 14, 15

**Rules**

Fed. R. Civ. P. 8 ..................................................................................................... 1

Fed. R. Civ. P. 8(A) ............................................................................................. 31

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 32

Ohio Jud. Canon R. 2.12 ........................................................................................ 8

Ohio Jud. Canon R. 2.3 .......................................................................................... 8

## <u>MEMORANDUM IN SUPPORT</u>

In her Second Amended Complaint, Plaintiff has substantially reduced the alleged facts in an attempt to comply with Fed. R. Civ. P. 8. However, the core defects with Plaintiff's claims remain. Irrespective of the alleged facts' length or brevity, Plaintiff remains an elected common pleas judge. She cannot bring an employment discrimination claim against her coworkers, individuals and entities that do not employ her. There is also no doubt that Plaintiff's claims, whether brought under Title VII, § 1983, § 1981, RICO, or various state statutes, are restatements of the same invalid employment discrimination claim(s) she cannot assert as a matter of law though they fail for independent reasons as well.

Even if Plaintiff had the ability as an elected official to assert these claims, Plaintiff's Second Amended Complaint is comprised of vague, general and conclusory assertions that, pursuant to *Iqbal* and *Twombly,* fail to state a claim for relief. In fact, Plaintiff's Complaint contains almost exclusively blanket allegations against all Defendants, which provides each individual Defendant with no information about the basis for Plaintiff's claims against them, other than the fact that they all work with Plaintiff at the Franklin County Court of Common Pleas.

As they must and for the purpose of the present motion, Court Defendants assume the truth of the facts alleged in the Second Amended Complaint. Even so, Plaintiff's Second Amended Complaint must be dismissed in its entirety.

## <u>FACTS</u>

Plaintiff's complaint is comprised mostly of general factual assertions and bare legal conclusions. In short, Plaintiff was appointed to the position of Administrative Judge ("AJ") in July, 2021. (ECF 36, Second Amended Complaint, ¶ 19). She claims that, in various general ways, she was subjected to discriminatory treatment while acting in that role. The Complaint contains a

list of complaints about her treatment but does not specify which Defendants were responsible for what or how they are individually responsible. ((ECF 36, Second Amended Complaint, ¶ 21).

Defendant Goodman filed a complaint about Plaintiff in October of 2022, which Plaintiff alleges was filed in bad faith. Id. Plaintiff alleges that the Defendants (all of them) initiated and/or threatened to initiate an "unfounded" investigation into Ms. Goodman's complaint. Id. As a result of the investigation and/or threat of investigation, Plaintiff alleges she was "coerced" into resigning from the AJ role, effective November 18, 2022. Id. She further alleges that Defendants Judge Kim Brown, Ms. Davis, Ms. Hummer and Ms. Dean failed to advise her that she had the right to legal representation regarding the complaint. Id.

Plaintiff alleges that, after she resigned as AJ, she was subject to a continuing "hostile work environment" and retaliation. (ECF 36, Second Amended Complaint, ¶¶ 22, 30). Although Plaintiff vaguely lists the bases for which she claims mistreatment, she does not attribute the listed conduct to any specific defendant(s). The only concrete factual allegations against any specific Court Defendant after Plaintiff's resignation from the AJ role are that:

- Judge Kim Brown failed to initiate an investigation into Plaintiff's complaints. (ECF 36, Second Amended Complaint, ¶ 36, PageID 1825).

- Ms. Goodman submitted a complaint to the Court in which she claimed that Plaintiff's staff resigned because they feared Plaintiff and that Plaintiff had called some of her fellow judges "racist," both of which Plaintiff disputes. (ECF 36, Second Amended Complaint, ¶¶ 70, 72-73, PageID 1829-1830).

- Ms. Davis provided inaccurate information that was included in Ms. Goodman's complaint. (ECF 36, Second Amended Complaint, ¶ 72, PageID 1830).

## SUMMARY OF ARGUMENT

Plaintiff's Second Amended Complaint is both legally and factually insufficient and must be dismissed.

Legally, the Second Amended Complaint suffers from a variety of fatal defects. Generally, as an elected official, Plaintiff cannot bring employment discrimination claims under state and federal law. Likewise, Plaintiff's claims are time-barred, as the only concrete factual claims relate to events that occurred more than two years before the commencement of this case. Similarly, Plaintiff cannot sue individuals in their personal capacity for many of the claims that she has asserted. Likewise, Defendants are entitled to quasi-judicial immunity from liability for their conduct related relative to administrative investigation of complaints against and by the Plaintiff. Finally, Plaintiff's RICO claim fails because the Second Amended Complaint does not allege facts to support any of the elements of the claim, most notably being the lack of evidence of an enterprise that effects interstate commerce.

Factually, the Second Amended Complaint also fails to set forth facts that show a plausible basis for any claim against many of the Defendants, as required under *Iqbal* and *Twombly*. As to these Defendants, the Second Amended Complaint alleges only bare legal conclusions that do not support any claim for relief.

Finally, this Court should abstain from entertaining Plaintiff's request for injunctive relief, as Plaintiff requests that this Court supervise nearly every aspect of the operation of the Franklin County Common Pleas. Under the O'Shea doctrine of abstention, injunctive relief that require an "ongoing federal court audit" of state court administrative practices is not appropriate and is a grounds for abstention.

For these reasons, which are discussed fully below, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## LAW AND ARGUMENT

A.  **Title VII**

   1.  **Plaintiff cannot bring claims under Title VII because she is an elected official.**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual" because of sex. 42 U.S.C. § 2000e-2(a)(1). Although the statutory language refers to "individuals," courts have limited Title VII's protections to individuals who are "employees." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158 (6th Cir. 2004). Title VII defines "employee" as an individual employed by an employer, but explicitly excludes "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof" from this definition. See 42 U.S.C. § 2000e(f). Therefore, elected officials are not eligible to bring claims under Title VII. *Birch,* 392 F.3d at 158; *Snyder v. City of Lima*, 55 F. Supp. 2d 754, 756 (N.D. Ohio 1999); *Smith v. Grady*, 960 F. Supp. 2d 735, 757 (S.D. Ohio 2013); *Sanders v. Mich. Supreme Court*, E.D. Mich. Case No. 16-12959, 2018 U.S. Dist. LEXIS 30896 at *19-20. In her Complaint, Plaintiff admits that she is a person elected to public office. (ECF 36, Second Amended Complaint, PageID 1819, at ¶ 2). Thus, as a matter of law, she cannot bring a claim under Title VII and her Title VII claims must be dismissed.

There also is no statutory or case law supporting Plaintiff's strained interpretation of Ohio's definition of "civil service" under R.C. 124.01, or for Plaintiff's contention that an elected judge is in the "civil service" as she claims. More importantly, the proposition that an elected judge is covered by Title VII conflicts with the statute's clear and plain language. Thus, the cases discussing the exemption Plaintiff relies upon focus on whether an elected judge's *personal* staff *members* are

employees under Title VII. See *Horen v. Cook*, 546 F. App'x 531, 534 (6th Cir. 2013); *Schoonover v. Hamilton Cnty*, S.D. Ohio No. 1:22-cv-767, 2024 U.S. App. LEXIS 265586. These cases raise an obvious point: if an elected official's personal staff members are not "employees" under Title VII, neither are elected officials.

The Court Defendants are not Plaintiff's "employer" for the purposes of Title VII. To the contrary, the Defendant Judges are Plaintiff's fellow elected officials presiding over a tribunal. See *State ex rel. Mayer v. Cincinnati,* 60 Ohio App. 119, 121 (1st Dist. 1938) ("By 'court' is to be understood a tribunal officially assembled under authority of law at the appropriate time and place for the administration of justice. By 'judge' is to be understood simply an officer or member of such tribunal."). Plaintiff is one-seventeenth of the Franklin County Common Pleas Court itself. She is not an employee *of* the Court or any of the other sixteen judges with whom she works to operate collectively the Franklin County Common Pleas Court system. As such, Plaintiff's view of herself as separate from the Court or as an employee of the Court or any of her fellow judges is mistaken.

Finally, there can be no question that the Defendant Administrators are not Plaintiff's employer, as those administrators work *for* the Court of which Plaintiff is a member. There is no basis on which these four administrators working for the Court—including Plaintiff-- could be considered Plaintiff's *employer* for the purposes of Title VII. In fact, Plaintiff does not allege otherwise.

In short, Plaintiff remains an elected official who cannot bring a claim under Title VII. She is not an "employee" of the individual Court Defendants and they are not her employer. Thus, Plaintiff's Title VII claim fails as a matter of law and must be dismissed.

### 2. Plaintiff cannot bring Title VII claims against the Court Defendants in their individual capacities.

In addition, Title VII claims cannot be asserted against defendants in their individual capacities. *Wathen v. General Electric Co*., 115 F.3d 400 (6th Cir. 1997); *Osman v. Isotec, Inc*., 960 F. Supp. 118, 121 (S.D. Ohio 1997). Thus, any Title VII claims against the Court Defendants in their personal, or individual, capacities must be dismissed.

### 3. Plaintiff's Title VII claims are time-barred.

Plaintiff's claims also fail because they are time-barred. Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within, at most, "three hundred days after the alleged unlawful employment practice occurred." While not a jurisdictional requirement, this provision operates as a statute of limitation. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982); see also *Flanigan v. Westrock Servs., LLC*, 704 F. Supp.3d 807, 814 (N.D. Ohio 2023), citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).

Plaintiff alleges that she filed her request for investigation with the EEOC on May 23, 2024. (ECF 36, Second Amended Complaint, ¶ 14, PageID 1820). Therefore, claims as to any event alleged to have occurred before July 28, 2023 are time-barred. Plaintiff claims that the Court Defendants discriminated against her while she was the AJ. This discrimination, Plaintiff alleges, resulted in her having to resign from the position as administrative judge. Plaintiff resigned in November, 2022. (ECF 36, Second Amended Complaint, PageID 1822). Pursuant to 42 U.S.C. § 2000e-5(e)(1), Plaintiff was required to file her EEOC claim no later than September, 2023. In fact, she did not file until May 23, 2024—more than 8 months too late. As a result, even if Plaintiff was covered by Title VII, any claims of discrimination based on events that occurred prior to July

28, 2023—including all of the allegations regarding her time as AJ and her resignation from that role—are time-barred.

**B.      Plaintiff's claim under 42 U.S.C. § 1981 fails as a matter of law.**

In Count Two of the Second Amended Complaint, Plaintiff alleges a violation of 42 U.S.C. § 1981. (ECF 36, Second Amended Complaint, PageID 1826-1827, at ¶¶ 42-47). It "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Amini v. Oberlin College*, 440 F.3d at 358 (6th Cir. 2006)

The Sixth Circuit has held 42 U.S.C. § 1981 does not provide a private cause of action for money damages against state actors in their individual capacity. *McCormick v. Miami Univ.,* 693 F.3d 654, 661 (6th Cir. 2012), applying *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989); *Direct Constr. Servs., LLC v. City of Detroit*, 820 Fed. Appx. 417, 4287 (6th Cir. 2020); *Speed Way Transp., LLC v. City of Gahanna*, 6th Cir. No. 21-3657, 2023 U.S. App. LEXIS 5135, at *22. Plaintiff has ostensibly sued the Court Defendants in their individual capacities under 42 U.S.C. § 1981 but, because such an action does not exist, Count Two of Plaintiff's Second Amended Complaint must be dismissed.

Further, the U.S. Supreme Court has held that a § 1981 plaintiff must be a party to a contract. *Domino's Pizza, Inc. v. John McDonald*, 546 U.S. 470, 475-476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006) ("Any claim brought under § 1981…must initially identify an impaired contractual relationship under which the plaintiff has rights."); *Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989); see also *Brintley v. St. Mary Mercy Hosp.*, 545 F. App'x 484, 488 (6th Cir. 2013) (§ 1981 requires a contractual relationship).

Here, the only mention of a contract in the Second Amended Complaint is the allegation that "judges are specifically classified as employees" in the Franklin County Common Pleas-General Division Code of Ethics and Conduct. (ECF 36, Second Amended Complaint, PageID 1826, ¶ 43). Putting aside that Plaintiff is an elected official and not an employee, there are several problems with this argument

First, Plaintiff points to no actual contract, In fact, nowhere in the Code of Ethics does it say that judges are employees of the court. Plaintiff is extrapolating this from the fact that the document references the Code of Judicial Conduct. (ECF 36-1, Second Amended Complaint, PageID 1834). However, the Code of Judicial Conduct applies to more than just judges. Under Ohio Jud. Canon R. 2.12, court staff, court officials, and others subject to the judge's direction and control must follow the judicial rules as well as well as comply with Ohio Jud. Canon R. 2.3. The point is this: it is far too great a stretch to say that a single reference to the Judicial Code in a court policy means that an elected judge has a contract of employment with the Court on which they serve.

More importantly, while employment itself may in some cases be considered a "contractual" relationship, this is not so for elected officials. The United States Supreme Court and the Sixth Circuit have held that an elected office does not constitute a property interest. As the Court explained in *Taylor v. Beckham*, 178 U.S. 548, 20 S. Ct. 890, 44 L. Ed. 1187 (1900), "The decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such***In short, generally speaking, the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right." Id. at 577, 20 S. Ct. at 900-01; see also *Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) (noting that "[p]ublic office is not property within the meaning of the Fourteenth Amendment"). The same rationale would apply equally, if not more

8

so, to any claim of an employment based contractual relationship between elected officials and/or administrative employees of the Court.

As an elected official, Plaintiff has no contractual right to employment. The contract upon which she relies is not a contract at all and Plaintiff's contention that it is runs counter to the law. Even if the fact in the Second Amended Complaint are true, Plaintiff cannot maintain a claim under § 1981 as a matter of law.

**C.    Plaintiff's Second Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Court Defendants.**

Plaintiff has also asserted a claim for employment discrimination under 42 U.S.C. § 1983. Though plead as a claim separate from the Title VII claim, the claim is the same as the Title VII claim in the Second Amended Complaint. (ECF 36, Second Amended Complaint, ¶¶ 52-56, PageID 1827-1828). For the reasons set forth above, the claim must be dismissed.

**1.    Plaintiff cannot bring a claim under § 1983 as a substitute for a Title VII claim.**

A plaintiff may not bring a Title VII claim by way of § 1983 and thereby avoid the procedures involved with bringing a Title VII claim. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984) ("Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII").

As Count Three is in essence a Title VII employment discrimination claim, this claim must be dismissed, as it is subject to the same defects as described above.

**2.    Claims premised on the facts and allegations regarding Plaintiff's time as the Administrative Judge and the circumstances of her resignation are barred by the statute of limitations.**

Because § 1983 has no statute of limitations, courts within the Sixth Circuit "borrow one from the most analogous state cause of action," and, in Ohio, that is the two-year limitations period for personal-injury claims. *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019).

9

Much of Plaintiff's case is built on the allegation that she was forced to resign her position as AJ because of racial and sex animus. She also alleges that while she was AJ, she was treated poorly—and differently—than other prior AJs because of her sex and race. As such, the core of Plaintiff's case rest on the events that occurred while she was AJ, a position that she resigned on November 14, 2022. She did not file her original complaint until November 26, 2024, which was over two years after the date of her resignation. (ECF 1, Complaint). Thus, the facts and allegations occurring during her time as AJ—including the circumstances of her resignation—are outside the statute of limitations and cannot be considered as the basis for any claim under § 1983.

### 3.     The Court Defendants are entitled to qualified immunity.

As a general proposition, the same tests for race discrimination claims under Title VII apply to § 1983 equal protection claims. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019). In the Title VII context, "a victim of discrimination can allege one of two types of actions: (1) discrete discriminatory acts, and (2) claims alleging a hostile work environment." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009). A plaintiff must plead sufficient facts against each defendant to "state a claim to relief that is plausible on its face." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024). Of course, "the presumption of truth is inapplicable to legal conclusions." Id.

To state a hostile work environment claim, a plaintiff must "sufficiently allege facts from which [a Court] may infer that the harassment she experienced was severe or pervasive." Id. at 840. "Courts consider the totality of circumstances in determining the severity and pervasiveness of alleged harassment, including 'the frequency of the discriminatory conduct; its severity; whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with an employee's performance.'" Id.

10

To establish a prima facie case of employment discrimination, Plaintiff must show that she: (1) was a member of a protected class; (2) was qualified for her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). "An adverse employment action in the context of a Title VII discrimination claim is a 'materially adverse change in the terms or conditions of employment because of the employer's actions.'" *Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 593 (6th Cir. 2007) (citation omitted). In *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002), the Sixth Circuit explained that:

> [a] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

"[D]e minimis employment actions are not materially adverse and, thus, not actionable." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000) (citation omitted). For example, "[r]eassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions." *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) (citation omitted).

Foremost, Judge Cocroft has not suffered an adverse employment action. She is still an elected common pleas judge. Judge Cocroft does not allege that there was any change to her salary or benefits or work hours. The only arguable change in her position is her resignation of the AJ role. However, as stated above, the facts and circumstances of her *voluntary* resignation as AJ cannot be considered because they are outside the statute of limitations. Moreover, the AJ position is unpaid and, arguably, imposed *additional* responsibilities and burdens on Plaintiff that she would not otherwise have had if she were not the AJ, as shown in the Position Statement attached as

11

Exhibit 1 to Plaintiff's Complaint. (ECF 11-4, Rule 4.01 Powers and Duties of Administrative Judge, PageID 146). In the case of Ms. Goodman, Ms. Bedsole, Ms. Davis and Ms. Worthington, as administrators who work *for* the Court of which Plaintiff is a member, they do not have the authority or control to impose an adverse employment action on the Plaintiff, who is one of their *supervisors*. (ECF 1-4, Court of Common Pleas-General Division Organizational Chart, Page ID 147). As such, the Second Amended Complaint fails to allege facts demonstrating Plaintiff suffered an adverse employment action sufficient to support her § 1983 claim.

Moreover, Plaintiff's laundry list of grievances with her coworkers does not implicate severe or pervasive conduct sufficient to support a hostile work environment claim. Plaintiff simply fails to allege the sort of frequent, intimidating, and pervasive conduct sufficient to support such a claim.

Likewise, even if all of the allegations in the Second Amended Complaint against the Court Defendants are presumed to be true, there has been no violation of clearly established law. Plaintiff has the burden of establishing that Defendants violated clearly established law. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018). "Clearly established" means that, at the time of the official's conduct, the law was "sufficiently clear" that every 'reasonable official would understand that what he is doing'" is unlawful. Id. In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." Id.

The "clearly established" standard requires that the legal principle clearly prohibit the official's conduct in the particular circumstances before him. Id. at 590. The Supreme Court has repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." Id. Stated differently, for a right to be clearly established,

"[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

In substitution of the running narrative of the earlier versions of the complaint, the Second Amended Complaint simply sets forth a bullet-list of ways that Plaintiff alleges she was mistreated. She does not attribute most of these complaints to any particular Defendant. Plaintiff then speculates that these actions were motivated by her race and gender. Examining these actions individually, there is no single situation, circumstance, anecdote, or event to which Plaintiff can point in which any Court Defendant violated clearly established law. The reality is that Plaintiff's Second Amended Complaint describes the deterioration of the working relationship between Judge Cocroft and most of the rest of the judges in the Franklin County Common Pleas Court. Poor working relationships with other officials and administrative staff, however, do not establish a constitutional violation under § 1983, and they certainly do not establish a violation of clearly established law necessary to overcome qualified immunity.

For the foregoing reasons, Plaintiff's § 1983 claims fails as a matter of law.12

**D.     Plaintiff's Second Amended Complaint fails to state a claim under R.C. Chapter 4112.**

Plaintiff has also asserted state law claims under R.C. Chapter 4112, Ohio's counterpart to Title VII. These claims also fail as a matter of law for several reasons.

**1.     Plaintiff Fails to Allege That She Either (1) Obtained a Right-to Sue Letter from the Ohio Civil Rights Commission or (2) Included State Law Claims in her EEOC Charge.**

**Prior to filing an employment discrimination action under Ohio Rev. Code Chapter 4112, a person must first file a charge with the Ohio Civil Rights Commission and receive a notice of right to sue from the Ohio Civil Rights Commission. Ohio Rev. Code § 4112.052(B)(1)(a)-(b). In this case, Judge Cocroft has neither alleged filing any charge with the Ohio Civil Rights Commission nor receiving a right to sue letter from the Ohio Civil Rights Commission. Instead, Judge Cocroft has alleged that she "filed an administrative charge with the U.S. Equal Employment Opportunity**

13

Commission" and was issued a right to sue on October 2, 2024. (ECF 36, Second Amended Complaint, at ¶ 15, PageID 1820). The EEOC administrative process only satisfies Ohio Rev. Code § 4112.052 if the plaintiff also alleges that the charge of discrimination with the EEOC contains allegations Defendants violated both federal and Ohio law. *Simrell v. Dave White Chevrolet, LLC*, Case No. 3:23-cv-1382, 2024 U.S. Dist. LEXIS 94824, *6 (N.D. Ohio May 29, 2024). Unlike the plaintiff in *Simrell*, there is no allegation in the Second Amended Complaint that Judge Cocroft included state law discrimination claims in her charge to the EEOC. Accordingly, Judge Cocroft has not properly complied with the prerequisite administrative process necessary to file a discrimination claim under Ohio Rev. Code Chapter 4112.

### 2. Plaintiff cannot bring individual capacity claims against the Court Defendants under R.C. 4112.02 and R.C. 4112.99.

Any claims under R.C. 4112.02 and R.C. 4112.99 are also barred as a matter of law. R.C. 4112.02 makes it unlawful for an *employer* to discriminate against employees on the basis of race or sex. See R.C. 4112.02(a). R.C. 4112.01(A)(2) defines an "employer" to mean "the state, any political subdivision of the state, or a person employing four or more persons within the state, and any agent of the state, political subdivision, or person." Individual employees are not included within the definition of "employers" who may be liable under R.C. 4112.02 or R.C. 4112.99. Section 3 of House Bill 352, which amended R.C. 4112.02 in 2020, makes this clear. This Section states:

> The General Assembly, in amending section 4112.01 and division (A) of section 4112.08 of the Revised Code pursuant to this act, hereby declares its intent to supersede the effect of the holding of the Ohio Supreme Court in *Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293 (1999) and to follow the holding in *Wathen v. General Electric Co.*, 115 F.3d 400 (1997) regarding the definition of 'employer' for purposes of Chapter 4112. of the Revised Code. ***The General Assembly further declares its intent that individual supervisors, managers, or employees not be held liable under Chapter 4112. of the Revised Code for unlawful discriminatory practices relating to employment*** that are described in division (A)(24)(a) of section 4112.01 of the Revised Code, as amended by this act.[1]

[Emphasis added].

---

[1] HB 352 removed the phrase "person acting directly or indirectly in the interest of an employer" from the definition of "employer" under R.C. 4112.02(A)(2).

This amended definition of "employer," which forecloses individual liability for employees, went into effect on April 15, 2021. *Winter v. Mike's Trucking, Ltd.*, S.D. Ohio No. 2:20-cv-1269, 2021 U.S. Dist. LEXIS 79031, FN 2 ("H.B. 352***did not take effect until April 15, 2021.).

The earliest date identified in the Second Amended Complaint is July, 2021, the date of Plaintiff's election as Administrative Judge, which is also the date in which Plaintiff claims that the "violations" alleged in the Second Amended Complaint began. (ECF 36, Second Amended Complaint, Preliminary Statement, ¶ 19, PageID 1819, 1821). This was at least two and a half months after the General Assembly eliminated claims against employees in their individual capacities under R.C. 4112.02 and R.C. 4112.99. As a result, even assuming the truth of the allegations in the Second Amended Complaint, Plaintiff is barred from bringing individual claims against the Court Employees because they are not "employers" to whom liability could apply.

### 3. Plaintiff's claims under R.C. Chapter 4112 are time-barred.

A claim under R.C. Chapter 4112 is subject to a two year statute of limitations. *Burch v. Ohio Farmers Ins. Co.,* 5th Dist. No. 22 CAE 04 0029, 2023-Ohio-912, at ¶ 29. Plaintiff's claims under R.C. Chapter 4112 are barred by the statute of limitations for the same reasons that Plaintiff's federal claims are barred.

### E. Plaintiff's Second Amended Complaint fails to state a civil RICO claim against the Court Defendants.

As Count Four of the Second Amended Complaint, Plaintiff attempts to assert a civil claim under the Racketeer Influenced and Corrupt Practices Act ("RICO"). It alleges that the defendants "engaged in a fraudulent scheme and enterprise designed to violate the law" and that the defendants' "enterprise directly and proximately caused harm to Judge Cocroft." (ECF 36, Second Amended Complaint, at ¶¶ 57-62, PageID 1828). Plaintiff's factual allegations do not state a civil

RICO claim. Such a claim has no application whatsoever the operations of a Common Pleas court and the facts alleged in the Second Amended Complaint.

"RICO takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws [or] any act 'indictable' under numerous specific federal criminal provisions." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). It also "affords a civil remedy to an individual who is injured by virtue of certain types of unlawful activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

Civil plaintiffs may recover under § 1964(c) if they were "injured in [their] business or property by reason of a violation of § 1962." Courts have broken down a RICO plaintiff's pleading burden into three essential elements: "(1) a violation of § 1962, (2) an injury to his business or property, and (3) that his injury was proximately caused by the RICO violation." *Stooksbury v. Ross*, 528 F. App'x 547, 556 (6th Cir. 2013); *see also Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) (outlining civil RICO elements as "(1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above").

### 1.   Plaintiff Has Failed to Plead a Violation of § 1962.

There are three prohibited activities under 18 U.S.C. § 1962. The Second Amended Complaint is unclear as to which 1962 section is claimed to have been violated by the Defendants. (ECF 36, Second Amended Complaint, at ¶¶ 57-62, PageID 11) However, Judge Cocroft has indicated that her RICO claim is limited to an alleged violation of Section 1962(c). (ECF 23, Memorandum in Opposition of Plaintiff *Pro Se* to Motion to Dismiss of Defendants Franklin County, Ohio, Jeanine Hummer, and Theresa Dean, PageID 1213).

Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To impose civil liability under Section 1962(c), a plaintiff must show (1) conduct (2) of an enterprise (3) engaged in or affecting interstate or foreign commerce (4) through a pattern (5) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985). The Second Amended Complaint fails in all five respects.

### a.    Conduct

To state a civil RICO claim, a plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c). The Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise." *Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993). Although RICO liability is not limited to those with primary responsibility for the enterprise's affairs; the defendant must have "conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* at 185 (Emphasis in original).

The Second Amended Complaint fails to show that the Court Defendants participated, either directly or indirectly, in the conduct of an alleged enterprise. In reality, all of the conduct alleged by Plaintiff exclusively relates to the operation of the Court, not to the operation or management of some enterprise. That is, the allegations are about the Court's own affairs, not the operation of an enterprise, as that term is defined within the RICO statute.

#### b.     Enterprise

A plausible RICO claim under Section 1962(c) must establish the existence of an "enterprise." *United States v. Turkette*, 452 U.S. 576, 583, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981). The Supreme Court has defined "enterprise" as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id.* The existence of an enterprise is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.*

The Supreme Court has clarified that "the 'enterprise' is not the 'pattern of racketeering activity;' it is an entity separate and apart from the pattern of activity in which it engages." *Id.* at 584. Merely pleading that an enterprise exists is insufficient for purposes of Rule 12(b)(6). *Walker v. Jackson Public Schools*, 42 Fed. Appx. 735, 2002 U.S. App. LEXIS 16070, 2002 WL 1809088 (6th Cir. 2002) at *1.

The Second Amended Complaint fails to allege facts to establish the existence of a RICO enterprise. As stated above, the Second Amended Complaint vaguely alleges that the Defendants collectively worked to discredit her, obstructed internal investigations, and destroyed public records. (ECF 36, Second Amended Complaint, ¶ 59, PageID 1828). It alleges that the Court Defendants took actions, with which Plaintiff takes great issue, as part of their employment with the Franklin County Common Pleas court. It does not identify which Defendants were allegedly involved in the "enterprise," and it fails to allege any type of organized structure or form, outside of the judicial employees' official capacities as Franklin County employees, and, thus, fails to meet the standard outlined in *Turkette.*

### c. Interstate or foreign commerce

To establish a RICO claim, a plaintiff must demonstrate the existence of an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a). Although the "nexus may be 'minimal,'" a plaintiff bears the burden of showing the effect on commerce. *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (citations omitted). "The requirement that the enterprise activity must 'affect' interstate commerce means that it must have a 'detrimental influence on' interstate commerce, e.g., by draining money from the economy." *Morrison v. Steiman*, No. 2:01-CV-1143, 2002 U.S. Dist. LEXIS 21507 (S.D. Ohio Sep. 5, 2002) at *14.

Here, the Second Amended Complaint does not even attempt to establish an enterprise directly engaged in interstate or foreign commerce. It does not allege that the Defendants were engaged in the production, distribution, or acquisition of goods or services that crossed state lines. The alleged activities concern matters that occurred within Ohio only. The alleged predicate acts occurred at meetings, conversations, and other interactions that occurred solely within Ohio and related solely to Plaintiff's position as a common pleas court judge and/or the day to day operations of the Common Pleas Court.

Likewise, the Second Amended Complaint fails to show that the alleged enterprise activity (alleged hostile work environment and retaliation) had a detrimental influence or affect on interstate or foreign commerce. No allegation in the Second Amended Complaint implicates any negative consequences to anyone beyond Judge Cocroft. In the end, the Second Amended Complaint lists a series of grievances that Judge Cocroft has with most of her fellow judges on the Franklin County Common Pleas bench and several of its administrative employees. Even if *every* factual allegation in the Second Amended Complaint was true, those facts simply do not add up to

conduct that impacted interstate or foreign commerce, which presumably is why it is not mentioned in the Second Amended Complaint.

### d.    Pattern

The "pattern of racketeering activity" element requires "at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). In *H.J. Inc. v. Northwestern Bell Telephone Co*., the Supreme Court held that although "two acts are necessary, they may not be sufficient." 492 U.S. 229, 237, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) (citations omitted). "Beyond setting forth the minimum number of predicate acts required to establish a pattern, the statute assumes that there is something to a RICO pattern beyond simply the number of predicate acts involved." *Kalitta Air, LLC v. GSBD & Assocs*., 591 F. App'x 338, 343 (6th Cir. 2014) (internal quotations omitted). To this end, a plaintiff must demonstrate that the racketeering acts are (1) related and (2) that they amount to, or pose, a threat of continued criminal activity. *Id.*

The Second Amended Complaint does not allege criminal activity, plain and simple. It alleges only that the Defendants worked to discredit her, obstructed internal investigations, and destroyed public records. Even if one assumes that, in doing so, the defendants engaged in some sort of criminal activity, it was isolated to the circumstances surrounding the bad faith complaint. The defendants did not pose a threat of continued criminal activity. Moreover, the Second Amended Complaint fails to identify any other related acts that might show a pattern of criminal activity.

### e.    Racketeering activity

Section 1961(1) sets forth an exhaustive list of predicate acts that can constitute "racketeering activity." In the Second Amended Complaint, Judge Cocroft alleges that the

defendants engaged "in misrepresentation, fraud, mail fraud, electronic communication fraud[,] and destruction of public records." (ECF 36, Second Amended Complaint, at ¶ 61, PageID 1828) She avers that such conduct violated O.R.C. § 2921.12, O.R.C. § 2913.42, O.R.C. § 149.351, 18 U.S.C. § 1001, 18 U.S.C. § 1018, and 18 U.S.C. § 1030.

All of the federal statutes alleged can be eliminated as RICO predicates because they clearly do not apply to this case. 18 U.S.C. §§ 1001 and 1018 only apply to misrepresentations made in federal, not state, government matters. Further, 18 U.S.C. § 1018 does not apply because the Court Defendants are not authorized by any law of the United States to give a certificate or other writing—at least Judge Cocroft does not allege that they are. Next, 18 U.S.C. § 1030 cannot be a predicate offense because there is no allegation that the Court Defendants accessed a computer and obtained national defense information, information from a financial institution or information from any department or agency of the United States. Even if these statutes could apply, there is no allegation in the Second Amended Complaint that the Court Defendants engaged in the conduct prohibited by these statutes. There is no reference to these statutes outside of a lone paragraph in Count Four. Further, there are no facts alleged as to how any of the Court Defendants were part of a criminal enterprise and/or facts as to how any of the Court Defendants altered or destroyed records to further a criminal enterprise. As such, there is a complete absence of facts to support a RICO claim against the Court Defendants.

### 2.     Injury to business or property

To maintain a RICO claim, a plaintiff must demonstrate that he was "injured in his business or property." 18 U.S.C. § 1964(c). As to RICO damages, the Second Amended Complaint alleges that the defendants "illegal enterprise***caused harm[ ] [to Judge Cocroft's] professional reputation and caused[ ] her compensable harm." (ECF 36, Second Amended Complaint, ¶ 62, PageID 1828).

In claiming reputational harm, the Second Amended Complaint fails to state a viable claim for RICO damages. It is well-established that "the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988). In turn, federal courts have consistently held that "injury to [one's] reputation, dignity and emotional damages are not the type of injuries redressable by [RICO]." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *see also Genty v. Resolution Trust Corp.*, 937 F.2d 899, 918 (3d Cir. 1991) (RICO does not recognize "physical or emotional harm to a *person*"); *Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 367 (D. Mass. 1986).

Moreover, the Second Amended Complaint's allegation of reputational harm is far too speculative. A plaintiff must plead 'concrete financial loss' to 'business or property' rather than speculative and undefined damages." *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 196 (D. Mass. 2021). The Second Amended Complaint fails to describe any pecuniary harm resulting from the alleged RICO violations. Indeed, it is bereft of any specific description of actual reputational harm that allegedly resulted.

The Second Amended Complaint's allegation of "compensable harm" is likewise insufficient. "Pleadings that merely offer 'labels and conclusions or a formulaic recitation of the elements of a cause of action,' 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or 'naked assertions devoid of further factual enhancement' will not suffice." (Citations omitted.) *Jocke v. City of Medina*, No. 22-3954, 2023 U.S. App. LEXIS 21029, at *8 (6th Cir. Aug. 11, 2023). The Second Amended Complaint, in conclusory fashion, avers that Judge Cocroft sustained reputational and compensable harm and does not allege any pecuniary losses resulting from alleged RICO violations.

### 3. Plaintiff Has Failed to Plead Proximate Causation Within the Meaning of the RICO Statute.

The final requirement to stating a RICO claim is proximate causation. Courts have interpreted the "by reason of" language in § 1964(c) to require plaintiffs to show a causal link between the violation and their injuries. *See Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ("It is well-settled that proximate cause is an essential ingredient of any civil RICO claim. The language of the statute limits the scope of liability to those injuries suffered 'by reason of' an alleged violation of one of the criminal provisions." A plaintiff "must show 'that the defendant's violation was both a factual and proximate cause of his injury.'" *Grow Michigan*, 50 F.4th at 594, quoting *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022). This requirement is "demanding" and "require[s] a RICO plaintiff to show that the defendant's racketeering offense led directly to the plaintiff's injuries," which "elevates a plaintiff's burden by requiring more than a showing of mere foreseeability." *Id.*

If a plaintiff cannot show an adequate injury or causation to state a substantive RICO claim, they similarly cannot maintain a conspiracy claim. *See Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 982 (E.D. Ky. 2018) (holding Plaintiff could not maintain a RICO conspiracy action when they failed to assert a substantive violation and failed to establish proximate cause)

There is a complete absence of facts in the Second Amended Complaint connecting any alleged predicate acts to Plaintiff's claimed injuries. Plaintiff does not connect Court Defendants to any predicate acts, much less allege how any predicate acts caused non-speculative monetary damages.

For all of the foregoing reasons, Judge Cocroft's civil RICO claim must be dismissed.

**F.** **Plaintiff's claims for Defamation (Count Seven) against Ms. Goodman and Ms. Davis is time-barred and subject to privilege.**

Plaintiff has also asserted a claim for defamation against Defendants Goodman and Davis. (ECF 36, Second Amended Complaint, ¶¶ 68-76, PageID 1829-1830). This claim must be dismissed for several reasons.

First, R.C. 2305.11(A) requires an action for defamation to be commenced within one year of the time the cause of action accrued. Under Ohio law, a claim for defamation accrues at the time the defamatory statement is published, regardless of whether the plaintiff is aware of the statement at that time. *Weidman v. Hildebrant*, 2024-Ohio-2931, at ¶ 61 (Statute of limitations for defamation claims begins to run from the date of publication, even if the injured party is unaware of the claim at that time); *Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 2015-Ohio-4396 (There is no discovery rule for defamation in Ohio, and the cause of action accrues upon the first publication of the defamatory statement); *Bell v. Ohio State Bd. of Trs.*, 10th Dist. No. 06AP-1174, 2007-Ohio-2790, at ¶ 21; *Rhoads v. Olde Worthington Bus. Ass'n*, 10th Dist. No. 23AP-324, 2024-Ohio-2178, at ¶ 54.

In this case, Plaintiff alleges that the defamatory statements by Ms. Goodman are contained within her written complaint, which was submitted by Ms. Goodman to the Court "in or around October 2022." (ECF 36, Second Amended Complaint, ¶ 21, PageID 1822). Plaintiff also claims that the defamatory conduct by Ms. Davis was providing "inaccurate information" that was included in Ms. Goodman's written complaint. (ECF 36, Second Amended Complaint, ¶ 1830, PageID 72). Since all of these actions necessarily happened on or before the date that Ms. Goodman's complaint was submitted in October of 2022, Plaintiff's defamation claims against Ms. Goodman and Ms. Davis accrued, at the latest, on October 31. 2022. This means that the statute of limitations for those claims expired, at the latest, on October 31, 2023. However, Plaintiff

did not commence this action until November 26, 2024. As a result, even assuming the truth of the allegations in the Second Amended Complaint, Plaintiff's defamation claim against Ms. Goodman and Ms. Davis must be dismissed.

Further, the statements allegedly made by Ms. Goodman and Ms. Davis related to their assertion of a claim for harassment by Judge Cocroft are privileged because they were made in the context of a quasi-judicial proceeding. In Ohio, statements made in judicial or quasi-judicial proceedings are absolutely privileged as long as they are reasonably related to the proceedings. *Hecht v. Levin*, 66 Ohio St. 3d 458, 460 (1993); *Jackson v. Conroy Rental*, 10th Dist. No. 24AP-190, 2024-Ohio-4467, at ¶ 7; *Akarah v. Ohio Dep't of Rehab.*, 23AP-743, 2024-Ohio-4499, at ¶ 17. Under Franklin County's Anti-Harassment Policy, the filing of a complaint about workplace conditions is the first step in a formal process for the investigation of workplace conditions. (ECF 36-2, Exhibit 2 to the Second Amended Complaint, PageID 1840-1843) Once the complaint is initiated, an investigation into the allegation is triggered. Id. If a violation of policy is found, the violating employee may be subject to discipline. Id. The anti-harassment policy also covers retaliatory conduct. Id. The point is this: Plaintiff's allegations about the complaint lodged by Ms. Goodman and Ms. Davis relate to this administrative process, which is a quasi-judicial proceeding. The statements made by Ms. Goodman and Ms. Davis with respect to the proceeding are privileged. As such, Plaintiff cannot maintain a defamation claim against these Defendants for statements made in relation to this proceeding as a matter of law.

**G.      Plaintiff's claim for the alleged destruction of public records under R.C. 149.351 fails as a matter of law.**

Plaintiff has asserted a claim for the alleged destruction of public records under R.C. 149.351. This statutes provides for a private civil action on behalf of an aggrieved party for "the

removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record" outside of the applicable record retention schedule. R.C. 149.351(B).

The statute does not specify who can or must be sued in an action under R.C. 149.351(B). However, subsequent cases have made clear that it is the public office, and not individual officials or employees, who are the custodians of public records and who have the duty to preserve public records. For instance, in *Ciganik v. Kaley,* 11th Dist. No. 2004-P-0001, 2004-Ohio-6029, at ¶ 41, the Court of Appeals held that a county sheriff's office, and not the sheriff individually, was the records custodian for the purpose of a claim under R.C. 149.351(B). Id. ("[Sheriff], in his capacity as an individual as opposed to that of Sheriff, has no independent responsibility for the records of the Sheriff's Department under R.C. 149.351."

In this case, the allegation in the Second Amended Complaint regarding the alleged destruction of public records is in ¶ 78, in which Plaintiff alleges that "Defendants have permanently destroyed public records in an effort to cover up their unlawful conduct, including but not limited to, destroying instant messages, calendar notations and other official documents after Judge Cocroft made multiple requests for public records to Defendants." (ECF 36, Second Amended Complaint, ¶ 78, PageID 1831). The Court Defendants have been sued individually. As they are not individually liable under R.C. 149.351, Plaintiff's claim under that statute against them fail.

In addition, in order for a person to succeed in a civil action for forfeiture pursuant to R.C. 149.351, a plaintiff must have requested public records, the public office must have been obligated to honor that request, subject to certain exceptions in R.C. 149.43(B), the office must have disposed of the public records in violation of R.C. 149.351(A), and the person must be aggrieved by the improper disposal. *Rhodes v. New Philadelphia*, 2011-Ohio-3279, at ¶16. Plaintiff has not alleged

facts showing that she made a request for the records at issue, or how she was aggrieved by their deletion if that occurred, other than her boilerplate legal conclusion that she has been aggrieved. (ECF 36, Second Amended Complaint, ¶ 79, ECF 1830).

In addition, the disclosure of court records in Ohio is governed by the Rules of Superintendence, not Ohio Public Records Act. *State ex rel. Ware v. Parikh*, 172 Ohio St. 3d 515, 517, 2023-Ohio-759, 225 N.E.3d 911. The Rules of Superintendence specifically regulate public access to court records, and the Ohio Public Records Act is generally inapplicable to such records. Id. R.C. 149.351 applies only to the improper disposal of records subject to the Ohio Public Records Act. As a result, Court records are *not* subject to the requirements of R.C. 149.43, and their disposal, improper or otherwise, is not subject to suit under R.C. 149.351. *See also, State ex rel. Harris v. Pureval,* 155 Ohio St.3d 343, 2018-Ohio-4718, ¶ 11. (Requests for documents governed by Rules of Superintendence which do not authorize statutory damages under any circumstances.)

For the above reasons, Plaintiff's claim for the improper destruction of court records fails as a matter of law, even assuming the truth of the allegations in the Second Amended Complaint.

**H.    Based on the *O'Shea* abstention doctrine, the Court should abstain from considering Plaintiff's claims for injunctive relief related to the operation of the Franklin County Court of Common Pleas.**

Plaintiff's Second Amended Complaint seeks broad injunctive relief targeting the internal administrative policies of the Franklin County Common Pleas Court. This includes injunctions against Defendants and "their officers, agents, [and] employees" with respect to their ongoing employment practices and an order that Defendants institute broad and unspecified employment practices and policies. (ECF 36, Second Amended Complaint, PageID 1831). Plaintiff also seeks an order ensuring that the policy and practice changes she seeks are "carried out and adhered to by Defendants and their officers, agents [and] employees." Id. Finally, she seeks an order requiring

27

Defendants "to make Judge Cocroft whole by providing her with any affirmative relief necessary to eradicate the effects of unlawful employment practices and constitutional violations." Id. Thus, Plaintiff is asking the Court to craft policies for the Franklin County Common Pleas court, to effectuate those policies, and to monitor and/or enforce them indefinitely.

The Sixth Circuit has interpreted *O'Shea* as an almost total bar on "supervisory injunctive relief" claims against state courts. *See Parker v. Turner* 626 F.2d 1, 6-7 (6th Cir. 1980) (Supervisory injunctive relief may be available against state agencies where appropriate but "[w]hen the state agency in question is a state court, however, the equitable restraint considerations appear to be nearly absolute."). *See also Larson v. Franklin Cty. Court of Common Pleas*, No. 81-3184, 1982 U.S. App. LEXIS 11688, at *6-7 (Equitable restraint appears absolute when conduct or policies of state courts "are sought to be enjoined" and "it is obvious that any federal declaration that policies and practices of state judges are unconstitutional would impact…pending state judicial proceedings.").

The Court should abstain because Plaintiff's requests for injunctive relief would require the Court to engage "an ongoing federal court audit" of state court administrative practices. *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). The Court would need to undertake an indefinite amount of enforcement for an indefinite time regardless of the constituency of the Common Pleas Court or other changes that may take place in the future. Further, such relief risks potential disruption of the Franklin County Common Pleas Court's normal state proceedings.

Indeed, if this Court were to accept Plaintiff's invitation to exercise injunctive authority over all of the issues about which she has complained, the areas of Court operations that this Court would be overseeing would include *at least* the following:

- Training. (ECF 36, Second Amended Complaint, ¶ 21, PageID 1821)

- Notification of "justice partners" about Court issues. Id.

- The manner in which the Court makes updates to internal documents. Id.

- The distribution of Court resources, training and administrative support. Id.

- The administration of the Court's leave policies. Id.

- Administration of the internal complaint process. Id.

- Policies regarding access to Court-owned computer systems. (ECF 36, Second Amended Complaint, ¶ 22, PageID 1822).

- Enforcement of Court policies. (ECF 36, Second Amended Complaint, ¶ 22, PageID 1823).

- The process and prioritization of technology upgrades. Id.

- The civility of interactions between judges. (ECF 36, Second Amended Complaint, ¶ 30, PageID 1824).

- The manner in which the Court reviews and updates its policies.

- Docket management. Id.

- Distribution of contact information for judges. Id.

- Retention policy for public records. Id.

- Policies related to press releases. Id.

- The manner in which Judges' Meetings are conducted. Id.

- The manner in which cases are assigned by the Court to specific judges. Id.

In short, Plaintiff would have this Court exercise control over nearly every operational aspect of the operation of the Franklin County Common Pleas Court in the name of stamping out the discriminatory treatment that she claims in the Second Amended Complaint. This is clearly the type of supervisory injunctive control over state courts that is prohibited under *O'Shea*. As such, abstention is warranted. *Id.* at 501.

29

Finally, as noted, Plaintiff's Second Amended Complaint makes allegations concerning a broad course of conduct, much of which occurred in the past. To the extent past conduct serves as the basis for Plaintiff's claims for injunctive relief, additional reasons merit abstention and dismissal. *See Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cirt. 2020) ("[T]he Supreme Court has not been sympathetic to claims that past occurrences of unlawful conduct create standing to obtain an injunction against the risk of future unlawful conduct.")

I. **To the extent Plaintiff bases any portion of her claims on the actions of the Defendant Judges within the scope of their jurisdiction, they are entitled to absolute judicial immunity.**

Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money damages. See *Ward v. City of Norwalk*, 640 Fed. Appx. 462, 466 (6th Cir. 2016); *Mobley v. O'Donnell,* 10th Dist. No. 19AP-440, 2020-Ohio-469, at ¶ 20. The doctrine of absolute judicial immunity is "founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions" without the threat of suit. *Figueroa v. Blackburn*, 208 F. 3d 435, 441 (3rd Cir. 2000). The immunity is only lost where the judge's actions that gave rise to suit were: (1) non-judicial in nature; or (2) were "taken in the complete absence of all jurisdiction." *Ward*, 640 Fed. Appx. at 466.

Some of Plaintiff's claims against her fellow judges are based on disputes regarding the operations of the Court, such as staff training, administrative assignments, docket issues, and even when and how photos are displayed in the courthouse. Claims of this kind do not necessarily trigger judicial immunity. However, given the vague and general allegations in Plaintiff's Complaint, it is difficult to determine whether every claim Plaintiff has made falls outside of the scope of judicial immunity. To the extent that Plaintiff has asserted claims which implicate decisions made by the Defendant Judges within the scope of their jurisdiction and in the performance of their judicial functions, they are entitled to absolute judicial immunity from such claims.

**J.      Court Defendants are entitled to quasi-judicial immunity related to the administrative proceedings for the investigation of harassment complaints under the Court Anti-Harassment Policy.**

Aside from the portion of her Second Amended Complaint related to the circumstances of her time as Administrative Judge (which are time-barred), a significant portion of Plaintiff's Second Amended Complaint relates to the harassment complaint made by Ms. Goodman (which Plaintiff vaguely refers to as a "bad faith complaint" and the alleged failure of the Defendant Judges to properly investigate Plaintiff's own complaints. (ECF 36, Second Amended Complaint, ¶¶ 21, 24-26, Page ID 1822-1823). These complaints—and the subsequent actions or omissions of the Court Defendants related to those complaints—are part of a formal administrative complaint and investigation process under the Court's Anti-Harassment Policy. (ECF 36-2, Anti-Harassment Policy, PageID 1840-1842). As set forth above, those proceeding are quasi-judicial proceedings. Thus, the Court Defendants are entitled to quasi-judicial immunity for claims arising from their actions relative to those proceedings, as a matter of law.

**K.      Plaintiff's Second Amended Complaint fails to assert facts sufficient to state a claim for relief against the Court Defendants.**

The defects that have been described above largely exist irrespective of how many or how few facts have been pled by the Plaintiff. That is, the issues above go to the legal insufficiency of the claims asserted in the Second Amended Complaint. However, the Second Amended Complaint is also factually insufficient, because it does not contain facts sufficient to sustain a plausible claim for relief against the Court Defendants

Plaintiff's initial and first amended complaint did not meet the requirements for a pleading under Fed. R. Civ. P. 8(A) because the actual allegations against individual defendants were buried in an avalanche of facts. Plaintiff's Second Amended Complaint has the opposite problem, as it fails to set forth facts that show Plaintiff has a "plausible entitlement to relief." *Bell Atlantic Corp.*

31

*v. Twombly,* 550 U.S. 544 (2007). In fact, the Second Amended Complaint alleges no specific facts about most of the Defendants. As for the few Defendants about whom there are at least a few individual allegations, those allegations do not state a claim for relief. Thus, the Second Amended Complaint leaves each Defendant to guess at the factual basis for the claims against them.

A pleading will satisfy the plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plausibility does not require probability but it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S at 679, quoting Fed. R. Civ. P. 8(a)(2). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich*., Inc., 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

1. **The Second Amended Complaint asserts no specific factual allegations against Defendants McIntosh, Holbrook, Lynch, Serrrott, J. Brown, C. Brown, Young, Phipps, Hawkins, Aveni, and Munson.**

The Second Amended Complaint alleges no specific facts about the conduct of many of the individual Defendants. In fact, the only mention of Judges McIntosh, Holbrook, Lynch, Serrrott, J. Brown, C. Brown, Young, Phipps, Hawkins, Aveni, and Munson is in the preliminary statement and in Paragraph 3. These allegations, however, are merely legal conclusions that these

Defendants "engaged in discriminatory, retaliatory, and hostile conduct and a pattern of corrupt activity" in their capacity as judges. (ECF 36, Second Amended Complaint, PageID 1818-1819). These allegations do not satisfy the "plausibility" standard under *Iqbal/Twombly*.

Throughout the Second Amended Complaint, Plaintiff alleges blanket allegations about all Defendants. For instance, in Paragraph 21, Plaintiff lists 18 ways that she claims she was retaliated against. However, she does not allege which Defendant took which action. The same is true for Paragraphs 22 and 30. Presumably, Plaintiff will claim that these allegations apply to all Defendants. This form of generalized pleading, however, which contains only collective allegations against all defendant, is not sufficient to state a claim for relief against any individual defendant. *Marcilis v. Twp. of Redford,* 693 F.3d 589, 597 (6th Cir. 2012) (Complaint properly dismissed for failing "to 'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.'"), citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

The Second Amended Complaint does not allege facts demonstrating what specifically Judges McIntosh, Holbrook, Lynch, Serrrott, J. Brown, C. Brown, Young, Phipps, Hawkins, Aveni, and Munson did to violate Plaintiff's constitutional rights or otherwise commit the torts alleged by the Plaintiff. As such, Plaintiff's Second Amended Complaint does not state a plausible entitlement to relief against any of these Defendants

> **2.    The Second Amended Complaint is insufficient to state a claim against Defendant Stacy Worthington and Susan Bedsole because it asserts no specific facts of any kind about their conduct.**

There are no specific facts or allegations in the Second Amended Complaint about Defendant Stacy Worthington. The only references to Ms. Worthington are in the Preliminary Statement and in Paragraph 7, which alleges that she is the Director of Court Support Services. (ECF 36, Second Amended Complaint, ¶ 7, PageID 1820). These allegations, if true, are not

sufficient to support any cause of action against Ms. Worthington. As such, Ms. Worthington must be dismissed for this further reason.

The same is true for Defendant Susan Bedsole. Other than being included in the Preliminary Statement, the only allegation about Ms. Bedsole is that she was hired as Deputy Court Administrator, resigned in October, 2024, and was rehired in January, 2025 for a salary hirer than what was posted. (ECF 36, Second Amended Complaint, ¶ 5, PageID 1819). Again, these allegations, if true, are not sufficient to support any cause of action against Ms. Bedsole. As such, Ms. Bedsole must be dismissed for this further reason as well.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com
*Attorneys for Court Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 22, 2025, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)