IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Cocroft, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| Franklin County, Ohio, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

**DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFF PRO SE'S MOTION REQUESTING PERMISSION TO SUBMIT AUDIO EVIDENCE AS EXHIBITS PURSUANT TO LOCAL R. 7.2**

Defendants jointly oppose Plaintiff's Motion Requesting Permission To Submit Audio Evidence As Exhibits Pursuant to Local R. 7.2. (Doc. 39) for the following reasons.

- **Plaintiff Cannot Rely on Extrinsic Evidence in Response to a Motion to Dismiss.**

Plaintiff is asking the Court to allow her to submit evidence outside of the pleadings in opposition to Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(B)(6). "When a party moves to dismiss an action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise." *Chun Ok Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993). Indeed, Rule 12(d) provides that "[i]f…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. A district court must limit its review to the allegations in the complaint when considering motions to dismiss. Thus, Plaintiff's Motion for Leave is an improper attempt to proffer evidence in response to a motion to dismiss, the review of which is limited to

the complaint itself. This review cannot consider extrinsic evidence. *See Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982).

Moreover, the audio recordings that Plaintiff now asks the Court to consider are not part of the pleadings in this case and never have been. Plaintiff filed her initial Complaint on November 26, 2024 and her First Amended Complaint on December 12, 2024. (Doc. 1, Complaint; Doc. 12, Amended Complaint). In both pleadings, Plaintiff referenced multiple audio recordings as "exhibits." However, Plaintiff never filed any of the referenced recordings and did not provide them to Defendants. Plaintiff's Second Amended Complaint makes no mention of the audio recordings. Plaintiff did not cite them as exhibits. (Doc. 36, Second Amended Complaint). Quite simply, these purported recordings have never been a part of the pleadings in this case, and Plaintiff cannot rely on extrinsic evidence in opposing the pending motions to dismiss. Plaintiff's Motion for Leave should be denied.

- **Plaintiff's Motion for Leave Seeks to Amend her Complaint.**

The Second Amended Complaint is the operative pleading. See *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward.") Further, as mentioned, a court evaluating a motion to dismiss "must focus only on the allegations in the pleadings" and "[t]his rule applies just as much when the plaintiff attaches evidence to its opposition [to a motion to dismiss] as when (as is more common) the defendant attaches evidence to its motion." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

By seeking to bolster and add to the facts set forth in her Second Amended Complaint, Plaintiff is really seeking to amend her complaint for a third time. Plaintiff should not be permitted

to do so. . To properly amend her complaint, , Plaintiff must file a Motion for Leave to Amend pursuant to Fed. Civ. R. 15, which includes submitting the proposed amended pleading. She cannot do so through a memorandum in opposition to a motion to dismiss. *Id.* at 483-484 ("Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."); *Hill v. Ohio State Univ. T&L*, Case No. 2:12-cv-984, 2013 U.S. Dist. LEXIS 73950 (S.D. Ohio May 24, 2013), at *8, citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Plaintiff's failure to seek leave to amend her complaint is another basis upon which her Motion for Leave should be denied.

- **Plaintiff's Motion for Leave is Inapposite to the Court's July 2, 2025 Order.**

In dismissing Plaintiff's First Amended Complaint and notifying her of the possibility of dismissal with prejudice for violations of Fed. Civ. R. 8, the Court found that Plaintiff's First Amended Complaint was "verbose, redundant, and [lacking] a meaningful connection between the events she alleges… and the legal claims she seeks to raise." The Court also found that Plaintiff's Amended Complaint generated "confusion over Plaintiff's claims rather than providing Defendants with fair notice of her claims and the grounds upon which they rest." (Doc. 35, Order).

Though she has shortened her complaint, Plaintiff's attempt to incorporate these audio recordings repeats the same mistake that the Court identified with respect to her previous complaints. This time around, Plaintiff seeks to bury the Defendants and this Court in an avalanche of audio recordings instead of an avalanche of written words and exhibits. However, asking Defendants and the Court to review a 150-page complaint or asking them to listen to hours of recorded audio both require that Defendants and the Court "fish a gold coin from a bucket of mud." The problem remains the same regardless of the medium and leave should be denied.

- **Plaintiff's Claims Fail as a Matter of Law Regardless of the Amount of Facts.**

Defendants also submit that Plaintiff's attempt to incorporate materials outside of the pleadings is a tacit admission that the Second Amended Complaint fails to state a claim for relief against the Defendants. As noted previously by the Defendants, the core problem with the Plaintiffs' complaints is that her claims are barred as a matter of law. Whether thousands of words or hours of recordings, no amount of facts changes Plaintiff's status as an elected public official who cannot bring the employment-related claims she attempts to assert nor do they change the applicable statute of limitations that bars Plaintiff's defamation claims. Plaintiff should not be granted leave. Instead, her claims should be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion Requesting Permission To Submit Audio Evidence As Exhibits Pursuant To Local R. 7.2 should be denied.

Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com
*Attorneys for Court Defendants*

/s/ *Andrew N. Yosowitz*
Andrew N. Yosowitz	(0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor	(0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2025, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
