**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY COCROFT, | : | Case No. 2:24-cv-04208 |
| Plaintiff, | : | District Judge Michael J. Newman |
| | | Magistrate Judge Caroline H. Gentry |
| v. | : | |
| FRANKLIN COUNTY OHIO, *et al.,* | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF MOTION OF PLAINTIFF *PRO SE***
**REQUESTING PERMISSION TO SUBMIT AUDIO EVIDENCE AS EXHIBITS**
**PURSUANT TO LOC. R. 7.2 (ECF NO. 39)**

Now comes Plaintiff *pro se* and files her reply in support of her motion requesting permission to submit audio evidence as exhibits, pursuant to Loc. R. 7.2. (ECF No. 39.) A memorandum in support follows.

Respectfully submitted,

s/ Kimberly Cocroft
Kimberly Cocroft
Plaintiff *Pro Se*
345 S. High Street, #4E
Columbus, OH  43215
Email: kimberlycocroft@gmail.com
Telephone:  (380) 260-3123

1

## **MEMORANDUM IN SUPPORT**

Once again, Plaintiff is left surprised by the decision of Defendants to band together in opposition to her request for permission to file audio exhibits. (Joint Memorandum, ECF No. 42.) This is especially true given the fact that in the first iteration of Court Defendants' motion to dismiss, they wrote, "The Amended Complaint references 132 exhibits. However, Plaintiff failed to file nine Exhibits that were referenced in the Amended Complaint and has not provided these Exhibits to Defendants or their counsel, even after several [requests to receive them]."[1] (Motion to Dismiss, Doc. No. 29, PageID # 1670.) Now that Plaintiff is seeking this Court's permission to file the exhibits that at least Court Defendants represented they wanted and wrongly stated they requested but never received, all Defendants now assert that Plaintiff's request is improper. While the incessant attempt to have this litigation both ways is disorienting and disingenuous, Plaintiff contends that her request is based on established case law and this Court's own local rules.

Defendants first assert that Plaintiff "is asking the Court to allow her to submit evidence outside of the pleadings" and that her motion for leave "is an improper attempt to proffer evidence in response to a motion to dismiss, the review of which is limited to the complaint itself." (Joint Memorandum, ECF No. 42 at 2129-2130.) Defendants further maintain that these "purported recordings" (Joint Memorandum, ECF No. 42 at 2130) have never been part of the pleadings in this case. These assertions, however, are patently false. As an initial matter, Plaintiff articulated in her responses in opposition that the audio exhibits were created contemporaneous to the allegations referenced in her Second Amended Complaint. For example, Plaintiff alleged that Court Defendants collaborated to develop a plan of blackmail to force her resignation as Administrative Judge. (Second Amended Compl., ¶ 21(h), ECF No. 36 at 1822.) In support of that properly pled

---

[1] Plaintiff's bracketed text is her best guess regarding what Court Defendants' intended to say, as the original statement ended after the word, "several".

allegation, Plaintiff referenced Audio Exhibit 1 in her response in opposition (e.g. ECF No. 40 at 1945, 1952, 1971), which is audio evidence of Plaintiff's conversation with Defendant Frye wherein he implemented Court Defendants' common plan and scheme. Similarly, Plaintiff asserted that Franklin County Defendants Hummer and Dean expressed a concern regarding a potential conflict of interest, a willingness to engage special counsel based on the potential conflict and a commitment to secure an outside investigation through Defendant Franklin County regarding her claims of race and gender discrimination, hostile work environment and retaliation. (Second Amended Compl, ¶¶ 27-28, ECF No. 36 at 1823.) To that end, Plaintiff referenced Audio Exhibit 1 (ECF No. 41 at 2055) and Exhibit 5 (ECF No. 41 at 2057), which are contemporaneous recordings of Plaintiff's conversations with Hummer and Dean regarding those representations. In other words, Plaintiff's responses in opposition clearly articulate how each audio exhibit relates to the allegations outlined in her Second Amended Complaint.

Despite their arguments, Defendants cannot reimagine the plain language of Loc. R. 7.2(e) that states, "Evidence shall be presented, in support of or in opposition to any motion, using. . .other documentary or electronic exhibits. Unless already of record, such evidence shall be attached to the memorandum or included in an appendix thereto. Physical evidence that cannot be attached to a memorandum shall be filed separately with the Clerk." This rule is supported by *Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008), where the Court reasoned, "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)." *Id.* at 430. The *Barrett* decision makes clear that in deciding this issue, the Court should consider

whether the evidence is referenced in the complaint and whether it is central to the litigant's claims. Here, Plaintiff meets both criteria – the information included in the audio exhibits is not only referenced in Plaintiff's Second Amended Complaint but is central to her claims of race and gender discrimination, hostile work environment and retaliation. Indeed, the audio exhibits, which are very real and not "purported" as Defendants insinuate, not only amplify Plaintiff's allegations but also demonstrate that her claims are more than a laundry list of disagreements or dissatisfaction with advice she received, as Defendants attempt to suggest in their respective motions to dismiss.

Moreover, Plaintiff's motion is not a disguised request for leave to file another amended complaint. (Joint Memorandum, ECF No. 42 at 2130.) In truth, Plaintiff has no idea why Defendants would make such an unsupported assertion when Plaintiff has articulated repeatedly that the audio exhibits relate directly to the allegations outlined in her Second Amended Complaint and were recorded at the same time giving rise to the allegations. Plaintiff has also stated emphatically that there is no one who would prefer that this difficult and discriminatory circumstance never existed more than her. Indeed, the necessity of filing a Third Amended Complaint would suggest that the discriminatory, hostile, and retaliatory behavior she has endured for over four years was still ongoing, and the prospect of perpetual prejudice is entirely unacceptable to Plaintiff.

Finally, Defendants' continual use of fatalist language to describe evidence associated with Plaintiff's serious allegations is bizarre. Concisely, Defendants continue to describe five audio exhibits related to Court Defendants and seven audio exhibits related to Franklin County Defendants as Plaintiff seeking to "bury the Defendants and this court in an avalanche of audio recordings. . . ." (Joint Memorandum, ECF No. 42 at 2131.) Merriam Webster defines avalanche as "a sudden great or overwhelming rush or accumulation of something." It is difficult for Plaintiff

to imagine that the four lawyers representing Court Defendants and the two lawyers representing Franklin County Defendants would be overwhelmed by a total of twelve exhibits, ten of which are no more than six minutes in length, as Loc. R. 7.2(e) permits only pertinent portions of exhibits to be presented. But instead of focusing on the plain text of the rule or even their own discriminatory, hostile and retaliatory behavior, Defendants have chosen to create a red herring distraction by pointing to and continuing to discuss Plaintiff's Amended Complaint that, pursuant to this honorable Court's order (ECF No. 35) is no longer under consideration. But even assuming *arguendo* that it was permissible and proper to consider a prior iteration of Plaintiff's pleading, Defendants have acknowledged that they had actual notice of the audio exhibits and their intersection with Plaintiff's allegations.

Finally, Plaintiff's request for permission to file audio exhibits is not a tacit or explicit admission that she has failed to state a claim against Defendants as a matter of law. Rather, Plaintiff's request is precisely what she said it was in her motion – it is her attempt to exercise the permissive latitude granted pursuant to Loc. R. 7.2(e).

Defendants' persistent resistance leads Plaintiff to wonder – if Defendants sincerely believe that what she has alleged is nothing more than a recitation of anecdotes, disagreements, disappointment, and deteriorating relationships rather than discrimination, hostile work environment and retaliation, then why argue against the submission of the audio exhibits? If Defendants' arguments are legitimate, then there is nothing about which they should be concerned because these audio exhibits may "prove" their assertions. But if Plaintiff's allegations and representations are legitimate, and they are, then it seems that Defendants who serve as integral and necessary participants in leading and protecting our system of justice would be more invested in determining and exposing the truth rather than covering up and protecting prevarications.

5

For the foregoing reasons, Plaintiff respectfully requests that the Court find her motion requesting permission to submit audio evidence as exhibits pursuant to Loc. R. 7.2 is well-taken and grant the same.

Respectfully submitted,

/s/ Kimberly Cocroft

Kimberly Cocroft (0073146)
Plaintiff *Pro Se*
345 S. High Street, #4E
Columbus, OH 43215
Email: kimberlycocroft@gmail.com
Telephone: (380) 260-3123

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 14th day of August, 2025, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of interest participating in the CM/ECF system.

/s/ Kimberly Cocroft
Kimberly Cocroft