**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY COCROFT, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| FRANKLIN COUNTY, OHIO, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

**DEFENDANTS FRANKLIN COUNTY, OHIO, JEANINE HUMMER**
**AND THERESA DEAN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff's Response in Opposition to Defendants Hummer, Dean and Franklin County's Motion to Dismiss does not contain law or facts that can save Plaintiff's Second Amended Complaint. For the additional reasons below, Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 38) should be granted.

**A.  THE EXHIBITS ATTACHED TO PLAINTIFF'S RESPONSE IN OPPOSITION SHOULD NOT BE CONSIDERED WHEN RULING ON DEFENDANTS' MOTION TO DISMISS; HOWEVER, SHOULD THE COURT WISH TO CONSIDER THEM, THE EXHIBITS FAIL TO SHOW ANY EVIDENCE OF DISCRIMINATION ON THE PART OF DEFENDANTS.**

As part of her Response in Opposition, Plaintiff has filed nine exhibits, mostly emails, that were not filed with the Second Amended Complaint. (See e.g. Docs. 41-1 to 41-9). The law is clear that a district court should "expressly reject evidence outside the complaint that is attached to a 12(b)(6) motion or an opposition to such motion" if it does not with to treat the motion as a summary judgment motion. *Courser v. Michigan House of Representatives*, 831 F. A'ppx. 161,

169 (6th Cir. 2020). It is true that "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [a] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (quotation omitted). Plaintiff does not say what category her exhibits fall under. To the extent that Plaintiff argues that the extraneous exhibits are public records, this exception "allows a court to conclude only that the record exists; [it] does not allow the court to treat all information in the record as true." *Blackwell v. Nocerini*, 123 F.4th 479, 487 (6th Cir. 2024).

Whether the exhibits are admissible or not, they do not help Plaintiff's case because they fail to show any type of discriminatory animus by Ms. Hummer, Ms. Dean (or anyone else). Exhibits 41-1 and 41-3 are emails from non-party John Zervas to all of the Franklin County judges requesting that they look for any responsive records to a public records request. (Emails, Docs. 41-1 and 41-3, PageID # 2112, 2114). Doc. 41-4 is an email from Jeanine Hummer to Plaintiff discussing a judge's meeting, public records and policies and procedures. (Doc. 41-4, PageID # 2115). The e-mail ends with Ms. Hummer writing to Plaintiff: "My goal is that we better the Court so that when there are significant issues, a judge has a process to address them." Nothing about that statement or the entire email could plausibly be construed as discriminatory. Doc. 41-9 is an email exchange between Plaintiff and Ms. Dean and Ms. Hummer regarding whether the Franklin County Prosecutor's Office has a duty to appoint counsel to represent Plaintiff in her claims against Franklin County and Franklin County officials. (Doc. 41-9, PageID # 2126-28). Plaintiff and Ms. Dean clearly disagree about the duty, but that is hardly evidence of discrimination. Ms. Dean even offered to contact the Ohio Supreme Court to determine if a duty existed. (*Id.* at PageID # 2127).

2

Doc. 41-7 is an email from non-party Amy Hiers to Judge Cocroft explaining that ethics counsel had advised the Franklin County Prosecuting Attorney not to defend Plaintiff in a mandamus action because Plaintiff had pending litigation against both Franklin County, and prosecutors Hummer and Dean. (Doc. 41-7, PageID # 2121). The Prosecuting Attorney's decision to heed the advice of ethics counsel is in no way discriminatory. At bottom, the exhibits attached to Plaintiff's Response in Opposition confirm what Defendants Franklin County, Jeanine Hummer and Theresa Dean have argued all along—that there is no cognizable claim for discrimination against them.

**B.** **ELECTED OFFICIALS CANNOT MAINTAIN AN ACTION UNDER TITLE VII**

Plaintiff fails to cite a single federal case permitting an elected official to maintain a Title VII claim. Start with the plain language of the statute: "the term employee means an individual employed by an employer, except that the term employee shall not include any person elected to public office in any State or political subdivision of any State…" 42 U.S.C. § 2000e(f). Next, turn to the case law interpreting Title VII. "Courts have routinely recognized that local elected officials are not employees under the plain meaning of Title VII." *Doward v. City of Kettle River*, Case No. 23-cv-1798, 2024 U.S. Dist. LEXIS 37424, *3-4 (D. Minn. Jan. 31, 2024) (citing cases); *Frank v. Harris Cty.*, Case No. H-99-2383, 2002 U.S. Dist. LEXIS 29291, *10-11 (S.D. Tex. Dec. 19, 2002) ("Constable Chambers cannot be considered an "employee" under Title VII because as an elected official, he does not act under the control of the government in which he serves.") (citing cases); *Gay v. City of Coll. Park Ga.*, Case No. 1:23-cv-1899, 2023 U.S. Dist. LEXIS 197161, *10 (N.D. Ga. Nov. 1, 2023) (dismissing city councilman's Title VII claim); *Nowlin v. Lake City,* No. 4:10-01857, 2012 U.S. Dist. LEXIS 32483, 2012 WL 831492, at *3-4 (D.S.C. Mar. 12, 2012) (municipal court judge exempt from Title VII protection).

3

Plaintiff is an elected judge of Franklin County, Ohio and, therefore, is not entitled to Title VII protection.

Plaintiff's attempts to counter Title VII's plain language are unavailing. First, Plaintiff points to the Franklin County Court of Common Pleas' "Code of Ethics and Conduct" policy and the Code of Judicial Conduct to argue that she is a Title VII employee. Plaintiff cites no authority for the proposition that elected officials bound by a code of conduct are employees within the meaning of Title VII. Second, Plaintiff argues that the elected official exemption does not include "employees subject to the civil service laws of a State government, governmental agency or political subdivision." (Resp. in Opp., Doc. 41, PageID # 2070). But elected officials are not subject to the civil service laws of the State of Ohio. See Ohio Rev. Code § 124.11(A)(1) (excluding all officers elected by popular vote from the classified service and the requirements of Ohio Rev. Code Chapter 124). Unclassified positions, like that of an elected judge, are "exempt" from all civil service requirements. Ohio Rev. Code § 124.11(A); *see also Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 158-59 (6th Cir. 2004) (holding that an Ohio magistrate is not subject to the civil service laws of Ohio). More importantly, Plaintiff does not cite any federal case in which an elected official was deemed to be protected by Title VII.

Lastly, Plaintiff's reliance on *City of Wayne v. Miller*, Case No. 364138, 2024 Mich. App. LEXIS 4382 (Mich. Ct. App. June 6, 2024) is misplaced. As an initial matter, there was no Title VII claim in *City of Wayne*. There, the Court was interpreting Michigan's Elliott-Larson Civil Rights Act ("ELCRA"), MCL 37.2101 *et. seq*. *Id*. at *1. Second, any discussion about Title VII was dicta. In fact, the Court made clear that Michigan's ELCRA is much different than Title VII: "Although we have been encouraged to take guidance from federal interpretations of Title VII, we do not believe that we are required to read extensive language from Title VII into the ELCRA,

4

language that the [Michigan] Legislature did not see fit to include." *Id*. at *13. Accordingly, *City of Wayne*, a Michigan court of appeals case, is of no precedential or persuasive value here. Title VII does not provide elected officials with a cause of action. Plaintiff is an elected official. As a result, her Title VII claim fails.

**B.      PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM UNDER 42 U.S.C. § 1981**

Plaintiff's arguments opposing dismissal of her 42 U.S.C. § 1981 claim lack merit. Relying on an out of circuit case, Plaintiff argues that private individuals—Jeanine Hummer and Theresa Dean in this case—can be held liable for violating § 1981. The law in this circuit is clear: "§ 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his individual capacity." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (affirming the district court's dismissal of the § 1981 claims against the individual defendants acting in their individual capacity). Absent a clear directive from the Supreme Court, this Court is bound by Sixth Circuit precedent. *United States v. Gleaves*, 654 F. Supp.3d 646, 650-51 (M.D. Tenn. 2023).

Even if Plaintiff could maintain a § 1981 claim against Defendants Hummer and Dean, it would still fail because Plaintiff has failed to allege a *contractual* relationship between herself and Defendants Hummer and Dean. Recall that § 1981 only offers relief when racial discrimination impairs an existing contractual relationship. *Talwar v. Catholic Healthcare Partners*, 285 Fed. Appx. 800, 803 (6th Cir. 2007). Instead, Plaintiff alleges a *statutory* relationship. (Resp. in Opp., Doc. 41, PageID # 2080). Ohio Rev. Code § 309.09 provides that the prosecuting attorney shall be the legal advisor for all county officers and boards. But a statutory relationship is not a contractual relationship.[1] There is no mutuality of obligation between the parties. *See e.g. Union Commer.*

---

[1] The only case on point that the undersigned could locate is *Ward v. Superior Court*, 70 Cal. App.3d 23 (Calif. Ct. App. 1977). In that case, the Court held that "the basis of the attorney-client

5

*Servs. v. FCA Int'l Operations, LLC*, 785 Fed. Appx. 309, 313 (6th Cir. 2019) (finding that obligation to comply with federal statutes is not a contractual obligation, it is a statutory obligation); *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 779 (N.D. Ill. 2007) (distinguishing contractual obligation from statutory obligation in the context of FLSA).

Plaintiff argues that the Franklin County Court of Common Pleas Code of Ethics and Conduct and a Franklin County Commissioners' resolution to "support[] all additional efforts…to address racism and public health disparities due to racial inequities" (Doc. 41-6, PageID # 2120) somehow creates a contract between herself and Defendants. Plaintiff is wrong. Plaintiff cites *Hines v. Humana Ins. Co.*, 689 F. Supp. 3d 516 (S.D. Ohio 2023) in support. But *Hines* cuts the other way. *Hines* held that an employee handbook was not a contract. *Id*. at 539. Further, this Court reasoned that, for an employment manual to constitute an implied contract, the employee "must prove the existence of each element necessary for the formation…of a contract, including offer, acceptance, consideration and mutual assent." *Id*. at 538. First, Plaintiff does not even present this Court with an employment manual. Rather, Plaintiff tries to cobble a contract together from a single policy from the Court of Common Pleas and a single resolution from the Franklin County Commissioners. Second, the resolution (Doc. 41-6) does not bind anyone to do anything. It is a mission statement to support efforts to combat racism. There is no offer made in the resolution nor any acceptance to be had.

The results are the same with the Code of Ethics and Conduct. Look at it this way: Ohio law controls for the purpose of determining whether a contract exists. *Talwar*, 258 Fed. Appx. at 803. Under Ohio law, a valid contract requires an offer, acceptance, contractual capacity,

---

relationship in the case of public attorneys is not contractual, as is the case in the normal attorney-client relationship, but rather is statutory or mandated by a county or city charter." *Id*. at 29.

consideration, a manifestation of mutual assent and legality of object and consideration. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16 (Ohio 2002). The alleged contract must also reflect the "essential terms," with requisite definiteness and certainty. *Reedy v. Cincinnati Bengals, Inc.*, 143 Ohio App.3d 516, 521, 758 N.E.2d 678 (Ohio Ct. App. 2001). When was there an offer and acceptance between Plaintiff and Defendants Hummer and Dean? What are the terms of the contract? Plaintiff does not say. Without mutual assent of the parties, a policy manual is merely a unilateral statement of rules and policies which creates no rights or obligations. *Alexander v. Columbus State Cmty. Coll.*, 2015-Ohio-2170, ¶ 20 (Ohio Ct. App. 2015). The fact that a policy references progressive discipline is not sufficient to create a contractual relationship. *Id.* at ¶ 23. Similarly, Plaintiff's subjective belief that there is a contract is irrelevant: "[Plaintiff's] personal understanding is insufficient to prove an implied contract existed." *Id.* at ¶ 25. Plaintiff fails to allege any facts demonstrating a *contractual* relationship between herself and Defendants Dean and Hummer. Instead, Plaintiff alleges a *statutory* relationship which is not covered by § 1981.

Plaintiff's allegations of contract are even more tenuous against Franklin County, Ohio. As argued in Defendants' Motion to Dismiss, Franklin County is not Plaintiff's employer. Leaving that issue aside, there are no facts in the Second Amended Complaint plausibly alleging an employment agreement (read: contract) between Franklin County and Plaintiff. Plaintiff fails to allege the terms of any such contract and, if there were a contract, Plaintiff fails to allege what terms or conditions of the contract were impaired by discrimination. Accordingly, Plaintiff's § 1981 claim fails as a matter of law.

D. **PLAINTIFF'S 42 U.S.C. § 1983 CLAIM SHOULD BE DISMISSED**

The United States Court of Appeals for the Sixth Circuit has held that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984). The reason that Title VII provides the exclusive remedy is that "[i]t would be anomalous to hold that when the only unlawful employment practice consists of the violation of a right created by Title VII, the plaintiff can by-pass all of the administrative processes of Title VII and go directly into court under § 1983." Id. Thus, "an employee may sue her public employer under both Title VII and § 1983 when the § 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution." *Id*. at 1205 (citing *Grano v. Dep't of Development, City of Columbus*, 637 F.2d 1073 (6th Cir. 1980)). In other words, only "[w]here an employee establishes employer conduct which violates both Title VII and rights derived from another source—the Constitution or a federal statute—which existed at the time of the enactment of Title VII, the claim based on the other source is independent of the Title VII claim, and the plaintiff may seek the remedies provided by § 1983 in addition to those created by Title VII." *Id*.

So what rights that are independent of Title VII does Plaintiff allege? She alleges that her due process and equal protection rights were violated because she "has both a property and liberty interest in her employment with Franklin County." (Second Amended Complaint, ¶¶ 51-52, PageID # 1827). But the law is that Plaintiff does not have a property interest in her employment because she is an elected official. See *Snowden v. Hughes*, 321 U.S. 1, 12, 64 S. Ct. 397, 88 L. Ed. 497 (1944) ("And it is not without significance that we are not cited to and have been unable to find a single instance in which this Court has entertained the notion that an unlawful denial by state authority of the right to state office is without more a denial of any right secured by the

Fourteenth Amendment."); *Taylor v. Beckham*, 178 U.S. 548, 577, 20 S. Ct. 890, 44 L. Ed. 1187 (1900) ("The decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such. . . . In short, generally speaking, the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right."); *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (concluding that a school board member "lacks a constitutionally cognizable property interest in her employment as an elected official"); *Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) ("The Commissioners do not have a constitutional right to public employment. Public office is not property within the meaning of the Fourteenth Amendment.") (citations omitted). As a result, Plaintiff has failed to state a cognizable or plausible § 1983 claim. However, even if there were such a claim, it would still fail.

1. **Plaintiff Fails to Plead a Plausible *Monell* Claim Against Franklin County, Ohio**

As a matter of law, Franklin County cannot be liable under *Monell* because it does not make, create or enforce policies for the Franklin County Court of Common Pleas. (See generally, Mot. to Dismiss, Doc. 38, PageID # 1901-02). In response, Plaintiff relies on Franklin County's Resolution Declaring Racism as a Public Health Crisis. First, the resolution Plaintiff refers to says nothing about judges or the Franklin County Court of Common Pleas. In fact, the resolution is specifically aimed at the Board of Commissioners and its staff. See Resolution No. 0341-20, Doc. 41-6, PageID # 2117-20). Second, for this resolution to be relevant to a *Monell* claim, it must be the "moving force" behind the alleged violation of the plaintiff's constitutional rights. *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). The resolution is a mission statement to "[w]ork to progress as an equity and justice-oriented organization…to further enhance diversity and to ensure antiracism principles across Board of Commissioners leadership, staffing and contracting." (*Id*.). A policy promoting antiracism cannot be the "moving force" in a claim of

9

discrimination. Finally, even if (1) the resolution applied to the court of common pleas and (2) the resolution was violated, a violation of an otherwise sound county policy is not a basis for *Monell* liability. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384-85 (6th Cir. 2004).

Plaintiff fares no better with her "inaction" argument. (Pltf. Opp., Doc. 41, PageID # 2084-86). The Sixth Circuit articulated the requirements for a municipal liability claim made on the basis of an "inaction theory," where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched. The Court stated that, under such a theory, the plaintiff must show:

(1) the existence of a clear and persistent pattern of [illegal activity];

(2) notice or constructive notice on the part of the [defendant];

(3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and

(4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Plaintiff's allegations of discrimination begin in July of 2021. (Second Amended Complaint, Doc. 36, PageID # 1821). Without citation to the Second Amended Complaint, Plaintiff argues that she informed Hummer, Dean and the Franklin County Administrator that she had been subjected to discrimination and a hostile work environment. (Resp. in Opp., Doc. 41, PageID # 2085). Hummer and Dean work for the Prosecuting Attorney, not the Franklin County Board of Commissioners. (Second Amended Complaint, Doc. 36, ¶¶ 8-9, PageID # 1819). There is no mention of the Franklin County Administrator or the Franklin County Commissioners in the Second Amended Complaint. (*Id.*, generally). Franklin County cannot be the moving force behind discriminatory conduct when there is no allegation in the Second Amended Complaint that it knew about claims of discrimination.

10

Even if the Franklin County Board of Commissioners had some sort of oversight over the Franklin County Court of Common Pleas, there are no allegations that Franklin County tacitly approved any unconstitutional or discriminatory conduct. Lastly, as discussed further below, Plaintiff's allegations do not amount to a clear and persistent pattern of illegal activity. For all of the reasons set forth above, Plaintiff's *Monell* claim against Franklin County should be dismissed.

    **2.    Jeanine Hummer and Theresa Dean are Entitled to Qualified Immunity**

In the context of qualified immunity, "[e]ach defendant's liability must be assessed individually based on [her] owns actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). This individualized assessment "ensures[s] that a defendant's liability is assessed based on [her] own individual conduct and not the conduct of others." *Pollard v. City of Columbus*, 780 F.3d 395, 402 (6th Cir. 2015). In other words, it does not matter what Plaintiff has alleged against others. To evaluate Plaintiff's claims against Ms. Hummer and Ms. Dean, we look only at the allegations that Plaintiff has made against them.

So, what does Plaintiff allege that Ms. Hummer and Ms. Dean did that was discriminatory or created a hostile work environment: First, Plaintiff alleges that Ms. Hummer and Ms. Dean did not represent her in what Plaintiff characterizes as a "bad faith complaint" brought by a staff member of the court of common pleas against Plaintiff. (Second Amended Complaint, Doc. 36, ¶ 21(i), PageID # 1822). It would be difficult for Ms. Hummer and Ms. Dean to advise all of the judges when there were conflicting positions. Even if Ms. Hummer or Ms. Dean should have done more to advise Judge Cocroft regarding the "bad faith complaint" (which is denied and for which Judge Cocroft retained her own counsel without attempting to seek advice from the Prosecutor's Office), the failure to do so is not discriminatory or hostile. Further, Plaintiff does not cite any

11

clearly established law holding public attorneys responsible for discrimination or a hostile work environment under similar circumstances.

Similarly, Plaintiff alleges that Ms. Hummer and Ms. Dean did not represent her when she filed a complaint of discrimination against the judges of the court. By statute, the prosecuting attorney is required to be the legal advisor to all of the county's elected officials. *State ex rel. O'Diam v. Green Cty. Bd. of Commsr's*, 2020-Ohio-3503, ¶ 31 (Ohio 2020); Ohio Rev. Code 309.09. However, the prosecuting attorney is not personal counsel for an elected official who wants to sue other elected officials. Doc. 41-9 is an email exchange between Plaintiff and Ms. Dean and Ms. Hummer regarding whether the Franklin County Prosecutor's Office has a duty to appoint counsel to represent Plaintiff in her claims against Franklin County and Franklin County officials. (Doc. 41-9, PageID # 2126-28). Plaintiff and Ms. Dean clearly disagree about the duty, but that is hardly evidence of discrimination. Ms. Dean even offered to contact the Ohio Supreme Court to determine if a duty existed. (*Id*. at PageID # 2127). Doc. 41-7 is an email from non-party Amy Hiers to Judge Cocroft explaining that ethics counsel had advised the Franklin County Prosecuting Attorney not to defend Plaintiff in a mandamus action because Plaintiff had pending litigation against both Franklin County, and prosecutors Hummer and Dean. (Doc. 41-7, PageID # 2121). The Prosecuting Attorney's decision to heed the advice of ethics counsel is in no way discriminatory. There is no clearly established law holding that a public attorney is liable for discrimination when he/she declines to represent an elected official because he/she is told of or perceives a legal conflict. Even if Hummer and Dean were wrong about the legal conflict, how is that discrimination? Answer: it's not. Discrimination is treating an individual differently because of his or her race, gender, ethnicity etc. Discrimination does not occur when an attorney believes he/she has a conflict of interest even if that determination errs on the side of caution.

Lastly, Plaintiff argues that Ms. Hummer and Ms. Dean acted discriminatorily when they allegedly failed to inform Plaintiff about a public records request, but there are no facts alleging this in the Second Amended Complaint. Even if there were a practice to notify a judge about a public records request, there is no clearly established law cited by Plaintiff holding that the failure to do so is somehow discriminatory.

The Supreme Court has reminded the lower courts that an officials actions are against "clearly established" law for purposes of qualified immunity only when "'existing precedent . . . place[s] the statutory or constitutional question beyond debate.'" *White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)). The Court went on to emphasize that courts should not define "clearly established" law "'at a high level of generality.'" *Id.* at 552 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). Instead, they should look only to precedents "particularized to the facts of the case"—although, the standard does not require "a case directly on point." *Id.* at 551-52 (quoting *Mullenix*, 136 S. Ct. at 308; *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)) (internal quotation marks omitted)). The Supreme Court tells us that this narrow definition of "clearly established" functions to protect "all but the plainly incompetent or those who knowingly violate the law." *Mullenix*, 136 S. Ct. at 308 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)).

Plaintiff has the burden of providing case law holding that the alleged conduct of Ms. Hummer and Ms. Dean violated clearly established law in the circumstances they faced. Plaintiff has not done so. Plaintiff has not provided any case with even remotely similar facts holding the legal advisors for elected officials liable under § 1983 for similar conduct. As a result, Ms. Hummer and Ms. Dean are entitled to qualified immunity.

13

E. **PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE RACKETEERING CLAIM AGAINST FRANKLIN COUNTY, MS. HUMMER OR MS. DEAN**

At a basic level, racketeering requires the commission of predicate acts aka crimes. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). Plaintiff is limited to the predicate offenses she listed in the Second Amended Complaint. Those offenses are:

> Ohio Rev. Code § 2921.12 – Falsification: Requires that a person, knowing that an official proceeding or investigation is in progress, alters, destroys, conceals or removes a record, document or thing, with purpose to impair its value or availability as evidence.
>
> Ohio Rev. Code § 2913.42 – Tampering with Records: No person, knowing the person has no privilege to do so, and with purpose to defraud shall falsify, destroy, remove, conceal, alter any writing, computer software or record.
>
> Ohio Rev. Code § 149.351 – Not a criminal statute. Provides for a civil cause of action for a person aggrieved by the removal or destruction of public records.
>
> 18 U.S.C § 1001 – Statements or entries generally: Whoever, in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme or device a material fact or (2) makes any materially false, fictitious, or fraudulent statement or representation;
>
> 18 U.S.C. § 1018 – Official certificates or writings: Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false.
>
> 18 U.S.C. § 1030 – Fraud and related activity in connection with computers. This statute generally prohibits accessing a computer without authorization and obtaining national defense information or information from a financial institution or information from any department or agency of the United States.

Going from the bottom up, Plaintiff fails to allege that any Defendant knowingly accessed a computer to obtain national defense information, information of a financial record or information from any department or agency of the United States as required by 18 U.S.C. § 1030. So, 18 U.S.C § 1030 cannot be a predicate offense. Similarly, 18 U.S.C. §§ 1001 and 1018 only apply to (1) matters within the Government of the United States and (2) public officers authorized by law to

14

make or give a certificate or other writing, respectively. Plaintiff cites no cases applying either statute to local judges or local prosecutors. Plaintiff cites no evidence or case that any of the defendants in this case are "public officers" authorized by law to make or give a certificate. None of these federal statutes can plausibly or conceivably be predicate offenses for a RICO violation.

Ohio Rev. Code § 149.351 is not even a criminal statute, so it cannot be the basis for a RICO predicate offense. That leaves Tampering with Records and Falsification. Ohio Rev. Code § 2913.42 prohibits any person, with purpose to defraud from falsifying, destroying, or removing any writing, computer software, data or record. The requisite intent for tampering with records is "purpose to defraud or knowing that the person is facilitating a fraud." R.C. 2913.42(A). "Defraud" is statutorily defined as "knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." *See* R.C. 2913.01(B). Plaintiff does not allege sufficient facts supporting this predicate offense. The only references to "fraud" in the Second Amended Complaint are the conclusory allegations in Count IV. (Second Amended Complaint, Doc. 36, ¶¶ 58, 61, PageID # 1829). The Court is not required to accept conclusory statements as true. *Aschcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Falsification occurs if a person knowingly makes a false statement in any official proceeding or with purpose to mislead a public official in performing the public official's function. Ohio Rev. Code § 2921.13. An "official proceeding" is a proceeding before a legislative, judicial, administrative or other governmental agency or official authorized to take evidence under oath." Ohio Rev. Code. § 2921.01(D). Plaintiff does not allege that any official proceedings occurred in this case, let alone, false statements in an official proceeding. Plaintiff does not allege that any defendant mislead her during her performance as a jurist. The only false statements alleged by

15

Plaintiff concern Ms. Goodman's alleged "bad faith complaint," but there are no allegations that Ms. Hummer, Ms. Dean or Franklin County had anything to do with those allegations. Without plausible predicate offenses, Plaintiff's RICO claims fail.

Plaintiff fails to convincingly argue that she has pled an injury to her business or property. A plaintiff raising a RICO claim "can only recover to the extent that, she has been injured in his business or property by the conduct constituting the violation [of RICO]." *Sedima*, 473 U.S. at 495; 18 U.S.C. § 1964. To state an injury under RICO, plaintiff must allege a "concrete financial loss and not merely injury to a valuable intangible property interest." *Maio v. Aetna, Inc*., 221 F.3d 472, 483 (3d Cir. 2000). Plaintiff's allegations of emotional distress and reputational loss fail to state a concrete financial loss. *See Echeverria v. BAC Home Loans Servicing, LP*, No. 6:10-cv-1933-Orl-28DAB, 2012 U.S. Dist. LEXIS 44487, 2012 WL 1081176 (M.D. Fla. Mar. 30, 2012) To the extent Plaintiff alleges future pecuniary losses, this injury is speculative and fails to allege an injury under RICO. *See Hecht v. Commerce Clearing House, Inc*., 897 F.2d 21, 24 (2d Cir. 1990) (listing cases where allegations of pecuniary losses were insufficient to state a RICO claim). Because no concrete financial loss is alleged, Plaintiff's RICO claim fails for this reason as well.

The final requirement to stating a RICO claim is proximate causation. Courts have interpreted the "by reason of" language in § 1964(c) to require plaintiffs to show a causal link between the violation and their injuries. *See Wallace v. Midwest Fin. & Mortg. Servs., Inc.*, 714 F.3d 414, 419 (6th Cir. 2013) ("It is well-settled that proximate cause is an essential ingredient of any civil RICO claim. The language of the statute limits the scope of liability to those injuries suffered "by reason of" an alleged violation of one of the criminal provisions." (quoting 18 U.S.C. § 1964(c)). Since, Plaintiff's allegations of criminal predicate acts are conclusory, there are no

16

plausible allegations showing a causal link between the alleged violations and Plaintiff's non-financial injuries. Again, Plaintiff does not come close to pleading a plausible RICO claim.

F. **PLAINTIFF'S STATE LAW DISCRIMINATION AND RETALIATION CLAIMS SHOULD BE DISMISSED AGAINST THE FRANKLIN COUNTY DEFENDANTS.**

Plaintiff argues that Franklin County pays a portion of her salary, but that does not make Franklin County Plaintiff's employer. In a true employer/employee relationship, the employer and employee agree to salary and compensation. Not so in this case. Plaintiff's salary is set by statute. Ohio Rev. Code § 141.04(A)(4). Franklin County has no say in how much salary Plaintiff makes. Franklin County has no authority under Ohio law to hire Plaintiff, fire Plaintiff or set policies for Plaintiff's office. Ohio Rev. Code Chapters 305 and 307, generally. Without citation to the Second Amended Complaint, Plaintiff writes that Franklin County "provided policy and financial direction regarding [the Court's] use of video technology to conduct arraignments.." This allegation is not in the Second Amended Complaint. Plaintiff argues that Franklin County approves and funds the Court's budget—another allegation not contained in the Second Amended Complaint. Even if these allegations were in the Second Amended Complaint, they would not state a plausible employee/employer relationship. Under Ohio law, "[t]he key to the existence of an employment relationship is the right to control the other in the performance of work and the right to direct the manner in which it is completed." *Miller v. Hochstetler*, Case No. C.A. No. 2445, 1989 Ohio App. LEXIS 2942, *3-4 (Ohio Ct. App. July 26, 1989). Franklin County has no ability to right to control Plaintiff in the performance of her work. Franklin County cannot tell Plaintiff what cases to hear or how to rule on them. Franklin County cannot tell Plaintiff when to work on her cases. Plaintiff controls her own docket: "[A] trial court retains control over the disposition of its trial docket and the control falls within the sound discretion of the trial court." *State ex rel. S.Y.C. v. Floyd*, 2021-Ohio-3467, ¶ 12 (citing cases). The administrative judge exercises control over the entire court's

17

docket. Sup.R. 4.01(A) ("An administrative judge of a court or a division of a court shall * * * [b]e responsible for and exercise control over the administration, docket, and calendar of the court or division"). As a matter of law, Franklin County is not Plaintiff's employer. Franklin County can be an "employer" under Ohio Rev. Code Chapter 4112, but Franklin County is not Plaintiff's employer and, therefore, Plaintiff cannot bring a state law discrimination claim against it. Accord Ohio Rev. Code 4112.01(A)(2)-(3).

Under R.C. 4112.02(J), it is an unlawful discriminatory practice "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice * * *." aiding and abetting is an intentional act. *See, e.g., Horstman v. Farris*, 132 Ohio App.3d 514, 527, 725 N.E.2d 698 (Ohio Ct. App. 1999) ("[O]ne is not an aider and abettor unless he knowingly does something which he ought not to do, or omits to do something he ought to do, which assists or tends in some way to affect the doing of the thing which the law forbids[.]"); *Gibbs v. Meridian Roofing Corp.*, S.D.Ohio No. 1:17-CV-245, 2017 U.S. Dist. LEXIS 207413, 2017 WL 6451181, *6 (Dec. 18, 2017). To aid and abet under R.C. 4112.02(J), a person must "actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02." *Martcheva v. Dayton Bd. of Educ.*, 2021-Ohio-3524, 179 N.E.3d 687, at ¶ 74 (Ohio Ct. App. 2021), citing *Johnson-Newberry v. Cuyahoga Cty.*, 2019-Ohio-3655, 144 N.E.3d 1058, ¶ 21 (Ohio Ct. App. 2019).

Plaintiff's allegations fall short of pleading a cognizable claim that Ms. Hummer or Ms. Dean actively participated in or otherwise facilitated discriminatory acts. Plaintiff alleges that Ms. Hummer and Ms. Dean should have provided her with better legal advice and representation: "failing to provide instruction and/or representation….refusing to confirm whether you, as FCCP-Gen counsel, can continue to represent the Court against claims for a matter in which you provided

18

advice….declining to ensure that all responsive documents for a public record request…have been gathered…failing to provide Plaintiff, a statutorily recognized client, with notice of a public record request…" (Resp. in Opp., Doc. 41, PageID # 2104). A disagreement regarding the provision of legal advice is not discrimination. *See e.g. McGugan v. Aldana-Bernier*, 752 F.3d 224, 232 (2nd Cir. 2014) (denying ADA and Rehabilitation act discrimination claim against physician because, even if the doctor's medical analysis is flawed, such a decision is not discrimination). Even if Ms. Dean and Ms. Hummer's legal decisions were flawed (which they were not), that is not discrimination under Ohio Rev. Code 4112.02(J).

For the foregoing additional reasons, Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean respectfully request that this Court DISMISS Plaintiff's Second Amended Complaint in its entirety.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor          (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Teetor Westfall, LLC