IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kimberly Cocroft, <br><br> Plaintiff, <br><br> v. <br><br> Franklin County, *et al.* <br><br> Defendants. | Case No. 2:24-cv-04208 <br><br> Judge Michael J. Newman <br><br> Magistrate Judge Caroline H. Gentry <br><br> **Plaintiff's Motion to Stay Ruling on Defendants' Pending Motions to Dismiss** |

Plaintiff Kimberly Cocroft, by and through her newly retained counsel, undersigned, hereby respectfully requests that this Court stay its ruling on Defendants' pending motions to dismiss (Doc #: 37; Doc #: 38) in order to allow Plaintiffs' counsel 45 days to review this matter to determine (1) whether to submit supplementary briefing and/or a motion to amend the pending Second Amended Complaint to help ensure that this matter is properly resolved on its merits, and/or (2) whether this dispute might be amenable to mediation now that Plaintiff is represented.

For cause, Plaintiff respectfully submits that several fundamental legal principles warrant the requested stay:

First, it is fundamental tenet of jurisprudence within the Sixth Circuit and in the State of Ohio that cases should be resolved on their merits, and not based on "the technicalities of pleadings" or other defects in the proceedings. *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir.1986); *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982);

This is a primary reason why, "general[ly], *pro se* complaints are construed liberally for the purpose of Rule 12(b)(6) motions." *Nilsson v. Coughlin*, 670 F.Supp. 1186, 1188-1189 (S.D.N.Y.1987), *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (*per curiam*).

Additionally, Congress has recognized both "the importance of encouraging meritorious

civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large," as well as the "difficulty" that "individuals with meritorious civil rights claims" can face in securing representation "to obtain redress from the courts." *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 103, 3 L.Ed.2d 67 (1989); *Riverside v. Rivera*, 477 U.S. 561, 564, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

Accordingly, when *pro se* complaints "implicate the vindication of civil rights or civil liberties, they are construed particularly liberally." *Nilsson*, 670 F.Supp. 1186, 1188–89 (citing cases). To wit, in such cases, "[t]he court must examine the *pro se* complaint to see whether the facts alleged, or any set of facts the Plaintiff might be able to prove, could provide a basis for recovery under 42 U.S.C. § 1983." *Younger v. Chernovetz*, 792 F.Supp. 173, 175-176 (D.Conn.1992), citing, *inter alia*, *Burris v. State Department of Public Welfare*, 491 F.2d 762, 763 (4th Cir. 1974) ("[W]here a plaintiff files a civil rights claim but fails to allege a violation of 42 U.S.C. § 1983, the court should apprise plaintiff of the availability of § 1983 to allow the case to be decided on its merits rather than having it dismissed on a legal technicality. It is even more important to have civil rights claims decided on their merits when the plaintiff appears *pro se*.").

Additionally, while Plaintiff here is a licensed attorney and duly elected and presiding Judge of the Franklin County Court of Common Pleas, it is well-recognized that "even a skilled lawyer who represents h[er]self is at a disadvantage in contested litigation." *Verizon Yellow Pages Co. v. Sims & Sims, P.C.*, 15 Mass.L.Rep. 734 (2003), fn. 4, citing *Kay v. Ehrler,* 499 U.S. 432, 437-438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). This is because self-represented attorneys are "deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Id.* Which is not to mention the substantial additional

2

workload the self-represented attorney takes on, and the mental and emotional burden inherent in litigation over alleged discrimination and violations of fundamental civil rights.

Here, it is important to note that Plaintiff has made considerable effort to avoid the burdens of self-representation in this case, but has faced difficulties in retaining counsel due to the nature of this matter and the fact that several of the Defendants are also presiding Judges of the Franklin County Court of Common Pleas. Unsurprisingly, as confirmed by Plaintiff's Declaration attached hereto as **Exhibit 1**, it has been extraordinarily difficult for Plaintiff to find a capable attorney to represent her, as such attorneys are apparently and understandably concerned about taking an adverse position in contested litigation against judges before whom they practice, and/or against judges who are alleged to have intentionally and unlawfully discriminated against Plaintiff and violated her fundamental civil rights.

The salience of the aforementioned legal principles is made especially clear by Defendants' alternating complaints that Plaintiffs' pleadings in this lawsuit have been both too verbose, and not verbose enough. *See, e.g.*, Renewed Motion to Dismiss of Defendants Richard A. Frye, et al., Doc #: 37, PAGEID #: 1843 ("Plaintiff's initial and first amended complaint did not meet the requirements for a pleading under Fed. R. Civ. P. 8(A) because the actual allegations against individual defendants were buried in an avalanche of facts. Plaintiff's Second Amended Complaint has the opposite problem, as it fails to set forth facts that show Plaintiff has a 'plausible entitlement to relief.'"). Under the unique circumstances at issue here, justice requires that Plaintiff be given an opportunity, now that she finally has the assistance of counsel, to ensure that her claims are pleaded and argued in a manner that is "just right," to ensure that this dispute between the parties is resolved fully and fairly on the merits, and not due to the fact that Plaintiff, until ten days ago, was encumbered by the extraordinary burdens presented by self-representation in this case.

Finally, the requested stay will afford the parties the opportunity to explore whether this

dispute might be amenable to mediation now that Plaintiff is represented by counsel, thereby vindicating the strong public policy in favor of the resolution of disputes by agreement of the parties. *Continental W. Condominium Unit Owners Ass'n v. Howard E. Ferguson*, 74 Ohio St.3d 501, 502 (1996) ("[S]ettlement agreements are highly favored in the law."); *Marketing Displays Internatl. v. Shaw*, 93 F.4th 967, 973 (6th Cir.2024), fn. 1, quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976) ("Public policy strongly favors settlement of disputes without litigation.").

For all of these reasons, Plaintiff respectfully requests that this Court stay any ruling on Defendants' pending motions to dismiss (Doc #: 37; Doc #: 38) for at least 45 days, by which point (1) Plaintiff will have submitted supplementary briefing and/or a motion to amend the pending Second Amended Complaint to help ensure that this matter is properly resolved on its merits, and/or (2) the parties will have reported to the Court regarding the prospects of mediation or an otherwise amicable resolution of this matter.

        Respectfully submitted,

        */s/ Peter Pattakos*
        Peter Pattakos (0082884)
            *peter@pattakoslaw.com*
        Gregory Gipson (0104229)
            *ggipson@pattakoslaw.com*
        Zoran Balac (0104229)
            *zbalac@pattakoslaw.com*

        THE PATTAKOS LAW FIRM LLC
        101 Ghent Road, Fairlawn, Ohio 44333
        P: 330.836.8533 | F: 330.836.8536

        *Attorneys for Kimberly Cocroft*

**Certificate of Service**

I hereby certify that on October 6, 2025, the foregoing document was filed using the Court's electronic-filing system, which will serve the document upon counsel of record for all parties.

*/s/ Peter Pattakos*
*Attorney for Kimberly Cocroft*
