IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Cocroft, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| Franklin County, Ohio, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF COURT DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION TO STAY (DOC. 47)**

Plaintiff's claims are insufficient as a matter of law and neither additional amendments nor additional briefing will change the law. In addition, Plaintiff has offered no justification for additional briefing. Finally, Plaintiff's request to delay the case for 7 weeks is simply unreasonable. Accordingly, the Motion to Stay should be denied.

Plaintiff's principal justification for the requested stay is that her newly retained counsel needs time to determine whether to seek leave to amend the Complaint (again) and/or to "supplement" Defendants' briefing in opposition to the motions to dismiss. None of the reasons Plaintiff suggests justify a stay.

As Defendants' motions explain in detail, the defects in Plaintiff's claims are legal, not factual. Even assuming every allegation in the Complaint is true, Plaintiff claims still fail because she cannot escape the fact that she is an elected official and legally barred from asserting them, because they are untimely under the applicable statutes of limitation, because they are barred by absolute immunity, and/or because the claims asserted have no relation to the hundreds of paragraphs of factual allegations already made (such as her RICO claims). There is no amount of additional pleading that will save these claims. Bluntly, there is no legitimate purpose in staying

1

this matter merely to allow Plaintiff to contemplate amendments that cannot cure fundamental legal defects with her claims. Thus, though Plaintiff has not actually moved for leave to amend, further amendment of the pleadings would be futile and a stay so that Plaintiff can decide whether to seek such amendments is not justified.

Plaintiff also asks for time so that counsel can consider whether to "supplement" her prior oppositions to the motions to dismiss. Defendants' Motions to Dismiss have been fully briefed and ripe for decision for more than a month. Plaintiff identifies no new facts, law, or authority that would alter her prior arguments. The only change she cites is her retention of new counsel, who wishes to provide his own perspective on issues already briefed. Yet, Plaintiff has already submitted hundreds of pages of argument to this Court. Additional briefing would serve no useful purpose and would only further delay resolution.

In fact, through her motion, Plaintiff is effectively asking this Court to allow her to file a sur-reply. Courts within this Circuit have consistently held that sur-replies and notices of supplemental authority are disfavored and should be granted only in narrow circumstances. *General Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752 (W.D. Ky. 2001) (A notice of supplemental authority "should be used sparingly and for new, controlling case law—not for recently discovered case law, nor for arguments which the parties did not think to make [earlier]."; *Buddenberg v. Est. of Weisdack,* 711 F. Supp. 3d 712, 762 (N.D. Ohio 2024) ("Notices of supplemental authority stem from a desire to have the last word" and "[a]t worst, they amount to efforts to evade" procedural rules regarding briefing.); *Smith v. Celanese Int'l Corp.*, Case No. 3:23-cv-1573, 2024 U.S. Dist. 58813 (N.D. Ohio Mar. 31, 2024) ("[S]ur-replies are highly disfavored and whether to permit one is left to the broad discretion of the trial court.") (Internal citations omitted).

Finally, Plaintiff's request for a stay is simply unreasonable. Plaintiff—herself an attorney with 25 years of experience—has had ample opportunity to brief the motions to dismiss and /or to determine whether amendment is warranted. Now, rather than actually seek amendment or leave to supplement her briefing, Plaintiff seeks 7 weeks, more than twice the time that the local rules allow for responses to motions, to decide whether to respond again. Plaintiff identifies no new authority, no factual development, nor any other procedural justification for further briefing or a stay. Her request rests solely on her counsel's desire to revisit arguments already made. The Court's local rules and civil rules dictate a briefing schedule and briefing parameters for a reason, to ensure procedural fairness. Plaintiff's motion to stay seeks an unjustified end run around these rules.

## **CONCLUSION**

For the reason set forth above, the Court Defendants respectfully request that the Court deny Plaintiff's Motion to Stay.

    Respectfully submitted,

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
Scott O. Sheets (0076837)
Charles Schneider (0005821)
ISAAC WILES BURKHOLDER & MILLER, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 221-2121 / F: (614) 365-9516
aglasgow@isaacwiles.com
ssheets@isaacwiles.com
cschneider@isaacwiles.com
*Attorneys for Court Defendants*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2025, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron M. Glasgow*
Aaron M. Glasgow (0075466)