IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kimberly Cocroft,<br><br>Plaintiff,<br><br>v.<br><br>Franklin County, *et al.*<br><br>Defendants. | Case No. 2:24-cv-04208<br><br>Judge Michael J. Newman<br><br>Magistrate Judge Caroline H. Gentry<br><br>**Reply in Support of Plaintiff's Motion to Stay Ruling on Defendants' Pending Motions to Dismiss** |

The Court Defendants have opposed Plaintiff's request for a 45-day stay of this Court's ruling on Defendants' pending motions to dismiss, arguing, primarily, that "further amendment of the pleadings would be futile and a stay so that Plaintiff can decide whether to seek such amendments is not justified." Doc #: 48, PAGEID #: 2201–2202. *See also Id.* at PAGEID #: 2202 ("Additional briefing would serve no useful purpose and would only further delay resolution.").

This circular argument elides the whole point of Plaintiff's motion for a stay, which, as stated in the motion, is to allow Plaintiff's newly retained attorneys the opportunity "to review this matter to determine (1) whether to submit supplementary briefing and/or a motion to amend the pending Second Amended Complaint to help ensure that this matter is properly resolved on its merits, and/or (2) whether this dispute might be amenable to mediation now that Plaintiff is represented." Doc #: 47, PAGEID #: 2193. Of course the parties disagree on the merits of Plaintiff's claims, but the issue here is that Plaintiff has not, to date, been afforded the advice and representation of counsel in pursuing and pleading these claims.

Defendants essentially ask this Court to completely disregard the fact that Plaintiff was proceeding *pro se* in this case until her newly retained attorneys appeared two weeks ago, and to hold Plaintiff to the same standard as a represented party because she is an attorney herself. Doc #: 48,

PAGEID #: 2203 ("Plaintiff—herself an attorney with 25 years of experience—has had ample opportunity to brief the motions to dismiss and /or to determine whether amendment is warranted."). This overlooks the inherent difficulties and "disadvantages" that *pro se* litigants face, including "even skilled lawyer[s] who represent[ themselves] … in contested litigation." *Verizon Yellow Pages Co. v. Sims & Sims, P.C.*, 15 Mass.L.Rep. 734 (2003), fn. 4, citing *Kay v. Ehrler,* 499 U.S. 432, 437-438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). It is also, apparently, to escape the principle that where *pro se* complaints "implicate the vindication of civil rights or civil liberties, they are [to be] construed particularly liberally." *Nilsson v. Coughlin*, 670 F.Supp. 1186, 1188-1189 (S.D.N.Y.1987), citing, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (*per curiam*).

Plaintiff here is only asking for a fair opportunity to be represented by competent counsel in this matter to help ensure that it is decided fairly on its merits. Plaintiff submitted a declaration with her motion to stay that detailed the predictable and understandable difficulties she had in finding counsel to represent her in this case, in which she is suing a number of other presiding Franklin County judges, attorneys, and court administrators for discriminating against her and violating her civil rights. *See* Cocroft Declaration, Doc #: 47–1. Defendants have made no substantive response to this declaration, and have not advanced any legitimate reason for this Court to deny the requested stay, which would not delay these proceedings to any extent that would outweigh the importance that this matter be resolved on its merits and with all parties represented by counsel.

Thus, for the reasons set forth in Plaintiff's motion and reiterated above, this Court should stay any ruling on Defendants' pending motions to dismiss (Doc #: 37; Doc #: 38) for at least 45 days, by which point (1) Plaintiff will have submitted supplementary briefing and/or a motion to amend the pending Second Amended Complaint to help ensure that this matter is properly resolved on its merits, and/or (2) the parties will have reported to the Court regarding the prospects of mediation or an otherwise amicable resolution of this matter.

Respectfully submitted,

*/s/ Peter Pattakos*
Peter Pattakos (0082884)
    *peter@pattakoslaw.com*
Gregory Gipson (0104229)
    *ggipson@pattakoslaw.com*
Zoran Balac (0104229)
    *zbalac@pattakoslaw.com*

THE PATTAKOS LAW FIRM LLC
101 Ghent Road, Fairlawn, Ohio 44333
P: 330.836.8533 | F: 330.836.8536

*Attorneys for Kimberly Cocroft*

## Certificate of Service

I hereby certify that on October 20, 2025, the foregoing document was filed using the Court's electronic-filing system, which will serve the document upon counsel of record for all parties.

*/s/ Peter Pattakos*
*Attorney for Kimberly Cocroft*