UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KIMBERLY COCROFT,

      Plaintiff,                               Case No. 2:24-cv-4208

vs.

FRANKLIN COUNTY OHIO, *et al.*,        District Judge Michael J. Newman
                                         Magistrate Judge Caroline H. Gentry

      Defendants.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A 45-DAY STAY (Doc. No. 47); (2) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT BY DECEMBER 1, 2025; (3) DENYING WITHOUT PREJUDICE DEFENDANTS' PENDING MOTIONS TO DISMISS (Doc. Nos. 37, 38); (4) DENYING WITHOUT PREJUDICE PLAINTIFF'S *PRO SE* MOTION FOR LEAVE TO FILE AUDIO EVIDENCE (Doc. No. 39); AND (5) REMINDING THE PARTIES OF S.D. OHIO CIV. R. 7.2(a)(3)**

---

       Plaintiff Kimberly Cocroft, a Judge in the Court of Common Pleas for Franklin County, Ohio, brings this case raising, in part, claims of discrimination based on her race and gender, retaliation, hostile conduct, and racketeering in violation of her rights under multiple federal statutes including 42 U.S.C. §§ 2000e-2, *et seq.*; 42 U.S.C. §§ 1981 and 1983; and 18 U.S.C. §§ 1961-1968.  Doc. No. 36 at PageID 1825-36.  Defendants in this case fall into two broad categories: "the Court Defendants"[1] and "the Franklin County Defendants."[2]

       These two groups of Defendants now each move to dismiss the case pursuant to Fed. R.

---

[1] The Court Defendants are past or present Franklin County Court of Common Pleas Judges Richard A. Frye, Colleen O'Donnell, Kimberly J. Brown, Stephen L. McIntosh, Michael J. Holbrook, Julie M. Lynch, Mark Serrott, Jeffrey M. Brown, Christopher M. Brown, David Young, Karen Held Phipps, Daniel R. Hawkins (presently, Ohio Supreme Court Justice Hawkins), Carl A. Aveni, and Sheryl K. Munson; and Court Administrators Jennifer Goodman, Susan E. Bedsole, Cameo Davis, and Stacy Worthington.

[2] The Franklin County Defendants are Franklin County, Ohio, and Assistant Prosecuting Attorneys Jeanine Hummer and Theresa Dean.

Civ. P. 12(b)(6).  The first of these motions is filed by the Court Defendants.  Doc. No. 37.  The Franklin County Defendants likewise now move to dismiss the case.  Doc. No. 38.  Plaintiff has filed *pro se* memoranda in response to both dispositive motions (Doc. Nos. 40, 41), which the Court has liberally construed in her favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  The Court Defendants and the Franklin County Defendants both filed reply memoranda.  Doc. Nos. 44, 45.  Additionally, Plaintiff has filed a *pro se* motion for leave to file audio evidence as exhibits (Doc. No. 39), the Court Defendants' have filed memorandum in opposition (Doc. No. 42), and Plaintiff has filed her *pro se* reply (Doc. No. 43).

Plaintiff is now represented by attorney Peter Pattakos.  Doc. No. 46.  Plaintiff, through counsel, filed a motion to stay a ruling on Defendants' pending motions to dismiss.  Doc. No. 47.  The Court Defendants have filed a memorandum in opposition (Doc. No. 48), and Plaintiff has replied (Doc. No. 49).  In the motion, Plaintiff's counsel requests 45 days to review this matter to determine whether to submit supplementary briefing and/or a motion to amend the pending second amended complaint.  For good cause shown, the Court **GRANTS** Plaintiff's motion for a stay and **GRANTS PLAINTIFF LEAVE** to amend her complaint by **Monday, December 1, 2025**.

Given this ruling and the amended complaint, filed by counsel, that the Court anticipates reviewing on or before December 1, Defendants' pending motions to dismiss Plaintiff's *pro se* complaint will not need a riling.  Accordingly, both motions (Doc. Nos. 37; 38) are **DENIED WITHOUT PREJUDICE**.  Likewise, Plaintiff's *pro se* motion for leave to submit audio evidence (Doc. No. 39) is premature and **DENIED WITHOUT PREJUDICE**.  Additionally, the Court **REMINDS** the parties of S.D. Ohio Civ. R. 7.2(a)(3), which requires memoranda in support of, or in opposition to, any motion to not exceed 20 pages.  In filing all memoranda, the parties are strongly advised to adhere to the 20-page limit.  If necessary, the parties must seek leave of Court

to file a memorandum that exceeds 20 pages by submitting a request with the proposed page length

and the reasons for exceeding the usual page limit.

**IT IS SO ORDERED.**

  October 23, 2025                         s/Michael J. Newman         
                                                        Hon. Michael J. Newman
                                                      United States District Judge