IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY COCROFT, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4208 |
| | : | |
| vs. | : | Judge Newman |
| | : | |
| FRANKLIN COUNTY, OHIO, et. al., | : | Magistrate Judge Gentry |
| | : | |
| Defendants. | : | |

## DEFENDANTS JEANINE HUMMER AND THERESA DEAN'S[1] MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. 12)

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Jeanine Hummer and Theresa Dean move to dismiss Plaintiff's claims against them. Defendants Hummer and Dean are entitled to absolute immunity and qualified immunity. A Memorandum in Support follows below.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor           (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

---

[1] Franklin County was a Defendant in this case and is still listed in the case caption; however, as argued *infra*, Plaintiff is not pursuing any claims against Franklin County, Ohio in her Third Amended Complaint (Doc. 51).

1

**MEMORANDUM IN SUPPORT**

I. **PLAINTIFF'S THIRD AMENDED COMPLAINT CONTAINS NO CLAIMS AGAINST FRANKLIN COUNTY, OHIO**

Plaintiff's First and Second Amended Complaints alleged claims against Franklin County, Ohio. (See First Amended Complaint, Doc. 12, ¶¶ 1095, 1104-05, PageID # 857-58; Second Amended Complaint, Doc. 17, Preliminary Statement, ¶ 1095, 1104-05, PageID # 921, 1063-64). In her Third Amended Complaint, there are no claims or allegations against Franklin County, Ohio. For example, Franklin County, Ohio is not listed as a party in the Third Amended Complaint. (Third Amended Complaint, Doc. 51, PageID # 2213). Next, there are no specific allegations in the Third Amended Complaint against Franklin County, Ohio. Finally, for a plaintiff to assert a § 1983 claim against a county, commonly known as a *Monell* claim, the plaintiff must allege both that (1) she suffered a constitutional violation and (2) "a [county] policy or custom directly caused the violation." *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017). There are no allegations in the Third Amended Complaint of any Franklin County policy or custom that was the alleged moving force behind any constitutional claim alleged by Plaintiff. Accordingly, at this time, Franklin County, Ohio is not a defendant in this case and should be removed as a named party.

II. **PLAINTIFF'S LIMITED ALLEGATIONS AGAINST DEFENDANTS HUMMER AND DEAN**

Plaintiff brings her claims pursuant to 42 U.S.C. § 1983 which requires allegations of personal involvement. "When suing an individual actor…for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct. *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the

2

asserted constitutional right." *Weller v. City of Urbana*, No. 3:24-cv-154, 2024 U.S. Dist. LEXIS 229720, *20 (S.D. Ohio Dec. 19, 2024) citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); *Terrance v. Northville Regional Psychiatric Hospital*, 286 F.3d 834 (6th Cir. 2002)); *see also, e.g.*, *Bartlett v. Michigan*, No. 17-2274, 2018 U.S. App. LEXIS 12221 at *4-5 (6th Cir. May 9, 2018).

With those principles in mind, we turn to Plaintiff's allegations against Defendants Hummer and Dean. The only specific allegations against Defendants Hummer and Dean in the Third Amended Complaint are contained in Paragraphs 75 and 76 of the Complaint. In those Paragraphs, Plaintiff alleges that Hummer and Dean told Plaintiff that the Franklin County Prosecutor's Office would not represent Plaintiff in an unnamed civil suit against Plaintiff in her official capacity. (Third Amended Complaint, Doc. 51, ¶¶ 75-76, PageID # 2226). Other than listing Hummer and Dean as parties, the two aforementioned paragraphs are the only mentions of Hummer and Dean in the entire Third Amended Complaint. (*Id.*, generally).

"[A] court ruling on a motion to dismiss 'may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *MacIntosh v. Clous*, 69 F.4th 309, 313 (6th Cir. 2023); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (recognizing that a court may take judicial notice of other court proceedings without converting a motion to dismiss into a motion for summary judgment). Why does this matter? Because "the Court is not bound to accept as true 'unwarranted' allegations or factual inferences in the Complaint, such as allegations 'contradicted by public records and other evidentiary materials of which the Court may take judicial notice.'" *Mich. Millers Mut. Ins. Co., v. Travelers Indem. Co.*, Case No. 16-11767, 2016 U.S. Dist. LEXIS 168151, *14 (E.D. Mich.

3

Dec. 6, 2016) (citing cases); *see also Hall v. GMS Mgmt. Co.*, 6th Cir. No. 21-4210, 2022 U.S. App. LEXIS 22404, *4 (6th Cir. Aug. 11, 2022).

In her Third Amended Complaint, Plaintiff fails to identify the case in which the Franklin County Prosecuting Attorney's Office did not represent her on. However, in her First Amended Complaint, Plaintiff identifies the case as a Writ of Mandamus served on December 3, 2024. (First Amended Complaint, Doc. 12, ¶¶ 1053-1061, PageID # 850-51). The case that Plaintiff references is *April Clark v. Kimberly Cocroft*, Ohio Supreme Court Case No. 2024-1656. Here is what happened:

- On November 26, 2024, Relator April Clark filed an original action in mandamus against Judge Cocroft. (See Complaint in Mandamus attached hereto as Exhibit 1);

- On December 9, 2024, Jeanine Hummer filed a motion in the Franklin County Court of Common Pleas to Appoint a Special Prosecutor to represent Judge Cocroft. (See State's Motion to Appoint Special Prosecutor attached hereto as Exhibit 2);

- Three days later, on December 12, 2024, the Franklin County Court of Common Pleas granted the State's Motion and appointed the Montgomery County Prosecuting Attorney to represent Judge Cocroft. (See Entry attached hereto as Exhibit 3);

- On December 20, 2024, the Montgomery County Prosecuting Attorney moved to dismiss the complaint against Judge Cocroft. (See Respondent's Motion to Dismiss attached hereto as Exhibit 4);

- The Supreme Court of Ohio dismissed the case on February 26, 2025. See Announcement at 2025-Ohio-598 (Ohio).

In sum, the Civil Division of the Franklin County Prosecutor's Office believed it had a conflict of interest preventing it from representing Judge Cocroft because Judge Cocroft was (and still is) suing assistant prosecutors Jeanine Hummer and Theresa Dean. (See Exhibit 2, Motion to Appoint Special Prosecutor). Nevertheless, Ms. Hummer ensured that Judge Cocroft would be represented by competent counsel. The special counsel got the case dismissed.

4

Lastly, Plaintiff's Procedural Due Process Claim (Count Three) does not implicate Defendants Hummer and Dean at all. In that claim, Plaintiff alleges that Defendants Frye, O'Donnell and Serrott "bypassed the court's ordinary procedures for handling complaints and grievances…" (*Id*. at ¶¶ 129-32, PageID # 2234-35). Neither Hummer, Dean nor the alleged denial of representation are referred to in that claim. As a result, there is no cognizable procedural due process claim pled against Defendants Hummer and Dean.

### III. LAW AND ARGUMNT

#### A. DEFENDANTS HUMMER AND DEAN ARE ENTITLED TO ABSOLUTE IMMUNITY

Prosecutors have absolute immunity for their decision to defend or not defend an elected official in a civil suit. It is well-settled that government attorneys who undertake the defense of a civil suit are entitled to absolute immunity. *Al-Bari v. Winn*, 1990 U.S. App. LEXIS 11539, *2 (6th Cir. July 9, 1990) (citing cases); *Portnov v. Readler*, No. 1:20-cv-475, 2020 U.S. Dist. LEXIS 126990, *7 (S.D. Ohio June 30, 2020) (citing cases); *Reynolds v. United States*, No. 1:23-cv-1522, 2024 U.S. Dist. LEXIS 151041, *12 (N.D. Ohio Aug. 23, 2024). If a prosecutor would be entitled to absolute immunity for defending Plaintiff in a civil suit, a prosecutor is also entitled to absolute immunity for deciding not to defend Plaintiff in a civil suit. Analogously, prosecutors are entitled to absolute immunity for their decision to charge **or not charge** someone: "we hold that a prosecutor is entitled to absolute immunity for the decision not to prosecute." *Roe v. City and County of San Francisco*, 109 F.3d 578 (9th Cir. 1997).

Directly on point is *Mangiafico v. Blumenthal*, 471 F.3d 391 (2nd Cir. 2006). Mangiafico was a corrections officer for the Connecticut Department of Corrections. *Id*. at 392. Mangiafico was sued by an inmate for civil rights violations pursuant to 42 U.S.C. § 1983. *Id*. Pursuant to statute, Mangiafico tendered his defense to the Connecticut Attorney General. *Id*. at 393. The

5

Attorney General refused him representation. *Id*. Mangiafico then sued the Attorney General and alleged that the decision not to represent him violated his Fifth and Fourteenth Amendment rights. *Id*. The district court held that the Attorney General was absolutely immune, and the Second Circuit affirmed. The Second Circuit held that the decision to defend or not defend a state employee is entitled to the same absolute immunity as the decision whether or not to initiate litigation on behalf of the state:

> [W]e can divine no meaningful difference between the Attorney General's decision in this case not to defend a state employee and the decisions of prosecutors and government attorneys to initiate (or not to initiate) civil or administrative proceedings. In both instances, the government attorney is serving as an advocate of the state, determining whether to commit the state's resources, reputation, and prestige to litigation.
>
> * * *
>
> [W]e believe that well-grounded public policy supports absolute immunity from suits by state employees who are denied representation. To hold otherwise would permit outsiders to second-guess delicate decisions deliberately lodged by the legislature with the state's primary legal representative.

*Id*. at 396-97.

Like *Mangiafico*, Plaintiff alleges that she was sued, and she requested representation from the county prosecutor's office. (Third Amended Complaint, Doc. 51, PageID # 2226). Plaintiff alleges that she was told by Hummer and Dean that their office would not provide her counsel. *Id*. Plaintiff alleges that the decision not to defend her was retaliatory. *Id*. Assuming the truth of Plaintiff's allegations, Hummer and Dean are absolutely immune for the decision not to defend Plaintiff. Hummer and Dean's entitlement to absolute immunity becomes even more clear when one considers that the reason the Franklin County Prosecuting Attorney could not represent Plaintiff is because Plaintiff's lawsuit against assistant prosecutors Hummer and Dean created a conflict of interest. (Exhibit 2, Motion to Appoint Special Prosecutor). A prosecutor's decision that representation of a public employee or elected official would cause a conflict of interest should

6

not be second-guessed by outsiders, particularly where, as here, legal representation was secured on behalf of Plaintiff. *Mangiafico*, 471 F.3d at 397. Public policy supports absolute immunity for such decisions. *Id*. For the foregoing reasons, assistant prosecutors Hummer and Dean are entitled to absolute immunity, and Plaintiff's claims against them must be dismissed.

      **B.**    **<u>EVEN IF DEFENDANTS HUMMER AND DEAN ARE NOT ENTITLED TO ABSOLUTE IMMUNITY, THEY ARE ENTITLED TO QUALIFIED IMMUNITY</u>**

Overcoming an assertion of qualified immunity requires Plaintiff to make a two-part showing. One, that defendants violated a federal constitutional right she enjoyed. Two, that the unlawfulness of defendants' conduct was clearly established when the violation occurred. *District of Columbia v. Wesby*, 583 U.S. 48, 62-63, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018). Plaintiff's allegations fail to achieve either showing.

      **1.**    **Plaintiff's Allegations Fail to State a Constitutional Violation Against Defendants Hummer and Dean**

Plaintiff fails to state a cognizable First Amendment retaliation claim against Defendants Hummer and Dean. A First Amendment retaliation claim "entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two[.]" *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Defendants Hummer and Dean took no adverse action against Plaintiff. An adverse action is one that is "*capable* of deterring a person of ordinary firmness" from exercising the constitutional right in question." *Bell*, 308 F.3d at 606. The only adverse action Plaintiff alleges that Defendants Hummer and Dean took was to deny her legal representation. (Third Amended Complaint, Doc. 51, ¶ 113, PageID # 2231). But Hummer and Dean did not deny her

7

representation. On the contrary, they ensured that Plaintiff was assigned representation from a different prosecuting attorney's office. (See Exhibit 2, State's Motion to Appoint Special Prosecutor and Exhibit 3, Entry Appointing Special Prosecutor). The special prosecutor quickly moved to dismiss the case on Plaintiff's behalf. (See Exhibit 4, Respondent's Motion to Dismiss). The case against Plaintiff was dismissed 90 days after it was filed. Announcements, 2025-Ohio-598. The fact that Plaintiff was represented by the Montgomery County Prosecuting Attorney instead of the Franklin County Prosecuting Attorney hardly seems like adverse action considering the case against Plaintiff was dismissed.

Plaintiff also fails to allege that there is a causal connection between elements one and two—that is, that Hummer and Dean's alleged adverse action was motivated at least in part by Plaintiff's protected conduct. To show causation, Plaintiff must demonstrate that the protected conduct represented a *substantial or motivating* factor in the adverse action. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (quoting *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003)). "A 'motivating factor' is essentially but-for cause . . . ." *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007). There are no such allegations against Defendants Hummer and Dean. The only allegation bearing on causation Plaintiff makes is that Hummer and Dean's alleged denial of legal representation was a "direct departure from standard practice." (Third Amended Complaint, Doc. 51, ¶ 76, PageID # 2226). Even if that sole allegation is true, it is insufficient to establish that Hummer and Dean denied legal representation to Plaintiff *because* of her alleged protected conduct. Regardless, as stated above, Plaintiff was not denied legal representation. For these reasons, Plaintiff has failed to allege a cognizable First Amendment retaliation claim against Defendants Hummer and Dean.

Plaintiff fares no better in her Equal Protection claim. To state a claim under § 1983 based upon the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or burdened a fundamental right. *Midkiff v. Adams Cnty. Reg. Water Dist*., 409 F.3d 758, 770 (6th Cir. 2005). Recall that the only specific allegations against Defendants Hummer and Dean are contained in Paragraphs 75 and 76 of the Third Amended Complaint. (Doc. 51, PageID # 2226). Neither of those Paragraphs, even accepted as true, can even support an inference that Defendants Hummer and Dean discriminated against Plaintiff because of her race. Further, the undisputed public records for the case that Plaintiff alleges disparate treatment belie any evidence of discrimination. Indeed, Plaintiff acknowledges in her Complaint that when a member of judiciary is sued, "it is customary and expected that the county prosecutor's office *or other designated counsel* will provide legal representation to the judge…" (*Id*.) (Emphasis added). That is exactly what happened. Other designated counsel provided legal representation to Plaintiff. Based on her own allegations, Defendants Hummer and Dean did not discriminate against Plaintiff and therefore, Plaintiff's Equal Protection claim fails as a matter of law.

2. **Defendants Hummer and Dean Did Not Violate Clearly Established Law**

Turning to the clearly established pong, Plaintiff has the burden of showing that Defendants violated clearly established law. *District of Columbia v. Wesby*, 583 U.S. 48, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018). "Clearly established" means that, at the time of the officer's conduct, the law was "sufficiently clear" that every 'reasonable official would understand that what he is doing'" is unlawful. *Id*. In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id*.

The "clearly established" standard requires that the legal principle clearly prohibit the public employee's conduct in the particular circumstances before her. *Id*. at 590. The Supreme Court has repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id*. Stated differently, for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

Here, there is no clearly established law holding that prosecutors or attorneys engage in retaliation or discrimination when they decline to represent a judge who has a pending lawsuit against the prosecutors that would normally be assigned to defend her. That is, there is no clearly established law that would put APAs Hummer and Dean on notice that they violated the Constitution when they did not represent Judge Cocroft in a civil case at the same time that Judge Cocroft was suing them in a civil case. At a more basic level, there is no clearly established law holding that prosecutors violate the Constitution when they decline to represent a public official in a civil mandamus proceeding.

For the foregoing reasons, Plaintiff's § 1983 claims fail as a matter of law, and Defendants Jeanine Hummer and Theresa Dean respectfully request that this Court DISMISS Plaintiff's Third Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz         (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor          (0087009)
E-mail: mteetor@teetorlaw.com

10

                                              **Teetor Westfall, LLC**
                                              200 E. Campus View Blvd., Suite 200
                                              Columbus, Ohio 43235
                                              Tel: 614-412-4000; Fax: 614-412-9012
                                              *Attorneys for Defendants Franklin County, Ohio, Jeanine Hummer and Theresa Dean*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of December, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Andrew N. Yosowitz
                                              Teetor Westfall, LLC