**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KIMBERLY COCROFT,            :
                               :
          Plaintiff,          :       Case No. 2:24-cv-4208
                               :
          vs.                 :       Judge Newman
                               :
FRANKLIN COUNTY, OHIO, et. al.,  :      Magistrate Judge Gentry
                               :
          Defendants.      :

**DEFENDANTS JEANINE HUMMER AND THERESA DEAN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff's Combined Response to Defendants' Motions to Dismiss suffers from the same defect as her Third Amended Complaint. It lumps all the Defendants (and Defendants' arguments) together as if they were one collective entity. Plaintiff's understanding of § 1983 law is incorrect. When suing an individual under Section 1983 in their individual or personal capacity, the complaint must make clear exactly who is alleged to have done what to whom as distinguished from collective allegations. The Sixth Circuit has rejected a 'team effort' standard that would permit a plaintiff to lump all the defendants together, rather than requiring a plaintiff to base each individual's liability on his or her own conduct. Further, Plaintiff attempts to assert a *Monell* claim in her Response even though no such claim appears in the Third Amended Complaint. For the additional reasons that follow below, (1) Franklin County is no longer a party in this case and (2) Defendants Jeanine Hummer and Theresa Dean should be dismissed from this case.

1

A.     **FRANKLIN COUNTY, OHIO IS NOT A PARTY IN PLAINTIFF'S THIRD AMENDED COMPLAINT AND, EVEN IF IT WERE, PLAINTIFF HAS FAILED TO PLEAD ANY COGNIZABLE *MONELL* CLAIM AGAINST FRANKLIN COUNTY**

Plaintiff is the master of her complaint and, within the confines of Rule 11 and any parallel state rules, free to choose whom to name as defendant. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013). The Court is not free to disregard Plaintiff's choice, even if ultimately it proves unfruitful for her. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.").

In the Third Amended Complaint (hereinafter "TAC"), Plaintiff chose not to sue Franklin County, Ohio. Franklin County, Ohio is not listed as a party in the TAC or named anywhere except for the case caption. (TAC, Doc. 51, ¶¶ 8-15, PageID # 2213). In contrast, Plaintiff clearly listed Franklin County, Ohio as a defendant in her previous complaints. (See e.g. Second Amended Complaint, Doc. 36, Preliminary Statement, ¶¶ 1, 13, 28, 33, 34, 38, PageID # 1818-20, 1823, 1825; First Amended Complaint, Doc. 12, Preliminary Statement, PageID # 715 ("Plaintiff…brings this [case] against Defendant Franklin County for violations of Title VII of the Civil Rights Act of 1964, 42 U.SC. 2000e-1…")). What is this Court to make of Plaintiff's omission of Franklin County, Ohio in the TAC after Franklin County, Ohio was named in the previous complaints? The logical conclusion is that Plaintiff decided not to pursue *Monell* claims against Franklin County, Ohio in the TAC.

In a conclusory statement and without any citation to the TAC, Plaintiff now claims that "the allegations in the TAC support a finding that the individual Defendants' actions as high-level officers of the Franklin County court system rose to an official policy." (Combined Resp. in Opp.,

Doc. 58, PageID # 2319). Plaintiff's argument is legally and factually incorrect on many levels. To begin with, to state a cognizable *Monell* claim, a Plaintiff must identify a policy, connect the policy to Franklin County, Ohio and show that the particular constitutional injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). Plaintiff fails to (1) identify any policy that was the moving force behind the alleged constitutional violations or (2) connect any policy to Franklin County, Ohio. (See TAC, Doc. 51, generally). The Court need not go further. There are simply no allegations in the TAC that could reasonably be construed as alleging *Monell* liability against non-party Franklin County, Ohio or any other entity.

Next, even if Plaintiff had named Franklin County, Ohio as a party in the TAC, Franklin County, Ohio is not the correct entity to sue for *Monell* purposes. Plaintiff refers to the alleged *Monell* entity as "the Franklin County court system." (Combined Resp. in Opp., Doc. 58, PageID # 2319). There is no such entity as "the Franklin County court system." What Defendants believe that Plaintiff is referring to is the Franklin County Court of Common Pleas (hereinafter "FCCCP"). But FCCCP and Franklin County, Ohio are different entities. Ohio courts of common pleas are an arm of the state, not the county. *Mumford v. Basinski*, 105 F.3d 264, 269-70 (6th Cir. 1997). Under Ohio law, a board of county commissioners has legal status. Ohio Rev. Code § 305.12. But a board of county commissioners has only the authority provided by statute. *See Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905); *State ex rel. Shriver v. Board of Comm'rs*, 148 Ohio St. 277, 277, 74 N.E.2d 248 (Ohio 1947). "Powers explicitly granted to the board are to be strictly construed." *Slough v. Telb*, 644 F. Supp. 2d 978, 999 (N.D. Ohio 2009) (citing *Comm'rs v. Andrews*, 18 Ohio St. 49 (1868); *Treadwell v. Comm'rs*, 11 Ohio St. 183 (1860)); *see also Geauga Cty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 583, 1993- Ohio 55, 621 N.E.2d 696

(1993) ("A county is presumed not to have authority to regulate in a particular area, unless a statute affirmatively authorizes the regulation.").

Ohio law does not, expressly or impliedly, grant to a county board of commissioners supervisory powers over a court of common pleas. The Franklin County Board of Commissioners cannot hire or fire judges or their employees. The Franklin County Board of Commissioners cannot set policies or procedures for the court. The Franklin County Board of Commissioners has no authority to take away any privileges from any judge, including Judge Cocroft. See Ohio Rev. Code Chapters 305 and 307, generally. Under the Ohio Constitution, the Ohio Supreme Court has "general superintendence over all courts in the state" and "shall prescribe rules governing practice and procedure in all courts of the state." OHIO CONST. art. IV, § 5. Because Franklin County, Ohio (read: the Franklin County Board of Commissioners) has no control over the policies of the Franklin County Court of Common Pleas, there can be no *Monell* liability against Franklin County, Ohio for any alleged policies of the "Franklin County court system."

That brings us to Plaintiff's theory of *Monell* liability. A plaintiff can demonstrate the existence of an illegal municipal policy or custom through: (1) the existence of an illegal official policy or legislative enactment, (2) ratification by an official with final decision-making authority, (3) the existence of a policy of inadequate training or supervision, or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). In her Combined Response, Doc. 58, Plaintiff advances the second theory: "…individual Defendants' actions as high-level officers of the Franklin County court system rose to an official policy."

There are two ways for a plaintiff to show ratification: (1) when "a 'decisionmaker [who] possesses final authority to establish municipal policy with respect to the action' approves the

unconstitutional conduct," and (2) when a decisionmaker fails to investigate after "multiple earlier inadequate investigations [that] concern comparable claims." *Gifford v. Hamilton Cnty.*, No. 24-5893, 2025 U.S. App. LEXIS 13293, 2025 WL 1541805, at *3 (6th Cir. May 30, 2025) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Nowhere in the TAC does Plaintiff plead sufficiently plausible factual allegations that any of the individual Defendants were final policymakers for any entity. Being a "high-level" officer, whatever that means, is not enough. The "'mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 814 (6th Cir. 2005). There are no allegations anywhere in the TAC regarding policymaking authority, final policymaking authority, or ratification.

In sum, Franklin County, Ohio is not a party in the TAC. Even if Franklin County, Ohio were a party, (1) it is not the correct entity for *Monell* liability and (2) Plaintiff has failed to plead a plausible *Monell* claim against Franklin County, Ohio or any other entity.

## B.  DEFENDANTS JEANINE HUMMER AND THERESA DEAN SHOULD BE DISMISSED FROM THIS CASE

There are just two paragraphs in the TAC that specifically mention Defendants Hummer and Dean. (TAC, Doc. 52, ¶¶ 75-76, PageID # 2239). Those are the only allegations that Hummer and Dean must respond to, and, as discussed below, those allegations fail to state a plausible constitutional claim against them.

Resisting this conclusion, Plaintiff posits that her allegations apply collectively to "*all* of the individual Defendants." (Resp. in Opp., Doc. 58, PageID # 2318). But Plaintiff's position is contrary to law. Courts in this Circuit hold that a plaintiff's repeated and collective allegations

against all defendants without differentiating between them does not show the pleader is entitled to relief or put defendants on notice of the claims against them.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original) (citing *Terrance v. Northville Regional Psychiatric Hospital*, 286 F.3d 834 (6th Cir. 2002)); *see also, e.g.*, *Bartlett v. Michigan*, No. 17-2274, 2018 U.S. App. LEXIS 12221 at *4-5 (6th Cir. May 9, 2018).

Other courts agree. *See e.g. Martinez v. City of North Richland Hills*, 846 Fed. Appx. 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a "theory of collective responsibility" cannot withstand a motion to dismiss."; *Melnek v. Las Vegas Metro. Police Dep't*, Case No. 2:23-cv-01303, 2025 U.S. Dist. LEXIS 8052, *10 (D. Nev. Jan. 15, 2025) ("If Plaintiff wishes to include Phinney and Malay in this suit, he must specifically identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." (Internal quotations omitted); *Boykin v. Westchester Cnty. Jail*, No. 22-CV-10513, 2024 U.S. Dist. LEXIS 170984, 2024 WL 4252040, at *8 (S.D.N.Y. Sept. 20, 2024) (allegations are insufficient to show personal involvement where they "lump all the defendants together . . . and provide no factual basis to distinguish their conduct"). At bottom, in order to satisfy the minimal requirements of notice pleading, a plaintiff cannot lump multiple defendants together and must state clearly which defendant or defendants committed each of the alleged wrongful acts. Plaintiff's attempt to cobble Defendants together into one collective entity does not satisfy basic pleading standards.

Taking it one step further, a review of the paragraphs that Plaintiff cites in her Combined Response reveals no plausible allegations against Hummer and Dean. Plaintiff cites the following paragraphs in the TAC as allegations against Hummer and Dean: ¶¶ 54-55, 60, 64-67, 109-133. (Combined Resp., Doc. 58, PageID # 2318). None of those Paragraphs mention Hummer or Dean. Paragraphs 54-55 and 60 refer to procedures for handling internal staff complaints. (TAC, Doc. 51, PageID # 2222). The preceding and proceeding paragraphs refer only to the judicial defendants, not Hummer and Dean. (*Id*., ¶¶ 53, 55-59, 61, PageID 2221-23). Similarly, except for a vague reference to "county legal counsel" in ¶ 66, nothing in ¶¶ 64-67 could plausibly be construed as making any specific allegation of wrongdoing against Hummer or Dean. (*Id*., at ¶¶ 64-67, PageID # 2223-25). The only allegation in ¶¶ 109-133 that relates to Hummer or Dean is the allegation that Plaintiff was denied legal representation in a case where she was sued in her official capacity. (*Id*. at ¶¶ 113, PageID # 2231). And that allegation is merely a repeat of the same allegation contained in Paragraphs 75-76. (*Id*. at ¶¶ 75-76, PageID # 2226). The bottom line is that the only specific allegation against Hummer and Dean is that they did not represent Plaintiff in a civil lawsuit—an allegation that, even if true, fails because Hummer and Dean are protected by absolute and qualified immunity.

In their Motion to Dismiss, Hummer and Dean argue that a prosecutor's decision to defend or not defend a public official in a civil suit is entitled to absolute immunity. (Mot. to Dismiss, Doc. 52, PageID # 2241-2243). Hummer and Dean cite the Second Circuit's decision in *Mangiafico v. Blumenthal*, 471 F.3d 391 (2nd Cir. 2006). In *Mangiafico*, the Second Circuit held that the Connecticut Attorney General was entitled to absolute immunity for his decision not to defend a state employee in a civil lawsuit. *Id*. at 396-97. Plaintiff's Response does not address *Mangiafico* at all or cite to any contrary case law. Instead, Plaintiff argues that Ohio Rev. Code

309.09 mandates that Hummer and Dean defend Plaintiff no matter what. Ohio law is not so rigid. Recall that Hummer and Dean believed that they had a conflict of interest preventing them from defending Plaintiff. (Mot. to Dismiss, Doc. 52, PageID # 2240; Docs. 52-1 to 52-4). Ms. Hummer ensured that Plaintiff would be represented by the Montgomery County Prosecuting Attorney. (*Id.*). That is exactly what is supposed to happen under Ohio law. *See e.g. State ex rel. Trumbull Cty. Bd. of Elections v. Trumbull Cty. Bd. of Comm'rs*, 2010-Ohio-2281, ¶ 23 (Ohio Ct. App. 2010) ("As per R.C. 309.09, the prosecutor shall prosecute all suits and actions which any county officer or board directs it to file. If there is a conflict of interest, then the prosecutor cannot fulfill this duty, at which point outside counsel can be appointed."); *State ex rel. O'Diam v. Green Cty. Bd. of Comm'rs*, 161 Ohio St.3d 242, 2020-Ohio-3503, 162 N.E.3d 740, ¶ 20 (Ohio 2020) ("R.C. 309.09(A) makes the prosecuting attorney the legal counselor for all county officials, including judges. But it recognizes that in certain cases, the prosecuting attorney may not be able to fulfill that role, and it allows additional legal counsel to be appointed through a specified process.").

Accordingly, Ms. Hummer and Ms. Dean are entitled to absolute immunity for their decision not to defend Plaintiff in a civil lawsuit when they perceived a conflict of interest. Because they are entitled to absolute immunity, Plaintiff's constitutional claims against them fail as a matter of law. Further, Ms. Hummer and Ms. Dean are entitled to qualified immunity because they did not violate clearly established law. On the contrary, Ms. Hummer and Ms. Dean complied with Ohio law by following the statutory process to have outside counsel appointed for Plaintiff. Plaintiff fails to cite any law clearly establishing a constitutional violation under the same or similar circumstances encountered by Ms. Hummer and Ms. Dean. Plaintiff has the burden of proof to show that Defendants violated clearly established law, *District of Columbia v. Wesby*, 583 U.S. 48, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018), and Plaintiff has not met that burden.

For the foregoing additional reasons, Defendants Hummer and Dean should be dismissed from this case.

Respectfully submitted,

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz          (0075306)
E-mail: ayosowitz@teetorlaw.com
Matthew S. Teetor          (0087009)
E-mail: mteetor@teetorlaw.com
**Teetor Westfall, LLC**
200 E. Campus View Blvd., Suite 200
Columbus, Ohio 43235
Tel: 614-412-4000; Fax: 614-412-9012
*Attorneys for Defendants Franklin County,*
*Ohio, Jeanine Hummer and Theresa Dean*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2026, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Teetor Westfall, LLC

9